UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br><br>                      Plaintiffs,<br><br>    -against-<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL", and Limited Liability Company "Comedy TV,"<br><br>                      Defendants. | Index No.: 1:18-cv-06626 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SERVICE THROUGH ALTERNATIVE MEANS**

Plaintiffs Actava TV, Inc. ("Actava"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively, the "Actava Parties" or "Plaintiffs") submit this Memorandum of Law and the accompanying declaration of Toby Butterfield, Esq. in support of their motion to permit and effect service through alternative means, as provided in Fed. R. Civ. P. 4(f), on Defendants Joint Stock Company "Channel One Russia Worldwide" ("Channel One"), Closed Joint Stock Company "CTC Network" ("CTC"), Closed Joint Stock Company "New Channel" ("New Channel), Limited Liability Company "Rain TV-Channel" ("Rain TV"), Closed Joint Stock Company ("TV DARIAL"), and Limited Liability Company "Comedy TV" (collectively, the "Channels" or "Defendants").

**BACKGROUND**

On July 23, 2018, the Actava Parties filed a Complaint against the Channels for tortious interference with prospective business advantage, malicious prosecution, and breach of contract,

to recover the damage to the Actava Parties caused by the Channels' initiation of meritless contempt proceedings following a prior settlement agreement. *See* Dkt. No. 1. The Channels are Russian companies that are headquartered and incorporated in the Russian Federation and, as such, nearly all of the Defendants have no known address or office in the United States. *See* Declaration of Toby Butterfield, dated August 9, 2018 ("Butterfield Decl."), ¶ 4.[1] The Channels do, however, have New York counsel, who have been litigating in this court on behalf of all these Channels continuously for several years (including against the present Plaintiffs for approximately two and a half years), and continue to litigate on their behalf in this courthouse to this day. Plaintiffs' first step in attempting to serve process was therefore to send a copy of the Complaint to the Channels' lead counsel, Mr. Raymond Dowd, and to ask him whether he would accept service on the Channels' behalf. *Id. ¶*7. Mr. Dowd declined to do so. *Id. ¶* 8. Now, Plaintiffs move for leave to effect service of the Summons and Complaint upon the Channels via service by e-mail, or alternatively by courier delivery, on the Channels' counsel.

## ARGUMENT

Service on the Channels, which are foreign entities, is governed by Rule 4(f) of the Federal Rules of Civil Procedure.[2] Rule 4(f)(3) of the Federal Rules of Civil Procedure permits a court to direct service on a defendant in a foreign country by any "means not prohibited by international agreement." *RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (citing Fed.R.Civ.P. 4(f)(3)). Ordinarily, service would

---

[1] A foreign business corporation named "Channel One Russia" appears to be registered with the New York Department of State and maintains a "Principal Executive Office" in New York, New York. *See* Butterfield Decl. ¶ 4. It is unclear, however, whether "Channel One Russia" is the same entity as the Defendant "Channel One Russia Worldwide."

[2] *See* Fed.R.Civ.P. 4(h) (stating that a foreign corporation must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery").

be achieved pursuant to the Hague Service Convention, which is "mandatory when serving a defendant who resides in a foreign country that is a signatory to the convention." *Id.* (citing *Volkswagenwerk v. Aktiengesellschaft*, 486 U.S. 694, 699 (1988)). However, at this time, the Hague Service Convention is not available to U.S. litigants in Russia. *See Arista Records LLC, et al. v. Media Services LLC,* 06 Civ. 15319 (NRB), 2008 WL 563470 at *2 (S.D.N.Y. Feb. 25, 2008) (noting that while Russia and the U.S. are technically parties to the Hague Service Convention, "judicial cooperation between the two countries has been suspended since July 2003."); *see also* U.S. State Department, Russia Judicial Assistance Information, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last accessed Aug. 9, 2018).

