

ATTORNEYS AT LAW

250 Park Avenue | New York, NY 10177 | Telephone: 212.682.8811 | www.dunnington.com | rdowd@dunnington.com

September 26, 2018

**VIA ECF & EMAIL**
Judge Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007
SullivanNYSDChambers@nysd.uscourts.gov

      **Re:** *Actava TV, Inc. et al. . Joint Stock Company "Channel One Russia Worldwide" et al.* **(18-CV-06626) - Request for Pre-Motion to Dismiss Conference And For An Extension of Time**

Dear Judge Sullivan:

      We represent Defendant Broadcasters Joint Stock Company "Channel One Russia Worldwide" and Closed Joint Stock Company "New Channel" ("Broadcasters") in this action.[1] We request a pre-motion conference in accordance with Section 2(A) of Your Honor's Individual Rules and Practices to seek leave to file a pre-answer motion to dismiss the Complaint (ECF 1) of Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev ("Actava"). The Complaint purports to assert three causes of action that arise out of Broadcasters prior, successful, litigation against Actava: (1) tortious interference with prospective economic advantage; (2) malicious prosecution; and (3) breach of contract. The Complaint should be dismissed for (1) lack of jurisdiction over any non-contract claim because the Court's jurisdiction is limited to the enforcement of the relevant stipulated injunctions in favor of Broadcasters; (2) failure to state a claim; and (3) collateral estoppel.

      **The Prior Actions Resulted In Stipulated Injunctions In Favor Of Broadcasters Foreclosing Any Claims.** The parties to this action were previously parties to the consolidated actions known as *Closed Joint Stock Company "CTC Network" et al. v. Actava TV, Inc.* 15-CV-8681 (GBD)(BSM) ("*Actava*") and *Joint Stock Company "Channel One Russia Worldwide," et al. v. Infomir et al.* 16-CV-01318 (GBD)(BSM) (*"Infomir"*). Stipulated permanent injunctions were "So Ordered" by Magistrate Judge Moses in *Actava* on June 3, 2016 (ECF 1-1) and Judge

---

[1] We expect to be retained by Defendants Closed Joint Stock Company "CTC Network," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV Darial," and Limited Liability Company "Comedy TV" within the next week and that these Defendants will wish to join in the motion to dismiss.

Judge Richard J. Sullivan
September 26, 2018
Page 2

**DUNNINGTON**
BARTHOLOW & MILLER LLP

Daniels in *Infomir* on June 6, 2016 (ECF 1-2) (together the "Injunctions") in favor of Broadcasters and against Actava. The Injunctions reference a "confidential settlement pursuant to which" Broadcasters' "claims for financial damages" were satisfied. (Injunctions at 2). The Court retained jurisdiction for the limited purposes of enforcing the Injunctions. (Injunctions ¶ 7). The Complaint alleges a breach of, but does not include a copy of, the Settlement Agreement. Broadcasters moved for contempt against Actava and Magistrate Judge Moses declined to certify facts constituting contempt to Judge Daniels on the primary ground that certain terms in the Injunctions were ambiguous. (ECF 1-3). Judge Moses made clear that Broadcasters' arguments had "some force" (ECF 1-3 at 23). Contempt failed because the ambiguities in the Injunctions could not be cured by referencing the underlying Settlement Agreement - over which the Court did not have jurisdiction - under the "four corners" rule. (ECF 1-3 at 24-25). Judge Moses expressed "no opinion as to whether Actava Defendants violated" the underlying Settlement Agreement. (ECF 1-3 at Note 18). Judge Moses' did not find that Broadcasters' acted inappropriately in moving for contempt nor did Actava cross-move or otherwise seek relief against Broadcasters.

