UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ACTAVA TV, INC. *et al.*,

                                    Plaintiffs,

     -v-

JOINT STOCK COMPANY
"CHANNEL ONE RUSSIA
WORLDWIDE" *et al.*,

                                    Defendants.

No. 18-cv-6626 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev initiated this action by filing a complaint on July 23, 2018. (Doc. No. 1.)  On August 10, 2018, Plaintiffs moved for leave to serve Defendants, which are apparently Russian companies that are headquartered in Russia and which maintain no presence in the United States, through an attorney, Raymond Dowd, who represents Defendants in another action pending in this District. (Doc. No. 10.)  The Court granted Plaintiffs' motion on September 4, 2018 (Doc. No. 15), and the next day, Plaintiffs filed affidavits attesting that they had effected service on Defendants via Mr. Dowd (Doc. No. 16).  Accordingly, Defendants' deadline to answer or otherwise respond to the complaint was September 26, 2018.

On September 26, 2018, Mr. Dowd and two other attorneys from his firm, Dunnington Bartholow & Miller, LLP, filed notices of appearance on behalf of two Defendants – Closed Joint Stock Company "New Channel" and Joint Stock Company "Channel One Russia Worldwide." (Doc. Nos. 18–20.)  That same day, those two defendants filed a pre-motion letter regarding their contemplated motion to dismiss Plaintiffs' complaint. (Doc. No. 21.)  The letter reflects that Mr. Dowd "expect[ed] to be retained" by the remaining Defendants "within the next week and that these

Defendants will wish to join in the motion." (*Id.* at 1 n.1.) The Court scheduled a pre-motion conference for October 26, 2018 regarding the contemplated motion. (Doc. No. 35.) However, the remaining Defendants did not appear on September 26, 2018, join in the letter on that date, or file their own letter(s), and thus are technically in default.

On October 1, 2018, Plaintiffs sought a Clerk's Certificate of Default as to the Defendants other than New Channel and Channel One Russia Worldwide. (Doc. Nos. 23–24.) The Clerk of Court issued a Certificate of Default the same day. (Doc. No. 25.) Then, shortly after that Certificate of Default was issued, Defendants Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," and Limited Liability Company "Rain TV-Channel" appeared in this action (Doc. Nos. 26–28) and sought leave to join in the September 26, 2018 pre-motion letter (Doc. No. 29). The three newly-appearing Defendants and the two Defendants also sought leave to vacate the Clerk's Certificate of Default. (*Id.*)

The last Defendant, Limited Liability Company "Comedy TV," appeared on October 2, 2018 (Doc. Nos. 31–33) and also sought leave to join in the September 26, 2018 pre-motion letter and the October 1, 2018 request to vacate the Certificate of Default. (Doc. No. 34.)

Later on October 2, 2018, Plaintiffs responded to the requests made by CTC Network, TV DARIAL, Rain TV-Channel, and Comedy TV to join in the September 26, 2018 pre-motion letter and to vacate the Clerk's Certificate of Default. (Doc. No. 36.) Plaintiffs argue that because "[f]our of the six defendants" – those other than New Channel and Channel One Russia Worldwide – were served with this action and "failed to advance any arguments in [the] September 26, 2018 letter, appear[,] or even request an extension until after the [Certificate of Default] issued . . . their default was willful." (*Id.*) Plaintiffs state that because of this willful default, and because they were forced to "pursue and obtain a Default in order to advance the case," they "object to the Court vacating the

Default absent an award to [Plaintiffs] of reasonable attorneys' fees incurred in obtaining it, to offset their inconvenience and expense in applying for it." (*Id.*)

Because all Defendants have now appeared and have joined in the September 26, 2018 pre-motion letter, and in light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," *Sea Hope Navigation Inc. v. Novel Commodities*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013), IT IS HEREBY ORDERED that the Clerk's Certificate of Default entered as to Defendants CTC Network, TV DARIAL, Rain TV-Channel, and Comedy TV is VACATED.  IT IS FURTHER ORDERED that those Defendants are deemed to have joined in the September 26, 2018 pre-motion letter, and that all parties should be prepared to discuss that pre-motion letter at the conference to be held in this case on October 26, 2018 at 2:00 p.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.  At the conference the parties shall also be prepared to discuss Plaintiffs' entitlement to the attorneys' fees and costs incurred in obtaining the Clerk's Certificate of Default.

SO ORDERED.

Dated:      October 3, 2018
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE