

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Michael Rosenberg
Direct Dial: 212.554.7879
Fax: 212.377.6040
E-Mail: mrosenberg@mosessinger.com

November 26, 2018

**VIA ECF & E-MAIL**

The Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007

     Re: *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* **(18-cv-06626)**

Dear Judge Carter:

  We represent Plaintiffs Actava TV, Inc. ("Actava"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (the "Actava Parties") in this action. We write in light of recent communications from the Defendant Channels (the "Channels") signaling their intention not to respond to discovery requests properly served on the Channels by the Actava Parties on November 1, 2018, annexed as Exhibit A. Accordingly, we request an order compelling the Channels to respond to the requests for production by December 3, 2018 and to the interrogatories by January 4, 2019. This deadline incorporates a one-month extension for the interrogatory responses, exceeding the 30-day timeframe prescribed by Rule 33 of the Federal Rules of Civil Procedure, pursuant to which the responses are nominally due on December 3, 2018.

  Until now, the Channels have consistently expressed their willingness to participate in discovery. Significantly, the Channels' counsel themselves proposed an extension to January 4, 2019 for the interrogatory responses, clarifying in a November 12, 2018 e-mail that "the Channels will respond to document requests by December 3 and propose to respond to interrogatories by January 4," given concerns raised prior about the time needed to finish obtaining the necessary translations. That e-mail, which followed the assignment of your Honor to this case, is annexed as Exhibit B.

  The parties previously also held a Rule 26(f) conference on October 5, 2018 concerning the timing of discovery, during which the Channels' counsel voiced no objection to proceeding with discovery—despite their stated intention to file a motion challenging the Court's jurisdiction. Thereafter, the parties negotiated a proposed discovery plan and submitted it to the Court on October 16, 2016 (Doc. No. 46).



The Honorable Andrew L. Carter, Jr.
November 26, 2018

     Notwithstanding their unmistakable readiness and ability to conduct discovery, the Channels have suddenly retreated from that position.  Indeed, just as the Actava Parties were considering the Channels' November 12, 2018 request to extend the discovery deadline, the Channels baldly and baselessly deemed this case a "strike suit" – their first use of that term – and requested the Actava Parties' consent to a stay of discovery pending the Channels' yet-to-be-filed motion to dismiss.  The Channels' November 16, 2018 letter is annexed as Exhibit C, and the Actava Parties' November 25, 2018 response is annexed as Exhibit D.

     "[D]iscovery should not be routinely stayed simply on the basis [of a] motion to dismiss," even had one been filed here.  *O'Sullivan v. Deutsche Bank AG*, No. 17-CIV-8709, 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018).  After the Channels requested a pre-motion to dismiss conference on September 26, 2018 (Doc. No. 21), the Actava Parties revealed the baselessness of the Channels' arguments, noting that the Channels were attempting to delay indefinitely their obligation to respond to the Amended Complaint (Doc. No. 30).  Still, even amid the Channels' extensive gamesmanship, they never raised the possibility of a discovery stay, as there was never a basis for one.

     It has now been over four months since the Actava Parties filed this action.  As is well-documented, the Channels had to be compelled to accept service (Doc. No. 15), have persisted in impeding the progress of this case (Doc. No. 48), and should not now be permitted to evade their discovery obligations under the Federal Rules of Civil Procedure.  Under the "particular circumstances and posture of [this] case," a discovery stay would therefore cause significant prejudice to the Actava Parties and is wholly unwarranted.  *See O'Sullivan*, 2018 WL 1989585 at *3 (citing *Alford v. City of New York*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012).

     Accordingly, the Actava Parties respectfully request an order by this Court compelling the Channels to respond to the Actava Parties' requests for production by December 3, 2018 and to the interrogatories by January 4, 2019, the deadlines previously requested by the Channels.

     Respectfully submitted,

     _/s/ Michael Rosenberg_____

     Michael Rosenberg

cc: Counsel of Record (via ECF)