

## DUNNINGTON
### BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

250 Park Avenue | New York, NY 10177 | Telephone: 212.682.8811 | www.dunnington.com | sblaustein@dunnington.com

November 29, 2018

**VIA ECF & EMAIL**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* (18-cv-06626)

**Opposition To Letter Motion To Compel and Cross-Letter Motion For (1) Stay of Discovery Pursuant To Fed. R. Civ. P. 26(c); (2) Security Pursuant to Local Civil Rule 54.2; and (3) to Supplement Defendants' Motions To Dismiss**

Dear Judge Carter:

We represent Defendant Broadcasters Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "New Channel," Closed Joint Stock Company "CTC Network," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV Darial," and Limited Liability Company "Comedy TV" (collectively "Broadcasters") and Kartina Digital GmbH ("Kartina" and with Broadcasters "Defendants") in the action captioned above. We write (1) in opposition to Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively "Actava")'s November 26, 2018 letter motion to compel discovery (ECF 58) and (2) in support of Broadcasters' cross-motion for a stay of discovery and security for costs pursuant to Local Civil Rule 54.2.

Actava was permanently enjoined from using Broadcasters' programming in two related actions before Judge Daniels and Magistrate Judge Moses known as *Closed Joint Stock Company "CTC Network" et al. v. Actava TV, Inc. et al.* (15-CV-8681) (GBD) (BCM) and *Joint Stock Company "Channel One Russia Worldwide" et al. v. Infomir LLC et al.* (16-CV-01318) (GBD) (BCM) (ECF 1-1, 1-2). This action is a frivolous and meritless attempt to find another judge to interpret the scope of Judges Daniels' and Moses' injunctions. A stay is warranted because (a) Plaintiffs have not asked Judge Daniels to interpret the injunctions and Defendants have a substantial chance of succeeding on their motions to dismiss the Amended Complaint for lack of jurisdiction and failure to state a claim; (b) Actava, an adjudged thief of Defendants internet protocol television ("IPTV"), breached the underlying settlement; and (c) Actava seeks Defendants confidential business records to harm Defendants in retaliation for the Broadcasters vindicating

Hon. Andrew L. Carter, Jr.
November 29, 2018
Page 2



their rights in prior proceedings. Actava does not contest these points as raised in Defendants' November 16 letter. (Compare ECF 58-3, 58-4). Security is warranted because (a) Actava represents that it is insolvent and (b) is prosecuting this strike suit in bad faith.

Specifically, as set forth in Broadcasters' November 16, 2018 letter to counsel for Actava – sent after the November 12 email referenced in Actava's letter motion (ECF 58-2) – Actava is in breach of the underlying Settlement Agreement because, among other things, it did not disclose its ownership of the pirate website www.russiantelek.com that redistributed pirated programming of the Channels. A copy of the November 16 Notice of Suspected Breach is attached as **EXHIBIT 1**. The Settlement Agreement which is attached as Exhibit A to **EXHIBIT 1** has been redacted to protect confidential information. Actava omitted this correspondence from its motion papers. Instead, it replied to Defendants' November 16, 2018 letter (ECF 58-3) at 6:00 PM on the Sunday evening after Thanksgiving, November 25, 2018 (ECF 58-4), disclaimed any obligation to meet-and-confer per the Local Rules, and filed a letter motion on Monday afternoon, November 26, 2018, before counsel for Defendants could respond. These actions illustrate the ongoing bad faith of Actava.

**Procedural History.** Actava's Amended Complaint was filed on October 4, 2018 (ECF 38). An initial pre-trial conference was scheduled to take place before Judge Sullivan on October 26, 2018 and was adjourned *sine die* on October 17, 2018 prior its being reassigned to Your Honor (ECF 47). Broadcasters and Kartina respectively moved to dismiss all claims set forth in the Amended Complaint on October 26 and November 2, 2018 respectively (ECF 48, 53). As explained in Defendants' November 2, 2018 letter to the Court, Defendants have attempted to expedite the resolution of this case by timely seeking leave to file motions to dismiss. (ECF 54). No discovery order has been entered nor has any initial pre-trial conference been scheduled. Actava has not sought any interim relief in this Court or before Judge Daniels in the *CTC* and *Infomir* actions. (*See* ECF Docket *passim* ).

