**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, | ) ) ) |
| Plaintiffs, | ) ) |
| -against- | ) ) ) |
| Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Index No.: 1:18-cv-06626

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER COMPELLING DISCOVERY FROM DEFENDANTS AND GRANTING SANCTIONS</u>

**MOSES & SINGER LLP**
Toby Butterfield
Michael Rosenberg
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
mrosenberg@mosessinger.com
tbutterfield@ mosessinger.com

*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................2

STATEMENT OF FACTS ...............................................................................................2

    Defendants' Delay and Waiver of Objections ......................................................2

    Plaintiffs' Document Requests ..............................................................................6

    Defendants' Objections..........................................................................................7

ARGUMENT ....................................................................................................................9

    A.    The Court Should Deny Defendants' Four Categories of Boilerplate
          Objections and Compel Discovery ...........................................................9

          1.    Defendants' First Category Objections are Irrelevant and/or
                  Frivolous .........................................................................................9

          2.    Defendants' Second Category Objections Fail Local Rule 26.2.(a)
                  and the Court Should Compel Defendants to Provide a Privilege
                  Log ...............................................................................................11

          3.    Defendants' Third Category Objections Pursuant to Russian
                  "Personal Data Privacy" Laws are Inapplicable and Defendants
                  Cited them Frivolously .................................................................11

          4.    Defendants' Fourth Category Objections Attempting to Utilize a
                  Rule 54.2 Bond Unfiled Motion and Their Resort to a non-
                  Honored Meet and Confer Are Inapplicable and Improper ......................15

    B.    This Court Should Compel Defendants to Produce Documents Pursuant to
          Analogous Orders that this Court has Issued Previously......................................16

    C.    This Court Should Award Reasonable Expenses to Plaintiffs.............................17

CONCLUSION................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beberaggi v. New York City Transit Auth.*,
No. 93-1737, 1994 WL 48805 (S.D.N.Y. Feb. 17, 1994).......................................16

*Carey v. Berisford Metals Corp*.,
No. 90 Civ. 1045, 1991 WL 44843 (S.D.N.Y. Mar. 28, 1991) ...............................8

*Dorchester Fin. Holdings Corp. v. Banco BRJ, SA*,
No. 11-CV-1529 KMW KNF, 2014 WL 3579809 (S.D.N.Y. July 18, 2014)........................15

*Ediciones Quiroga, S.L. v. Fall River Music, Inc*.,
No. 93-3914, 1996 WL 148363 (S.D.N.Y. Apr. 2, 1996) .........................................8

*In Re Autohop Litigation*,
1:12-CV-04155(ECF 332) (S.D.N.Y. May 24, 2012) ...........................................16

*Keane et al v. Zitomer Pharmacy, Inc.,*
1:06-CV-05981, p. 3 (S.D.N.Y. August 4, 2006) .................................................17

*LBBW Luxemburg S.A. v. Wells Fargo Securities LLC et. al.,*
1:12-CV-07311(ECF 152), pp. 15-18(S.D.N.Y. September 28, 2012) ...................16

*Mirra v. Jordan,*1:13-CV-05519 (ECF 119), p. 7 (S.D.N.Y. August 7, 2013) ............17

*Novick v. AXA Network, LLC,*
1:07-CV-07767 (ECF 200), pp. 10-11 (S.D.N.Y. August 31, 2007)......................17

**Other Authorities**

Fed. R. Civ. P. 26(b)(1).................................................................................8

Fed. R. Civ. P. 33 and 34 ...........................................................................2, 3

Fed. R. Civ. P. 37(a)(3)(B) ...........................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(iv).......................................................................2

Fed. R. Civ. P. 37(a)(5)...................................................................................2

Fed. R.Civ. P. 37(a)(5)(C) .......................................................................16, 18

Rule 26........................................................................................................9

Local Civil Rule 26.2.(a) ....................................................2, 6, 10, 11, 15, 18

Rule 34 ...................................................................................................2, 9

Rule 54.2 ...............................................................................................8, 15

U.S. Const. Amend. IV ...........................................................................12

*Personal Data Protection Act* ..............................................................13

*These Russian Personal Privacy Laws* ................................................8

*Privacy and Data Protection in Russia,* Daniel Garrie and Irene Byhovsky ..............................14

*Cyber Warfare* 235, 239–40 (2017).....................................................14

