# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br>                      Plaintiffs,<br><br>    -against-<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br><br>                      Defendants. | Index No.: 1:18-cv-06626<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (the "Actava Parties"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules for the Southern District of New York, hereby request that Defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV" (together, the "Channels") produce the following documents and things for inspection and copying at the offices of Moses & Singer LLP, 405 Lexington Avenue, 12th Floor, New York, NY 10174 on or before December 3, 2018 or at such other time and place as the parties may agree or the Court orders.

**DEFINITIONS**

1.    "Original Proceedings" refers to the ongoing action in the Southern District filed by the Channels on February 19, 2016 against the Actava Parties and multiple other defendants, at Civ. No. 16-cv-01318-GBD-BCM.

2. "Kartina" refers to defendant Kartina Digital GmbH.

3. "Defendants" refers collectively to the Channels and Kartina.

4. "Document" is synonymous in meaning and equal in scope to its usage in F.R.C.P. 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Documents also specifically include e-mails and text messages, all of which should be stored and preserved in accordance with the document retention obligations imposed by the F.R.C.P.

5. The term "document" refers to any document now or at any time in Plaintiffs' possession, custody or control. A person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

6. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization or association.

7. "Concern" or "concerning" means consisting of, referring to, reflecting, concerning or being in any way logically or factually connected with the matter discussed.

8. "Communication" means the transmission of information or data in any form including, without limitation, written, oral or electronic transmissions.

9. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

    10.    The terms "all," "any" or "each" encompass any and all of the matter discussed.

    11.    The use of singular form includes plural, and vice versa.

    12.    The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

    1.    Each Channel is expected to search for and produce documents responsive to this Request, including but not limited to e-mails and text messages.

    2.    All objections to the production of documents requested herein shall be made in writing and delivered to the office of Moses & Singer LLP, on or before the date set for production.

    3.    All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

    4.    If there are no documents in response to a particular request, each Channel shall state so in writing.

    5.    Electronically stored information (ESI) must be produced on a CD-ROM disc in its original native format including its accompanying metadata. For example:

    (a)    documents created using Microsoft Word must be produced as .doc files; and

    (b)    e-mails must be produced as .msg or .pst files

    6.    These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives and agents or other persons acting on your behalf, without regard to the physical location of such documents.

7. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

8. If any document was, but no longer is, in your possession, subject to your control or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction or transfer of the document from your possession, custody or control.

9. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

10. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set forth separately with respect to each document:

    (a) the ground of privilege or protection claimed;

    (b) each and every basis under which the document is withheld;

    (c) the type of document;

    (d) its general subject matter;

  (e)  the document's date; and

  (f)  other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by F.R.C.P. 26(b)(5), the court's local rules and the judge's individual practice rules.

11. To the extent each Channelasserts that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

12. Unless otherwise stated herein, all documents requested are for the periods commencing January 1, 2015 up to and including the present.

13. These requests are continuing, and the response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENTS REQUESTED

1. All Documents, including Communications, concerning the decision of each Channel to grant a Power of Attorney to Dunnington Bartholow & Miller on or around July 7, 2014.

2. All engagement letters, retainer agreements or powers of attorney by which each Channel granted Dunnington Bartholow & Miller authority to act on its behalf on or after July 7, 2014.

3. All Documents, including Communications, concerning the source of funds paid to the Channels' counsel in order to litigate the Original Proceedings.

4. All Documents, including Communications, concerning the source of funds paid to the Channels' counsel in order to commence and litigate the contempt motion against the Actava Parties.

5. All Documents, including Communications, concerning the receipt, transfer, application or other use of funds paid by the Actava Parties in settlement of the Original Proceedings.

6. All Documents, including Communications, concerning the decision by any Channel and/or Kartina (a) to name Matvil Corporation ("Matvil") as a defendant in a lawsuit and/or (b) to dismiss Matvil as a defendant in a lawsuit.

7. A copy of any license, authorization, or agreement between any Channel and Matvil concerning Matvil's right to transmit, broadcast, distribute, display, and/or use any Channel's programming, content, trademarks, logos, and/or names.

8. A copy of any license, authorization, or agreement between any Channel and any third-party concerning the third-party's right to transmit, broadcast, distribute, display, and/or use in North America any Channel's programming, content, trademarks, logos, and/or names.

9. A copy of any license, authorization, or agreement between any Channel and Kartina.

10. A copy of any license, authorization, or agreement between Kartina and any third-party concerning the right to transmit, broadcast, distribute, display, and/or use any programming, content, trademarks, logos, and/or names in North America.

