USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5/17/19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Actava TV, Inc., Master Call Communications, Inc., )
Master Call Corporation, and Rouslan Tsoutiev, )
                                        )   Index No.: 1:18-cv-06626 (A L C)(K N F)
                      Plaintiffs, )
                                        )
        -against- )
                                          )
Joint Stock Company "Channel One Russia Worldwide," )   **STIPULATION AND**
Closed Joint Stock Company "CTC Network," Closed )   **PROPOSED PROTECTIVE**
Joint Stock Company "New Channel", Limited Liability )   **ORDER**
Company "Rain TV-Channel," Closed Joint Stock )
Company "TV DARIAL", and Limited Liability )
Company "Comedy TV," and Kartina Digital GmbH, )
                                        )
                      Defendants. )

KEVIN NATHANIEL FOX, U.S.M.J.:

WHEREAS, Plaintiffs, Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, and Defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL", Limited Liability Company "Comedy TV," and Kartina Digital GmbH (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt.

1.      With respect to information of any kind disclosed or produced in the course of discovery in this Action ("Discovery Material") that a person has designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY" (collectively, "Confidentiality Designation") pursuant to this Order ("Designated Material"), no person subject to this Order may disclose such Designated Material to anyone else except as this Order expressly permits.

2.      The Party or third party producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) confidential financial information (including without limitation revenue or profitability reports or estimates, percentage fees, design fees, royalty rates or payments, price and cost data, sales reports, and sale margins);

    (b) confidential material relating to ownership or control of any non-public company;

    (c) confidential business information (including without limitation customer or client information, information concerning confidential business practices or relationships, competitively sensitive

2

information, and information constituting trade secrets), business plans, product-development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information this Court subsequently affords confidential status. ⟨The *knf U.S.m.J.*⟩

3.     ~~Any Party to this action and any third party~~ Producing Party shall have the right to designate as ATTORNEYS' EYES ONLY and EXPERTS' EYES ONLY pursuant to this Order any information, document, or thing, or portion of any document or thing that contains *competitively* sensitive business ⟨*information* (knf U.S.m.J.)⟩ or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of ~~the~~ Producing Party. ⟨*knf U.S.m.J.*⟩

4.     With respect to ~~the Confidential portion of~~ any Designated Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential by: (a) stamping or otherwise clearly marking the protected portion "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use upon request of another party another copy of said Discovery Material with the confidential information redacted.

5.     A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Designated Material either by: (a) indicating on the record during the deposition that a portion or the entirety of the transcript is to be designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY," in which case the reporter will mark that portion or the entirety of the transcript as "Confidential Information

Governed by Protective Order;" or "ATTORNEYS' EYES ONLY" OR "EXPERTS' EYES ONLY," as appropriate; (b) notifying the reporter and all counsel of record, in writing, within 3 days after the deposition transcript has been received from the reporter, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. Until this 3 day period has expired, all Parties will treat the entire deposition transcript as if it had been designated "ATTORNEYS' EYES ONLY."

6.      If at any time before the trial of this action a Producing Party realizes that it should have designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, ~~this Court and all persons~~ recipients [KNF USMJ] subject to this Order will treat such designated portion(s) of the Discovery Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY" as appropriate.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be safeguarded in an appropriate manner during the discovery process and when produced, shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a similarly secure manner. The producing party shall specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall

4

immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

        8.    Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers concerning this action;

    (b)    outside counsel retained specifically for this Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this action;

    (c)    in-house counsel to a Party who is advising that Party concerning this action directly;

    (d)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this action;

    (e)    any mediator or arbitrator that the Parties engage in this action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

5

(g)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j)     this Court, including any appellate court, its support personnel, and court reporters.

9.     Where a Producing Party has designated Discovery Material as "ATTORNEYS' EYES ONLY" or "EXPERTS' EYES ONLY," other persons subject to this Order may disclose such information only to the following persons:

(a)     any expert retained by a Party for purposes of providing expert testimony herein, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(b)     persons identified in subparagraphs (b) through (f), (h), (i) and (j) of paragraph 9 hereof:

10.     Before disclosing any Designated Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that

he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     Any Party who objects to any Confidentiality Designation may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  In the event a party objects to another party's Confidentiality Designation, counsel shall meet and confer to resolve the dispute.  If the Parties cannot reach agreement promptly, counsel for all affected Parties shall address their dispute to this Court.

12.     Notwithstanding the foregoing, the parties shall be allowed to freely disclose Designated Material to a witness at a deposition, hearing or other proceeding in this litigation where: (a) the witness is an author of the Designated Material or was otherwise involved in its creation; or (b) the Designated Material or other evidence indicates that the witness was or may have been a recipient of the Designated Material.  In such a case, the witness is not required to sign a copy of the Non-Disclosure Agreement Annexed hereto.

13.     Nothing in this Order shall prevent counsel for the parties from referencing, in support of oral or written legal arguments, documents or deposition testimony marked "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY" pursuant to this Order, provided that if any written references reveal any material designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "EXPERTS' EYES ONLY", the document containing the references should be filed under seal pursuant to paragraph 18 of this Order.

7

14.     Recipients of Designated Material may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Designated Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Designated Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

18. Except as provided herein or agreed in writing by counsel of record, to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall make a motion to file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of any deposition taken in connection with this Action shall be subject to the terms of this Order, and if filed with the Court, such portion containing Designated Material shall be filed as a "Sealed Document." To the extent applicable, a Party filing Designated Material with the Court shall follow the applicable Electronic Case Filing Rules & Instructions for the Southern District of New York.

19. Within 30 days of the final disposition of this action, including all appeals, all recipients of Designated Material must either return it, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the 30-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Designated Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Order.

If the motion is granted, a redacted version of the sealed document shall be filed simultaneously with the sealed document, so that the public may access the redacted version of the document. KNF USMJ

9

20.     This Order may be amended or modified upon motion and order of the Court

for good cause shown. This Order shall continue in force until amended or superseded by express

order of the Court, and shall survive any final judgment or settlement in this action.

21.     The entry of this Order does not prevent any party from seeking a further

order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

22.     This Order will survive the termination of the litigation and will continue to

be binding upon all persons to whom Designated Material is produced or disclosed.

23.     This Court will retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

SO STIPULATED AND AGREED.

/s/
Toby Butterfield
Michael Rosenberg
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174
(212) 554-7800

*Attorneys for Plaintiffs*

/s/
Raymond J. Dowd
Samuel A. Blaustein
Hardin P. Rowley
Dunnington, Bartholow & Miller LLP
250 Park Avenue, Suite 1103
New York, NY 10177
(212) 682-8811

*Attorneys for Defendants*

Dated: May 16, 2019

Dated: May 16, 2019

SO ORDERED.

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX, U.S.M.J.

Dated:          New York, New York
                May 17, 2019

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,    )<br>   )<br>             Plaintiffs,    )<br>   )<br>     -against-    )<br>   )<br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH,    )<br>   )<br>   )<br>   )<br>   )<br>   )<br>   )<br>             Defendants.    ) | Index No.: 1:18-cv-06626<br><br>**NON-DISCLOSURE**<br>**AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Designated Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____