# Exhibit A

| | |
|---|---|
| **From:** | Toby Butterfield |
| **Sent:** | Tuesday, July 02, 2019 7:07 PM |
| **To:** | 'Ellena Steiner' |
| **Cc:** | Michael Rosenberg |
| **Subject:** | Final request for discovery of materials from Matvil Corporation |
| **Attachments:** | #4298171-v1-Discovery Requests to Matvil Corporation in request for Letters Rogatory being filed with US Court for the SDNY.PDF |

Eli, I'm following up on the below email correspondence that started back in March and continued into April, and my calls to your office subsequently about our clients' desire to use documents from your client Matvil Corporation in the lawsuit we filed on behalf of our clients here in New York last summer.

As you will recall, and as I've explained in previous communications, the most recent of which was my voicemail message to you today, our client needs discovery of documents in Matvil's possession. Furthermore, as I explained, our client wants to take the deposition of the person from Matvil with relevant knowledge. I did not hear a response yet to my most recent call.

Given your prior response, I know that Matvil did not wish to cooperate by providing any documents or testimony. You even protested our clients' use of Matvil's name and use of documents concerning Matvil already in our clients' possession. However, the defendant Channels and Kartina have now completely refused to provide copies in discovery of communications between Matvil and the defendants, or anything else concerning Matvil. As a result, our client saw no alternative to instructing us to seek a court order requiring Matvil to provide the below documents. In addition, we want Matvil to provide a deposition, which can be held in Canada. As we have not heard from you, we will shortly request the New York court for an order compelling Matvil to provide the materials listed in the attached document, to be filed shortly.

We are confident that we will obtain the court orders necessary to obtain these materials from Matvil. If your clients are now willing to cooperate and provide them, thus avoiding the need for further court proceedings either here or in Canada, please let me know as soon as possible.

Of course, your client has been on notice since the outset of this court case that our client may need discovery of such documents and information from Matvil. As a result, Matvil has been on notice that such documents are relevant to existing claims, and so should avoid any destruction or deletion of such materials, whether accidentally or otherwise.

We remain hopeful your client may choose to avoid the costs and inconvenience of litigation over this issue. We look forward to hearing from you.

Toby


**Toby Butterfield | Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860 | tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*


**From:** Ellena Steiner [mailto:esteiner@slgcanada.com]
**Sent:** Monday, April 01, 2019 7:59 PM

1

**To:** Toby Butterfield
**Subject:** RE: Hello

Toby,

Hello. Our clients met today and reviewed your email of March 29, 2019. The principals decided that they do not wish their company or personal names to be used in the lawsuit.

Kind Regards,

Eli Steiner
Barrister and Solicitor
esteiner@slgcanada.com
T: (416) 590-1350
F: (416) 590-1349
W: slgcanada.com
steinerlawfirm.com

**Steiner Law Group LLP**
1000 Finch Ave. West, Suite 800
Toronto, Ontario, Canada M3J 2V5

🌲 Before printing, think about the Environment.
Avant l' impression, il faut penser à l'Environnement.

*********************************************************************************************
This e-mail (including attachments, if any) may be privileged and/or confidential, is intended for the above named recipient(s) only and the sender does not waive any related rights and obligations. Any distribution, use or copying, or disclosure of this e-mail or the information it contains by other than the intended recipient is strictly prohibited.
If you received this e-mail in error, please advise me (by return e-mail or otherwise) and delete this e-mail from your system, immediately.

Ce courrier électronique et les fichiers qui peuvent y être attachés est confidentiel et protégé, destiné uniquement aux personnes indiquées dans l'en-tête. L'expéditeur ne renonce pas aux droits et obligations qui s'y rapportent.
Toute diffusion, utilisation ou copie, ou divulgation de ce message ou des renseignements qu'il contient par une personne qu'un destinataire envisagé de celui-ci est strictement défendue Si vous recevez ce courrier électronique par erreur, veuillez m'en aviser immédiatement, par retour de courrier électronique ou par un autre moyen et supprimer immédiatement ce message de votre système. In compliance with Canada's Anti-spam legislation (CASL), if you do not wish to receive further electronic communications from Steiner Law Group, please reply to this email with "REMOVE ME" in the subject line.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br><br>                                      Plaintiffs,<br><br>            -against-<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br><br>                                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Index No.: 1:18-cv-06626 |

