**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br><br>          Plaintiffs,<br><br>-against-<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT," Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br><br>          Defendants. | Index No.: 1:18-cv-06626 |

## REQUEST TO TAKE EVIDENCE ABROAD OF MATVIL CORP.
## (LETTERS ROGATORY)

FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK TO THE COURT OF ONTARIO, CANADA:

WHEREAS a proceeding is pending before this Court in New York, New York, between Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, on the one hand (collectively, the "Actava Parties" or "Plaintiffs") and, on the other hand, Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV" (collectively, the "Defendant Channels") and Kartina Digital GmbH (collectively with the Defendant Channels, the "Defendants");

WHEREAS, in this action the Actava Parties have alleged, among other claims, a claim of tortious interference against the Channels with respect to the Actava Parties' business relationship with Matvil Corp. ("Matvil"), located in the Province of Ontario, specifically by

inducing Matvil to sever a lawful revenue-sharing agreement under which the Actava Parties referred customers to Matvil; and a claim of malicious prosecution against the Channels which, together with the Channels' tortious interference, effectively destroyed the Actava Parties' IPTV business, which business would have grown at a trajectory similar to that of other IPTV providers, including but not limited to Matvil;

AND WHEREAS it has been shown to this Court that the production of certain documents by Matvil Corp. ("Matvil"), identified in the attached Schedule "A," is relevant and necessary for use at the trial of this proceeding and without such documents justice cannot be completely done between the parties, given that communications between the Defendants and Matvil are a key component of the Actava Parties' claim of tortious interference, and given that documentation regarding Matvil's revenue and valuation is a key component of the Actava Parties' claim for damages;

AND WHEREAS the evidence sought to be obtained has been requested on consent from Matvil, which has refused to provide said consent, and has insisted that it will not produce the relevant and necessary material absent a court order;

AND WHEREAS it has been shown to this Court that the evidence sought to be obtained cannot be obtained by the Actava Parties, and/or properly used in the above-mentioned litigation proceeding, by any other method and there is a substantial likelihood that the desired evidence will be obtained in the manner proposed;

AND WHEREAS the documents and communications sought in Schedule "A" are sufficiently specific, and their production would be neither contrary to public policy nor unduly burdensome to Matvil;

WE THEREFORE REQUEST that in furtherance of justice you cause Matvil to produce the documents herein referred to at Schedule "A" to attorneys for the Actava Parties, in hard copy or electronically, at Loopstra Nixon LLP (attn: Michael McWilliams), 135 Queens Plate Drive, Suite 600, Toronto, Ontario M9W 6V7. It is the understanding of this Court that the assistance of the type sought herein is authorized by the Canada Evidence Act, R.S.C. 1985, chapter C-5, and the Ontario Evidence Act, R.S.O. 1990, chapter E-23. The courts of the United States are authorized by statute to extend similar assistance to the tribunals of Canada.

IT IS FURTHER REQUESTED that, in the furtherance of justice, you cause Matvil to appear, at such time and place as you shall appoint, before any such person who, according to the laws of Ontario, is competent to preside over the examination of witnesses, to answer questions under oath or affirmation by an attorney for the Actava Parties, in a deposition to be conducted under the law applied by the Southern District of New York, and to allow for the testimony of Matvil to be recorded.

THE UNITED STATES DISTRICT COURT for the Southern District of New York extends to the judicial authorities of Ontario the assurances of its highest consideration.

Dated: New York, New York
July 30, 2019

_____
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York

# SCHEDULE A

## *Definitions*

1.  "Document" means any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

2.  The term "Document" refers to any document now or at any time in Plaintiffs' possession, custody or control. A person is deemed in control of a document if the person has any ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

3.  "Communication" means the transmission of information or data in any form including, without limitation, written, oral or electronic transmissions.

## *Requests*

1.  All Documents, including Communications, between any Defendant Channel and Matvil concerning either Actava TV, Inc. ("Actava") or Rouslan Tsoutiev, between June 1, 2016 and December 31, 2018.

2.  All Documents, including Communications, concerning Matvil's termination or prospective termination of the Referral Agreement, excluding correspondence between Matvil, on the one hand, and either Actava or Rouslan Tsoutiev on the other.

3.  Yearly reports, from 2015 to present, of the revenue and/or profit derived by Matvil.

4.  All Documents, from 2015 to present, containing or constituting an appraisal of Matvil's valuation.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT," Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | Index No.: 1:18-cv-06626 |

## ORDER

Having considered the motion of Plaintiffs for an order pursuant to Rule 28(b) of the Federal Rules of Civil Procedure directing issuance of letters rogatory for the production of documents by Matvil Corp. ("Matvil") and the supporting declaration of Toby Butterfield dated July 3, 2019, and it appearing that the documents of Matvil of the Province of Ontario, Canada, are necessary, and material and relevant to the subject matter of the above-referenced case, it is hereby ordered:

1. Plaintiffs' Motion is GRANTED; and

2. This Court shall issue letters rogatory for the production of documents by and the taking of the deposition of a corporative representative of Matvil as a witness in this action.

SO ORDERED.

Dated: New York, New York
July 30, 2019

/s/ Kevin Nathaniel Fox
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York