UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: :

ACTAVA TV, INC., et al., : Docket #18cv6626 1:18-cv-06626-ALC-KNF

Plaintiffs, :

- against - :

JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE," : New York, New York
Defendants. : November 6, 2019

-------------------------------------: TELEPHONE CONFERENCE

PROCEEDINGS BEFORE
THE HONORABLE KEVIN N. FOX,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiffs: MOSES & SINGER, LLP
BY: TOBY BUTTERFIELD, ESQ.
MICHAEL ROSENBERG, ESQ.
505 Lexington Avenue
New York, New York 10174

For Defendants: DUNNINGTON BARTHOLOW & MILLER, LLP
BY: HARDIN ROWLEY, ESQ.
AKBAR KHAN, ESQ.
250 Park Avenue, Suite 1103
New York, New York 10177

Transcription Service: Carole Ludwig, *Transcription Services*
141 East Third Street #3E
New York, New York 10009
Phone: (212) 420-0771
Email: Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

# INDEX

## E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross | Court |
|---|---|---|---|---|---|

None

## E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|

None

THE CLERK: Actava TV, Inc., et al, versus Joint Stock Company "Channel One Russia Worldwide," et al., case number 18cv6626. Counsel, will you state your appearance for the record, please.

MR. TOBY BUTTERFIELD: Good morning, Your Honor, this is Toby Butterfield of Moses & Singer for plaintiffs. With me is my colleague, Michael Rosenberg, and our client, Mikhail Lezhnev, general counsel of plaintiff, Master Call Corporation.

MR. HARDIN ROWLEY: Good morning, Your Honor, this is Hardin Rowley from Dunnington, Bartholow & Miller for defendants, and I'm here with Akbar Khan.

THE COURT: Good morning, this is Judge Fox. We are this morning to address the plaintiff's motion to compel, which is docket entry number 90 made pursuant to Rule 37 of the Federal Rules of Civil Procedure. The plaintiffs also request that the defendants produce a privilege log. I am aware that there is a controversy over whether the certification, the meet and confer certification obligation has been satisfied. I have determine to address the merits of the motion, notwithstanding that controversy, because Rule 1 of the Federal Rules of Civil Procedure urges that the rules be construed so that there is a just, speedy, economical and efficient litigation. And I think that

getting to the merits of the motion will advance the parties so that they can be ready for trial if a trial is necessary, or motion practice, whatever needs to be done.

The plaintiff's motion is limited to defendant's objections to document requests 4, 9, 11, 12, 13, 15, 16, 17, 18, 19 and 20 of the plaintiff's first request for production of documents. The defendants have recited repeatedly a number of objections, either in whole or in part to various of the requested documents. The objections are, one, the request is premature as the broadcasters will file a Rule 54.2 bond motion, and Rule 54.2 is a reference to the local civil rules of this Court, a bond motion for security. Two, to the extent the request calls for a disclosure of information subject to attorney/client privilege. Three, the request does not describe each item to be produced with reasonable particularity. Four, the request is not proportional to the needs of the case because it requires production of all documents. Five, the request is not proportional to the needs of the case because the expense outweighs likely benefit. Six, the request is not proportional to the needs of the case because the proposed discovery is not important to resolve issues. Seven, the requested

documents contain proprietary and sensitive business information. Eight, the request is unduly burdensome and overly broad. Nine, to the extent the request calls for the disclosure of documents that are protected by privacy and data protection laws of the Russian Federation, and the defendants have cited particular provisions of the Russian constitution or articles of the constitution of the Russian Federation that they believe are pertinent.

