

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com


Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com


December 13, 2019


**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
US Courthouse – S.D.N.Y.
40 Foley Square
New York, NY 10007

> Re:    **Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)**

Dear Magistrate Judge Fox:

We are counsel for the Plaintiffs in the above-referenced action.  We write to request a pre-motion conference with respect to Defendants' privilege log. Specifically, the privilege logs provided by the Channels Defendants and Kartina Defendant at approximately 4:00 PM on December 11, 2019 contain numerous entries improperly invoking the attorney-client privilege. Plaintiffs challenge these assertions of privilege and seek immediate production of the documents and communications at issue; and sanctions for the Channel Defendants' failure to produce both a compliant privilege log and the non-privileged documents by November 21, as ordered by this Court on November 9, 2019.

By way of background, Defendants' claims of privilege (and failure to produce adequate privilege logs) has been a source of contention between the parties for some time. In April and May 2019, the parties held meet-and-confer telephone conversations in an unsuccessful attempt to reach agreement on the form of the privilege logs to be exchanged by the parties.  In brief, Defendants refused at that time to provide an itemized privilege log, objecting that there were too many items, making the effort burdensome; stating they did not have the type of commercially available software that firms now customarily use to automate the drafting of such logs; and refusing our offers of assistance on that issue. At that time, Plaintiffs' motion to compel was still pending, so rather than burden the Court with a new issue, we awaited that decision.

On November 9, 2019, this Court issued its order (the "Order," **ECF No. 128**) granting the majority of Plaintiff's motion to compel and ordering Defendants to provide their privilege log by November 21, 2019.  On November 21, 2019, without further consultation with Plaintiffs on the issue or any attempt to do so the Defendant Channels sent Plaintiffs a condensed categorical privilege log (the "Purported Privilege Log") covering both the Channel Defendants and defendant Kartina Digital GmbH ("Kartina").



Hon. Kevin N. Fox
December 13, 2019
Page 2

    Far from revealing that there were too large a number of privileged items to justify an itemized log, the Purported Privilege Log on its face disclosed a total of approximately 260 items.  Plaintiffs immediately raised their concerns about the Purported Privilege Log via letter dated November 25, 2019 (a copy of which is attached hereto as **Exhibit A**). After further attempts to obtain itemized privilege logs, late yesterday afternoon, Defendants finally produced an itemized privilege log for the Channel Defendants and a separate one for Kartina. Unfortunately the Privilege Logs on their face disclose that Defendants are withholding documents in reliance on the attorney client privilege although it does apply to most of the logged communications.

    We first turn to Kartina's privilege log (the "Kartina Log"),attached hereto as **Exhibit B**, which is nine pages (more than four times the length of the Channels' Defendants log). The first 7 and a half pages of the Kartina Log contain communications between Dunnington, Bertholow & Miller LLP ("DBM") and Kartina from March 2015 through December 2017 – a period of three years prior to Actava commencing this litigation against Kartina via the First Amended complaint . Kartina has not produced **any** evidence that it had engaged DBM throughout this period – which notably encompasses the entire time during which the Channel Defendants pursued their entirely unsuccessful contempt motion against Plaintiffs. Similarly, the communications listed in the Kartina Log for 2018 are also improper as Plaintiffs did not name Kartina as a Defendant in this litigation until October 4, 2018, and Defendants have not produced any evidence forming the basis for the assertion of privilege for communications between Kartina and the Channels Defendants' counsel from January 2018 through September 2018. As Defendants have revealed in other proceedings before this Court, for a time, Kartina funded the Channels' litigations, supposedly for Kartina's own purposes. Sharing confidential information with a third party defeats any allegedly applicable privilege. Even crediting Kartina's status as a funding entity, that does not make Kartina part of a control group, and such communications are not privileged.  Plaintiffs accordingly seek production of each and every communication on pages 1 through 7, as well as the first 24 documents listed on page 8, of the Kartina Log.

    Turning to the Channels Defendants' log (the "Channels Log"), attached hereto as **Exhibit C**,  Plaintiffs note that there are numerous entries which include a participant from Kartina – namely, Ms. Olga Panfilvoa - in 2016 and 2018. Channels Defendants have not even attempted to explain the application of privilege to communications with counsel involving third-party Kartina. As previously detailed, inclusion of Kartina on communications by and between the Channels and counsel defeats any privilege that may have existed outside of Kartina's inclusion therein. Plaintiffs therefore demand production of items 2, 3, 4, 10, and 12-19 of the Channels Log.  There are only six communications listed on the Channels Log for the year 2019, all of which are dated for February 2019. Given the extensive communications including Kartina in 2016, Plaintiffs suspect that the Channels continued to include Kartina in communications with counsel throughout the instant litigation, even prior to Kartina being named as a defendant herein, at which time Plaintiffs could understand the potential application of privilege between the Channels and Kartina (although, as explained below, due to the inner conflict that we have discovered arose between the Channels and Kartina, no such joint privilege can exist). Plaintiffs hereby request an order requiring the Channel Defendants to update their privilege log to include all communications with counsel in 2019 which include



Hon. Kevin N. Fox
December 13, 2019
Page 3

Kartina as a participant as well, or produce those documents in accordance with this Court's Order.

In addition to the facially improper assertion of attorney client privilege despite communications passing between Kartina and the Channel Defendants' counsel, and where Kartina is included in communications with another party's counsel, Plaintiffs challenge Defendants' assertion of privilege by reason of the underlying disputes between the Channels Defendants and Kartina – disputes which pre-date not only Kartina's inclusion as a defendant herein, but date right back to the institution of this litigation against the Channel Defendants. Plaintiffs, through their own investigation – not via discovery or any disclosure by Defendants – discovered the existence of not one but two litigations between at least one Defendant Channel (Channel One Russia) and Kartina concerning the subject matter of this case, including Channel One's claims that Kartina "pirated" Channel One's content by broadcasting it without authorization. The reports online, including from Channel One itself, show that whatever relationship the Defendant Channels had with Kartina previously, it completely broke down at least a year ago.

The existence of those inter-defendant disputes and those two litigations integrally related to this dispute put Defendants' counsel in the unenviable position of representing clients concerning interests that have not been aligned for at least a year.  When Plaintiffs learned of this dispute, they sought discovery about it from Defendants, but they completely refused to produce any documents that would provide further details of the dispute and litigations between Defendant Channels and Kartina.  They refused to answer any questions, either by phone or correspondence, nor did DBM make any mention to the Court of their clients' internecine feud.

There is no indication or representation that Defendants ever entered into a joint-defense agreement – though we asked DBM for one.  But any such agreement could not paper over the differences between feuding clients.  A conflict of interests between Defendants is unwaivable. If ever the Defendants were aligned in interest, they are not now, so there can be no colorable claim of joint privilege for the communications between them Plaintiffs seek.

Accordingly, Plaintiffs request a pre-motion conference as soon as possible in light of the upcoming close of fact discovery, currently scheduled for January 6, 2020.

Respectfully,

Toby Butterfield

Encs.

cc:     All counsel **(via ECF)**



Hon. Kevin N. Fox
December 13, 2019
Page 4


bcc:    Mr. Rouslan Tsoutiev *(via email with encs.)*
        Mikhail Lezhnev, Esq. *(via email with encs.)*