# Exhibit A

# MOSES & SINGER LLP

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

November 25, 2019

**VIA E-MAIL**

Raymond J. Dowd, Esq.
Dunnington, Bartholow & Miller LLP
250 Park Avenue, Suite 1103
New York, NY 10177-0001

      Re:    Actava TV, Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide," et al., 18-cv-06626

Dear Mr. Dowd:

      I am responding to your November 21, 2019 letter, attaching a categorical privilege log (the "Purported Privilege Log") with respect to the Defendant Channels' document production following the Court's November 6, 2019 Discovery Order (ECF No. 128), which overruled your Broadcaster clients' objections to our clients' Document Request Nos. 4, 11, 12, 13, 15, 16, 17, 18, and 20, and required compliance by your Broadcaster clients by Thursday November 21, 2019. You sent your letter enclosing the Purported Privilege Log without engaging in any further consultation with us concerning its format, despite having argued to us via both correspondence and "meet and confer" telephone conversations during April and May 2019 that the format must be agreed,. The Purported Privilege Log completely ignores our arguments and our unambiguous position stated in that correspondence and those conversations that a categorical log is inadequate here.

      The Actava Parties object to the Purported Privilege Log as insufficient under Local Rule 26.2 and applicable case law, as explained below. It is therefore a willful violation of the Court's November 6 Order sanctioning Defendant Channels for engaging in obstructive discovery abuses, and ordering the Defendant Channels to comply with their discovery obligations. Unless we receive an itemized privilege log that complies with law by close of business on December 5, 2019, we may be forced to notify the Court and seek additional sanctions and appropriate relief for your clients' willful violation of the November 6 Discovery Order.

# MOSES & SINGER LLP

Raymond J. Dowd, Esq.
Dunnington, Bartholow & Miller LLP
November 25, 2019
Page 2

The Purported Privilege Log violates the Defendant Channels' discovery obligations in many ways. On its face, the Purported Privilege Log contains a large number non-privileged and therefore discoverable communications. No fewer than 214 of the items on the log are communications among the Defendant Channels and Kartina. Those parties are not aligned in interest: they are engaged in litigation with each other in two jurisdictions over the terms on which Kartina claimed to be entitled to offer services including the Defendant Channel One's content. Since at least December 2018, Defendant Channel One has publicly denounced Kartina for streaming their content without authorization – exactly the accusation they made against the Actava parties in the underlying litigation and in this case – as shown in enclosed Exhibit A, a notice placed on Channel One's website at that time. There is evidence that your clients' dispute amongst themselves started much earlier. Nevertheless, there is no evidence of any purported Joint Defense Agreement between the Defendant Channels and Kartina, but even if one existed, it could not paper over their dispute, which has caused Kartina and Defendant Channel One to be locked in litigation between each other. As a result, please promptly produce all communications between the Defendant Channels and Kartina, or fully justify why each of the communications between them are, as you claim, still privileged, despite the existence of those disputes among them.

In addition, the Purported Privilege Log contains woefully inadequate descriptions of the categories of communications that you maintain are and remain privileged. In the Southern District, a categorical privilege log must include information sufficient "to justify its assertion of privilege with regard to each category, and the description of each category must provide sufficient information for [a party] to assess any potential objections to the assertions of attorney-client privilege." *Orbit One Commc'ns, Inc. v. Numerex Corp*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008). Further, in determining whether a categorical log is appropriate, courts consider whether its justification "is directly proportional to the number of documents withheld." *Auto. Club of N.Y., Inc. v. Port Auth. Of N.Y. & New Jersey*, 297 F.R.D. 55, 59 (S.D.N.Y. 2013).

