

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

December 23, 2019

**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
US Courthouse – S.D.N.Y.
40 Foley Square
New York, NY 10007

Re: Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Magistrate Judge Fox:

We are counsel for the Plaintiffs in the above-referenced action. We write in response to Defendants' counsel's December 18, 2019 pre-motion letter responding to our December 13 letter raising serious problems with Defendants' privilege logs. On November 9, 2019, this Court ordered Defendant Channels to provide their privilege log by November 29, 2019 pursuant to the terms of that Order. **ECF Dkt. No. 128.**

In response, Defendants applied to the Court to make **another** motion to dismiss, this time claiming lack of subject matter jurisdiction, despite having only served an interrogatory on Plaintiffs seeking information concerning Mr. Tsoutiev's citizenship on December 11, 2019, with explaining that fact to the Court, and without evidence to support its position. Plaintiffs' deadline to respond to that interrogatory was not until January 10, 2020, but to avoid this baseless distraction, on December 20, 2019 we responding with Mr. Tsoutiev 's verification that he is a naturalized United States citizen domiciled in the State of New York. Although not necessary, Plaintiffs agreed to amend the Complaint, with Defendants' consent, to detail Mr. Tsoutiev's citizenship. The majority of Defendants' December 18 letter is therefore now moot.

Defendants' counsel also sought to distract from the short-comings of Defendants' Court-ordered privilege log with newly asserted but baseless challenges to Plaintiffs' privilege log, specifically items which involve Plaintiffs' communications with Ms. Diana Tsutieva of the law firm Foley Hoag, LLP. As we explained to Defendants in writing on December 18, 2019, when Defendants raised these concerns, Ms. Tsutieva is Mr. Tsoutiev's daughter, a licensed attorney and senior associate in Foley Hoag's Washington DC office practicing international dispute resolution. Mr. Tsoutiev and the Actava parties sought her counsel in her capacity as an attorney in communications detailed in Plaintiffs' privilege log. Defendants misunderstand the application of attorney-client privilege: an attorney need not appear in an action for privilege



Hon. Kevin N. Fox
December 23, 2019
Page 2

to apply to their client communications. But in any event, although Defendants' counsel had not previously enquired on the topic before prematurely raising this issue with this Court, we now confirm that Plaintiffs executed a retainer agreement with Foley Hoag, LLP in June 2016. Defendants' complaints about Plaintiffs' privilege log are therefore a baseless attempt to distract attention from Plaintiffs' challenged to Defendants' privilege logs.

In their December 18 letter, Defendants' counsel attempted to justify Defendants' claims of privilege with respect to communications flowing between the Channel Defendants and Defendant Kartina – both in the period before Kartina become a defendant herein; and during the dispute between Defendants resulting in two litigations between them - by reference to documents they recently produced but did not attach to their December 18 letter. (CHANNELONEACTAVA004945-004949 and 000089-000091). In fact, those documents only raise more troubling questions about the applicability of privilege to the challenged communications. In particular, those documents detail that Defendant Kartina and Defendants' counsel knew that such a dispute would constitute a conflict of interest; that such a dispute might destroy the applicability of any common interest privilege; that the existence of such a dispute would require Defendants' counsel to cease acting for all Defendants; and that such a dispute would require further disclosures, waivers and paperwork, none of which appears to exist. Defendants' counsel claim their clients were and are "aligned in interest." If that claim was ever true – and if it can remain true despite litigations between them – are questions for the Court to determine on a full record.

Plaintiffs therefore respectfully repeat their request for a pre-motion conference for the matters raised in our December 13, 2019 letter. Given the passage of time, we also respectfully remind the Court of the current application, on consent of the parties, seeking to extend the discovery schedule in this matter, which currently expires on January 6, 2020. **ECF Dkt. 135.**

We thank the Court for its attention to this matter, and wish all at Court a Happy Holiday season.

Respectfully submitted,

*/s/ Toby Butterfield*

Toby Butterfield

cc:     All counsel **(via ECF)**