

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com

April 3, 2020

**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
US Courthouse – S.D.N.Y.
40 Foley Square
New York, NY 10007

        Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Magistrate Judge Fox:

      We are counsel to Plaintiffs in the above referenced action, in which pursuant to Your Honor's most recent scheduling order, all discovery is required to be finished by June 22, 2020.

      We hate to bother the Court with yet another discovery dispute in this matter, particularly during the worldwide pandemic.  However we are compelled to seek the Court's immediate direction because of three positions taken by Defendants' counsel which obstruct our ability to conduct the remaining fact discovery necessary to prepare this case for trial:

      *First*, Defendants have stated that Defendant Kartina Digital GmbH has documents responsive to Plaintiffs' requests; but that the documents contain such highly sensitive information that Defendants refuse to produce them and will only make them available for inspection by Plaintiffs at Defendants' counsel's offices. Plaintiffs are unaware as to which requests the documents respond to, and Defendants' counsel have refused to provide us with a description of the documents, or even the subject matter of the documents, despite our repeated requests and a warning that their position would force us to raise this matter with the Court. Plaintiffs repeatedly pointed out to Defendants' counsel that the Court's Protective Order (ECF No. 104) was issued specifically for this purpose – to allow for the production of sensitive information in a manner that preserves and maintains the confidentiality of the same – and many other documents have been produced on that basis, as Plaintiffs requested that these documents be produced too. Defendants' counsel, however, refused to produce the documents at all, claiming that Protective Order is insufficient, although they fail to explain why or how.

      When Plaintiffs' counsel explained that an office visit for inspection is an impossibility given the current COVID-19 health crisis, Defendants offered to make the documents available for in person inspection **after** the close of discovery. That entirely inadequate proposal would



Hon. Kevin N. Fox
April 3, 2020
Page 2

preclude Plaintiffs from reviewing or relying on the documents until after depositions or expert discovery. The correspondence between counsel on this issue, and the other issues discussed below, is attached as **Exhibit A**.

We request that the Court swiftly direct Defendants' counsel to promptly describe the topic and content of these documents, and to produce the documents to us, by shipping them to us via FedEx, if they deem that necessary. Defendants' counsel cannot use the existence of the pandemic to prevent discovery of responsive documents we are entitled to see.

*Second*, Defendants' counsel appear to no longer have the authority to act on behalf of one of the primary Defendants, Joint Stock Company Channel One Russia. Defendants' counsel was only formally retained by Defendant Kartina Digital GmbH, but claimed they had obtained authorization from the other Defendants to defend them in this case (and now pursue counterclaims too) pursuant to "powers of attorney" issued by the other Defendants to Defendants' counsel's firm. Those "powers of attorney" merely empowered Defendants' counsel to take action for "anti-counterfeiting" actions, and in most cases against only some but not all of Plaintiffs. This is a highly unusual way of authorizing Defendants' counsel to appear and act, which completely lacks any disclosure of the potential conflicts of interest that we now know exist between various Defendants, which we have previously raised with the Court.

We now bring the Power of Attorney to the Court's attention because the only Power of Attorney granting counsel authority to act on behalf of Channel One Russian expired more than a month ago, on March 1, 2020. Indeed, unlike all the other Powers of Attorney issued by other Defendants, Channel One Russia renewed that Power of Attorney on February 1, 2020, but for only one month. Plaintiffs' counsel asked Defendants' counsel repeatedly throughout March for an updated power of authority or other explanation as to how Defendants' counsel still had any authority to represent Channel One in this case. Defendants' counsel punted the issue, claiming a new power of attorney was being obtained and would arrive very shortly. However they produced no such document, nor is there any sign that Channel One ever executed any such document. *See* **Exhibit A**. Accordingly, Defendants' counsel is no longer authorized to appear and represent Channel One Russia herein.

We presume this lack of authorization is the result of the ongoing internecine dispute between Defendants Kartina Digital GmbH and Channel One Russia, which was the subject of our application to the Court to compel discovery of documents passing between those Defendants, as they lack any common interest privilege that would justify withholding them from production in discovery. Now, as Defendants' counsel is no longer authorized to act herein at all for Defendant Channel One Russia, we respectfully ask that the Court order Channel One Russia to demonstrate immediately that it has retained Dunnington, Bartholow & Miller LLP to defend it herein. Otherwise, we do not see how we can complete discovery in the case.

*Finally*, we seek the Court's direction as to how to proceed concerning Plaintiffs' existing challenge to Defendants' claim of privilege as to communications including Kartina listed on the Channels' privilege log. We have attempted to meet and confer to resolve the matter, but Defendants' counsel have not responded to us on that issue, and remain to be silent despite our



Hon. Kevin N. Fox
April 3, 2020
Page 3

efforts to resolve this issue inter se.  Absent a ruling on our request to the Court on this issue (ECF No. 137,138,140,141), we are at an impasse and are unable to move forward.

    We deeply appreciate the Court's attention to these matters in these troubling times, and hope to hear from the Court as soon as possible.  Most of all, however, we hope the Court and its various personnel and their families remain healthy in this difficult time.

        Respectfully,

        s/ *Toby Butterfield*

        Toby Butterfield

Encs.

cc:    All counsel **(via ECF)**