# EXHIBIT A

**Valeria Castanaro**

| | |
|---|---|
| **From:** | Akbar Khan <AKhan@dunnington.com> |
| **Sent:** | Friday, March 13, 2020 4:57 PM |
| **To:** | Valeria Castanaro |
| **Cc:** | Samuel Blaustein; Raymond Dowd; Hardin Rowley; Diana Tsutieva (dtsutieva@foleyhoag.com); Toby Butterfield |
| **Subject:** | RE: Designations and documents requested |

Valeria,

We are glad your team is preparing for Covid-19. We wish all of you good health. Regarding the POA, we are working on it and will get you a copy as soon as we have it. We appreciate your continued patience during this extraordinary time. We believe an application to Judge Fox is premature and unnecessary based on our prior production of updated POAs and a misuse of judicial resources in the current circumstances. We will review your legal argument regarding the privilege designations for communications with Ms. Tsutieva and get back to you on that too. We note that your research does not address the very limited scope of the Foley-Hoag retainer. If you have any relevant research on that issue, we are happy to consider it. We will coordinate an inspection of the Kartina documents when your team is available.

Please stay safe.

Kind regards,
Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**
Email: AKhan@dunnington.com

---

**From:** Valeria Castanaro [mailto:vcastanaro@MOSESSINGER.COM]
**Sent:** Thursday, March 12, 2020 4:26 PM
**To:** Akbar Khan <AKhan@dunnington.com>
**Cc:** Samuel Blaustein <SBlaustein@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Diana Tsutieva (dtsutieva@foleyhoag.com) <dtsutieva@foleyhoag.com>; Toby Butterfield <tbutterfield@MOSESSINGER.COM>
**Subject:** RE: Designations and documents requested

Akbar,

Defendants' challenge to the attorney client privilege as it pertains to communications with Foley Hoag is already before the Court via the application your team made in December 18, 2019. [ECF 138]. Your understanding of privilege under New York law continues to be misguided. First, a formal retainer is not a requirement for privilege to attach, nor does a formal retainer wholesale determine the scope of applicable privilege. *See Perella Weinberg Partners LLC v. Kramer*, 173 A.D.3d 555 (1st Dep't 2019). The one case you rely on itself acknowledges that attorney-client privilege can arise prior

1

to the formal engagement.  *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 430 (S.D.N.Y. 2013). Further, it is well established that prospective clients enjoy privileged communications with their attorneys prior to executing a retainer agreement, so long as the client approaches the attorney in his or her legal capacity and is seeking legal advice.  *See United States v. Dennis*, 843 F.2d 652, 656 (2d Cir. 1988).  All pre-formal engagement emails that you refer to on which Ms. Tsutieva was carbon copied (i.e., emails dated a few months prior to the date of the Foley Hoag engagement letter) are protected by attorney client privilege as there was a clear understanding and expectation from Mr. Tsoutiev and Actava -- as well as all attorneys on the emails --  that attorney-client privilege existed.

We therefore will not be producing the documents you listed below.  We also consider your speculations about the legal advice given by Mrs. Tsutieva to be plainly unscrupulous.

However, and without any prejudice to our position that the foregoing documents are protected by attorney-client privilege, if we can reach an agreement with your team about the application of privilege to communications between the Channels', counsel and Kartina which are the subject of our application to the Court, we are amenable to further discussions on your request below.

Turning to Kartina's documents which you will only make available for inspection, please note the critical difference between these documents and Mr. Tsoutiev's passport.  We did not intend to, and have not, produced Mr. Tsoutiev's passport as part of discovery in this action.  We made it available for your team to view because you would not accept our representations about Mr. Tsoutiev's citizenship, despite having provided a sworn statement from Mr. Tsoutiev.  The documents you are referring to below from Kartina clearly concern Kartina's business, and possible revenues and profits, which are material and relevant for the Plaintiffs' damages.  To that end, they are a necessary part of the Plaintiffs' claims and defenses, and must be available for use at depositions by experts and at trial.  While we would  normally, in the first instance, come to your office to inspect the documents, the current situation with Covid-19 has required me to work from home for the time being, and I am not in the city.  As we do not know when this situation will resolve, we ask that you reconsider and please send copies of the documents, which will be treated with the highest level of confidentiality under the protective order.  Alternatively, if you will not make the documents available for our viewing remotely, we will come to inspect the documents after this health crisis resolves; however, if upon inspection we determine that copies of the documents are required for Plaintiffs' claims and defenses, we will make an application to the Court for their proper production.

Finally, we are still awaiting an updated POA providing for your continued representation of Channel One.  If we do not have a firm commitment from you by close of business tomorrow that we will have that document by Tuesday, March 17, 2020 , we will bring this matter to the Court.


Thank you,
Valeria



**Valeria Castanaro  |  Of Counsel**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7894  |  vcastanaro@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

---

**From:** Akbar Khan [mailto:AKhan@dunnington.com]
**Sent:** Tuesday, March 10, 2020 6:10 PM
**To:** Toby Butterfield <tbutterfield@MOSESSINGER.COM>
**Cc:** Samuel Blaustein <SBlaustein@dunnington.com>; Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Raymond

Dowd <RDowd@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Diana Tsutieva (dtsutieva@foleyhoag.com) <dtsutieva@foleyhoag.com>
**Subject:** RE: Designations and documents requested

Toby,

Thank you for the documents.  The spreadsheets do not affect our review of Defendants' production but Plaintiffs'.  Please excuse the typo in my March 3 email stating "Defendants' production" instead of "Plaintiffs' production."

Regarding the Channel One POA, we expect to hear from our contact soon.  We will forward you a copy once we receive it.  We appreciate your patience.

