

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com


Toby Butterfield
Direct Dial: 212.554.7860
Fax: 212.377.6040
E-Mail: tbutterfield@mosessinger.com


April 6, 2020


**VIA ECF**

Hon. Kevin N. Fox
United States Magistrate Judge
US Courthouse – S.D.N.Y.
40 Foley Square
New York, NY 10007

> **Re:**   **Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)**

Dear Magistrate Judge Fox:

We are counsel to Plaintiffs in the above referenced action, and write in furtherance of our letter to the Court dated April 3, 2020 (ECF No. 148).

Within forty minutes of Plaintiffs' filing their April 3, 2020 letter to the Court, raising three issues, starting with Defendants' refusal to produce documents responsive to Plaintiffs' prior document requests and insistence on merely making those documents for "in person" inspection after the close of discovery, Defendants designated and produced and produced various "Attorneys' Eyes Only" documents.

However, Defendants' unilaterally imposed a "**demand**" (emphasis in original) that one of Plaintiffs' counsel at a large firm in Washington, D.C. and their General Counsel must not be allowed to review or becoming privy to the documents produced.  Despite the parties' explicit agreement as to who may access "Attorneys' Eyes Only" documents, which the Court also ordered (ECF No. 104, Stipulated Confidentiality Order), Defendants purported to prohibit Ms. Diana Tsutieva (who recently entered an appearance herein) and Mr. Mikhail Lezhnev (in-house counsel to the corporate Plaintiffs) from viewing the documents. Defendants' counsel's letter containing that demand is attached hereto as **Exhibit A**.  Plaintiffs rejected the terms of Defendants' production as unacceptable and demanded Defendants withdraw their demand by 10:00 AM today.  A copy of my reply to Defendants' counsel is attached hereto as **Exhibit B**. Defendants have not responded to Plaintiffs.

Defendants cannot unilaterally write additional terms into the Stipulated Confidentiality Order or restrict attorneys' access to evidence in this action.  Nevertheless, Moses & Singer attorneys reviewed the documents, and the documents do not contain any unusually proprietary or confidential financial information requiring any sort of heightened secrecy.  Defendants



Hon. Kevin N. Fox
April 6, 2020
Page 2

continue to create obstacles during the course of discovery, needlessly driving up costs for Plaintiffs and unnecessarily requiring Plaintiffs to seek the Court's assistance during this difficult time.

We cannot allow Defendants to dictate which attorney may review specific documents, so remain compelled to seek the Court's direction to Defendants' to relent from their unjustified position.  The other issues detailed in Plaintiffs' April 3, 2020 letter remain, particularly whether Defendants' counsel are still authorized to defend the case on behalf of all Defendants. We deeply appreciate the Court's attention to these matters, and hope to hear from the Court so we may resume and complete discovery.

Respectfully,

s/ *Toby Butterfield*

Toby Butterfield

Encs.

cc:     All counsel **(via ECF)**