**DUNNINGTON**
**BARTHOLOW & MILLER LLP**

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | RDowd@dunnington.com

April 6, 2020

**VIA ECF**
Hon. Kevin N. Fox
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Actava TV, Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide et al.* **(18-cv-06626) (ALC) (KNF)**

Dear Judge Fox:

      We represent Defendants ("Broadcasters") and write to respond to Plaintiffs' ("Actava") April 3, 2020 letter ("Letter") (ECF 148) seeking to make a discovery-related application without complying with Rule 2.A of Your Honor's revised Individual Rule 2.A which requires discovery letter-motions to be joint, no longer than two pages, and without attachments.  Actava's Letter is defective as it is not joint, exceeds two pages, and attaches an unpermitted exhibit

      Actava's Letter raises three issues: (1) Broadcasters' offer to make highly sensitive documents of Defendant Kartina Digital GmbH ("Kartina") containing trade secrets and other confidential data available for inspection; (2) the continued authority of counsel to represent Defendant Joint Stock Company "Channel One Russia Worldwide" ("Channel One"); and (3) Actava's existing challenge to claims of privilege over communications involving Kartina.

      Actava's unauthorized direct application to the Court without permitting Broadcasters to present their side of the story was sent late on a Friday afternoon to restrict Broadcasters' ability to timely respond and absent advance consultation with Broadcasters prior to submission as required by Your Honor's Individual Rules.  Broadcasters have thus been deprived of the opportunity Your Honor's Individual Rules provide to propose their solutions with reasons and legal authorities. The issues raised in the Letter have either been resolved or concern issues that Actava misrepresents.

      As to the first issue of confidential Kartina documents, the issue is now resolved as Broadcasters produced the contested documents "Attorneys' Eyes Only" pursuant to the operative Protective Order (ECF 104) and with the request that Mikhail Lezhnev and Diana Tsutieva (the daughter of Actava's principal) not be permitted to view the documents.  Broadcasters only learned of Ms. Tsutieva's purported involvement as an attorney in this matter when Actava belatedly produced a privilege log on December 16, 2019.  Had Broadcasters known about Ms. Tsutieva's purported involvement as an attorney, Broadcasters would have sought an appropriate restriction in the Protective Order (ECF 104).  Family relationships often give rise to conflicts of interest in the attorney/client context.  *See generally* Jason W. Whitney, *Brother's Keeper: The Legal Ethics of Representing Family Members*, 38 St Mary's LJ 1101, 1109 (2007) (discussing conflicts of

Hon. Kevin N. Fox
April 6, 2020
Page 2



interest that may arise from an attorney's personal interest when representing family members). In light of Ms. Tsutieva's conflict of interest, Broadcasters' offer for inspection of the pertinent Kartina documents was a reasonable and permissible form of disclosure here, particularly in light of the fact that Actava's own interrogatory responses contemplate inspection as a method of production and Actava only made Plaintiff Rouslan Tsoutiev's passport available through inspection but did not produce any copies or permit copying or note-taking at the inspection. (ECF 143.) Nonetheless, due to the impossibility of an in-person inspection in the present COVID-19 pandemic, Broadcasters voluntarily produced the requested documents. Broadcasters were in the process of Bates numbering and producing the documents when Actava wrote the Letter. Broadcasters produced the documents on April 3, 2020, which were Bates-numbered KARTINAACTAVA001192-1216. Had Actava respected Your Honor's revised Individual Rules, we would have informed Actava that the production was forthcoming and motion practice was wasteful and unnecessary.

As to the second issue of Dunnington, Bartholow & Miller LLP ("Dunnington")'s authority to represent Broadcasters, Dunnington has authority and continues to represent Channel One. *Hallock v State*, 64 NY2d 224, 230 [1984] ('From the nature of the attorney-client relationship itself, an attorney derives authority to manage the conduct of litigation on behalf of a client, including the authority to make certain procedural or tactical decisions."). We advised Actava of this, as we have before, but they chose to raise this issue with the Court anyway. Channel One has not revoked Dunnington's authority.

As to the third issue of Actava's existing challenge to Broadcasters' privilege designations, the issue is already briefed before the Court (ECF 137-141). Accordingly, Actava's raising the issue again is duplicative. Actava's letter makes it seem as though the parties have been continuing efforts to resolve Actava's prior application to the Court about Broadcasters' privilege designations. This is inaccurate because the parties' dispute since Actava's prior application has centered on Actava's privilege designations, not those of Broadcasters. Specifically, Broadcasters objected to Actava's privilege designations over communications involving Diana Tsutieva. The objections Broadcasters have raised to Actava concerning Ms. Tsutieva are not yet before the Court. Broadcasters are in the process of raising this dispute to the Court by joint letter in accordance with Your Honor's revised Individual Rules.

For the foregoing reasons, Broadcasters request that the Court deny Actava's application and direct the parties to resolve the issues in accordance with Your Honor's Individual Rules.

Respectfully submitted,
/s/ Raymond J. Dowd