UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | Index No.: 1:18-cv-06626 (ALC/KNF) <br><br> **AMENDED ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively, the "Actava Parties") respectfully submit their Amended Answer and Affirmative Defenses to Defendants' (or "Counterclaim Plaintiffs'") Counterclaims filed on April 6, 2020 (ECF No. 150 at 14-28).[1]

## INTRODUCTORY STATEMENT

The Counterclaims contravene the Federal Rules of Civil Procedure by improperly combining factual allegations with argument so as to make admissions or denials of such allegations unreasonably difficult or impractical. In addition, many of the Counterclaims' allegations are overly broad, vague, and/or conclusory. Accordingly, by way of general response, all allegations in the Counterclaims are denied unless expressly admitted. Any factual

---

[1] Defendants filed their original Counterclaims on October 9, 2019 (ECF No. 122). Thereafter, Plaintiffs filed a Second Amended Complaint and Demand for Jury Trial (ECF No. 147), in reponse to which Defendants filed an Answer and Counterclaims on April 6, 2020 (ECF No. 150). Defendants' Counterclaims, and Plaintiffs' Answers thereto, are identical in all relevant respects to the respective original versions.

allegation admitted below is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation which are in the allegation or the Counterclaims as a whole.

The Actava Parties respectfully submit that the Counterclaims contain numerous allegations that constitute legal conclusions. As the Actava Parties are not required to respond to legal conclusions in their Answer, and they neither admit nor deny those purported allegations. To the extent a response is required, the Actava Parties deny such allegations, unless otherwise stated.

In addition, the headings, sub-headings, and/or unnumbered paragraphs used or referenced in the Counterclaims do not require a response, but to avoid any doubt, to the extent they contain allegations asserted against the Actava Parties, any such allegations are denied.

The comments and objections in this Introductory Statement are incorporated into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

121.    The Actava Parties admit that Kartina and Matvil are licensees of certain Broadcasters in the United States.

122.    Admitted.

123.    Admitted.

124.    Admitted.

125.    Denied, except admit that Judge Daniels entered a default judgment.

126. The Actava Parties deny Paragraph 126, state that the Injunction speaks for itself, and respectfully refer the Court to the Injunction for a complete and accurate recitation of the contents thereof.

127. Admitted.

128. The Actava Parties admit that that Actava's revenues dropped considerably after Defendants initiated and continued their malicious litigation conduct. The Actava Parties otherwise deny the allegations in Paragraph 128.

129. Admitted.

130. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

131. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

132. Denied.

133. Admitted.

134. The Actava Parties state that the Injunctions speak for themselves, and respectfully refer the Court to the Injunctions for a complete and accurate recitation of the contents thereof.

135. The Actava Parties state that the Injunctions speak for themselves, and respectfully refer the Court to the Injunctions for a complete and accurate recitation of the contents thereof.

136. To the extent the allegations in Paragraph 136 state legal conclusions, no response is required. To the extent a response is required, the Actava Parties deny the allegations in Paragraph 136.

137. Admitted.

138. Denied.

139. Denied.

140. The Actava Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141. The Actava Parties state that the Licensing Agreement speaks for itself, and respectfully refer the Court to the Licensing Agreement for a complete and accurate recitation of the contents thereof.

142. The Actava Parties state that the Licensing Agreement speaks for itself, and respectfully refer the Court to the Licensing Agreement for a complete and accurate recitation of the contents thereof.

143. The Actava Parties state that the Licensing Agreement speaks for itself, and respectfully refer the Court to the Licensing Agreement for a complete and accurate recitation of the contents thereof.

144. The Actava Parties state that the Licensing Agreement speaks for itself, and respectfully refer the Court to the Licensing Agreement for a complete and accurate recitation of the contents thereof.

145. The Actava Parties state that Judge Moses' Order speaks for itself, and respectfully refer the Court to Judge Moses' Order for a complete and accurate recitation of the

contents thereof. The Actava Parties further admit that the Broadcasters did not submit any license agreements with the contempt motions.

146. The Actava Parties admit that the Broadcasters "were unable to show at the time of the hearing based on available 'clear and convincing' evidence that Actava violated the Injunction," and admit the "high standard necessary to prove contempt." The Actava Parties otherwise deny the allegations of Paragraph 146.

147. Denied.

148. The Actava Parties state that Judge Moses' Order speaks for itself, and respectfully refer the Court to Judge Moses' Order for a complete and accurate recitation of the contents thereof.

149. The Actava Parties admit that Matvil and Actava entered into the Referral Agreement on September 8, 2016 after months of negotiations. The Actava Parties otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149.

150. The Actava Parties admit that the Referral Agreement enabled Actava to operationalize set-top box distribution and implementation for consumers for Matvil's IPTV service in New York and the Northeastern corridor. The Actava Parties deny the remaining allegations of Paragraph 150.

151. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

152. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

153. The Actava Parties admit that Broadcasters' counsel wrote to Actava on October 19, 2016, and respectfully refer the Court to the letter in question for a complete and accurate recitation of the contents thereof. The Actava Parties otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 153.

154. Denied.

155. The Actava Parties state that the Notice of Breach speaks for itself, and respectfully refer the Court to the Notice of Breach for a complete and accurate recitation of the contents thereof. The Actava Parties deny that the Notice of Breach was consistent with Broadcasters' obligations under the Settlement Agreement.

156. Admitted.

157. The Actava Parties admit that Broadcasters' counsel sent correspondence to Actava on November 14, 2016, and respectfully refer the Court to the letter in question for a complete and accurate recitation of the contents thereof.

158. Denied.

159. Denied.

160. Admitted.

161. The Actava Parties state that Judge Moses' Order speaks for itself, and respectfully refer the Court to Judge Moses' Order for a complete and accurate recitation of the contents thereof.

162. To the extent the allegations in Paragraph 162 state legal conclusions, no response is required.  To the extent a response is required, the Actava Parties deny the allegations in Paragraph 162.

163. The Actava Parties state that Judge Moses' Order speaks for itself, and respectfully refer the Court to Judge Moses' Order for a complete and accurate recitation of the contents thereof.

164. Denied.

165. Denied.

166. The Actava Parties admit that counsel to Matvil sent a letter to Actava's counsel dated August 2, 2018.  The Actava Parties further state that the letter speaks for itself, and respectfully refer the Court to the letter in question for a complete and accurate recitation of the contents thereof.

167. The Actava Parties state that the letter speaks for itself, and respectfully refer the Court to the letter in question for a complete and accurate recitation of the contents thereof.

168. Admitted.

169. The Actava Parties state that the Referral Agreement speaks for itself, and respectfully refer the Court to the Referral Agreement for a complete and accurate recitation of the contents thereof.

170. Denied.

171. The Actava Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172. The Actava Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173. Admitted.

174. Denied.

175. Admitted.

176. Denied.

177. The Actava Parties admit that Actava did not disclose ownership of the domain www.russisantelek.com during settlement discussions. The Actava Parties deny the remainder of the allegations in Paragraph 177.

178. The Actava Parties admit that Actava did not disclose its relationship with RT or its control or use of the domain www.russiantelek.com in the Settlement. The Actava Parties deny the remainder of the allegations in Paragraph 178.

179. The Actava Parties admit that counsel to Broadcasters sent a letter to Actava's counsel dated November 16, 2018.

180. The Actava Parties state that the letter speaks for itself, and respectfully refer the Court to the letter in question for a complete and accurate recitation of the contents thereof. The Actava Parties otherwise deny the allegations in Paragraph 180.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. The Actava Parties state that no response is required to the allegations in Paragraph 186.

187. The Actava Parties were aware of the actual and continuing business relationship between Matvil and Channel One. The Actava Parties otherwise deny the allegations of Paragraph 187.

188. The Actava Parties were aware of the actual and continuing business relationship between Matvil and Channel CTC Media. The Actava Parties otherwise deny the allegations of Paragraph 188.

189. The Actava Parties were aware of the actual and continuing business relationship between Matvil and Channel Comedy TV N/K/A GETV. The Actava Parties otherwise deny the allegations of Paragraph 189.

190. The Actava Parties were aware of the actual and continuing business relationship between Matvil and Rain TV. The Actava Parties otherwise deny the allegations of Paragraph 190.

191. Denied.

192. Denied.

193. The Actava Parties deny that they committed tortious conduct. The Actava Parties otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 193.

194. Denied.

195. The Actava Parties state that no response is required to the allegations of paragraph 195.

196. To the extent the allegations in Paragraph 196 state legal conclusions, no response is required. To the extent a response is required, the Actava Parties admit the allegations in Paragraph 196.

197. To the extent the allegations in Paragraph 197 state legal conclusions, no response is required. To the extent Paragraph 197 contains factual allegations or a response is otherwise required, the Actava Parties deny the allegations in Paragraph 197.

198. Admitted.

199. Denied.

200. Denied.

201. The Actava Parties admit that the Broadcasters sent correspondence to Actava's counsel on November 16, 2018.

202. Denied.

203. Denied.

204. Denied.

205. The Actava Parties are not required to respond to the allegations of Paragraph 205.

206. To the extent the allegations in Paragraph 206 state legal conclusions, no response is required. To the extent Paragraph 206 contains any factual allegations or a response is otherwise required, the Actava Parties deny the allegations in Paragraph 206.

207. Admitted.

208. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

209. The Actava Parties state that the Settlement Agreement speaks for itself, and respectfully refer the Court to the Settlement Agreement for a complete and accurate recitation of the contents thereof.

210. Denied.

211. The Actava Parties lack knowledge or information sufficient to form a belief as to the truth of whether the Broadcasters knew of Actava's ownership of the domain www.russiantelek.com. The Actava Parties otherwise deny the remaining allegations of Paragraph 211.

212. Denied.

213. The Actava Parties deny that Actava distributed IPTV through the domain www.russiantelek.com or the RT Website.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of the Actava Parties and without conceding that they have the burden of proof on any of the following defenses and affirmative defenses, the Actava Parties assert the following defense and affirmative defenses to the Counterclaims:

1. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, because they fail to state a claim against the Actava Parties.

2. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, under equitable doctrines, including, without limitation, estoppel and ratification.

3. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, by the applicable statutes of repose, limitations, and/or the doctrine of laches.

4. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, because Counterclaim Plaintiffs, by acts, omissions, and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the Complaint.

5. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of illegality and/or unclean hands.

6. Counterclaim Plaintiffs' claims for relief are barred, in whole or in part, because Counterclaim Plaintiffs failed to mitigate their damages.

7. Counterclaim Plaintiffs' demand for punitive damages is barred because they are not entitled to punitive damages.

8. Counterclaim Plaintiffs are precluded from recovering attorneys' fees or other fees from the Actava Parties.

9. By designating the aforementioned affirmative defenses, the Actava Parties do not in any way waive or limit any defenses which are or may be raised by their denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of the Actava Parties to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

10. The Actava Parties expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

**WHEREFORE,** the Actava Parties respectfully seek judgment as follows:

A. That Counterclaim Plaintiffs take nothing by virtue of the Counterclaims;

B. That the Counterclaims are dismissed with prejudice;

      C.      That the Actava Parties be awarded the costs of defending the Counterclaims, including reasonable attorneys' fees, costs and disbursements; and

      D.      For such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
             April 24, 2020

                            Respectfully submitted,

                            MOSES & SINGER LLP

By: _/s/ Toby Butterfield_____

                    Toby Butterfield
                    Michael Rosenberg
                    405 Lexington Avenue
                    New York, NY 10174
                    Telephone: (212) 554-7800
                    Facsimile: (212) 554-7700
                    tbutterfield@mosessinger.com
                    mrosenberg@mosessinger.com