```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ACTAVA TV, INC., et al.,                          :

                Plaintiffs,                       :       **MEMORANDUM & ORDER**

        -against-                                 :       18-CV-6626 (ALC) (KNF)

JOINT STOCK COMPANY "CHANNEL
ONE RUSSIA WORLDWIDE," et al.,                    :

                Defendants.                       :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Plaintiffs Actava TV, Inc. ("Actava TV"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev ("plaintiffs") seek attorneys' fees and costs incurred in connection with their Motion to Compel Discovery and Granting Sanctions ("the Motion") against defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company, "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV" and Kartina Digital GmbH ("Defendants").

## **PLAINTIFFS' CONTENTIONS**

On November 6, 2019, the Court directed Toby Butterfield ("Butterfield"), attorney for the plaintiffs, to submit, on or before November 21, 2019, evidence in support of the plaintiffs' application for reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(C). Counsel submitted a declaration purporting to evidence the plaintiffs'

1

reasonable expenses incurred in prosecuting the Motion and to support the plaintiffs' application.

As set forth in Butterfield's declaration, the plaintiffs' motion concerned eleven discovery requests directed to the defendants. The plaintiffs contend that they overcame every type of objection asserted by the defendants, with the exception of one as to overbreadth, with respect to two requests. During the hearing on the Motion, the Court directed the defendants to comply with and produce documents and information responsive to nine of the eleven requests. Hence, the plaintiffs seek $9/11^{ths}$ or 82% percent, of the expenses they incurred in connection with the Motion.[1] Specifically, the plaintiffs seek a total amount of expenses, cumulative of attorney's fees and costs, of $40,266.44. The plaintiffs submit that the amount of their reasonable expenses for recovery is 82% of that amount, which they assert is $33,018.16.[2]

The plaintiffs maintain that the following attorneys and staff worked on the Motion: lead partner Butterfield and lead associate Michael Rosenberg ("Rosenberg") of Moses & Singer LLP. Additionally, Mikhail Lezhnev ("Lezhnev") of Lezhnev Law, PLLC, served as counsel to the plaintiffs, and contributed to the Motion. According to Butterfield, a "conscious effort" was made to "keep the legal team as minimal as possible to avoid excessive and

---

[1] Request No. 9 was part of the plaintiffs' motion and the Court determined that the request, although it sought relevant material, was overly broad as written and, therefore, sustained the defendants' objection to the request. Since the hearing, the plaintiffs have served a narrower version of Request No. 9 as an additional document demand. Nevertheless, the plaintiffs did not count Request No. 9 towards the plaintiffs' percentage of success on the instant motion for purposes of this application.

[2] It should be noted that the calculation is in error; the correct figure is $33,018.48.

duplicative billing by different attorneys." Butterfield avers that he is a member of Moses & Singer's Litigation, Intellectual Property and Internet & Technology groups and that he has over twenty-five years of experience as a litigator. Butterfield received a B.A. degree from Oxford University and an LL.M. degree from New York University School of Law (LL.M.).

Rosenberg, the associate handling this case under Butterfield's supervision, obtained a B.A. degree from Duke University and his J.D. degree in 2012 from Columbia University Law School. Rosenberg has more than six years of litigation experience. Lezhnev serves as General Counsel for Master Call Corporation and Actava TV, Inc. and is the founder and principal of Lezhnev Law. Lezhnev has a J.D. degree, an M.B.A. degree and a Master's degree in Tax Law; he is also a certified public accountant. Additionally, Lezhnev speaks fluent Russian and researches Russian law issues.

Butterfield's customary hourly rate for legal services in 2019 was $800.00; however, he agreed to charge the plaintiffs a discounted hourly rate of $695.00 in the instant matter. Rosenberg's customary hourly rate for legal services in 2019 was $450.00; however, the plaintiffs were billed a discounted hourly rate of $400.00 for time he expended on this litigation.

The plaintiffs state that the hourly rate for legal services at which Lezhnev billed them in 2019 was $300.00. They explain that the rate was "heavily discounted" based on the fact that much of his time was devoted to providing general legal support and advice to the plaintiffs on a variety of matters, including this one.

The plaintiffs submitted Moses & Singer's contemporaneous time records for the work expended on the Motion in March, April, May, October and November of 2019. See

3

Exhibits E and F to Butterfield's declaration. According to those records, Butterfield spent 32.8 hours strategizing, drafting, editing and corresponding in connection with the plaintiffs' Motion. At the discounted rate of $695.00 per hour, the total amount the plaintiffs incurred for Butterfield's services is $22,796.00. The plaintiffs seek 82% of this amount, which they contend is $18,692.72.[3]

Rosenberg expended 19.5 hours on the Motion, engaged primarily in legal research. The plaintiffs contend that, at Rosenberg's discounted rate, they incurred $7,800.00 in legal fees for his services.  The plaintiffs seek to recover 82% of that amount, $6,396.00.

According to the plaintiffs, Lezhnev's discounted fees for his activities associated with the Motion are $6,790.00.

## DEFENDANTS' CONTENTIONS

The defendants submitted a memorandum of law in opposition to the plaintiffs' application for attorneys' fees, as well as the declaration of their attorney, Raymond J. Dowd, a partner at the law firm Dunnington Bartholow & Miller LLP. The defendants contend that the fees claimed by the plaintiffs are excessive, duplicative and unauthorized.

The defendants assert that the Court's order requires the authentication of the relevant fees and expenses; however, they contend, the attachments to the plaintiffs' fee Declaration, e.g., attorney time sheets, are incomplete or heavily redacted. For example, the defendants contend, a time sheet entry dated 3/11/19, which contains the description "Westlaw" and an accompanying cost, is otherwise completely redacted. Similarly, a time sheet entry dated 3/12/19 contains one entry for Rosenberg but is otherwise completely redacted.  The

---

[3] The plaintiffs identify, incorrectly, the amount in question as $18,692.00; in fact, 82% of $22,796.00 is $18,692.72.

defendants point out that numerous time sheet entries are so heavily redacted no information about the work performed is provided. Furthermore, to the extent that the time sheet entries identify work performed, the entries are often vague. According to the defendants, these types of records raise numerous questions about how the fees and expenses were calculated.

The defendants assert that the fees requested by the plaintiffs are unreasonable and duplicative. They observe that the plaintiffs assigned three attorneys to expend nearly 80 hours on a routine discovery motion. The defendants note that Lezhnev's biography indicates he is not a litigator with any intellectual property experience. Therefore, his time is entirely duplicative of Butterfield's and should be disallowed entirely. Moreover, the defendants maintain, the fee incurred for Butterfield to "prepare for oral argument of [the]motion to compel," which appears in Exhibit E to Butterfield's declaration, is unwarranted because the Court did not hold oral argument on the motion to compel. Hence, the defendants assert that this is an attempt by the plaintiffs to "obtain a windfall fee."

Furthermore, the defendants contend, the hourly rates charged by the plaintiffs' counsel, e.g., $695.00 for Butterfield, are excessive and should be reduced. The defendants urge the Court to reduce the fee application by at least $11,540.70, the amount they maintain represents duplicative, unreasonable and excessive billing by the plaintiffs' counsel. According to the defendants, the remaining $21,477.46 sought by the plaintiffs should be reduced by 50% for the vague time entries, redactions and the lack of clarity about how much the plaintiffs are paying their counsel. This would result in an award of $10,738.73.

**PLAINTIFFS' REPLY**

The plaintiffs contend that the defendants' opposition to their application is baseless and the proposed reductions to the reasonable amount sought by the plaintiffs have no support in fact. According to the plaintiffs, the defendants assert unjustifiably that the plaintiffs failed to introduce proper evidence of costs incurred. In fact, the plaintiffs submitted the standard widely accepted proofs for recovery of fees, that is, attorney biographies, to support the hourly rates claimed by each timekeeper and contemporaneous invoices with individual entries specifying each task performed for which a fee award is sought and justified. The plaintiffs assert that they paid the invoices submitted, and the defendants offer no precedent suggesting such evidence is inadequate to support a claim for reasonable expenses. Further, the plaintiffs do not seek reimbursement for redacted time entries. The plaintiffs maintain that the entries that were redacted from their counsel's timesheets pertain to aspects of this litigation separate and apart from the plaintiffs' Motion. The plaintiffs contend that they have sought to avoid duplication of effort and have succeeded in doing so. The plaintiffs assert that a review of the invoices submitted makes clear that the tasks of drafting, researching and finalizing the motion papers were appropriate. The plaintiffs maintain their position and request an order be issued that the defendants pay the plaintiffs' reasonable expenses incurred as a result of the Motion in the amount of $33,018.16.

## **LEGAL STANDARD**

On a motion for an order compelling disclosure or discovery, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). When exercising their discretion to determine the

reasonableness of the attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In calculating the presumptively reasonable fee, a district court must consider, among others, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Arbor Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 190. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> Id. at 186-87 n.3.

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

Evidence Supporting Fee Application

In a circumstance such as this, where fees are sought to be shifted, the fee applicant has the burden of submitting evidence establishing its entitlement to the amount sought, including documentation showing the reasonable hours expended and the rates at which the legal services provided were billed. See United States ex rel. Keshner v. Nursing Personnel Home Care,

794 F.3d 232, 235 (2d Cir. 2015). The defendants assert that the plaintiffs failed to present proper evidence to support their fee application. The defendants contend that the documentation submitted by the plaintiffs is heavily redacted, which calls into question how the fees and expenses were calculated. The plaintiffs note that they are not seeking reimbursement for redacted time entries and that the redacted portions of the entries simply protect privileged information from improper disclosure.

The defendants' assertion about the adequacy of the plaintiffs' fee application is not supported by the record. The plaintiffs submitted their counsel's declaration with information about the background and experience of each attorney who worked on the Motion, contemporaneous invoices with individual entries specifying each task performed by the timekeeper for which a fee award is sought, and the discounted hourly rates at which counsel billed for the legal services performed. The information submitted by the plaintiffs satisfies the burden placed on a fee applicant to supply information to support its request for fees, at least with respect to the matter of hourly rates, except as noted below.

Hourly Rates

The plaintiffs contend that Butterfield's customary hourly rate in 2019 was $800.00 and that he agreed to bill them at a discounted rate of $695.00 in the instant matter. The plaintiffs were billed $22,796.00 for Butterfield's services and seek to recoup 82% of that amount, or $18,692.00. Rosenberg's customary hourly rate, $450.00, was discounted to $400.00 and the plaintiffs were billed $7,800.00 for the legal services he provided to them. The plaintiffs seek to recover 82% of that amount, $6,396.00.

The hourly rates requested by Butterfield and Rosenberg are in line with the prevailing market rates for partners and associates of reasonably comparable skill, experience and

reputation in New York. See Sid Bernstein Presents, LLC v. Apple Corps Ltd., No. 16-CV-7084, 2018 WL 3300688, at *8 (S.D.N.Y. Jan. 25, 2018); Themis Capital v. Democratic Republic of Congo, No. 09 Civ. 1652, 2016 WL 817440 at *4 (S.D.N.Y. Feb. 22, 2016); Taylor Precision Prods, Inc. v. The Larimer Group, Inc., No. 15-CV-4428, 2017 WL 1745502, at *2 (S.D.N.Y. April 13, 2017) (citing cases).

Based on the prevailing market rates relied upon in these cases and the Court's own familiarity with the hourly rates prevailing in this judicial district for similar services by attorneys with reasonably comparable skills, experiences and reputations, the Court finds that the $695.00 charged by Butterfield, and the $400.00 charged by Rosenberg, are reasonable hourly rates.

As for the discounted hourly rate at which Lezhnev provided legal services to the plaintiffs, $300.00, the plaintiffs have provided no information through which the Court could determine whether this discounted rate is reasonable in these circumstances. Specifically, the plaintiffs' assertion that a "heavy discount" was taken in this case, with respect to Lezhnev's regular hourly rate of compensation, cannot be verified or supported on the basis of the record before the Court. The failure on the plaintiffs' part to identify Lezhnev's regularly hourly rate of compensation, from which the "heavy discount" was taken, impedes the Court's assessment of the reasonableness of the plaintiffs' fee request as it relates to Lezhnev. To remedy this failing, the Court finds that a 50% reduction in the amount of fees claimed for Lezhnev is reasonable in this case.

Number of Hours

"To enable a court to determine whether counsel's time charges are reasonable, a party

must submit contemporaneous time records indicating the number of hours expended and the nature of the work done." Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC, et al., No. 08 Civ. 442, 2013 WL 3322249, at *6 (S.D.N.Y. July 2, 2013). Thus, in order to determine whether a fee request is reasonable, "the Court must 'examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case, and if it concludes that any expenditure of time was unreasonable, it should exclude these hours from the calculation of the reasonable fee.'" Id.

In this case, the plaintiffs have succeeded in demonstrating the reasonableness of the number of hours spent on the instant motion. The plaintiffs note, persuasively, that counsel attempted to keep the legal team minimal so as to avoid duplicative billing and the clients were willing to pay the fees as evidenced by the fact that the plaintiffs are current with payment of the bills from their counsel's law firm. Contemporaneous time records submitted by the plaintiffs reveal a reasonable number of hours expended on tasks and note that the only costs sought by the plaintiffs are those for legal research.[4] No evidence exists in the record presented of senior attorneys doing the work of junior attorneys, of inappropriate billing records, such as block billing, or an excessive or unreasonable number of hours billed. Additionally, as discussed earlier, the plaintiffs have adjusted their fee application to reflect that they overcame all but two of the objections to their discovery requests. Under the circumstances, the Court finds that, except as noted above, the plaintiffs have demonstrated that a reduction of the fee application is not reasonable here. This is in contrast to cases where

---

[4] The plaintiffs seek reimbursement for 12 individual time entries on the Moses & Singer LLP invoices and seven entries on Lezhnev's invoices, which contain limited redactions aimed at protecting attorney-client privilege and work product doctrine matters.

a fee reduction is justified. See, e.g., Star Direct Telecom, Inc. v. Global Crossing Bandwidth, No. 05-CV-6734, 2012 WL 2992629, at *6 (W.D.N.Y. July 20, 2012) (request for reimbursement for over 100 hours of work is excessive); Douglas v. Anthem Prods., No. 18 Civ. 5789, 2020 WL 2631496, at *6 (S.D.N.Y. May 26, 2020) (having examined the records, deducting a reasonable percentage of the number of hours claimed as a means of "trimming fat" from a fee application); Travel Leaders Grp., LLC v. Corely, No. 19-CV-1595, 2019 WL 6647319, at *17 (S.D.N.Y. Dec. 5, 2019) (finding across-the-board reduction to the requested amount by 50% appropriate).

Plaintiffs' Costs

The plaintiffs maintain that, in addition to attorneys' fees they incurred "certain costs" in connection with the Motion. They point to research and filing costs and state that, despite incurring additional costs, they seek only "reimbursement of their legal research costs." Specifically, the total amount the plaintiffs claim for "reasonable research costs in connection with this motion" is $1,390.44. They seek 82% of this amount, $1,140.16. The Court finds the costs requested to be reasonable.

Calculation of Fees

Butterfield:

$695.00 x 32.8 hours = $22,796.00; 82% of $22,796.00 = $18,692.72.

Rosenberg

$400.00 x 19.5 hours = $7,800.00; 82% of $7,800.00 = $6,396.00.

Lezhnev

$150.00 x 27.6 hours = $4,140.00; 82% of $4,140.00 = $3,394.80.

<u>Total fees</u>:    $28,483.52

## **CONCLUSION**

For the reasons set forth above, the plaintiffs' fee application is granted; they are awarded $28,483.52 in attorneys' fees and $1,140.16 in costs.

Dated: New York, New York　　　　　　　SO ORDERED:
　　　　July 27, 2020

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　KEVIN NATHANIEL FOX
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE