

August 21, 2020

Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York, 40 Foley Square
New York, N.Y. 10007

Matter No.: 50800-101

**VIA ECF**

Re:   *Actava TV, Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.*,
      Index No. 1:18-cv-06626-ALC-KNF

Dear Judge Fox:

This law firm has been retained by Matvil Corporation ("Matvil") in connection with letters rogatory issued in the above-referenced litigation (the "Letters Rogatory") authorizing Plaintiffs to seek certain discovery before the Superior Court of Justice in Ontario, Canada (the "Canadian Court"). We are writing in response to Plaintiffs' August 17, 2020 letter requesting that Your Honor issue a further order in connection with the Letters Rogatory, following a decision by the Canadian Court on July 6, 2020 (ECF No. 185). As set forth below, please be advised that no formal order in connection with the Canadian Court's decision has yet been issued, however, Matvil has timely filed its notice of appeal and fully intends to prosecute the appeal and to request a stay once the order issues.

By way of background, Plaintiffs commenced this litigation on July 23, 2018, alleging claims for tortious interference with prospective economic advantage, malicious prosecution, breach of contract, and violation of New York General Business Law § 349. *See* 2d Am. Compl. at 22–25, ECF No. 147.  On July 3, 2019, Plaintiffs moved for issuance of the Letters Rogatory, seeking, inter alia, non-party Matvil's "yearly reports, from 2015 to present, of the revenue and/or profit derived by Matvil" and "[a]ll documents from 2015 to present, containing or constituting an appraisal of Matvil's valuation" (the "Financial Data") as well as to depose a Matvil representative.[1] *See* Request to Take Evidence Abroad at 3–4, ECF No. 119. In doing so, Plaintiffs averred that the Letters Rogatory were needed to somehow help them calculate monetary damages on the theory that "Actava's long-term revenues would have followed a strong upward trajectory

---

[1] Plaintiffs also sought certain additional non-invasive, non-burdensome documentary evidence, which we understand Matvil subsequently voluntarily provided.

similar to that of other streaming entertainment services," including Matvil.[2] Butterfield Decl. ¶¶ 6–7, ECF No. 109-3. As Your Honor knows, however, federal courts will decline such a request where the burden of the information sought outweighs its benefit. *See Blagman v. Apple, Inc.*, No. 12 Civ. 5453 (ALC)(JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014). Indeed, federal courts have repeatedly recognized that a litigant seeking discovery of a non-party's confidential financial data faces a heavy burden to obtain such data—especially where, as here, it is sought from a non-party operating within a competitive arena similar to that of the litigants and the requested evidence bears only tangential relevance to the alleged claims and defenses. *See, e.g.*, *Solow v. Conseco, Inc.*, No. 06 Civ. 5988(BSJ)(THK), 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008) (precluding discovery of non-party confidential financial data where evidence sought had "little or no relevance to the claims and defenses in this action," offered a litigant illegitimate "potential value [] in his contemporary competitive relationship with [the] . . . non-party," and the target articulated a "legitimate interest in maintaining the confidentiality of proprietary documents bearing on his assets and financial plans").[3]

Despite the compelling basis upon which Defendants could have opposed the requested Letters Rogatory, they did not do so, and, on July 30, 2019, Your Honor issued the Letters Rogatory in the form proposed by Plaintiffs. Subsequently, on July 6, 2020, the Canadian Court issued its decision enforcing the Letters Rogatory, subject to three conditions, namely that this Court expressly order that: (1) the general counsel of Actava not receive or review the Financial Data; (2) the Financial Data not be provided to Actava, Kartina, or any of the other defendants in this litigation (but only to their experts and external legal counsel subject to the terms of the protective order so-ordered by Your Honor); and (3) the Financial Data be treated as for attorneys' and experts' eyes only throughout the entirety of this litigation (the "Canadian Court Conditions").

The Canadian Court Conditions reflect the serious concerns on the part of the Canadian Court to protect Matvil's sensitive Financial Data, and the compelling need to protect that information, while endeavoring to adhere to principles of comity and deference to this Court's request. Unfortunately, the Canadian Court Conditions are simply insufficient to protect Matvil's interests, and, as a practical matter, seemingly impossible to implement in a United States federal litigation, where Matvil's Financial Data will inevitably be disclosed or otherwise inferred by the parties,

---

[2] It is difficult to fathom how Matvil's Financial Data could be relevant, much less admissible, as evidence in support of Plaintiffs' damages theory. Matvil is a well-established entertainment-services company (holding numerous IPTV licenses) providing customers online video content; in contrast, Actava is a referral business, whose referrals represented a very small percentage of Matvil's overall subscription base. As a result, it is unlikely Matvil's Financial Data could be a basis for assessing Actava's own valuation or lost profits, and any probative value of that data would be far outweighed by prejudice to Matvil, including the inevitable harm to Matvil's business in the disclosure of its highly sensitive financial information to the litigants.

[3] Numerous cases confirm this result. *See, e.g.*, *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324–25 (Fed. Cir. 1990); *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529, 532 (D. Del. 2002); *Allen v. Howmedica Leibinger, Inc.*, 190 F.R.D. 518, 520–21, 526 (W.D. Tenn. 1999); *In re Glitnir Banki HF.*, No. 08-14757 (SMB), 2011 WL 3652764, at *6–7 (Bankr. S.D.N.Y. Aug. 19, 2011).

including Matvil's competitors, in the course of examination of trial witnesses (e.g., experts) concerning Plaintiffs' damages theory. Given this, Matvil respectfully conveys its concern that it will suffer prejudice should this Court take further action on the Letters Rogatory prior to Matvil having an opportunity to more fully address its concerns about the insufficiency of the Canadian Court Conditions and prior to the disposition of Matvil's appeal in Canada.

We are available to discuss this matter further at the Court's convenience.

Respectfully Submitted,

Todd A. Higgins, Esq.