UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br><br>                            Plaintiffs,<br><br>     -against-<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", and Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br><br>                            Defendants. | Index No.: 1:18-cv-06626 (ALC/KNF)<br><br>**ORDER** |

WHEREAS, upon motion to this Court duly made by Plaintiffs on notice to all parties herein, this Court issued Letters Rogatory by order dated July 30, 2019 (ECF 119) (the "Letters Rogatory"), permitting Plaintiffs to seek discovery from non-party Matvil Corporation in a court in Ontario, Canada;

WHEREAS, Plaintiffs thereafter filed an action to enforce the Letters Rogatory in the Commercial List of the Ontario Supreme Court of Justice (the "Ontario Court") (CV-19-628938-00CL);

WHEREAS, as advised by Plaintiffs via their counsel's August 17, 2020 application to this Court on notice to all parties hereto (ECF 185), on July 6, 2020, Justice Conway of the Ontario Court issued an order, a copy of which is annexed hereto, granting the Letters Rogatory and providing:

> I order that Matvil produce to Actava, in addition to the information and documents that it has already delivered, the following: (a) yearly reports, from 2015 to present, of the revenue and/or profit derived by Matvil; and, (b) all

documents, from 2015 to present, containing or constituting an appraisal of Matvil's valuation [the "Financial Data"]." Ontario Order, at 58.

I further order that a representative of Matvil appear, at a time and place, before any such person who is competent to preside over the examination of witnesses, to answer questions under oath or affirmation by a lawyer for Actava, in a deposition to be conducted under the laws applied by the SDNY Court, and to allow the testimony of Matvil to be recorded. [fn no. 12: Matvil did not take issue with the order for examination of its representative apart from the scope of questions that might be asked about the Financial Data, which was the subject matter of this application.] Ontario Order, at 59.

The above orders are granted subject to and upon the following conditions:
1. these orders are conditional on the SDNY Court expressly ordering that the general counsel of Actava not receive or review the Financial Data; [fn no. 13: consider it appropriate that this condition be satisfied by obtaining an order from the SDNY Court in the same manner as the other two conditions. Also, this condition is to apply to the role of general counsel, not to any specific individual who holds the position.]
2. these orders are conditional on the SDNY Court expressly ordering that the Financial Data shall not be provided to Actava, Kartina or any of the other defendants in the US Action (but only to their experts and external legal counsel subject to the terms of the Protective Order);
3. these orders are conditional on the SDNY Court expressly ordering that the Financial Data will be treated as for attorneys' and experts' eyes only throughout the entirety of the proceeding in the US Action. Ontario Order at 60.

WHEREAS, on May 17, 2019 (ECF 104) this Court issued Stipulation and [Proposed] Protective Order herein protecting the confidentiality of nonpublic and competitively sensitive information, and;

WHEREAS, on Wednesday August 19, 2020, the Court considered Plaintiffs' correspondence (ECF 185) during a duly scheduled and noticed conference herein, heard no objection, and directed Plaintiffs to submit a proposed order.

IT IS HEREBY ORDERED that further to the Protective Order (ECF 104):

(1) the persons(s) in the role of General Counsel of Actava or any other Plaintiff, currently Mikhail Lezhnev, Esq., shall not receive or review the Financial Data that Matvil produces pursuant to the Ontario Order;

2

(2) the Financial Data that Matvil produces pursuant to the Ontario Order shall not be provided to Actava, Kartina Digital GmbH or any of the other defendants in the US Action (but only to their experts and external legal counsel subject to the existing terms of the Protective Order), and;

(3) the Financial Data will be treated as for attorneys' and experts' eyes only throughout the entirety of the proceeding in the US Action.

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York

August 31, 2020

3