UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Actava TV, Inc., Master Call Communications, Inc.,
Master Call Corporation, and Rouslan Tsoutiev,         18-CV-06626 (ALC) (KNF)

               Plaintiffs,

     -against-                                          ORDER

Joint Stock Company "Channel One Russia Worldwide,"
Closed Joint Stock Company "CTC Network," Closed
Joint Stock Company "New Channel", Limited Liability
Company "Rain TV-Channel," Closed Joint Stock
Company "TV DARIAL," Limited Liability
Company "Comedy TV," and Kartina Digital GmbH

               Defendants.
-------------------------------------------------------------------X

      **WHEREAS**, on September 8, 2016 Plaintiffs and non-party Matvil Corp ("Matvil") executed a Referral Agreement (ECF 69-8) in relation to the advertising and distribution of Russian Language IPTV;

      **WHEREAS**, the Referral Agreement provides for a joint bank account, joint merchant account, submission of weekly invoices by Plaintiffs, and other record keeping;

      **WHEREAS**, the Referral Agreement defines confidential information as "the Work Product and any and all information relating to the [Matvil's] business, including, but not limited to, research, developments, product plans, products, services, diagrams, formulae, processes, techniques, technology, firmware, software, know-how, designs, ideas, discoveries, inventions. improvements, copyrights, trademarks, trade secrets, customer information, supplier information, information regarding [Matvil's] invoices or number of [Matvil's] customers. market or marketing information, finances of [Matvil]. This specifically includes information created by [Plaintiffs] in

the course of performing Services under this agreement, including customer information or potential customer information obtained through [Matvil's] efforts[]";

**WHEREAS**, the Referral Agreement forbids the disclosure of confidential information by Plaintiffs or Matvil "except as required by law or court order";

**WHEREAS**, on December 13, 2016 Defendants—with the exception of Kartina Digital GmbH—filed a lawsuit against Plaintiffs alleging the Referral Agreement constituted contempt of two injunctions ("Original Proceeding");

**WHEREAS**, on July 23, 2018, Plaintiffs filed a complaint against Defendants—with the exception of Kartina Digital GmbH—alleging tortious interference with economic advantage, breach of contract, and malicious prosecution arising from the Original Proceeding;

**WHEREAS**, on August 9, 2018, Plaintiffs entered into a non-disclosure agreement with Matvil (ACT001862-63) (the "Matvil NDA") that required Matvil "[d]uring the pendency of said lawsuit filed by Actava against the Channels, or at any other time, Matvil shall not voluntarily disclose any Confidential Information or any other information regarding Actava to the Channels, or to any other party, absent a court order, and shall not otherwise cooperate with the Channels with respect to Actava's lawsuit[ ]";

**WHEREAS**, the Matvil NDA defines Confidential Information as "the terms of this NDA and the negotiations as well as all information, communications, and documents disclosed or obtained in relation thereto via any tangible or intangible medium, including, but not limited to, e-mail, facsimile, orally, inspection, observation, internet, writing, telephone, cell phone, electronic form, program, paper, mail, hardware, and/or software";

**WHEREAS**, the Matvil NDA provides that Matvil and Plaintiffs "shall forever hold and maintain the Confidential Information in strictest confidence and shall never disclose the

Confidential Information to unauthorized persons or third parties without the permission of the disclosing party or a court order[]";

**WHEREAS**, on October 4, 2018, Plaintiffs amended the complaint to assert claims against Kartina Digital GmbH;

**WHEREAS**, on March 16, 2020, Plaintiffs filed a second amended complaint;

**WHEREAS**, on April 6, 2020, Defendants filed an answer with counterclaims to the second amended complaint;

**WHEREAS**, Plaintiffs' business relationship with Matvil is relevant to the claims of Plaintiffs and the defenses and counterclaims of Defendants;

**WHEREAS**, the Referral Agreement and Matvil NDA govern the known business relationship between Plaintiffs and Matvil;

**WHEREAS**, on February 19, 2019, Plaintiffs objected to answering certain interrogatories because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

**WHEREAS**, on February 19, 2019, Plaintiffs objected to the production of certain documents in response to Defendants' first requests for the production of documents because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

**WHEREAS**, on March 16, 2020, Plaintiffs objected to the production of certain documents in response to Defendants' second requests for the production of documents because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

**WHEREAS**, on August 18, 2020, Actava produced the Matvil NDA;

**WHEREAS**, on August 19, 2020, the Court advised Defendants to inform the Court of discovery issues concerning Matvil;

3

**WHEREAS**, Plaintiffs and Matvil have resisted production of documents purportedly subject to the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA; and

**WHEREAS,** the Referral Agreement and Matvil NDA allow a Court to order production of documents and information subject to the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

**IT IS HEREBY ORDERED** that:

1) Matvil consent to Plaintiffs' production of documents or information withheld subject to the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

2) Plaintiffs produce documents concerning the joint bank account, joint merchant account, weekly invoices, and records of their business relationship with Matvil;

3) Plaintiffs produce other responsive documents and communications withheld because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA;

4) Plaintiffs provide information in response to interrogatories not answered because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA; and

5) Plaintiffs may produce these documents and information subject to the Protective Order (ECF 104).

**IT IS SO ORDERED:**

September 1, 2020

*Kevin Nathaniel Fox*
_____
**Hon. Kevin Nathaniel Fox, U.S.M.J.**