

## DUNNINGTON
### BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | RDowd@dunnington.com

**VIA ECF**

Hon. Kevin N. Fox                                                                December 24, 2020
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

**Re: *Actava TV, Inc. v. "Channel One Russia Worldwide"* (18-cv-06626) (ALC) (KNF)**
**Request to Compel Completion of Deposition**

Dear Judge Fox:

We represent Defendants Channel One, CTC, New Channel, ACCEPT, and Comedy TV.[1] We respectfully request that the Court require Plaintiff Rouslan Tsoutiev, whose counsel terminated Mr. Tsoutiev's deposition after two hours, to appear for the remaining five hours of his testimony. Although Your Honor's Individual Rules require joint letters, Plaintiffs declined to meet and confer and we provided this letter to counsel for Actava who wrote back to us declining to provide their position due to the holidays. By agreement of the parties depositions in the case are being conducted remotely via Zoom. The deposition of Mr. Tsoutiev (individually, and as Rule 30(b)(6) witness for all Plaintiffs) was scheduled for 10 AM on December 18. On December 17, after Plaintiffs declined the request of Bochner IP, incoming counsel for Kartina and Rain TV, to adjourn the deposition, Bochner wrote to Your Honor, asking for guidance. Plaintiffs' counsel responded, opposing any adjournment.

On the evening of December 17, without the benefit of guidance from the Court, we emailed all counsel, stating, "We are ethically obligated to adjourn the depositions of Mr. Tsoutiev … and Mr. Makhotin ….We regret this decision but must under the New York Rules of Professional Conduct. Under [Rule] 1.16 (e), "upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client …."

At 10:00 am on December 18, counsel received this Court's memo endorsement entered on ECF stating, in part, that "the Court has not released Raymond Dowd, Esq. from the obligation to represent Rain and Kartina and the BochnerIP firm knew or should have known the posture of the case and determined that it could meet all case-related obligations when it agreed to represent Rain and Kartina," and thus "no need exists to postpone the depositions."

Upon receiving notice of the memo endorsement, we immediately contacted the court reporter and Russian translator and the service sent out a notice at 11:30 am for the Tsoutiev deposition to commence at noon on December 18. The court reporter, translator and counsel for

---

[1] We formerly represented Defendants Kartina and Rain TV. Bochner IP appeared as counsel for Kartina and Rain TV on December 15. Dunnington filed its application to withdraw as counsel for Kartina and Rain TV on December 22. The Court "so ordered" that application on December 23.

**DUNNINGTON**
BARTHOLOW & MILLER LLP

defendants were all on the Zoom call ready to proceed at noon. Actava, however was not ready to proceed.  At 12:03 pm, Actava's counsel Toby Butterfield emailed: "I do not agree to produce Mr. Tsoutiev at noon."  At 12:17 Mr. Butterfield emailed: "I am still trying to reach Mr. Tsoutiev. … If you agree that today will be the full extent of his deposition, I will arrange for him to be available at 3 pm, once I have had a little time to review the Exhibits you have sent with him. Please let me know." We asked the court reporter and translator to return at 3 pm, and were prepared to work into the evening to complete the deposition that day. Mr. Butterfield did not inform us at that time that he intended to limit the time he would make Mr. Tsoutiev available.  But Mr. Tsoutiev testified for only two hours, until 5:00 pm, when Mr. Butterfield announced that he was terminating the deposition. We have sought to meet and confer to attempt to schedule a mutually convenient time to resume the deposition, but Mr. Butterfield has declined to agree to make Mr. Tsoutiev available.

We adjourned the deposition on December 17 in good faith, but well understand, and accept, Your Honor's decision that there was no need to postpone the deposition. As soon as we received Your Honor's decision, we re-noticed the deposition and were ready to begin at noon (two hours after the previously agreed to start time). Actava now seeks to improperly use a scheduling delay to shield its most relevant witness and corporate representative from questioning. It is highly prejudicial to Defendants—including Defendants Channel One, CTC, New Channel, ACCEPT, and Comedy TV, who played no role in the request to adjourn the deposition—to deprive them of critical discovery over a two-hour delay in the scheduling of Plaintiffs' witnesses. Had Actava started at noon, when we were ready, we would have completed five hours by 5:00 PM, and the full seven hour deposition by 7:00 PM. When Mr. Butterfield proposed that we start at 3:00 PM and finish the deposition that day he did not tell me he intended to cut off all questioning at 5:00 PM and I certainly never agreed to any such limitation. I was prepared to accommodate Mr. Tsoutiev by continuing until 10:00 PM.. We respectfully request that the Court require Mr. Tsoutiev to appear for the remaining five hours of his testimony.[2]

Respectfully submitted,
/s/ Raymond J. Dowd

---

[2] The deposition of Mr. Makhotin occurred timely on Saturday, December 19.