

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

December 28, 2020

**VIA ECF**

Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

      We represent Plaintiffs in this action. We write in response to the December 24, 2020 letter filed by counsel for Defendants Channel One, New Channel, ACCEPT, and Comedy TV ("the Letter").[1] We further seek to compel the production of Andreas Reich, the CEO of Kartina.[2]

### *Mr. Tsoutiev's Deposition*

      As the Letter makes clear, the evening before the scheduled deposition of Mr. Tsoutiev, Defendants chose unilaterally to adjourn that deposition without Plaintiffs' consent and without a Court order. In response, we stressed that we did not consent to adjourn the deposition. We did not receive deposition exhibits 12 hours in advance, as the Court-ordered protocol required, and also did not hear from the court reporter that the deposition was formally cancelled. Plaintiffs therefore entered the remote deposition at 9:50 A.M. on December 18, ten minutes before the agreed-upon start time.

      At 10:00 A.M., the Court entered its Order stating there was "no need. . .to postpone the depositions," stating that "to the extent that [Defendants'] letter is a request for postponement, the request is DENIED" (ECF No. 223). At 10:30 A.M., we e-mailed Defense counsel, stating "we received the Court's order. . .No one else [is] logged on. It is now 10:30. We will not waste our time or Mr. Tsoutiev's time any further. We will be logging off shortly." Plaintiffs sent an e-mail an hour later, at 11:32 A.M., purporting to "reschedule Mr. Tsoutiev's deposition for a 12:00 PM start time," and promising only then to send the pre-marked deposition exhibits "shortly," in violation of the Court-ordered

---

[1] Although the Letter claims that the Dunnington firm represents Defendant CTC, counsel recently informed us that BochnerIP will serve as substituted counsel for Defendant CTC, in addition to Kartina and RainTV. Separately, counsel previously represented to Plaintiffs' counsel that it does **not** represent ACCEPT, yet the December 24, 2020 letter appears to suggest otherwise.



Hon. Kevin N. Fox
December 28, 2020

protocol. We then had difficulties reaching Mr. Tsoutiev, but needed time to receive and review the deposition exhibits which Defendants should have sent the night before, some of which they sent as late as 2:30 P.M. The deposition proceeded uninterrupted from 3 P.M. until 5:00 P.M., when Mr. Tsoutiev needed to leave for a medical appointment.[3]

As to this application, Defendants requested a meet-and-confer last Wednesday, December 23. In response, we indicated that we would be available Monday, December 28 at 11:00 A.M. to confer "regarding the timing of both your remaining witness depositions and ours." On December 24, Defendants' counsel asked us to "provide [our] position" by 5 P.M. on that day, but I indicated that I, my colleague, and our clients were away for the holiday. This motion to compel followed.

To be clear, we do not object to providing Mr. Tsoutiev for five additional hours during the agreed-upon discovery period for a single deposition taken by Dunnington and/or BochnerIP, provided Defendants meet their own obligations in producing Andreas Reich, CEO of Kartina, and 30(b)(6) representatives on behalf of Rain TV and CTC, pursuant to the subpoena and deposition notices timely issued by Plaintiffs.[4]

### *Mr. Reich's Deposition*

Defendants made clear their opposition to producing Mr. Reich in a December 8 e-mail stating that "[u]nder the law of this circuit, Plaintiffs have no basis to demand a deposition of Kartina's CEO, Mr. Reich." On December 9, the parties held a meet-and-confer, in which Defendants reiterated their opposition to producing him. Defendants thereafter stated that "we can evaluate the basis for your demand to Mr. Reich if you provide us with a copy of the proposed subpoena," which we provided (together with renewed 30(b)(6) notices) on December 14. We did not hear any objections to the notice which set a December 28 deposition date for Mr. Reich, but rather learned of Defendants' intention to substitute counsel.

The case law supports Plaintiffs' position that he should be produced. *See Six West Retail Acquisition v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) ("Highly-placed executives are not immune from discovery, [and] the fact that [an executive] has a busy schedule cannot shield that witness from being deposed."). Mr. Reich and Mr. Tsoutiev communicated and met multiple times, on

---

[3] The deposition scheduled for Saturday, December 19 also proceeded as scheduled, as deposition exhibits were provided the evening before and the parties arrived on time.

[4] As Plaintiffs state separately in opposition to Defendants' request to extend the discovery schedule, Plaintiffs first provided notice of their intent to depose Mr. Reich and Defendants' 30(b)(6) representatives on October 30, 2020.

4607262 018529.0101



Hon. Kevin N. Fox
December 28, 2020

behalf of their respective corporations, concerning Actava's business development and Kartina's participation in (and direction of) the Infomir case. Mr. Reich has personal knowledge of the two lawsuits against Actava and the contempt proceedings against Actava. Even if Mr. Reich "denies personal knowledge of the issues at hand, this claim. . .is subject to testing by the examining party." *Six West*, 203 F.R.D. at 98 (citing *Consolidated Rail Corp. v. Primary Industries Corp.*, No. 92 Civ. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993)).

    We thank the Court for its time and attention.

    Respectfully submitted,

    */Toby Butterfield/*

    Toby Butterfield

4607262 018529.0101