# BOCHNER IP

## Michael G. Gabriel, Esq.

295 Madison Avenue, 12th Floor                                  Michael@BochnerIP.com

New York, New York 10017                                         Tel: 646.971.0685

**Via ECF**                                                             December 28, 2020

Hon. Kevin N. Fox
United States Magistrate Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia
            Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

      We are counsel for Defendants Kartina Digital GmbH ("Kartina"), Limited Liability Company "Rain TV-Channel" ("Rain"), Joint Stock Company "CTC Network" ("CTC Network"), Joint Stock Company "New Channel," and Closed Joint Stock Company "TV DARIAL" in the above referenced matter.[1] We write in opposition to Plaintiffs' letter of this morning to the Court and specifically only with respect to the newly raised issue of Plaintiffs' seeking to compel production of Andreas Reich, the CEO of Kartina. See Dkt. 229 at 2-3.[2] As the issue is now squarely before the Court, Kartina opposes Plaintiffs' request to compel Mr. Reich's deposition and requests a protective order from the subpoena or in the alternative, to quash the subpoena.

      While the parties may have entertained as an initial matter whether Mr. Reich would be designated as a Rule 30(b)(6) witness for Kartina, and it is true that Kartina objected to having Mr. Reich testify, it was only on December 14, 2020, that Kartina was served a subpoena for the deposition of Mr. Reich, a German resident. Given the fact that formal notice was only recently received and that the Bochner IP firm was substituting as counsel for Kartina, the undersigned reiterated to Plaintiffs by email on December 24, 2020 that "With respect to the subpoena of Mr. Reich, Kartina has objected to producing him. We can meet and confer on that issue in advance of writing the Court on Monday." A meet and confer on several issues was already planned between the parties for Monday morning, including the scheduling of depositions of Kartina, Rain, CTC, as well as Plaintiffs' remaining party witnesses. Regardless, Plaintiffs filed Dkt. 229 immediately in advance of the planned meet and confer.

      Despite not yet taking the deposition of Ms. Olga Panfilova, Kartina's designee for each Rule 30(b)(6) topic, or other Kartina employee for that matter, Plaintiffs now seek the Court's intervention to compel the deposition of Kartina's CEO, Mr. Reich. Yet, such relief is "disfavored in the Second Circuit unless the executives have personal knowledge of relevant facts of some unique knowledge that is relevant to the action." *Burnett v. Wahlburgers Franchising LLC*, No. 16 CV 4602 (WFK), 2018 WL 8367463, at *3 (E.D.N.Y. July 10, 2018) (citation omitted) (cleaned up). Further, compelling testimony from "Apex" witnesses can be seen as harassment because the

---

[1] Bochner IP appeared as new counsel for Joint Stock Company "CTC Network," Joint Stock Company "New Channel," and Closed Joint Stock Company "TV DARIAL" this afternoon. (See Dkt. Nos. 231-233).

[2] Consent had been given to Channel One's December 24, 2020 letter to the Court (Dkt. 227) regarding Mr. Tsoutiev's deposition.

# BOCHNERIP

diversion of the witness's time and energy is likely to cause business disruption. *See Chevron Corp. v. Donziger*, No. 11-0691 LAK JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).

Under the Apex doctrine, senior corporate executives such as Mr. Reich "enjoy 'an addition layer of protection' from the intrusion of depositions." *Myun-Uk Choi v. Tower Research Capital LLC*, No. 14-CV-9912 (KMW), 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 25, 2019) (citing *Alex & Ani, Inc. v. MOA Intern. Corp.*, No. 10-CV-4590, 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011)). And Courts in this District have "granted protective orders for executives where the party seeking the deposition had 'not yet attempted to obtain information from lower level executives; where high-level executives plainly had no knowledge of the facts; or where the deposition was solely sought to harass the executive.'" *Id.* (citing *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 82-83 (S.D.N.Y. 2002)). *See also* Diesel Props S.r.L. v. Greystone Bus. Credit II LLC, No. 07 CIV. 9580 (HB), 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008) ("[R]edundant depositions should be avoided, and senior executives should be deposed only if they possess unique personal knowledge related to the relevant issues in the case."); *Harris v. Computer Assocs. Int'l Inc.*, 204 F.R.D. 44, 45-47 (E.D.N.Y. 2001) ("When a vice president can contribute nothing more than a lower level employee, good cause is shown to not take the deposition.").

In this case, at the very least, Plaintiffs have not first obtained information from *any* lower level executive at Kartina. In particular, Plaintiffs have yet to depose Ms. Olga Panfilova, Kartina's Chief Content and Legal Officer, who has been designated for each requested topic. Unless and until Plaintiffs depose Ms. Panfilova and make a showing regarding information necessary to their case that Mr. Reich possesses and that Ms. Panfilova could not provide, Kartina must be granted its motion to quash/protective order. *See generally Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 CIV. 6221 (KPF), 2020 WL 6273396, at *1 (S.D.N.Y. Aug. 28, 2020) ("Plaintiffs have not sought to depose any of these lower-level employees to test their theory [and thus] they cannot establish that [the CEO]'s knowledge is unique.").

Plaintiffs' December 28, 2020 letter (Dkt. 229) lays bare the weakness of their position. Plaintiffs argue that they need to depose Mr. Reich regarding conversations between Mr. Reich and Mr. Tsoutiev. *Id.* at 2-3. However, even assuming *arguendo* that such conversations occurred and are relevant to this action, Mr. Tsoutiev (a party himself and CEO of the other Plaintiffs) *was a participant in the very conversations regarding which he seeks to depose Mr. Reich*. Thus, Plaintiffs literally know the answers to their own questions and their deposition of Mr. Reich would amount to nothing more than harassment.

Finally, Plaintiffs' December 28, 2020 (Dkt. 229) letter cites *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) for the proposition that high-level executives are not immune from discovery.  However, the case makes clear that "Unless it can be demonstrated that a corporate official has 'some unique knowledge' of the issues in the case, it may be appropriate to preclude a redundant deposition of this highly-placed executive while allowing other witnesses with the same knowledge to be questioned." *Id.* (citation omitted) (cleaned up). No such demonstration has been made here. Thus, Plaintiffs' caselaw does not support their position.

We thank the Court for its time and attention to this request.

Respectfully submitted,
/Michael G. Gabriel/
Michael G. Gabriel