Courts in the Southern District have repeatedly permitted substituted service pursuant to Rule 4(f)(3), as there is "no reason that service would be effective if plaintiffs were required to serve [defendants] in accordance with the Hague Service Convention procedures." *See, e.g., Arista Records LLC,* 2008 WL 563470 at *2; *Bidonthecity.com LLC v. Halverston Holdings Ltd*., No. 12 CIV. 9258 ALC MHD, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014) (taking judicial notice "of the fact that Russia refuses to transmit service requests through its Central Authority"); *RSM Prod. Corp.*, 2007 WL 2295907, at *5. To be clear, alternative service under Rule 4(f)(3) is neither "extraordinary relief nor a 'last resort' to be used only when parties are unable to [otherwise] effectuate service," but is rather an independent basis for service of process. *Biodonthecity.com LLC*, 2014 WL 1131046, at *9 (citations omitted); *Ryan v. Brunswick Corp*., 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002).

As is highly relevant here, in *Arista Records, RSM Prod. Corp.,* and *Bidonthecity.com* – three cases involving defendants located in the Russian Federation – the Courts expressly

permitted service on defendants' counsel. *Arista Records*, 2008 WL 563470, at *2 (directing that service be effected by delivering the complaint and accompanying materials to the defendants' attorneys' offices); *Bidonthecity.com LLC*, 2014 WL 1331046 at *10 (directing Plaintiffs to effect service on the Defendants "by hand delivering the summons, complaint and any other necessary documents to the New York office of Herbert Smith Freehills New York LLP"); *RSM Prod. Corp.*, 2007 WL 2295907, at *1-6 (S.D.N.Y. Aug. 10, 2007) (directing service of a complaint by courier to the New York-based counsel of Russian defendants "where plaintiffs have been prevented from following Hague Service Convention procedures in the Russian Federation and the defendant not only has actual notice of the litigation, but has brought at least one lawsuit as a plaintiff in this country's federal courts.").

Service via e-mail, in particular, on counsel for foreign defendants is a suitable alternative means of service under Rule 4(f)(3). *NYKCool A.B. v. Pac. Int'l Servs., Inc.,* No. 12-CV-5754 LAK, 2015 WL 998455, at *1 (S.D.N.Y. Mar. 5, 2015) (holding that "the plaintiff may serve the summons and amended complaint on [foreign defendants] by serving copies of those papers by e-mail on the defendants' New York attorneys"); *see also Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950) ("[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond.")).[3]

Plaintiffs' proposed court-ordered means of service on the Channels' counsel is particularly appropriate here, given that multiple lawsuits by the Channels are active and pending

---

[3] Notably, Plaintiffs previously extended the Defendants the courtesy of accepting service of process via e-mail from Mr. Dowd, without unnecessary motion practice or being compelled to do so by the Court. *See* Butterfield Decl. at ¶ 9.

since at least February 12, 2016.  One of them is the case through which the Channels attempted to gain competitive advantage over Plaintiff Actava by filing the baseless and unsuccessful contempt motion that is described in the present complaint.  Mr. Dowd, the Channels' lead counsel who litigated that motion, continues to pursue various U.S. businesses, has claimed powers of attorney to act on the Channels' behalf, and remains in regular contact with the Channels by reason of his active litigation on their behalf.  There can therefore be no doubt that notifying Mr. Dowd of the action apprises the Channels of the proceedings against them.  *See, e.g., Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (service on attorneys is "reasonably calculated. . .to apprise" the defendant where the attorneys "must be in communication with Defendant in relation to the pending legal proceedings. . .and will know how to locate Defendant."); Butterfield Decl. at ¶ 6.  Accordingly, there is sufficient cause to permit service pursuant to this method.

## CONCLUSION

This Court should grant Plaintiffs' Motion and approve substituted service of process by e-mail, or alternatively by courier delivery, on the Channels' New York-based counsel.

Dated: New York, New York
       August 10, 2018

                Respectfully submitted,

                MOSES & SINGER LLP

           By: */s/ Toby Butterfield*
                Toby Butterfield
                Michael Rosenberg
                405 Lexington Avenue
                New York, NY  10174
                Telephone: (212) 554-7800
                Facsimile: (212) 554-7700

                *Attorneys for Plaintiffs*