**The Court Lacks Jurisdiction Over Broadcasters.** The Complaint alleges that Broadcasters are all based in the Russian Federation. (Complaint ¶¶ 12-19). However, the party in interest, Joint Stock Company "Channel One Russia Worldwide," has not registered to do business in New York. "Channel One Russia" mentioned at Paragraph 12 of the Complaint is not directly affiliated with "Channel One Russia Worldwide" and is not involved in distribution of Channel One Russia Worldwide's content. Instead, Channel One Russia is a subsidiary of Channel One Russia Worldwide's parent company that provides news coverage in the United States. Dunnington has no relationship with and has never represented Channel One Russia (New York). Broadcasters have no operations in the United States. The plain language of the Injunctions provide that the Court has jurisdiction over Broadcasters solely for the purposes of enforcing the Injunctions. Therefore, any claim not related to the enforcement of the Injunctions - including a breach of the underlying Settlement Agreement to which Joint Stock Company "Channel One Russia Worldwide" is a party - is subject to dismissal. *Patton Boggs LLP v. Chevron Corp.,* No. 12-CV-9176 (LAK), 2016 WL 7156593, at *10 (S.D.N.Y. Dec. 7, 2016).

**Tortious Interference.** To state a claim for tortious interference with prospective economic advantage under New York law, a plaintiff must allege that: "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 400 (2d Cir.2006) *citing Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir.2003). A complaint that does not allege facts and instead only recites the elements is subject to dismissal. *Fifth St. Fin. Corp. v. Toll*, No. 12 CIV. 5896 ER, 2013 WL 3757037, at *4 (S.D.N.Y. July 17, 2013). Actava's Complaint is bereft of any factual detail and merely recites

the elements without support. (Complaint ¶¶ 77-83). The Complaint alleges unparticularized damages to "reputation" and fails to allege what, if any, business relationships have been harmed and instead offers that unspecified "income potential" has been lost. (Complaint ¶¶ 82-83). Further, Judge Moses' Order did not find that Broadcasters' contempt motion was without merit - Judge Moses only found that certain terms of the Injunctions were ambiguous, that the Court did not have jurisdiction over the underlying Settlement Agreement and declined to certify facts to Judge Daniels. Accordingly, Actava's Complaint fails to adequately allege any of the requisite four factors.

**Malicious Prosecution.** To state a claim under New York law for the malicious prosecution of a civil action, a plaintiff must show "1) the initiation of an action by the defendant against [him], 2) begun with malice, 3) without probable cause to believe it can succeed, 4) that ends in failure or, in other words, terminates in favor of the plaintiff." *Engel v. CBS,* 145 F.3d 499, 502 (2d Cir.1998) *certified question accepted*, 92 N.Y.2d 867, 700 N.E.2d 310 (1998). "In addition, if the proceeding of which plaintiff complains was a civil action, the plaintiff must prove special injury-'some interference with [the] plaintiff's person or property ... beyond the ordinary burden of defending a lawsuit." *Id.* Defendant Broadcasters did not, as Actava alleges, prosecute a wrongful action terminating in Actava's favor as would be necessary for Actava to prevail on its claims for tortious interference and malicious prosecution. As demonstrated by Actava's own submissions, Broadcasters substantially prevailed as set forth in the Injunctions. Further, Judge Moses found only that the Injunctions were ambiguous in certain respects, did not consider whether the Settlement Agreement had been reached and made no finding that Broadcasters acted improperly in filing the sanctions motion. Accordingly, the claim for malicious prosecution must be dismissed.

**Breach of Contract.** The Complaint alleges that Broadcasters failed to provide a notice and opportunity to cure a suspected breach of the Settlement Agreement. This allegation is contradicted directly by Judge Moses' Order which provides, in relevant part, "plaintiffs sent the Actava Defendants a letter notifying them of a 'suspected breach of the Settlement Agreement.'" (ECF 1-3 at 4). As there is no other basis for the breach of contract claim, it must be dismissed.

**The Complaint Is Barred By Collateral Estoppel.** Collateral estoppel bars re-litigation of an issue where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 270 (S.D.N.Y. 2012) *quoting Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998). Broadcasters' contempt motion failed based upon ambiguities in the Injunctions - not because Actava's underlying conduct was held to be proper. Indeed, Judge Moses found there was merit

Judge Richard J. Sullivan
September 26, 2018
Page 4



to Broadcasters' position. Actava herein did not cross-move or otherwise seek to recover against Broadcasters before Judge Moses as they should have. Instead, Actava filed this plenary action without any basis in fact or law. The Court should not permit this already-litigated matter to proceed any further and should dismiss the Complaint.

**Conclusion.** In light of the foregoing, Broadcasters seek a pre-motion conference and additional time for the remaining Defendants to appear.

Respectfully submitted,

/s/Raymond J. Dowd

cc:   All Counsel of Record (via ECF)