On October 31, 2018, a defendant in *Joint Stock Company "Channel One Russia Worldwide" v. Russian TV Company, Inc., et al.*, Case No. 18-cv-2318-LGS produced a non-disclosure agreement with Russian Telekom Inc. A copy of the defendant's transmittal letter is attached as **EXHIBIT 2**. A copy of the NDA is annexed hereto as Exhibit B to Ex. 1. As detailed in the Notice of Suspected Breach, further investigation revealed Russian Telekom Inc.'s affiliation with Actava. (Ex. 1). On November 16, 2018, Broadcasters promptly advised Actava of their breach of the relevant Settlement Agreement (Ex. 1) and Defendants requested that Actava agree to a stay of discovery (ECF 58-3). As set forth above, Actava waited ten (10) days to reply on the Sunday evening after Thanksgiving. As the Settlement Agreement affords Actava ten (10) business days to address its breach, Actava's reply is due on Tuesday, December 4, 2018 taking into account the Thanksgiving holiday. Actava's November 26 letter motion is thus another attempt to push its meritless claims forward before responding to the Notice of Suspected Breach.

**A Stay Is Warranted.** The Court has authority to issue a stay for "good cause" pursuant to Rule 26(c). Defendants rely on the arguments and authorities set forth in their November 16, 2018 letter (ECF 58-3) which have gone unrebutted by Actava (ECF 58-4). Defendants' motions to dismiss are likely to succeed and Actava is and – based on demonstrable evidence – has been in violation of the Settlement Agreement since the date of execution. Given that Defendants argue

Hon. Andrew L. Carter, Jr.
November 29, 2018
Page 3



that the Court lacks jurisdiction over this case, the breach, and that Actava lacks authority to prosecute this case as the breaching party, a stay of discovery is clearly warranted.

**Security For Costs Pursuant To Local Rule 54.2 Is Warranted.** The Amended Complaint alleges that Actava has suffered "irreversible" damage to its business in light of non-party Matvil Corp.'s termination of an alleged referral agreement such that Actava does not have the funds necessary to cover any judgment in Broadcasters' favor.  (Am. Cplt. ¶¶ 1, 78-81, ECF 38).  As set forth above, Defendants have submitted pre-motion letters seeking a conference  to file meritorious motions to dismiss (ECF 48, 53) and have advanced documentary evidence that Actava has been in breach of Paragraph 6.d.i.–iii. of the Settlement Agreement since its April 2016 execution because Actava failed to disclose its ownership of www.russiantelek.com, a website that distributed pirated programming of Broadcasters.  (Ex. A to Ex. 1).  Additionally, Broadcasters believe that Actava's activities violated a June 3, 2016 Stipulated Order and Permanent Injunction.  Actava, an adjudged violator of Broadcasters' content rights, is now using this Court to further its goals of attacking Broadcasters and their licensee, Kartina, because their renewed efforts towards stealing Broadcasters' content have failed.

The Court considers the following factors when determining whether security is required: (1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and compliance with past court orders.  *K.M. v. Maclaren USA, Inc*., No. 10 CIV. 7942 LTS RLE, 2011 WL 1900137, at *5 (S.D.N.Y. Apr. 7, 2011), *report and recommendation adopted*, 2011 WL 1900141 (S.D.N.Y. May 18, 2011) citing *Selletti v. Carey,* 173 F.R.D, 96, 100 (S.D.N.Y.1997).  Security is warranted where an asset-less plaintiff asserts dubious claims.  *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A*., No. 11-CV-1529 KMW KNF, 2014 WL 3579809, at *8 (S.D.N.Y. July 18, 2014) (imposing $642,360 bond).

In the Second Circuit, copyright owners may be entitled to bonds covering anticipated attorneys' fees because such fees may be taxed as "costs" under the Copyright Act. *Selletti,* 173 F.R.D, 96.  Broadcasters and Kartina have been attacked by each and every pirate they have encountered, each of whom has cried to the Court that the adjudged owners of the content are destroying their illicit pirate networks.  Actava is entitled to no mercy.  It is an adjudged violator that is seeking an unwarranted payment in violation of the clear terms of a settlement agreement and an injunction against it.   Accordingly, the Court should compel a bond for costs.

**Conclusion.** For the reasons set forth above and in the prior correspondence, Defendants request that (1) Actava's motion be denied in all respects; (2) that the Court stay all discovery pending the motions to dismiss; and (3) that, in the alternative, the Court set a pre-motion conference schedule for Broadcasters to move for an order compelling Actava to post security for costs pursuant to Local Civil Rule 54.2.

Respectfully submitted,

s/ Samuel A. Blaustein

cc: Counsel of Record (via ECF & Email)