*Russian "Personal Data Privacy"*........................................................11

http://www.constitution.ru/en/10003000-03.htm....................................12

https://pd.rkn.gov.ru/authority/p146/p164/ ...........................................13

https://pd.rkn.gov.ru/authority/p146/p164/https://wilmap.law.stanford .....................15

https://www.wipo.int/edocs/lexdocs/laws/en/ru/ru126en.pdf....................13

Articles 23 and 24 of the Constitution of the Russian Federation ................8, 11, 12, 13

Russian Federal Law Nos. 149-FZ, 152-FZ, and 242-FZ........................8, 11, 12, 13, 14

**PLAINTIFFS** Actava TV, Inc. ("Actava"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively, the "Actava Parties" or "Plaintiffs") submit against defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV" (together, the "Channels" or "Defendants" in these motion documents) this memorandum of law in support of Plaintiffs' motion for an order that: (1) compels Defendants to produce documents under Fed. R. Civ. P. 37(a)(3)(B)(iv); (2) compels Defendants to provide a privilege log pursuant to this Court's Local Civil Rule 26.2.(a); (3) compels Defendants to do complete the foregoing within five business days of when the Court grants the order, and; (4) imposes sanctions on said Defendants under Fed. R. Civ. P. 37(a)(5).

## PRELIMINARY STATEMENT

Defendants waived their objections to Plaintiffs' November 1, 2018 document requests due to Defendants' failure to produce documents or object to said requests within the Rule 34 mandatory 30 days period. Even if the Court permits Defendants to assert their untimely objections, the Court should overrule those objects and grant this motion on the grounds that those objections are inapplicable and/or frivolous.

## STATEMENT OF FACTS

### *Defendants' Delay and Waiver of Objections*

On November 1, 2018, Plaintiffs first served interrogatories and requests for production of documents on the Channels (the "Requests"). *See* Declaration of Toby Butterfield ("Butterfield Decl.") at ¶2. The Responses to those Requests were due on December 3, 2018. Fed. R. Civ. P. 33 and 34. On November 9, 2018, the Channels' counsel requested additional

time in which to respond to the interrogatories, claiming that the Channels needed that time in

order to translate the verification that would accompany the Channels' interrogatory responses.

*See id.* at ¶5.  The Channels' counsel stated that they "will respond to document requests by

December 3," which was the deadline Rule 34 required.  *Id.* at ¶6, Exh. B.  With respect to the

interrogatories, Plaintiffs' counsel agreed to consider Defendants' counsel's request with their

clients, but before Plaintiffs' counsel could do so, Defendants' counsel stated that they would be

seeking a stay of discovery from the Court.  *Id.* at ¶8.  Plaintiffs' counsel objected and indicated

that Plaintiffs would move for an order compelling the Channels to respond to the Requests.  *Id.*

at ¶9.  On November 26, 2018 and November 29, 2018, Plaintiffs' and Defendants' counsels

wrote to the Court stating their respective positions.  ECF Nos. 58-59.

      The Court did not act on the Channels' request for a stay of discovery prior to the

December 3, 2018 deadline for the Channels to serve their responses to the Requests.

Nevertheless, when that deadline came, the Channels failed to respond to the Requests.  Nor did

the Channels request a further extension of time for those objections, either from the Court or

from Plaintiffs' counsel.  *See* Butterfield Decl. at ¶12.  Accordingly, under Fed. R. Civ. P.

33(b)(2) and 34(b)(2), the time for Channels to state their objections expired.  Thereafter, the

Court heard the parties at a conference on December 20, 2018.  At that conference, the parties

argued over Defendants' motion for a stay of discovery and Plaintiffs' request for an order that

compels responses to the Requests.

      On January 7, 2019, this Court issued its order (the "Order") denying Defendants' motion

for an open-ended stay of discovery, and granted Plaintiffs' motion to compel the Channels to

respond to the Requests.  ECF No. 64.  Plaintiffs' counsel notified Defendants' counsel, and

inquired when Defendants would serve those responses. *Id.* at ¶16, Exh. C (attaching M. Rosenberg's 1-7-19 e-mail). Defendants' counsel did not respond. *Id.* at ¶17.

By January 9, 2019, Defendants still failed to provide any documents and/or objections to the Requests and still had not indicated when Defendants would do so. Plaintiffs' counsel therefore notified Defendants' counsel that Plaintiffs deemed such failure to be a waiver of any objections Defendants had. *Id.* at ¶19, Exh. D (attaching T. Butterfield's 1-9-19 e-mail).

On January 10, 2019, Defendants' counsel responded, indicating for the first time since the Court's Order that that the Channels would comply with it. *Id.* at ¶20, Exh. D (attaching S. Blaustein's 1-10-19 e-mail). However, even then, Defendants' counsel did not provide responses, instead merely stating that they would do so by upcoming January 18. *Id.* at ¶21. Without agreeing to extend the Channels' deadline to comply with the Order or agreeing that Defendants' could retroactively interpose new objections, Plaintiffs' counsel indicated that they would delay seeking Court intervention pending receipt of the Channels' responses to the Requests by January 18. *Id.* at ¶22, Exh. D (attaching T. Butterfield's 1-10-19 e-mail).

On January 18, 2019, however, the Channels once again failed to provide responses to the Requests, notwithstanding the Court's direct Order requiring them to do so. *Id.* at ¶23. Instead, the Channels' counsel served two documents entitled "[The Channels'] Objections to [Plaintiffs'] Interrogatories" and "[The Channels'] Objections to [Plaintiffs'] Document Requests" (collectively, the "Objections"). *Id.* at ¶24, Exh. E (attaching document Objections). In those documents, the Channels failed once again to provide any response whatsoever to any of the Interrogatories. Such failures cannot be countenanced. *Id.* at ¶25.

As a result, Plaintiffs' counsel sought this Court's assistance in obtaining compliance with the Order. In response to Plaintiffs' counsel's January 29, 2019 letter seeking such Court

assistance (ECF No. 67), the Channels' counsel claimed that they were in the process of producing additional documents, and claimed a meet and confer conference was necessary before the Court heard the parties (ECF No. 74).  But, when Plaintiffs' counsel sought in good faith to schedule such a conference, Defendants' counsel responded they were not available.  *Id.* at ¶¶28 & 37, Exh. F.  As a result, this Court heard the parties on February 8, 2019, noted that Plaintiffs were dissatisfied with Defendants' Objections, and directed that Plaintiffs should prepare and serve this motion.  *Id.* at ¶30, Exh. G.

Thereafter, Defendants have continued their dilatory and evasive approaches to discovery.  At the end of March, Defendants finally provided belated interrogatory responses, without any explanation of their delay in complying with the Court's Order.  *See id.* at ¶33, Exh. H.  But even though Defendants' counsel had claimed that they were in the process of producing additional documents, since the conference with this Court on February 8, 2019, Defendants have produced no additional documents.  *See id.* at ¶35.  In fact, to date they have produced a total of just 9 documents—responsive to just 1 of 21 document Requests—none of which concern the central allegations of this case.  *See id.* at ¶¶29 & 35.

As the Amended Complaint describes, the contempt motion itself and the Court's order denying it entirely indicate that Defendants have potential evidence that they are improperly withholding.  That Court order strongly suggests that the contempt motion was doomed to fail.  Had Defendants conducted their technical and legal due diligence, they would have known this.  Plaintiffs are entitled to discovery of such due diligence (or lack thereof) and of whatever potential evidence that Defendants will claim at trial support their defense(s).  Yet, in violation of their obligations under the Federal Rules for almost five months, and in contumacious

violation of this Court's January 7 Order compelling discovery, the Channels continue to refuse to provide basic documents and information that are essential to this case.

In fact, as the Amended Complaint describes in more detail, Plaintiffs suspect that the reason Defendants refuse to provide these documents and information is that the same proves that Defendants had no basis to move for contempt; that Defendants had no desire to comply with their basic contractual obligation to provide notice of their grounds for claiming Plaintiffs were in breach of the Settlement Agreement; and that Defendants moved for contempt with improper intent to obstruct Plaintiff Actava from its right to conduct business with its business partner, Matvil (and others), under an arrangement(s) that Defendants tortiously, maliciously, or otherwise improperly interfered with. When that tactic failed, in continuation of such interference, Defendants unduly pressured Matvil to unjustifiably terminate Actava's Referral Agreement and thereafter ceased doing business any business with Actava altogether. Defendants must produce such documents, information, and/or other potential evidence concerning those claims under binding rules of civil procedure.

### *Plaintiffs' Document Requests*

Plaintiffs' document Request Nos. 4, 9, 11, 12, and 13 relate specifically to Defendants' acts that underly the causes of action in this case, namely their basis for filing contempt proceedings against Actava and for inducing Matvil to terminate the Referral Agreement. *See id.* at ¶2, Exh. A (attaching document Requests). Said Requests seek documents and evidence of communications that Defendants must have had or generated when deciding whether to bring the contempt proceedings. For instance, Defendants have produced absolutely no documents or evidence of communications nor any privilege log (as required by the binding Local Rule 26.2.(a)) in response to Requests 4 and 12, which seek various categories of documents

concerning the Channels' decision to seek an order of contempt against Plaintiffs. Undeniably, such documents/communications exist since it would be impossible for the Channels to make said decision without them. Also, Defendants produced absolutely no documents, communications, nor any privilege log in response to Request Nos. 11 and 13, which seek documents concerning the Channels' and Kartina's involvement in Matvil's termination of its referral agreement with Actava right after Plaintiffs filed this lawsuit in the summer of 2018.

Plaintiffs' document Request Nos. 15-20 directly relate to the damages that Defendants' acts caused Plaintiffs. *See id.* at ¶2, Exh. A (attaching document Requests). Specifically, Request Nos. 16-17 directly relate to Defendants' sales and revenue figures and efforts to market IPTV to Russian-speaking consumers in the US, as well as subscriber growth projections. Such data is highly relevant to determining the number of prospective subscribers that Defendants prevented Plaintiffs from signing up via their tortious interference and other improper acts described in the Amended Complaint. Further, Request Nos. 15, 18, 19, and 20 relate to the Defendants' sales projections and other figures that similar to the market share data would facilitate Plaintiffs ability to project and compute their damages

The foregoing two broad groups of documents and communications, consisting of those responsive to Request Nos. 4, 9, 11, 12, 13, and 15-20 specifically relate to the heart of this case as they support the Amended Complaint's causes of actions as well as related damages that Plaintiffs are entitled to from Defendants. Therefore, these two broad groups are responsive, relevant, and the Court should compel Defendants to produce them

### *Defendants' Objections*

Defendants failed to produce as this Court first Order compelled and instead claimed four broad categories of objections. *Id.* at ¶¶23-25, Exh. E (attaching document Objections).

7

**First Category Objections:** Defendants object to production of documents by asserting overbreadth, relevance, and/or proportionality objections in boilerplate fashion to all 21 of Plaintiffs' document Requests.  However, as demonstrated below, they have failed to substantiate the specific basis for any such objections, which is lacking because the discovery sought is eminently clear, relevant, and proportional to the needs of the case.

**Second Category Objections:** in similar and inappropriate boilerplate manner, Defendants object to 20 out of 21 document Requests "to the extent" those Requests implicate the attorney-client privilege, but Defendants fail to provide a procedurally required privilege log.

**Third Category Objections:** also in inappropriate and boilerplate fashion, Defendants object to 20 out of 21 document Requests on the grounds that discovery is blocked by "*applicable* privacy and data protection laws of the Russian Federation, such as Articles 23 and 24 of the Constitution of the Russian Federation or Russian Federal Law Nos. 149-FZ, 152-FZ, and 242-FZ."  These Russian Personal Privacy Laws are wholly *inapplicable* here and Defendants' related objections are thus frivolous.

**Fourth Category Objections:** in furtherance of their inappropriate boilerplate tactics, Defendants object to 20 out of 21 document Requests on the grounds that those Requests are "premature as Broadcasters will file a Rule 54.2 bond motion for security as detailed in the November 29, 2018 Letter to Judge Carter."  Additionally, Defendants offer a "meet and confer" with Plaintiffs' counsel regarding said "bond-based" objection as well as the three preceding broad categories of objections.  The bond-based objection is another improper and inapplicable objection, while the meet and confer offer proposal was an empty-offer that Defendants failed to honor despite Plaintiffs' good faith efforts to schedule and reschedule concerning the Requests.

## ARGUMENT

Defendants are obligated to provide discovery materials that Plaintiffs requested before and in this motion since such discovery is "relevant" to their claims and "proportional to the needs of the case." Fed. R.Civ.P. 26(b)(1). "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Carey v. Berisford Metals Corp*., No. 90 Civ. 1045, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (quotations and citation omitted); see also, *e.g., Ediciones Quiroga, S.L. v. Fall River Music, Inc*., No. 93-3914, 1996 WL 148363, at *4 (S.D.N.Y. Apr. 2, 1996) (holding document requests proper where they "requested information relating to issues relevant to the current litigation"). If a party serves incomplete responses to a request submitted under Rule 34, "the discovering party may move for an order compelling an answer. . .or an order compelling [a response] in accordance with the request." Fed. R. Civ. P. 37(a)(3)(B). The Channels flouted their obligations under Rule 26 by failing to serve adequate and timely responses to Plaintiffs' discovery requests. For the reasons herein, Plaintiffs move for a *second order* that compels discovery from and sanctions Defendants as the below conclusion details.

### A. The Court Should Deny Defendants' Four Categories of Boilerplate Objections and Compel Discovery

#### 1. Defendants' First Category Objections are Irrelevant and/or Frivolous

The Channels' first category objections are boilerplate, not relevant, and frivolous as the related document Requests bear on key issues in this case: Defendants' decision to initiate contempt proceedings against the Actava Parties and the Channels' tortious interference with Actava's business, particularly with respect to Actava's Referral Agreement with Matvil. For example, Request Nos. 11 and 13 seek documents and communications concerning the Channels

"understanding of, awareness of, or reaction to, the Referral Agreement between Actava and Matvil dated September 8, 2016," and concerning the Channels' "instructions, guidance, or encouragement to Matvil regarding the termination or cancellation of the Referral Agreement," respectively.  It is absurd to contend that these Requests do not request "with reasonable particularity" the documents requests (No. 11), are "vague and ambiguous" (No. 11), or are "unduly burdensome and overly broad" (No. 13).  Nor is it reasonable to assert that Request No. 11 lacks "an appropriate time limitation [] and is not proportional to the needs of the case," where the Complaint alleges (i) that the Channels moved for contempt against the Actava Parties on December 13, 2016—merely three months or so after the Referral Agreement was signed; and (ii) that the Channels induced Matvil to terminate the Referral Agreement shortly after the Complaint was filed on July 30, 2018.  Compl. ¶¶ 8 & 81.

Based on these facts, it is not overly burdensome or inappropriate to request the Channels' documents and communications, over a span of less than two years, with respect to the arrangement between Matvil and Actava.  Similarly, Request No. 12 seeks documents and communications "between Kartina and Matvil with respect to the decision to move for contempt against the Actava Parties in the Original Proceedings."  Despite the reasonableness of this request about the precise subject of this action, Defendants claim that the request "does not describe with reasonable particularity each item or category of items to be produced," that "the request is not proportional to the needs of the case," and that the request is "unduly burdensome and overly broad."

The Court should reject such irrelevant boilerplate objections that Defendants improperly interposed and compel Defendants to provide responsive documents as the Court already did in its January 7, 2019 Order.

2.      **Defendants' Second Category Objections Fail Local Rule 26.2.(a) and the Court Should Compel Defendants to Provide a Privilege Log**

Defendants attempt to object to 20 out of 21 Plaintiffs' document Requests in similar (to section A.1., above) and inappropriate boilerplate fashion "to the extent" those Requests implicate the attorney-client privilege but fail to provide a procedurally required privilege log. Certainly, this boilerplate objection does not apply to almost all of Plaintiffs' Requests.  Even if this objection is applicable, it did not absolve Defendants of their obligation, under Southern District's Local Civil Rule 26.2.(a), to produce a privilege log containing specific information with respect to the documents withheld.  Without such a log neither Plaintiffs nor even this Court is able to determine the applicability of Defendants' attorney-client privilege.  For these reasons, the Court should compel Defendants to produce a privilege log with respect to all Requests Nos. 1-20 that Defendants objected to based on said privilege.

3.      **Defendants' Third Category Objections Pursuant to Russian "Personal Data Privacy" Laws are Inapplicable and Defendants Cited them Frivolously**

In response to Plaintiffs' 21 specific document requests, Defendants objected 19 times based on "Articles 23 and 24 of the Constitution of the Russian Federation or Russian Federal Law Nos. 149-FZ, 152-FZ, and 242-FZ."  *See* Exh. E.  All of these laws concern personal *individual*—rather than *business*—data and are wholly irrelevant to Russian or American litigation discovery.

Russian Constitution's Article 23 provides:

> 1. Everyone shall have the right to the inviolability of private life, personal and family secrets, the protection of honour and good name.
> 2. Everyone shall have the right to privacy of correspondence, of telephone conversations, postal, telegraph and other messages. *Limitations of this right shall be allowed only by court decision.*

Russian Constitution's Article 23 provides:

> 1. The collection, keeping, use and dissemination of information about the private life of a person shall not be allowed without his or her consent.
> 2. The bodies of state authority and local self-government, their officials shall ensure for everyone the possibility of acquainting with the documents and materials directly affecting his or her rights and freedoms, *unless otherwise provided for by law.*

Articles 23 and 24 of the Constitution of the Russian Federation, as of April 10, 2019.  (English versions of Articles 23 and 24 of the Constitution of the Russian Federation are *accessible at*: http://www.constitution.ru/en/10003000-03.htm).

Defendants' attempt to object to producing documents in litigation based on the Russian Constitution's privacy Articles is equivalent to them attempting to object based on the United States Constitution's 4th Amendment:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

From a plain reading, both the US and Russian Constitutions broadly protect *individuals'* privacy rights from government intrusion into their private affairs.  Here, Plaintiffs are not part of any government, and seek *business* documents, information, and communications that Defendants must have had or generated when deciding whether to bring the contempt proceedings that underly the causes of action in this case—rather than family or other private *individual* details that both Constitutions protect.  For these reasons, Defendants' cannot establish that they are precluded by foreign law from producing the requested documents: Defendants' attempted reliance on the Russian Constitution is unsubstantiated, and its provisions are inapplicable.

12

The three other laws, Russian Federal Law Nos. 149-FZ, 152-FZ, and 242-FZ, that

Defendants cite (the "Personal Data Privacy"), apply the Russian Constitution Articles 23 and

24's principles to *individuals'* privacy concerns.  Like the Russian Constitution, those statues are

utterly inapplicable, discovery under this Court's rules—that are binding on Defendants—is not

only permissible but statutory and obligatory.  As with any domestic lawsuit, litigation discovery

does not constitute an illegal intrusion into business or private affairs by a government.

Defendants have failed to establish that said Personal Data Privacy laws somehow bar this

Court's statutory discovery requirements.

> The very first principle of the first Personal Data Privacy statute that Defendants'

erroneously cite in their objections actually directly contradicts Defendants' objections.  It states:

> The legal regulation of relations arising in the sphere on information,
> informational technologies and protection of information is based on the
> following principles: 1) freedom of search, receipt, transfer, production and
> dissemination of information by any legal means;

Russian Federal Law No. 149-FZ, Article 3.  Principles of the Legal Regulation of

Relations in the Sphere of Information, Informational Technologies and Protection of

Information, as of April 10, 2019, English version of Russian Federal Law No. 149-FZ is

*accessible at:* https://www.wipo.int/edocs/lexdocs/laws/en/ru/ru126en.pdf.

> While the second Personal Data Privacy statute (No. 152-FZ), known as the "Personal

Data Protection Act,[1] includes certain privacy protections in spirit of the Russian Constitution

Articles 23 and 24, those do not absolve Defendants from complying with this Court's

jurisdiction and binding Federal Rules of Civil Procedure.  This is because it protects the privacy

---

[1] The purpose of this Federal Law is to procure the protection of a person's rights and liberties while processing his/her personal data, including the right to privacy, personal and family secrecy.  Russian Federal Law No. 152-FZ, Article 2, as of April 10, 2019, English version of which is *accessible at:* https://pd.rkn.gov.ru/authority/p146/p164/

of *individuals'* private affairs from government intrusion and/or unauthorized dissemination of their personal information.  As explained above with respect to the Russian Constitution: Plaintiffs are not part of a government; Defendants are not individuals, and; Plaintiffs' Requests seek solely business information, documents, and communications that undoubtedly exist and underly the causes of action in this case.  Defendants cannot establish that this standard Personal Data Privacy statute somehow constitutes a statutory bar preventing the Defendant corporations' from conducting discovery herein.

Bolstering this conclusion, our research did not yield any U.S. federal precedent applying said Personal Data Privacy statutes to protect the privacy of any Russian company—among thousands of Russian companies that engage in U.S. interstate commerce and are subject to a district court's jurisdiction.  If these Personal Data Privacy statutes somehow barred any such disclosure by a company, doubtless there would be many such decisions by U.S. courts. However, there are not.  Directly contradicting Defendants' attempt to rely on these Russian Personal Data Privacy laws, experts in the field have written: "However, the provision protecting the confidentiality of personal data is not applicable to depersonalized data, commonly accessible information, data required for the *administration of justice, or data required under an international treaty*."  Daniel Garrie and Irene Byhovsky, *Privacy and Data Protection in Russia,* 5 J.L. & CYBER WARFARE 235, 239–40 (2017) (emphasis added).  The very terms of these statutes provide as much.  For example, Russian Federal Law No. 149-FZ provides: "Information constituting a professional secret may be provided to third persons in accordance with federal laws and/or by court decision."  Russian Federal Law No. 149-FZ, Article 9.  As Defendants are subject to this Court's jurisdiction, Defendants must produce documents in accordance with the Rules of Federal Rules of Procedure that are applicable in this Court.

14

Russian Federal Law No. 242-FZ, the last of said three Russian Personal Data Privacy statutes, is likewise inapplicable. It governs companies that process/store large volume of individuals' personal data.[2] Russian Federal Law No. 242-FZ requires companies or operators that engage in the processing of personal data of Russian citizens to use servers located in Russia, and establishes an agency that gathers reports from and otherwise regulates such companies. *See e.g.,* https://pd.rkn.gov.ru/authority/p146/p164/https://wilmap.law.stanford.edu/entries/federal-law-no-242-fz (*accessible* as of April 10, 2019). *See also,* Garrie & Byhovsky, 5 J.L. & CYBER WARFARE at 239–40. Since Plaintiffs do not process personal data of Russian citizens, Russian Federal Law No. 242-FZ is irrelevant and does not support Defendants' misguided objections. Defendants' reliance on this statute is frivolous.

### 4. Defendants' Fourth Category Objections Attempting to Utilize a Rule 54.2 Bond Unfiled Motion and Their Resort to a non-Honored Meet and Confer Are Inapplicable and Improper

Bizarrely, Defendants object to every document request as "premature as Broadcasters will file a Rule 54.2 bond motion for security as detailed in the November 29, 2018 Letter to Judge Carter (Dkt. No. 59)". The irony of citing an objection about a motion Defendants claimed they were going to file months ago bears no elaboration. Moreover, as the case cited by Defendants in that Letter demonstrates, there is no basis whatsoever for the imposition of a bond in this case. *See Dorchester Fin. Holdings Corp. v. Banco BRJ, SA*, No. 11-CV-1529 KMW KNF, 2014 WL 3579809, at *8 (S.D.N.Y. July 18, 2014) (imposing a bond *after* the exchange of discovery, when the Court found that discovery was frustrated due to the loss and destruction of evidence and due to potentially sanctionable conduct). Nor have Defendants

---

[2] *See* Garrie & Byhovsky, 5 J.L. & CYBER WARFARE at 239–40.

15

moved the court requesting such a bond.  To the contrary, the Court already subsequently

ordered Defendants to respond to the very requests in issue.

      With respect to the above Requests and Defendants' uniform boilerplate objections

thereto, Defendants claimed that they would "meet and confer" as Local Rule 26.2.(a) requires.

However, as described above and in the Butterfield Declaration, the Actava Parties have made

numerous good faith attempts to meet and confer, explained the lack of basis for Defendants'

objection and in Plaintiffs' correspondence have attempted to narrow the scope of Defendants'

required production—all to no avail.  *See* Butterfield Decl. at ¶¶28 & 37, Exh. F.  Since

Defendants have failed to honor their empty Requests-related "meet and confer" offer that

Plaintiffs attempted to schedule in good faith, this Motion is appropriate as this Court indicated

at the February 8 hearing.  *Id.* at ¶30, Exh. G.

      **B.**    **This Court Should Compel Defendants to Produce Documents Pursuant to Analogous Orders that this Court has Issued Previously**

      Previously, this Court has issued orders in other cases compelling non-parties to produce

documents where they have failed to raise any valid objection to the related document request.

*See e.g. LBBW Luxemburg S.A. v. Wells Fargo Securities LLC et. al.,* 1:12-CV-07311(ECF 152),

pp. 15-18(S.D.N.Y. September 28, 2012); *In Re Autohop Litigation*, 1:12-CV-04155(ECF 332)

(S.D.N.Y. May 24, 2012).  As argued above, Defendants have stated no valid objection, despite

being under Court Order to respond to the Discovery Requests.  As Defendants are parties to this

case, the reasons for this Court to order production of information and documents responsive to

these Request are even more compelling.  This Court should grant Plaintiffs' motion and compel

Defendants to produce documents and information that are responsive to Plaintiffs' Requests.

C.      **This Court Should Award Reasonable Expenses to Plaintiffs**

For the reasons herein, Plaintiffs should prevail on this motion, and thus are entitled to reasonable expenses in connection with this motion.  If a motion to compel "is granted in part and denied in part, the Court may . . . , after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R.Civ. P. 37(a)(5)(C).  *See e,g., Beberaggi v. New York City Transit Auth.*, No. 93-1737, 1994 WL 48805, at \*2 (S.D.N.Y. Feb. 17, 1994) (ordering defendants to pay plaintiffs reasonable fees associated with the motion to compel because "there was absolutely no justification either for defendant's prolonged failure to respond to plaintiffs various discovery requests or for its patently inadequate and belated responses").

Similarly, your Honor has ordered non-moving parties to pay the moving parties' attorney fees in connection with motions to compel discovery.  *See e,g., Mirra v. Jordan,* 1:13-CV-05519 (ECF 119), p. 7 (S.D.N.Y. August 7, 2013); *Novick v. AXA Network, LLC,* 1:07-CV-07767 (ECF 200), pp. 10-11 (S.D.N.Y. August 31, 2007); *Keane et al v. Zitomer Pharmacy, Inc.,* 1:06-CV-05981, p. 3 (S.D.N.Y. August 4, 2006).  Generally, in the foregoing cases your honor granted moving parties' motions to compel where the non-moving parties' objections were insufficient or they failed respond altogether.  *Mirra v. Jordan* and *Keane* are particularly relevant, as there your Honor granted requests for legal fees where the non-moving parties flouted prior orders compelling discovery.  Here, Defendants have done exactly the same by flouting this Court's prior Order.

Defendants originally failed to respond for months to Plaintiffs' discovery Requests. When Judge Carter compelled Defendants to respond, they instead interposed objections, and refused Plaintiffs' requests for production of documents to which Plaintiffs are entitled to support their case.  At this time, Defendants produced documents responsive to just 1 out of 21

17

of Plaintiffs' document Requests.  With respect to the remaining document Requests, Defendants have to date been violating this Court's January 7th Order for over three months.  Furthermore, in their objections to Plaintiffs' Requests, Defendants deceitfully and frivolously attempted to hide behind completely inapplicable foreign law and baseless objections as to relevance and privilege.

Given Defendants' above-described intransigence, the Actava Parties had no choice but to bring this unnecessary motion and expect to move for a preclusion order and/or other sanctions should Defendants fail to adequately respond for the third time.  Defendants have forced Plaintiffs to file this unnecessary motion, by producing grossly deficient documents responsive to just 1 of 21 Plaintiffs' document Requests, failing to comply with this Court's direct Order, and failing to provide a privilege log for 20 of 21 Requests in violation of this Court's Local Civil Rule 26.2.(a).  Therefore, Plaintiffs are entitled to reasonable expenses, including attorney fees, under Fed. R. Civ. P. 37(a)(5)(C), binding SDNY precedent, and analogous SDNY orders in which your Honor previously granted such expenses.

## **CONCLUSION**

For reasons herein, Plaintiffs motion this Court to issue an order compelling the Defendants to:

(1) Produce documents responsive to Plaintiffs' document Request Nos. 4, 9, 11, 12, 13, and 15-20.

(2) Provide a privilege log for documents responsive to document Request Nos. 1-20 that Defendants objected to based on attorney-client privilege;

(3) Comply with such an order within five business days of when this Court issues it, and;

18

(4) Pay Plaintiffs' reasonable expenses, including attorney fees, associated with this

motion, related Court filings and proceedings.

Dated:   New York, New York
            April 10, 2019

Respectfully submitted,


MOSES & SINGER LLP


By: */s/ Toby Butterfield*
      Toby Butterfield
      Michael Rosenberg
      405 Lexington Avenue
      New York, NY  10174
      Telephone: (212) 554-7800
      Facsimile: (212) 554-7700
      mrosenberg@mosessinger.com
      tbutterfield@ mosessinger.com

      *Attorneys for Plaintiffs*



To:   DUNNINGTON, BARTHOLOW
        & MILLER LLP

        Raymond J. Dowd
        Samuel A. Blaustein
        Hardin P. Rowley
        250 Park Avenue, Suite 1103
        New York, NY 10177
        (212) 682-8811
        RDowd@dunnington.com
        SBlaustein@dunnington.com
        HRowley@dunnington.com

        *Attorneys for Channels*

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 10, 2019, I caused to be served Defendants a true and

correct copy of Plaintiffs' Motion for an Order Compelling Discovery from Defendants and for

Sanctions as well as accompanying documents by electronic mail:

TO:    DUNNINGTON, BARTHOLOW
      & MILLER LLP
      Raymond J. Dowd
      Samuel A. Blaustein
      Hardin P. Rowley
      250 Park Avenue, Suite 1103
      New York, NY 10177
      RDowd@dunnington.com
      SBlaustein@dunnington.com
      HRowley@dunnington.com

I affirm that the foregoing statements are true, under penalty of perjury.

                                        */s/  Kornelia Butof*
                                        Kornelia Butof