11. All Documents, including Communications, concerning any Defendant's understanding of, awareness of, or reaction to, the Referral Agreement between Actava and Matvil dated September 8, 2016.

12. All Documents, including Communications, between Kartina and the Channels with respect to the decision to move for contempt against the Actava Parties in the Original Proceedings.

13. All Documents, including Communications, concerning instructions, guidance, or encouragement to Matvil regarding the termination or cancellation of the Referral Agreement.

14. Documents showing yearly license fees paid to each Channel by Matvil from 2015 to the present.

15. Documents showing yearly revenues received by the Channel from any licensee authorized to transmit, distribute, display, and/or use any Channel programming or content in North America.

16. All Documents, including Communications, concerning marketing efforts with respect to capturing, or gaining, market share or subscribers in the North American television market for each Channel.

17. All Documents, including Communications, concerning marketing efforts by any North American-based licensee or partner of the Channels with respect to capturing, or gaining, market share in the North American television market.

18. All Documents, including Communications, concerning sales projections with respect to North American subscribers (a) to each Channel; and/or (b) to each entity licensed, or authorized, to transmit or broadcast the Channels in North America.

19. Reports of the revenue and/or profit derived by any Channel from North American subscribers to any Channel or to a service which includes any Channel.

20. Contracts or agreements between any Channel and any third party, including Kartina, concerning the revenue and/or profit to be derived from North American subscribers to any Channel or from any service which includes any Channel.

21. All Documents sufficient to identify any person whom the Plaintiffs request be identified in Interrogatory 13 and/or Interrogatory 14.

Dated:   New York, New York
         November 1, 2018

                Respectfully submitted,

                MOSES & SINGER LLP

                By: */s/* Toby Butterfield
                   Toby Butterfield
                   Michael Rosenberg
                   405 Lexington Avenue
                   New York, NY  10174
                   Telephone: (212) 554-7800
                   Facsimile: (212) 554-7700
                   mrosenberg@mosessinger.com
                   tbutterfield@ mosessinger.com

                *Attorneys for Plaintiffs*

To:  DUNNINGTON, BARTHOLOW
   & MILLER LLP

   Raymond J. Dowd
   Samuel A. Blaustein
   Hardin P. Rowley
   250 Park Avenue, Suite 1103
   New York, NY 10177
   (212) 682-8811
   RDowd@dunnington.com
   SBlaustein@dunnington.com
   HRowley@dunnington.com

   *Attorneys for Channels*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2018, I caused to be served a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to the Defendants by electronic e-mail at:

> DUNNINGTON, BARTHOLOW
> & MILLER LLP
> Raymond J. Dowd
> Samuel A. Blaustein
> Hardin P. Rowley
> 250 Park Avenue, Suite 1103
> New York, NY 10177
> RDowd@dunnington.com
> SBlaustein@dunnington.com
> HRowley@dunnington.com

I affirm that the foregoing statements are true, under penalty of perjury.

/s/ Michael M. Rosenberg_____
   Michael M. Rosenberg

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | Index No.: 1:18-cv-06626 <br><br> **PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**PLEASE TAKE NOTICE** that Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (the "Actava Parties"), pursuant to Rule 33 of the Federal Rules of Civil Procedure and the applicable Local Rules for the Southern District of New York, hereby request that Defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV" (together, the "Channels") answer the following interrogatories (the "Interrogatories") separately and fully, in writing and under oath, and serve their responses upon Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174-1299, on or before December 3, 2018 or at such other time and place as the parties may agree or the Court orders.

## DEFINITIONS

1. "Original Proceedings" refers to the ongoing action in the Southern District filed by the Channels on February 19, 2016 against the Actava Parties and multiple other defendants, at Civ. No. 16-cv-01318-GBD-BCM.

2. "Kartina" refers to defendant Kartina Digital GmbH.

3. "Defendants" refers collectively to the Channels and Kartina.

4. "You" and "your" shall refer to each of the Defendants.

5. The terms "communication," "document," "concerning," "person," "identify," "all," "each," "and," and "or" shall have the meanings set forth in Local Civil Rule 26.3, "Uniform Definitions in Discovery Requests," as also reflected in Plaintiffs' First Set of Requests for the Production of Documents.

6. "Information" shall be construed to mean and refer to communications and documents as those terms are defined herein.

7. "Person" means any natural person or any legal entity, including but not limited to any business or governmental entity, organization or association.

8. As used herein, the singular form of a term shall be interpreted to include the plural form of that term and vice versa.

9. Except where the context does not permit, the term "including" shall be without limitation.

## INSTRUCTIONS

1. All Interrogatories must be answered separately and fully, in writing and under oath.

2. If any Interrogatory is objected to on the grounds of attorney-client privilege, or work product, the basis for the objection should be stated with reasonable particularity to permit adequate review by the Court and the Plaintiffs.

3. These Interrogatories are continuing in the manner specified in the applicable rules. If the Channels become aware of information that is responsive to these Interrogatories after the answers are submitted initially, the Channels must supplement their responses as provided for in the rules.

4. All documents responsive to any Interrogatory are to be attached to the Channels' responses, unless documents responsive to any Interrogatory are produced in response to the Plaintiffs' Fed. R. Civ. P. Rule 34 requests, in which case the Channels should identify such documents by exhibit letter or Bates number, as the case may be, in connection with the Channels' responses to these Interrogatories.

5. Each answer must be preceded by the Interrogatory to which it responds.

## INTERROGATORIES

1. Identify all witnesses with knowledge or information relevant to all of Plaintiffs' claims against the Channels and Kartina, including by identifying the nature of the knowledge or information.

2. Identify all persons or entities based in North America who are parties to or witnesses with knowledge or information of agreements, licenses, or arrangements with any Channel with respect to the broadcast, distribution, or use of any Channel's transmissions, programming, and/or channels.

3. Identify all witnesses with knowledge or information relevant to the source of all funds paid to the Channels' counsel in the Original Proceeding.

4. Identify all witnesses with knowledge or information relevant to or concerning the source of funds paid to the Channels' counsel in order to commence and litigate the contempt motion against the Actava Parties.

5. Identify all witnesses with knowledge or information relevant to any Channel's broadcast or transmission of its programming into the United States, whether by satellite transmission or by other means.

6. Identify all witnesses with knowledge or information concerning the number of North American subscribers to each Channel.

7. Identify all witnesses with knowledge or information relevant to the number of North American subscribers to services licensed, or authorized, to transmit or broadcast each Channel.

8. Identify all witnesses with knowledge or information relevant to the decision of any Channel to move for contempt against the Actava Parties in the Original Proceedings.

9. Identify all witnesses with knowledge or information relevant to the decision of any Channel to cause, influence, or direct any other Channel(s) to move for contempt against the Actava Parties in the Original Proceedings.

10. Identify the existence, custodian, and location of each of the documents concerning the Actava Parties, or otherwise relevant to the Complaint.

11. Identify the location and general description of documents in Your possession, custody and/or control, including the identification of all original documents, relevant to each of Plaintiffs' claims in the Complaint.

12. Identify all witnesses, including expert witnesses, whom any Defendant will call to provide evidence, testimonial or otherwise, at any trial or evidentiary hearing in this case.

13. Identify any person who, directly and/or indirectly, including by agreement(s) or as a beneficiary of a trust, owns, possesses, has voting rights in, or the right to acquire any interest or stock in any Channel and/or Kartina.

14. Identify any person who is an officer, director, trustee, or managing member of, any Channel and/or Kartina.

15. Identify any person with knowledge or information relevant to the documents requested in the Plaintiffs' First Set of Requests for the Production of Documents.

Dated:   New York, New York
         November 1, 2018

Respectfully submitted,


                                        MOSES & SINGER LLP


                                        By: */s/* Toby Butterfield
                                            Toby Butterfield
                                            Michael Rosenberg
                                            405 Lexington Avenue
                                            New York, NY  10174
                                            Telephone: (212) 554-7800
                                            Facsimile: (212) 554-7700
                                            mrosenberg@mosessinger.com
                                            tbutterfield@ mosessinger.com

                                            *Attorneys for Plaintiffs*


To:   DUNNINGTON, BARTHOLOW
      & MILLER LLP

      Raymond J. Dowd
      Samuel A. Blaustein
      Hardin P. Rowley
      250 Park Avenue, Suite 1103

New York, NY 10177
(212) 682-8811
RDowd@dunnington.com
SBlaustein@dunnington.com
HRowley@dunnington.com

*Attorneys for Channels*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2018, I caused to be served a true and correct copy of Plaintiffs' First Interrogatories to the Defendants by electronic e-mail at:

>DUNNINGTON, BARTHOLOW
>& MILLER LLP
>Raymond J. Dowd
>Samuel A. Blaustein
>Hardin P. Rowley
>250 Park Avenue, Suite 1103
>New York, NY 10177
>RDowd@dunnington.com
>SBlaustein@dunnington.com
>HRowley@dunnington.com

I affirm that the foregoing statements are true, under penalty of perjury.

>*/s/* Michael M. Rosenberg_____
>   Michael M. Rosenberg