**REQUEST TO TAKE EVIDENCE ABROAD OF MATVIL CORP.**
**(LETTERS ROGATORY)**

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE COURT OF ONTARIO, CANADA:

WHEREAS a proceeding is pending before this Court in New York, New York, between Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, on the one hand (collectively, the "Actava Parties" or "Plaintiffs") and, on the other hand, Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL", and Limited Liability Company "Comedy TV" (collectively, the "Defendant Channels") and Kartina Digital GmbH (collectively with the Defendant Channels, the "Defendants");

WHEREAS, in this action the Actava Parties have alleged, among other claims, a claim of tortious interference against the Channels with respect to the Actava Parties' business relationship with Matvil Corp. ("Matvil"), located in the Province of Ontario, specifically by

1

2

inducing Matvil to sever a lawful revenue-sharing agreement under which the Actava Parties referred customers to Matvil; and a claim of malicious prosecution against the Channels which, together with the Channels' tortious interference, effectively destroyed the Actava Parties' IPTV business, which business would have grown at a trajectory similar to that of other IPTV providers, including but not limited to Matvil;

AND WHEREAS it has been shown to this Court that the production of certain documents by Matvil Corp. ("Matvil"), identified in the attached Schedule "A," is relevant and necessary for use at the trial of this proceeding and without such documents justice cannot be completely done between the parties, given that communications between the Defendants and Matvil are a key component of the Actava Parties' claim of tortious interference, and given that documentation regarding Matvil's revenue and valuation is a key component of the Actava Parties' claim for damages;

AND WHEREAS the evidence sought to be obtained has been requested on consent from Matvil, which has refused to provide said consent, and has insisted that it will not produce the relevant and necessary material absent a court order;

AND WHEREAS it has been shown to this Court that the evidence sought to be obtained cannot be obtained by the Actava Parties, and/or properly used in the above-mentioned litigation proceeding, by any other method and there is a substantial likelihood that the desired evidence will be obtained in the manner proposed;

AND WHEREAS the documents and communications sought in Schedule "A" are sufficiently specific, and their production would be neither contrary to public policy nor unduly burdensome to Matvil;

2

WE THEREFORE REQUEST that in furtherance of justice you cause Matvil to produce the documents herein referred to at Schedule "A" to attorneys for the Actava Parties, in hard copy or electronically, at Loopstra Nixon LLP (attn: Michael McWilliams), 135 Queens Plate Drive, Suite 600, Toronto, Ontario M9W 6V7.  It is the understanding of this Court that the assistance of the type sought herein is authorized by the Canada Evidence Act, R.S.C. 1985, chapter C-5, and the Ontario Evidence Act, R.S.O. 1990, chapter E-23. The courts of the United States are authorized by statute to extend similar assistance to the tribunals of Canada.

IT IS FURTHER REQUESTED that, in the furtherance of justice, you cause Matvil to appear, at such time and place as you shall appoint, before any such person who, according to the laws of Ontario, is competent to preside over the examination of witnesses, to answer questions under oath or affirmation by an attorney for the Actava Parties, in a deposition to be conducted under the law applied by the Southern District of New York, and to allow for the testimony of Matvil to be recorded.

THE UNITED STATES DISTRICT COURT for the Southern District of New York extends to the judicial authorities of Ontario the assurances of its highest consideration.

Dated: New York, New York
       July ___, 2019

                                                  The Honorable Kevin Nathaniel Fox
                                                  United States Magistrate Judge
                                                  Southern District of New York

# SCHEDULE A

## *Definitions*

1. "Document" means any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2. The term "Document" refers to any document now or at any time in Plaintiffs' possession, custody or control. A person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3. "Communication" means the transmission of information or data in any form including, without limitation, written, oral or electronic transmissions.

## *Requests*

1. All Documents, including Communications, between any Defendant Channel and Matvil concerning either Actava TV, Inc. ("Actava") or Rouslan Tsoutiev, between June 1, 2016 and December 31, 2018.

2. All Documents, including Communications, concerning Matvil's termination or prospective termination of the Referral Agreement, excluding correspondence between Matvil, on the one hand, and either Actava or Rouslan Tsoutiev on the other.

3. Yearly reports, from 2015 to present, of the revenue and/or profit derived by Matvil.

4. All Documents, from 2015 to present, containing or constituting an appraisal of Matvil's valuation.

4275559v3 018529.0101