I have reviewed the parties' motion papers in support of and in opposition to the motion. Rule 26 of the Federal Rules of Civil Procedure explains that absent a limit imposed by a Court Order, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Fed. R. Civ. P. 26(B)(1), "when a party withhold information otherwise discoverable by claiming that the information is privileged or subject to protection as trial preparation material, the party must, one, expressly make the claim, and two, describe the nature of the documents, communications or tangible things not produced or disclosed, and do so in a manner that without revealing information, itself

privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(B)(5)(a), "when a document is withheld from disclosure based upon an assertion of privilege, including the work product doctrine." Local Civil Rule 26.2(B) of this Court, referencing Local Civil Rule 26.2(A) requires that, "the following information shall be provided in the objection…1) the type of document, e.g. letter or memorandum, 2) the general subject matter of the document, 3) the date of the document, and 4) the author of the document, the addressees of the document, and another recipients, and where not apparent, the relationship of the author, addressees and recipients to each other."

Local Civil Rule 26.2(A)(2)(a), "boiler plate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answering no interrogatories are a paradigm discovery abuse." *Jacoby v. Hartford Life and Accident Insurance Company*, 254 F.R.D. 477 at 478 (S.D.N.Y. 2009). Applying the Federal Rules of Civil Procedure, I just identify and the case law to which I just made citation to the instant motion, I conclude that the

defendant's objections are overruled with respect to plaintiff's document requests 4, 11, 12, 13, 15, 16, 17, 18 and 20.

For the most part, the defendant's objections are unsubstantiated boilerplate objections as described in *Jacoby*, which improperly prevented the plaintiffs from obtaining relevant information not shielded by any privilege. The defendants claim that a bond would be posted and none has been, but in the circumstance of this case, posting a bond pursuant to Local Civil Rule 54.2 is no grounds for withholding relevant documents. Neither is the defendant's claim that Russian law prevents it from disclosing documents, defendants have not made citation to any binding authority that establishes that the cited Russian constitutional provisions and law trump the Federal Rules of Civil Procured disclosure requirements.

With respect to the defendant's objections to defendant's document requests numbers 9 and 19, I sustain the objections. With respect to request number 9, the request is overly broad because the request is not limited to licenses, authorizations and agreements regarding the subject matter of the action.

And request number 19 is vague as it does not make clear what a "service which includes any channel" means. The defendants must disclose information responsive to the requests 4, 11, 12, 13, 15, 16, 17, 18 and 20, and, where appropriate, serve a privilege log for anything withheld from disclosure based on a claimed and identified privilege.

For material that is alleged to be confidential, research, development or commercial information that must be shielded from public disclosure, the parties should prepare a proposed protective order as contemplated by Rule 26(C) of the Federal Rules of Civil Procedure and submit it to me for review and approval.

Rule 37(5)(C) of the Federal Rules of Civil Procedure provides that where a Rule 37 motion is granted in part and denied in part, as is the case here, the Court may apportion the reasonable expenses for the motion. So the plaintiff shall file on or before November 21, 2019, evidence via affidavit or otherwise, of the reasonable expenses they incurred on the motion to compel. Within seven days the defendants may file any challenge to the reasonableness of the expenses sought by the

plaintiffs and the plaintiffs may reply to any challenge by the defendants of the reasonableness of the claimed expenses within three days of being served with the defendant's challenge. Disclosures by the defendants are to be made in accordance with the instant determination, on or before the 21st day of November, 2019. This resolves the motion appearing at docket entry number 90.

I issued recently a case management plan for you, that, of course, stays in place and we move forward from today. Thank you very much, good day.

MR. BUTTERFIELD: Your Honor, may I be heard for a moment?

THE COURT: On what matter?

MR. BUTTERFIELD: You made reference to the need for a protective order, but I believe we have dealt with that already and that there is a protective order in place in this case.

THE COURT: I didn't spot it on the docket sheet, that's why I made reference to it. Well that's fine, then there's no need for that. I was responding to the motion papers where there are references to or challenges, objections because certain materials are proprietary and so forth. So that's fine.

MR. BUTTERFIELD: We'll check the docket as well, Your Honor, and if I'm incorrect in my recollection and we need to do anything further we will take action and notify you.

THE COURT: Very well.

MR. BUTTERFIELD: I believe we resolved some of the issues concerning the wording of the protective order.

THE COURT: Very well.

MR. BUTTERFIELD: There is one other thing, Your Honor, you made a reference to document request number 9, which we'd moved to compel a response to, and you indicated that you were not granting our motion to compel that, a response to that request, because it referred to third parties.

THE COURT: No, that's not what I said.

MR. BUTTERFIELD: Oh, I misunderstood.

THE COURT: I said it was overly broad because it didn't limit, the request isn't limited to licenses and authorization and agreements that are solely focused on the subject matter of this action. It seemed to me to be all licenses that might exist or authorizations, not only those that pertain to the I guess accessing the materials that are provided to the

television watchers who are interested in the types of materials that the defendant's broadcast.

MR. BUTTERFIELD: I see, Your Honor. I think that the document request number 9 is relevant, the documents sought by that request are relevant to this dispute because what we were seeking by document request number 9 were agreements or authorizations between any channel and Kartina, who is also a defendant.

THE COURT: I didn't say they weren't relevant.

MR. BUTTERFIELD: Okay.

THE COURT: I said the request was overly broad.

MR. BUTTERFIELD: But what I was going to say, Your Honor, is that I think that they're not overbroad because it's the Kartina service that provides the channels which was the service that Actava was competing with.

THE COURT: If there is a license between Channel and Kartina, that has nothing to do with the materials that are broadcast that your client had, according to the pleadings had arranged with another entity to set up a box so that broadcasts could be

made and so forth. If there is a license between Channel and Kartina, that has nothing to do with that, it's some other business that or enterprise that the two are engaged in, why would that be relevant to this action? If the request was for only licenses that pertain to the subject matter of this action, I'd have no problem with it. But as crafted, it could potentially reach licenses between the two entities that have nothing to do with the broadcasting of programming.

MR. BUTTERFIELD: I see your point, Your Honor, I guess I think that the objection was part of the boilerplate and there is no reason to believe that there are any agreements or licenses between those parties concerning anything other than the streaming of the content on the Channel television.

THE COURT: Well that may be because you know more about this case than I do. I'm not living with it day in/day out. I don't know all of the businesses in which the broadcast defendants are engaged or that Kartina is engaged in. You may because, as I say, you're living with the case day in/day out, you have much more information than I. But reading number 9, as I did, it asked for any license, so if Channel and

Kartina have a license to distribute purses designed by some famous purse designer, number 9 would capture that.

MR. BUTTERFIELD: I understand, Your Honor, and I take that point, and we're not looking for licenses of purses, we're just, I wonder whether it is possible for us to get an order from Your Honor that licenses, authorizations or agreements concerning the streaming television channels that exist between any channel and Kartina should be disclosed.

THE COURT: Well if you made such a discovery demand upon the defendants, that's a different thing. But number 9 is not narrowly tailored as you just announced. If it had been, I think it would have passed muster, but it's not written that way. So you're free, as is the case with any party to litigation, to make discovery demands that you think are relevant and appropriate and then your adversary responds to them.

MR. BUTTERFIELD: Very well, Your Honor, I merely raised it to try and clarify the issues. I appreciate your explanation, I take your point and we've just recently responded to the counterclaims that the defendants have interposed so we're expecting

to serve additional discovery requests directed to them. I'm just concerned about the timing so I thought it was worth asking Your Honor whether I could get a clarification of your ruling concerning request number 9. We'll do as Your Honor directs and thank you, Your Honor for your time today.

THE COURT: Very well, good day.

MR. BUTTERFIELD: Thank you.

(Whereupon the matter is adjourned.)

C E R T I F I C A T E

I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, Actava TV, Inc., et al. versus Joint Stock Company "Channel One Russia Worldwide," et al., Docket #18cv6626, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.

Signature Carole Ludwig ________________________________

Carole Ludwig

Date: November 8, 2019