The Defendant Channels' categorical privilege log fails on all counts. *First*, it aggregates "sender(s), recipient(s), and copyee(s)," instead of identifying whether an attorney authored certain e-mails, or was merely copied on others. It is therefore impossible to identify which e-mails contain legal advice, sought legal advice, or were prepared in anticipation of litigation (and if so, which litigation, as neither of the two litigations between the Defendant Channel One and Kartina would count). *See* L.R. 26.2(a)(2)(A) (requiring disclosure of "the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other); *e.g., Koumoulis v. Indep. Fin. Mktg. Grp., Inc.* 295 F.R.D. 28, 43 (E.D.N.Y. 2013) ("Most of the documents on the privilege log

# MOSES & SINGER LLP

Raymond J. Dowd, Esq.
Dunnington, Bartholow & Miller LLP
November 25, 2019
Page 3

were sent from a non-attorney. . .and there is no explanation offered for why their writings should be considered attorney work product.").

*Second*, the Actava Parties are left to guess exactly how many purportedly privileged e-mails include Olga Panfilova of Kartina, whose presence defeats the Channels' privilege assertions. As we already know of multiple disputes between Defendant Channel One and Kartina concerning Kartina's continued transmission of Channel One's programming, the Defendant Channels cannot claim that communications dating back to March 2015 were subject to any joint defense agreement. Nor can they simply lump all those communications together for purposes of the Purported Privilege Log. Plaintiffs are entitled to enough information to determine from the face of a log that the communications it describes are privileged, yet the Purported Privilege Log does the opposition. Without prejudice to the additional remedies that the Actava Parties may be entitled to by reason of the Defendant Channels' failure to comply with the November 6 Discovery Order, as mentioned above, we demand production by close of business on December 5, 2019 of a privilege log that clearly delineates all communications that include both anyone acting on behalf of the Defendant Channels and Ms. Panfilova or anyone else acting on behalf of Kartina.

*Third*, a categorical log is not justified given the relatively small number of documents withheld. In our prior attempts to agree on the format of a privilege log, Mr. Rowley suggested that there could be thousands of responsive privileged e-mails, and that a categorical log was therefore essential. As it turns out, the Purported Privilege Log indicates a total of only 214 items. *Cf., e.g., In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 (S.D. Cal. 1997) (permitting categorical log where documents ranged "in the hundreds of thousands, if not millions."). As such, our request for a comprehensive log cannot still be characterized as a "bad faith attempt to burden Broadcasters with unnecessary costs during the pendency of Actava's frivolous motion to compel," (*see* 6/6/19 H. Rowley E-mail), as preparing it is not burdensome. To the contrary, it is necessary, required by law, and the Actava Parties did not agree to a categorical privilege log. The Defendant Channels nevertheless have failed to provide one by the deadline in the November 6 Discovery Order. Our clients' therefore reserve all their rights and remedies. Unless the Defendant Channels cure their breaches as described herein, we may be forced to seek a further court order compelling production of the discovery which the Court already ordered be produced, and further sanctions for the Channels' latest attempt to obstruct the discovery process in order to delay the resolution of the claims against them.

*Fourthly and finally,* the category descriptions in the Purported Privilege Log are unhelpfully vague, merely mimicking the categories of documents sought by the Actava



Raymond J. Dowd, Esq.
Dunnington, Bartholow & Miller LLP
November 25, 2019
Page 4


Parties – *e.g.,* "Communications concerning the referral agreement between Matvil and Actava."

     As we stated months ago, the Actava Parties prepared and were previously willing to exchange detailed itemized privilege logs.  As the Purported Privilege Log falls so far short of an acceptable categorical log, let alone the itemized log that we demanded and the law requires, we object to now also having to prepare the categorical privilege log that your letter last Thursday November 21 demanded we provide by today, Monday November 25.  We will provide our itemized privilege log promptly upon receipt of your clients' itemized privilege log, which as demanded above, we expect to receive no later than next Thursday December 5, 2019.  We reserve our clients' rights to seek additional remedies from the Court for this latest obstructive conduct by the Defendant Channels.

Very truly yours,

Toby Butterfield

Enc.

Cc (w/ enc.):  Samuel A. Blaustein, Esq.
                 Hardin Rowley, Esq.
                 Kamanta Kettle, Esq.
                 Akbar Khan, Esq.
                 Michael Rosenberg, Esq.
                 Valeria Castanaro, Esq.