With respect to Kartina's AEO documents, we will allow you to come to our offices to inspect the documents but we will not allow notes or copies to be made.  I remind you that in response to our discovery requests with respect to Mr. Tsoutiev's citizenship, you made Mr. Tsoustiev's passport available for inspection at your offices but you did not permit us to make any notes or copies.  By your reasoning, the protective order should also protect Mr. Tsoutiev's passport information yet we neither received copies of the passport nor were we permitted to take notes at the inspection.  Rather, the Federal Rules clearly contemplate inspection as one method of disclosure.  *See* Fed. R. Civ. P. 34; *McCutcheon v. Colgate-Palmolive Co.*, No. 16CV4170LGSKNF, 2017 WL 5466668, at *5 (S.D.N.Y. Oct. 19, 2017) ("inspection and related activities will be permitted").  Without waiver of our objections and despite our concerns that Actava seeks this information for an improper competitive purpose, we are permitting counsel to inspect the highly sensitive documents at our offices.  Such method of disclosure is further warranted given, as explained below, Plaintiffs' defective privilege log which logs non-privileged communications with Ms. Tsutieva.  The inspection is without prejudice and should you seek thereafter to limit confidentiality, we suggest seeking Judge Fox's input and an *in camera* review.  We are willing to meet and confer on this proposal to avoid any prolonged dispute.

The June 21, 2016 Foley Hoag retainer confirms our concerns about Plaintiffs' privilege log.  The withheld communications with Ms. Tsutieva are not privileged.  First, any communications involving Ms. Tsutieva prior to the June 21, 2016 Foley Hoag retainer are not privileged.  *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 429–30 (S.D.N.Y. 2013) ("Because the scope of FZWZ's representation was explicitly limited to responding to the subpoenas, the attorney-client relationship between FZWZ and BGR could not have formed prior to August 20, 2011. Therefore, documents 4 and 14–16 on the Revised Privilege Log—which pre-date August 20, 2011—are not shielded by attorney-client privilege arising from FZWZ's representation of BGR.").  Accordingly, we demand you produce all communications at Line Nos. 4, 9, 46, 47, 63, 130, 133, 161, 184, 208, 234, 260, 300, 306, 313, 315, 325, 327, 328, 332, 336, 342, 346, 349, 352, 353.  We request these communications be produced by Friday March 13.  If counsel cannot make that deadline, please provide an alternative date and we will work with counsel in good faith to find an agreed upon deadline.

Second, it gives pause that there are merely two communications with Ms. Tsutieva—Line Nos. 295 and 308— logged <u>after</u> the 2016 Foley Hoag retainer, a period of almost four years.  You have represented that "There is no need for an independent review of all of Mrs. Tsutieva's emails to supplement the log, as all communications involved my firm or Plaintiffs' prior counsel of record as well, and are accounted for."  *See* 2/13/20 email.  But there is a need.  The Foley Hoag retainer and the two entries in the privilege log following the execution of the retainer do not alleviate our concerns.  Based on descriptions in Plaintiffs' privilege log, it appears Ms. Tsutieva did not do the work described in the Foley Hoag retainer, so the communications are not privileged.  We request Ms. Tsutieva search her emails or, if she already has, search again with broader search parameters and produce or log the results of those searches.  Whether or not Plaintiffs' communications with Ms. Tsutieva are reflected in existing log entries with your firm or prior counsel, Ms. Tsutieva's communications cannot remain unlogged and unproduced.  We request these communications be produced by Friday, March 13.  If counsel cannot make

that deadline, please provide an alternative date and we will work with counsel in good faith to find an agreed upon deadline.

Third, the communications logged at Line Nos. 295 and 308, which postdate the 2016 Foley Hoag retainer, are also not covered by the terms of the retainer.  The retainer covers "a post-settlement dispute relating to authority of the plaintiffs' attorney to represent and settle on behalf of at least one of the plaintiffs in the underlying copyright lawsuit against Actava TV, Inc."  The descriptions in Line Nos. 295 and 308 do not correspond to this dispute.  Consequently, Ms. Tsutieva's communications at Line Nos. 295 and 308 are not privileged as the communications fall outside of the retainer's limited scope.  *See Medina v. Buther*, No. 15-CV-1955 (LAP), 2018 WL 4383098, at *3 (S.D.N.Y. Aug. 22, 2018); *see also Martin v. Valley Nat'l Bank*, 140 F.R.D. 291, 304 (S.D.N.Y.1991).  We request these communications be produced by Friday March 13.  If counsel cannot make that deadline, please provide an alternative date and we will work with counsel in good faith to find an agreed upon deadline.

We are available to meet and confer regarding this issue but will be forced to file an application with Judge Fox if no resolution is reached.

Kind regards,
Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**
Email: AKhan@dunnington.com

---

**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Friday, March 06, 2020 7:17 PM
**To:** Akbar Khan <AKhan@dunnington.com>
**Cc:** Samuel Blaustein <SBlaustein@dunnington.com>; Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Raymond Dowd <RDowd@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Diana Tsutieva (dtsutieva@foleyhoag.com) <dtsutieva@foleyhoag.com>
**Subject:** Designations and documents requested

Good evening Akbar.  I enclose a spreadsheet containing designations of which document requests each range of documents in our initial document production primarily responds to.  If you have any further questions, please let me know.

In addition, although we do not believe you are entitled to it and its signature was not necessary, I enclose a copy of the attachment to the Protective Order herein signed by Mikhail Lezhnev.  I also enclose a copy of the same attachment signed by Diana Tsutieva.  Finally, I enclose the Foley Hoag engagement letter you requested.

You have not responded to my question about how these designations affect or impede your review of your clients' document production.  Please explain,

You have not indicated when or how you will produce the confidential documents you continue to withhold from production.  Please respond.

You have not indicated when you expect to receive and provide to us the renewed Power of Attorney by which your firm is authorized to continue representing Channel One.  Please respond and provide that document as soon as possible.

Have a good weekend.

Toby

4

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

---

**From:** Toby Butterfield
**Sent:** Thursday, March 05, 2020 4:30 PM
**To:** 'Akbar Khan' <AKhan@dunnington.com>
**Cc:** Samuel A. Blaustein Esq. (sblaustein@dunnington.com) <sblaustein@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Hardin Rowley <HRowley@dunnington.com>
**Subject:** RE: Draft letter to court re amended complaint

Good afternoon Akbar,

I have been otherwise occupied with dealing with a series of TRO I obtained and injunction motions in another matter, which settled yesterday.

I will have the information you are seeking concerning Plaintiffs' first document production tomorrow, March 6, 2020.  You have had the information concerning all our clients' other productions for months.  I am unclear as to how getting the one last piece of information affects your review of your own client's production, please explain.

With regard to your concerns as to Kartina's "highly competitive business information" which you will not provide copies to us of, we note that there is a protective order in this case specifically to protect this information.  There is no reason that copies of these documents should not be made available to us. If you do not want to provide those documents via FTP site, hard copies can be provided to us.  Alternatively, pursuant to Rule 34 of the Fed. R. Civ. P.,  we will make copies of these documents for our file when we are able to come to your office to view the documents for inspection and copying.

Finally, while we fail to understand your continued insistence that there is something improper about the involvement of either Mr. Lezhnev or Foley Hoag as in house counsel and co-counsel, respectively, for Plaintiffs, we will produce the retainer agreement with Foley Hoag, as well as the NDA signed by Ms. Tsoutiev. Mr. Lezhnev is in house counsel to the Plaintiff corporations.  He is also in house counsel to other entities affiliated with Plaintiffs and owned by Mr. Tsoutiev, including Allvoi.  I disagree that there is any uncertainty here, and I do not know what further explanation this requires.  As in house counsel, Mr. Lezhnev's participation in this matter does not require him to sign the NDA.  Nevertheless, he signed it.  We will provide a copy tomorrow.

It is now March 5.  When do you expect to receive and provide us with a signed copy of whatever updated Power of Attorney under which Channel One continues to authorize your firm to act for it in this case?

Toby


**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**From:** Akbar Khan [mailto:AKhan@dunnington.com]
**Sent:** Tuesday, March 03, 2020 2:17 PM
**To:** Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg <mrosenberg@MOSESSINGER.COM>
**Cc:** Hardin Rowley <HRowley@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>
**Subject:** RE: Draft letter to court re amended complaint

Toby,

You informed us on February 14, 2020 that you would get us a spreadsheet categorizing Plaintiffs' March 26, 2019 production "soon."  Nearly a year has passed since that production and Actava remains in violation of Rule 34.  We are still waiting for the spreadsheet. Please provide us with the spreadsheet by March 5, 2020— our review of Defendants production cannot continue without all of Plaintiffs spreadsheets.

On February 5, 2020, Kartina produced additional documents in response to Plaintiffs' first requests to Kartina.  On February 6, 2020, we informed you that Kartina was conducting additional searches, particularly to Request No. 16 of Plaintiffs' first requests.  Kartina has produced additional documents that are highly sensitive competitive business information.  We will allow counsel to inspect these documents at our offices as we cannot risk Plaintiffs using these documents for an improper commercial purpose.  Please provide dates when you are available to inspect the documents.  No other documents are being withheld and Kartina will supplement if any other responsive documents are located.

Judge Fox's order on your motion to compel did not require affidavits of completeness.  While we are prepared to consider exchanging affidavits of completeness, we note that we have not heard from you whether each Plaintiff will also provide such affidavits. We will agree to provide affidavits in exchange for the same affidavits from each Plaintiff.

Regarding the Channel One POA, we are waiting for Channel One to return the executed POA to us and will provide you a copy as soon as we receive it.

Finally, we have not received a copy of the retainer between Foley Hoag and Plaintiffs.  While we appreciate your representations, Broadcasters are entitled to see documents verifying that Foley Hoag is representing Plaintiffs in this action and in what capacity.  Defendants requested this document in their second set of document demands.  Similarly, Broadcasters do not understand Mr. Lezhnev's role with Plaintiffs.  His LinkedIn page states he is general counsel for "Allvoi, Inc. (and affiliated companies)."  *See* https://www.linkedin.com/in/mlezhnev.  Are the Plaintiffs affiliates of Allvoi?  What entities does Mr. Lezhhnev represent?  Based on this uncertainty, we also request that you provide an executed NDA from Mr. Lezhnev by March 6, 2020.  We are available to meet and confer to discuss these issues.

Kind regards,
Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**
Email: AKhan@dunnington.com

**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Sunday, March 01, 2020 11:48 PM
**To:** Akbar Khan <AKhan@dunnington.com>
**Cc:** Hardin Rowley <HRowley@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>; Raymond Dowd

<[RDowd@dunnington.com](mailto:RDowd@dunnington.com)>; Samuel Blaustein <[SBlaustein@dunnington.com](mailto:SBlaustein@dunnington.com)>
**Subject:** FW: Draft letter to court re amended complaint

Akbar, we have not heard from you in a while:  are you now saying that Kartina's document productions are complete?  What about the Broadcasters?  We requested affidavits of completeness, but have not received any.  Can you provide that for any of your clients?

Also, we note that your Power of Attorney to act on behalf of Channel One expired as of today.  Did you obtain a new one?  Will you?  Please advise, and provide a copy if you have one, and let us know how you plan to proceed if you don't.

Thanks.

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  [tbutterfield@mosessinger.com](mailto:tbutterfield@mosessinger.com)
[www.mosessinger.com](http://www.mosessinger.com)
*Celebrating 100 Years and Beyond*

---

**From:** Akbar Khan [mailto:[AKhan@dunnington.com](mailto:AKhan@dunnington.com)]
**Sent:** Monday, February 03, 2020 12:16 PM
**To:** Hardin Rowley <[HRowley@dunnington.com](mailto:HRowley@dunnington.com)>; Toby Butterfield <[tbutterfield@MOSESSINGER.COM](mailto:tbutterfield@MOSESSINGER.COM)>; Raymond Dowd <[RDowd@dunnington.com](mailto:RDowd@dunnington.com)>; Samuel Blaustein <[SBlaustein@dunnington.com](mailto:SBlaustein@dunnington.com)>; Christopher Vidulich <[CVidulich@dunnington.com](mailto:CVidulich@dunnington.com)>
**Cc:** Valeria Castanaro <[vcastanaro@MOSESSINGER.COM](mailto:vcastanaro@MOSESSINGER.COM)>; Michael Rosenberg <[mrosenberg@MOSESSINGER.COM](mailto:mrosenberg@MOSESSINGER.COM)>
**Subject:** RE: Draft letter to court re amended complaint

Toby,

Kartina is conducting additional searches for documents based on our understanding of Plaintiffs' requests since we never received clarification from you.  Kartina has informed us that they do not have a North American breakdown and that the financial documents Kartina produced are non-public documents.  *See, e.g.*, KARTINAACTAVA000226-315 (responsive to Request No. 17 of Plaintiffs' First Requests to Kartina).

We hope to have an answer concerning additional documents from Kartina by Wednesday morning.  Thank you for your continued patience.

Kind regards,

Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**

Email: AKhan@dunnington.com

---

**From:** Akbar Khan
**Sent:** Friday, January 31, 2020 2:41 PM
**To:** Hardin Rowley <HRowley@dunnington.com>; 'Toby Butterfield' <tbutterfield@MOSESSINGER.COM>;
Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Christopher
Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg
<mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Toby,

We do not understand what you are asking for with respect to the SAC and diversity jurisdiction. When
Plaintiffs requested that Defendants drop the diversity challenge, we agreed to drop the challenge in exchange
for Plaintiffs' amendment to the pleading. We followed through on our end of the agreement. *See* ECF
140. Now, after the terms were agreed upon and Defendants performed on their end, it appears you are asking
us to waive future diversity challenges when subject matter jurisdiction is not waivable under the Federal Rules
of Civil Procedure. If Plaintiffs had concerns about amending the SAC, those concerns should have been
raised before agreeing to amend the complaint. Still, after agreeing to amend the complaint, you asked whether
we would amend the answer and we responded that we would need to make a minor change to Paragraph 23 of
the Answer and Counterclaims. This change is obvious and necessary as the language in Paragraph 23 would
be rendered factually incorrect by the SAC. We do not seek to amend the answer in any other way at this
time. Please state clearly what it is you are seeking from Defendants that has caused you to delay the filing of
the SAC. Finally, Defendants have a right to amend their answer and counterclaims under Rule 15 with
Plaintiffs' consent or leave of the Court. We will not waive our right to amend in the future.

If you have issues with Kartina's production, we reiterate our request that you identify which of Plaintiffs'
requests you are referencing in your email. We have already provided you with production letters categorizing
Kartina's production so Plaintiffs are capable of identifying which documents respond to each request. The
language used in your email to describe the documents you believe you are entitled to is broader than the
language of Plaintiffs' requests. Nevertheless, we have tried to interpret your email as best as we can and
forwarded your concerns to Kartina. We will immediately forward any clarification you may have to Kartina
(e.g., what requests you are referring to so that Kartina can gain greater clarity on search parameters). We
intend to get back to you on Monday after hearing from the client. In the meantime, we believe the discovery
application you are threatening is premature for the foregoing reasons and the serious concerns Hardin raised

yesterday about Plaintiffs' maintaining the confidentiality of documents.  We are happy to meet and confer to discuss your concerns.

Kind regards,

Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**

Email: AKhan@dunnington.com

---

**From:** Hardin Rowley
**Sent:** Friday, January 31, 2020 10:36 AM
**To:** 'Toby Butterfield' <tbutterfield@MOSESSINGER.COM>; Akbar Khan <AKhan@dunnington.com>;
Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Christopher
Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg
<mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Toby,

Please provide by close of business today, a substantive response to my email of 6:52 PM or a date certain
when we will receive a substantive response to that email.   We hope to resolve the serious issues raised in my
email without court intervention.  Further, as Akbar has informed you in meet and confers and follow-up
emails, Plaintiffs' production remains deficient.  Please provide by close of business today a date certain when
we will receive a breakdown of Plaintiffs' document production by request.

Akbar will respond to the other issues in your email as he has been handling them.

We are available to meet and confer to resolve these issues.

Regards,

Hardin P. Rowley
Associate
**DUNNINGTON BARTHOLOW & MILLER LLP**
230 Park Avenue, 21st Floor
New York, New York 10169
Telephone: +1.212.682.8811
Email: HRowley@dunnington.com

Member – Cicero League of International Lawyers

Founded in 1921

**Please note our new address**!

---

CONFIDENTIALITY NOTE: The information contained in this e-mail message and any attachment is confidential information intended for the use of the individual or entity named in this message. This information may be protected by attorney/client privilege, work product privilege or other laws, rules, and regulations providing for the protection of confidential communications. If you are not the intended recipient, you are hereby notified that any retention, use, copying or forwarding of this message is prohibited. If you have received this e-mail message in error, please contact the sender of this message by return e-mail and delete this message and any attachments.

---

**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Friday, January 31, 2020 10:01 AM
**To:** Hardin Rowley <HRowley@dunnington.com>; Akbar Khan <AKhan@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg <mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Thanks for your email last night, Hardin.  We will consider your arguments about the disclosures we have made.

But you didn't respond to any of our questions on the diversity jurisdiction issue.  What is your response?  You brought that issue to the Court, and we want to resolve it.  Please answer our questions on that issue.

Please also answer our questions about Karina's document production.  If we do not hear from you by Monday February 3, we will have to raise your client Kartina's failure to produce documents with the Court.

Toby

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**From:** Hardin Rowley [mailto:HRowley@dunnington.com]
**Sent:** Thursday, January 30, 2020 6:52 PM
**To:** Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Akbar Khan <AKhan@dunnington.com>;
Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Christopher
Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg
<mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Toby:

We have reviewed your email of 12:33 PM.  We are concerned about your disclosure that Foley Hoag "was
and is formally retained by Plaintiffs."  What does this mean?  Did all the Plaintiffs retain Foley Hoag?  As you
know, Foley Hoag has not filed a notice of appearance.  Plaintiffs' privilege log shows no emails from Foley
Hoag to Plaintiffs or co-counsel.  It is hard to believe that Ms. Tsutieva sent no emails to Plaintiffs or co-
counsel in four years.  Were Ms. Tsutieva's emails (DTsutieva@foleyhoag.com and tsutieva@yahoo.com)
reviewed before Plaintiffs' produced their privilege log on Dec. 16, 2019?  *See* e.g. Privilege Log No. 295,
308.  If so, who reviewed those emails?  Was Ms. Tsutieva bcc'd on any emails?  Further, did  Plaintiffs review
the emails of this custodian: Rouslan97@gmail.com?  *Id*. No. 25.  If Plaintiffs need to supplement their
privilege log, please let us know.

Finally, why was Foley Hoag not a signatory to the confidentiality agreement?  Has Foley Hoag executed the
NDA attached to the protective order?  If so, please provide us a copy.  Has Foley Hoag reviewed confidential
documents produced in this action?  Our clients have a right to know who has access to competitively sensitive
business information produced in this action.  We are available to meet and confer to resolve this issue.

Thank you,

Hardin P. Rowley
Associate
**DUNNINGTON BARTHOLOW & MILLER LLP**
230 Park Avenue, 21st Floor
New York, New York 10169
Telephone: +1.212.682.8811
Email: HRowley@dunnington.com

Member – Cicero League of International Lawyers

Founded in 1921

**Please note our new address**!

---

CONFIDENTIALITY NOTE: The information contained in this e-mail message and any attachment is confidential information intended for the use of the individual or entity named in this message. This information may be protected by attorney/client privilege, work product privilege or other laws, rules, and regulations providing for the protection of confidential communications. If you are not the intended recipient, you are hereby notified that any retention, use, copying or forwarding of this message is prohibited. If you have received this e-mail message in error, please contact the sender of this message by return e-mail and delete this message and any attachments.

---

**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Thursday, January 30, 2020 12:33 PM
**To:** Akbar Khan <AKhan@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg <mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Akbar,

We are working to provide you with a breakdown of Plaintiffs' document production by request, and will get that to you as soon as possible.

As for your concerns regarding Plaintiffs' privilege log, we have explained the nature of the privilege, and the communications you identified are all properly privileged. Foley Hoag was and is formally retained by Plaintiffs. We are not obligated to provide you with anything further. The issue is now before the Court.

As of today, Plaintiffs have not received any third party discovery.  As you may know, the proceeding in Canada concerning Matvil was adjourned to April.  If Plaintiffs receive any documents from third parties, they will of course be provided to you as Defendants' counsel.

Thanks for getting back to us re an extension.  We will consult our clients and if instructed, forward you a proposed draft letter making that agreed amnedmend to the parties' pending extension request.

Turning to Kartina's document production, Kartina's documents are completely devoid of any information concerning subscribership, growth thereof, and the associated revenue.  It is impossible that Kartina does not have records of this information.  If you believe the same has been  produced already please identify it by Bates number.  If we do not obtain that information in some acceptable form, we will have to raise the matter with the Court too, as it is plainly relevant and you have no explanation why it cannot be produced.  Please respond on this point by Monday, February 3, as we cannot continue to wait for that information.

Finally, turning back to your request to us to ask the Court to amend the complaint to alleviate your prior claims that the court lacked diversity, we do not understand your position in your email on Tuesday night.  We have demonstrated to you that Mr. Tsoutiev is a naturalized United States citizen.  There are no rights for Defendants to reserve on this issue.  Your position below about what may be learned in depositions does not make sense.  There is no bar or obstacle to diversity jurisdiction.  If you think there is, tell us now, and please explain what rights you claim you have to reserve.  We want to resolve this issue.

Thank you,

Toby

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**From:** Akbar Khan [mailto:AKhan@dunnington.com]
**Sent:** Tuesday, January 28, 2020 6:02 PM
**To:** Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Raymond Dowd <RDowd@dunnington.com>;
Samuel Blaustein <SBlaustein@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>;

Christopher Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg
<mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Dear Toby:

Although we agreed to retract our present diversity challenge based on Mr. Tsoutiev's sworn statement about being a naturalized United States citizen residing in New York and our inspection of Mr. Tsoutiev's passport, we will not waive future diversity challenges as we have yet to depose Mr. Tsouteiv or any Rule 30(b)(6) representative of the Actava parties.  Further, the Actava parties' meager 1800 page production makes us wonder what information remains withheld.  We will stipulate that the pending change in the SAC regarding Mr. Tsoutiev's citizenship does not require substantive changes to our pleadings but we will need to remove language in the ¶ 23 of the Answer and Counterclaims regarding the complaint's failure to allege Mr. Tsoutiev's citizenship.  Furthermore, Broadcasters and Kartina do not waive their right to further amend the pleadings or to seek dismissal based on third-party discovery or a further production of documents by the Actava parties.

Regarding the POAs, we have now produced all POAs.  With respect to the substance of the POAs which you question in your email last evening, the POAs authorize Dunnington to represent Broadcasters herein.  The POAs' grants of authority to Dunnington are not limited to the examples of intellectual property infringers listed therein.

Despite several ongoing litigations, Kartina has made considerable production efforts.  We believe Kartina's production is nearly complete but we have forwarded your concerns below to Kartina.  Despite your contentions, Kartina has produced non-public sensitive financial information in spite of concerns about Actava's piracy and breach of the settlement agreement.  Please specify which requests you believe are deficient.  Additionally, what is the status of Actava's third party discovery, including discovery from Matvil?

Further, Actava continues to be in violation of Fed. R. Civ. P. 34(b)(2)(E)(i) by not producing documents as they were kept in the ordinary course of business or labelling documents produced.  After the issue was discussed during counsel's meet and confer December 6, 2020, we followed up to inform you that we have not receive categorizations for Plaintiffs first and second productions.  We demand that Defendants identify their document production by January 30.

We also remind you about our concerns with your privilege assertions which we sent via email on December 17, 2019.  Have you confirmed that Mr. Tsoutiev's communications with his daughter, Diana Tsutieva, are accurately designated in Plaintiffs' privilege log?  Has Mr. Tsoutiev authorized Foley Hoag or his daughter to represent him in this matter?  Do you have evidence of this?  Does Foley Hoag or Ms. Tsutieva still represent

Plaintiffs either generally or in this case?  If so, by what authority? If so, please provide evidence of such by January 30, including but not limited to the retainer agreement described in your December 23, 2019 letter to Judge Fox (ECF 141).

Finally, we agree to a thirty day extension.

Kind regards,

Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**

Email: AKhan@dunnington.com

---

**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Tuesday, January 28, 2020 2:49 PM
**To:** Akbar Khan <AKhan@dunnington.com>; Raymond Dowd <RDowd@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg <mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint

Akbar,

Thank you for getting back to us with comments to the draft letter.  We accept your revisions and will file the letter once we have confirmed the remaining issue below is resolved.

We maintain this amendment does not require any revision to your clients' Answer, so please confirm that your clients stipulate not to file a revised pleading in response to this amendment, and that your clients no longer intend to move to dismiss.  We propose we add a sentence that effect to the end of the letter, so the Court knows this issue is resolved.

Toby

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**From:** Akbar Khan [mailto:AKhan@dunnington.com]
**Sent:** Tuesday, January 28, 2020 11:15 AM
**To:** Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Raymond Dowd <RDowd@dunnington.com>;
Samuel Blaustein <SBlaustein@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>;
Christopher Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg
<mrosenberg@MOSESSINGER.COM>
**Subject:** RE: Draft letter to court re amended complaint


Toby,


Please see attached our changes to the letter.  We will respond to your other queries later today.



Kind regards,

Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**

Email: AKhan@dunnington.com



**From:** Toby Butterfield [mailto:tbutterfield@MOSESSINGER.COM]
**Sent:** Monday, January 27, 2020 8:09 PM
**To:** Raymond Dowd <RDowd@dunnington.com>; Akbar Khan <AKhan@dunnington.com>; Samuel
Blaustein <SBlaustein@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Christopher
Vidulich <CVidulich@dunnington.com>
**Cc:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Michael Rosenberg

<[mrosenberg@MOSESSINGER.COM](mailto:mrosenberg@MOSESSINGER.COM)>
**Subject:** FW: Draft letter to court re amended complaint

Following up on this.  Any comments on the draft letter?

I realized I have another item we must confirm:  this non-substantive revision to the Complaint obviously does not have any impact on the scope of discovery, or on the counterclaims in the case.  The mere addition of the fact of Mr. Tsoutiev's citizenship does not create any need to re-serve any pleadings now, to revise any others, and is no reason to delay preparation for trial.

Will you stipulate to that?  If not, please explain.  And if you maintain that any amendment to the Answer and Counterclaims is necessary, please show us what amendment you think is necessary, so we may consider whether to stipulate to it too.

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  [tbutterfield@mosessinger.com](mailto:tbutterfield@mosessinger.com)
[www.mosessinger.com](http://www.mosessinger.com)
*Celebrating 100 Years and Beyond*

**From:** Toby Butterfield
**Sent:** Monday, January 27, 2020 1:06 PM
**To:** Raymond Dowd <[RDowd@dunnington.com](mailto:RDowd@dunnington.com)>; 'Akbar Khan' <[AKhan@dunnington.com](mailto:AKhan@dunnington.com)>; Samuel A. Blaustein Esq. ([sblaustein@dunnington.com](mailto:sblaustein@dunnington.com)) <[sblaustein@dunnington.com](mailto:sblaustein@dunnington.com)>; Hardin Rowley <[HRowley@dunnington.com](mailto:HRowley@dunnington.com)>; Christopher Vidulich <[CVidulich@dunnington.com](mailto:CVidulich@dunnington.com)>
**Cc:** Valeria Castanaro <[vcastanaro@MOSESSINGER.COM](mailto:vcastanaro@MOSESSINGER.COM)>; Michael Rosenberg <[mrosenberg@MOSESSINGER.COM](mailto:mrosenberg@MOSESSINGER.COM)>; Kornelia Butof <[kbutof@MOSESSINGER.COM](mailto:kbutof@MOSESSINGER.COM)>
**Subject:** Draft letter to court re amended complaint

Good afternoon.  Further to Valeria's email correspondence with you all culminating in Akbar's 4:52 pm email on Friday consenting to this amendment, I attach the draft letter to the Court concerning the Second Amended Complaint, also attached, that we plan to send by tomorrow morning.  Please let us have any comments as soon as possible.

As this proposed amendment and the discovery we have provided resolves your request to the Court to move to challenge diversity jurisdiction, we understand that you will not renew that request to move to dismiss on the basis that Ross Tsoutiev's citizenship defeats diversity jurisdiction.  Please let us know if that is in error.  also

confirm that you will not oppose any future requests to amend the complaint that we may make in future on the basis of this requested amendment.

Please also respond to Valeria's query in her first email to all of you at 3:26 pm concerning your continued ability to represent the Broadcaster Defendants.  If we do not get resolution from you on this issue by noon tomorrow, we will have to notify the Court of our concerns.

Additionally, we have not heard from the Court on numerous issues, including the parties' joint request to extend the discovery schedule.  As we are now already a month into the requested extension, and there are numerous outstanding issues before the Court,  as well as discovery to complete, we suggest submitting another schedule extending the last proposed dates by approximately 45 days. Please let us know if your clients consent to this.

Finally, we have reviewed the documents produced by Kartina to date. While we understand the production is rolling, we note that any documents concerning Kartina's revenue, subscribers, and industry growth, other than publicly available financial statements, are wholly missing.  It is simply not believable that publicly filed financial statements constitute the universe of documents in Kartina's possession, custody and control on these topics.  Please advise as to when we will receive responsive documents on these topics.

We look forward to hearing from you.

Toby

**Toby Butterfield  |  Partner**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7860  |  tbutterfield@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

## Valeria Castanaro

| | |
|---|---|
| **From:** | Valeria Castanaro |
| **Sent:** | Thursday, March 26, 2020 4:55 PM |
| **To:** | Raymond Dowd |
| **Cc:** | 'Akbar Khan'; Hardin Rowley; Samuel Blaustein; Toby Butterfield; Tsutieva, Diana |
| **Subject:** | Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626) |
| **Attachments:** | #4493863-v1-2020-03-26 Second Set of Interrogatories to Defendants.PDF |

Good afternoon,

Please see the attached Plaintiffs' Second Set of Interrogatories to Defendants.

I am also writing to follow up on my correspondence to Akbar on March 19, 2020.  Specifically, please advise as to the status of obtaining a POA from Channel One to authorize your continued representation.

Additionally, as previously requested, please let us know what the subject matter of the Kartina documents you will only make available for inspection.   At this time, office visits are something of an indefinite impossibility. To that end, we strongly urge you to reconsider your refusal to produce the Kartina documents in the ordinary course under the AEO protection afforded in the Protective Order.  Pending your response to both our questions as to the subject matter of the documents at issue and your production of the same, we will have to seek relief from the Court.

Thank you,
Valeria

**Valeria Castanaro  |  Of Counsel**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7894  |  vcastanaro@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**Please visit the COVID-19 resources page on our website.**

## Valeria Castanaro

| | |
|---|---|
| **From:** | Valeria Castanaro |
| **Sent:** | Wednesday, April 01, 2020 8:27 AM |
| **To:** | 'Akbar Khan'; Toby Butterfield |
| **Cc:** | Raymond Dowd; Hardin Rowley; Samuel Blaustein; Christopher Vidulich |
| **Subject:** | RE: Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626) |

Akbar,

Other than to state that Plaintiffs' arguments are "unpersuasive", you continue to fail to cite any legal authority to support Defendants' narrow application of the attorney client privilege to communications concerning Foley Hoag. Plaintiffs do not intend on making the communications at issue available for inspection as Defendants have failed to present any argument supporting the position that Plaintiffs are in any way obligated to do so.

Turning to the Kartina documents, your proposal to make the documents available for inspection after the close of discovery is completely unworkable as it would preclude us from relying on the documents in depositions or in expert discovery. Further, you claim that the protective order is insufficient to protect the information at issue, however you provide no facts or explanation as to why. If you have concerns over the protective order, please explain the same in detail.

We have asked repeatedly for you to divulge the subject matter of the documents to allow us to make an informed decision on this issue. Please do so by close of business today or we will seek immediate relief from the court.

Finally, the Channel One POA expired on March 1, 2020. Moscow went into lockdown on Monday March 30, 2020. You presumptively knew the POA would expire on March 1, 2020, and also had 29 days following its expiration to secure another POA to authorize your continued representation of the Channels. Please explain your inability to obtain the POA for the entirety of the month of March and what assurances we can rely on for you to continue to act as counsel to Channel One. Absent a sufficient and detailed explanation we will immediately raise this issue with the Court.

Thank you,
Valeria

**Valeria Castanaro | Of Counsel**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7894 | vcastanaro@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**Please visit the COVID-19 resources page on our website.**

**From:** Akbar Khan [mailto:AKhan@dunnington.com]
**Sent:** Tuesday, March 31, 2020 8:58 PM

**To:** Valeria Castanaro <vcastanaro@MOSESSINGER.COM>; Toby Butterfield <tbutterfield@MOSESSINGER.COM>
**Cc:** Raymond Dowd <RDowd@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Christopher Vidulich <CVidulich@dunnington.com>
**Subject:** RE: Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626)

Dear Valeria:

I write to respond to your emails of 3/19 and 3/26.  We have considered your analysis on the Foley Hoag communications and find them unpersuasive.  Accordingly, we will proceed by raising with the Court our concerns about Ms. Tsutieva and the Foley Hoag communications unless Plaintiffs produce the communications or permit inspection.  Contrary to your assertion, these issues are not already before the Court.

Regarding the confidential Kartina business records, we intend to make the documents available for inspection but we will not jeopardize sensitive information pertaining to our client, especially while we have concerns that the protective order has not been adequately adhered to.  Accordingly, we believe that inspection is the best way to protect our client's sensitive business information.  We do appreciate, however, that the COVID-19 emergency has made it impossible to arrange for an inspection.  Therefore, we are prepared to stipulate to a carve out for the inspection of these documents at our offices after the close of discovery if need be, once such inspection is safe and permissible.  We are available to meet and confer to discuss these issues.

Regarding the Channel One POA, Moscow went into mandatory quarantine, so we ask for Plaintiffs' continued patience.

We wish your team good health.

Kind regards,
Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**
Email: AKhan@dunnington.com

---

**From:** Valeria Castanaro [mailto:vcastanaro@MOSESSINGER.COM]
**Sent:** Thursday, March 26, 2020 4:55 PM
**To:** Raymond Dowd <RDowd@dunnington.com>
**Cc:** Akbar Khan <AKhan@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Tsutieva, Diana <DTsutieva@foleyhoag.com>
**Subject:** Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626)

Good afternoon,

Please see the attached Plaintiffs' Second Set of Interrogatories to Defendants.

I am also writing to follow up on my correspondence to Akbar on March 19, 2020.  Specifically, please advise as to the status of obtaining a POA from Channel One to authorize your continued representation.

Additionally, as previously requested, please let us know what the subject matter of the Kartina documents you will only make available for inspection.   At this time, office visits are something of an indefinite impossibility. To that end, we strongly urge you to reconsider your refusal to produce the Kartina documents in the ordinary course under the AEO

protection afforded in the Protective Order.  Pending your response to both our questions as to the subject matter of the documents at issue and your production of the same, we will have to seek relief from the Court.

Thank you,
Valeria


**Valeria Castanaro  |  Of Counsel**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7894  |  vcastanaro@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**Please visit the COVID-19 resources page on our website.**

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy

## Valeria Castanaro

| | |
|---|---|
| **From:** | Akbar Khan <AKhan@dunnington.com> |
| **Sent:** | Tuesday, March 31, 2020 8:58 PM |
| **To:** | Valeria Castanaro; Toby Butterfield |
| **Cc:** | Raymond Dowd; Hardin Rowley; Samuel Blaustein; Christopher Vidulich |
| **Subject:** | RE: Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626) |

Dear Valeria:

I write to respond to your emails of 3/19 and 3/26.  We have considered your analysis on the Foley Hoag communications and find them unpersuasive.  Accordingly, we will proceed by raising with the Court our concerns about Ms. Tsutieva and the Foley Hoag communications unless Plaintiffs produce the communications or permit inspection.  Contrary to your assertion, these issues are not already before the Court.

Regarding the confidential Kartina business records, we intend to make the documents available for inspection but we will not jeopardize sensitive information pertaining to our client, especially while we have concerns that the protective order has not been adequately adhered to.  Accordingly, we believe that inspection is the best way to protect our client's sensitive business information.  We do appreciate, however, that the COVID-19 emergency has made it impossible to arrange for an inspection.  Therefore, we are prepared to stipulate to a carve out for the inspection of these documents at our offices after the close of discovery if need be, once such inspection is safe and permissible.  We are available to meet and confer to discuss these issues.

Regarding the Channel One POA, Moscow went into mandatory quarantine, so we ask for Plaintiffs' continued patience.

We wish your team good health.

Kind regards,
Akbar Azam Khan
Associate
**DUNNINGTON, BARTHOLOW & MILLER LLP**
Email: AKhan@dunnington.com

---

**From:** Valeria Castanaro [mailto:vcastanaro@MOSESSINGER.COM]
**Sent:** Thursday, March 26, 2020 4:55 PM
**To:** Raymond Dowd <RDowd@dunnington.com>
**Cc:** Akbar Khan <AKhan@dunnington.com>; Hardin Rowley <HRowley@dunnington.com>; Samuel Blaustein <SBlaustein@dunnington.com>; Toby Butterfield <tbutterfield@MOSESSINGER.COM>; Tsutieva, Diana <DTsutieva@foleyhoag.com>
**Subject:** Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-6626)

Good afternoon,

Please see the attached Plaintiffs' Second Set of Interrogatories to Defendants.

I am also writing to follow up on my correspondence to Akbar on March 19, 2020.  Specifically, please advise as to the status of obtaining a POA from Channel One to authorize your continued representation.

Additionally, as previously requested, please let us know what the subject matter of the Kartina documents you will only make available for inspection.   At this time, office visits are something of an indefinite impossibility. To that end, we strongly urge you to reconsider your refusal to produce the Kartina documents in the ordinary course under the AEO protection afforded in the Protective Order.  Pending your response to both our questions as to the subject matter of the documents at issue and your production of the same, we will have to seek relief from the Court.

Thank you,
Valeria

**Valeria Castanaro  |  Of Counsel**
**Moses & Singer LLP**
The Chrysler Building, 405 Lexington Avenue
New York, New York 10174
t: 212.554.7894  |  vcastanaro@mosessinger.com
www.mosessinger.com
*Celebrating 100 Years and Beyond*

**Please visit the COVID-19 resources page on our website.**

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not print, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy