```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


In re:                                :
                                           Docket #1:18-cv-06626-
 ACTAVA TV, INC., et al,              : ALC-KNF

                    Plaintiffs,       :

  - against -                         :

 JOINT STOCK COMPANY "CHANNEL ONE     : New York, New York
 RUSSIA WORLDWIDE," et al,              January 13, 2021
                    Defendants.       :
                                        TELEPHONE CONFERENCE
------------------------------------ :


                      PROCEEDINGS BEFORE
              THE HONORABLE JUDGE KEVIN N. FOX,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          Moses & Singer LLP
                        By:  Michael M. Rosenberg, Esq.
                        405 Lexington Avenue - 12th Floor
                        New York, NY 10174-1299
                        585-613-8682

For Defendants:         Dunnington Bartholow & Miller, LLP
                        By:  Hardin P. Rowley, Esq.
                        250 Park Ave.
                        New York, NY 10177
                        212-682-8811

                        Dunnington, Bartholow & Miller, LLP
                        By:  Raymond J. Dowd, Esq.
                        1359 Broadway
                        New York, NY 10018
                        212-682-8811

Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com
```

```
APPEARANCES - CONTINUED:


For Defendants, TV
Darial, Rain TV-Channel,
CTC Network, New
Channel:
                              Gabriel & Pelaez, PLLC
                              By:  Michael George Gabriel, Esq.
                              72-11 Austin Street, PMB 406
                              Forest Hills, NY 11375
                              917-515-3970


Proceedings conducted telephonically and recorded by
electronic sound recording;
Transcript produced by transcription service
```

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> |
|---|---|---|---|---|
| None | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

```
 1                        PROCEEDINGS                    4

 2              HONORABLE KEVIN N. FOX (THE COURT):   This is

 3   Actava TV versus Joint Stock Company "Channel One Russia

 4   Worldwide," et al; No. 18-cv-6626.

 5              Will counsel note your appearance, beginning with

 6   counsel to the plaintiffs?

 7              MR. MICHAEL M. ROSENBERG:   This is Michael

 8   Rosenberg from Moses & Singer LLP on behalf of the

 9   plaintiffs.

10              THE COURT:  Will defendants' counsel please state

11   your appearance?

12              MR. DOWD:  Good morning, your Honor; Raymond Dowd

13   of Dunnington, Bartholow & Miller, for Joint Stock Company,

14   Channel One Russia Worldwide and Limited Liability Company,

15   Comedy TV. And with me today is --

16              MR. HARDIN ROWLEY:  Hardin Rowley from Dunnington,

17   Bartholow & Miller.

18              THE COURT:  This is Judge Fox. Did someone else

19   just join the conference?

20              MR. MICHAEL GABRIEL:  Yes.  This is Attorney

21   Michael Gabriel for some of the defendants.

22              THE COURT:  Which defendants are you representing,

23   Mr. Gabriel?

24              MR. GABRIEL:  Defendant Darial, defendant Rain TV,

25   defendant CTC, defendant New Channel. I think that's it.
```

```
 1                        PROCEEDINGS                    5

 2   Yes.

 3             THE COURT:  I believe we now have appearances by

 4   everyone, if I'm correct. Make that known to me now.

 5             How are things progressing? Are the parties on

 6   track to complete the work of pretrial activities by the

 7   March deadline?  This is Judge Fox.

 8             MR. ROSENBERG:  Your Honor, this is Michael

 9   Rosenberg. We are somewhat on track. We're waiting to

10   confirm deposition deadlines for depositions taken of our

11   witnesses, that is, those of the plaintiffs'

12   representatives. However, we're at somewhat of an impasse

13   because we've received dates from defendants' counsel for

14   Kartina and CTC that are very late in February that are

15   very close to the March 4th final deadline that your Honor

16   ordered recently. If those depositions are taken very close

17   to March 4th, then the concern's that expert reports would

18   be exchanged only after that, leaving little to no time to

19   actually build in time for the rebuttal reports and take

20   the expert depositions before March 4th.

21             So our proposal to defendants was to produce all

22   witnesses for depositions by February 5th so that we could

23   actually build in time for the exchange of expert reports

24   and then afterwards take those depositions; that we could

25   hope to complete all discovery, as your Honor ordered, by
```

```
1                           PROCEEDINGS                6

2   March 4th. But it appears that recently defendants have

3   objected to that, proposing that expert reports be

4   exchanged before all witness depositions are taken, which

5   plaintiffs object to.

6           THE COURT:  This is Judge Fox. Does counsel for

7   any defendant want to be heard?

8           MR. GABRIEL:  Your Honor, this is Attorney Michael

9   Gabriel. We understood the Court's Order extending the

10  discovery deadline to allow the parties leeway to schedule

11  depositions in the short remaining time and taking into

12  account our firm's recent appearance and providing time for

13  counsel to get up to speed to be adequately prepared for

14  these depositions.  We're willing to work with plaintiff on

15  scheduling dates that work, but still cramming all the

16  depositions in a short period of time still seems counter

17  to the intent of our asking for the request and as we

18  understand it, in line with your Honor's extension.  And

19  we're just trying to work within the parameters of the

20  limited time we have and cannot or hope not to be held to a

21  February 5th limited two-week extension to fact discovery

22  and work within the March 5th time frame that the Court

23  provided.

24          THE COURT:  Does counsel for any other defendant

25  wish to be heard?
```

```
 1                         PROCEEDINGS                7
 2              MR. ROWLEY:  Yes, your Honor. This is Hardin
 3    Rowley from Dunnington.
 4              Our main issue is we deposed for two hours
 5    Mr. Tsoutiev, one of the plaintiffs, and another fact
 6    witness from plaintiffs.  And during both those depositions
 7    it became clear that plaintiffs have not produced all
 8    documents.  And our concern about the deadlines is that we
 9    need the time to review the documents after they're
10    produced, hopefully by plaintiffs, so we can properly
11    depose Mr. Tsoutiev for the additional five hours.  And we
12    may need to re-call the other deponent, Mr. Mackotin, who's
13    plaintiff's designated technical expert witness. He only
14    prepared, I think he said for one hour. He didn't know the
15    name of his counsel, and he didn't bring any documents, as
16    required by his subpoena. So we think plaintiffs need more
17    time to get in compliance with that before we continue
18    further depositions of the three remaining witnesses.
19              THE COURT:  Does counsel for plaintiff want to be
20    heard further?
21              MR. ROSENBERG:  Yes, your Honor. We received a
22    request --
23              THE COURT:  Please identify yourself. This is
24    needed so the transcriber will know who is speaking.
25              MR. ROSENBERG:  I apologize. This is Michael
```

```
 1                          PROCEEDINGS                  8
 2  Rosenberg for plaintiffs.
 3          We received a request last Wednesday, so that is
 4  January 6, 2021, for certain documents that defendants were
 5  requesting that are very specific documents, some of which
 6  do not even pertain to the claims or defenses in this
 7  action.  We have objected to producing documents which are
 8  irrelevant to this action; however, we have indicated that
 9  today we will produce additional documents that defendants
10  have requested. However, we have satisfied our discovery
11  obligations otherwise, and we do not believe that requests
12  for very specific documents should postpone the deposition
13  schedule we have already set in place.
14          As for Mr. Mackotin, he did not recall the name of
15  one attorney, but he did -- has produced all documents that
16  we had obligations to produce, and we have indicated that
17  we will not re-produce Mr. Mackotin for deposition.
18          THE COURT:  This is Judge Fox. When I craft
19  Scheduling Orders, I give the parties maximum flexibility
20  to complete your work in a sequence that you think is
21  appropriate and in a way that would enable you, because
22  you're living with the case day in/day out. I am not, and I
23  do not know, of course, what constrictions there are on
24  your time. I imagine that this is not the only case where
25  counsel is representing clients, and there may be other
```

```
 1                        PROCEEDINGS                      9
 2   demands on your time. So that is why I fix a deadline date.
 3   I do not pinpoint a date by which certain activities must
 4   be completed; I leave that to you. You're all trained
 5   professionals; and, again, you have certain obligations
 6   about which I'm ignorant which will inform how you use your
 7   time.
 8            If it is the case that you're unable or unwilling
 9   to work together to find dates for depositions, I can very
10   easily open the calendar and take the list of names of
11   persons who need to be deposed and select dates for you.
12   They may not be dates that are convenient to your schedules
13   or your clients' schedules, but those will be the dates.
14   And either the depositions will go forward or documents
15   will be exchanged, whatever you need to do, on the dates I
16   pick, and everything will be done by March. I don't want to
17   do that.  Again, that's why I structured a Scheduling Order
18   placing a deadline, leaving you trained professionals,
19   knowledgeable about your own obligations, maximum
20   flexibility to do whatever you need to do as long as it's
21   done on the deadline.
22            So if you want me to select dates for depositions
23   for you, tell me that; and as I said, I can do it very
24   quickly. I prefer, however, that you work collaboratively
25   to do whatever work you believe needs to be done to
```

2    represent your respective clients adequately by the

3    deadline date. You tell me how you want to proceed.

4          MR. ROSENBERG:  Your Honor, this is Michael

5    Rosenberg for the plaintiffs. I have one question regarding

6    your last Order.  Did you intend for expert discovery to be

7    completed by March 4th, as well as fact discovery?  Because

8    that is our concern is that defendants have offered their

9    witnesses at such a late time that we do not believe expert

10   discovery, expert reports could be exchanged after that

11   with reasonable time to comply with that March 4th

12   deadline.

13         THE COURT:  The Order is clear and unambiguous in

14   that it says, "All discovery of whatever nature shall be

15   initiated so as to be completed on or before March 5,

16   2021." "All discovery of whatever nature." So whatever you

17   have to do, I've given you maximum flexibility from

18   December, when the Order was issued, to March to decide how

19   you want to spend your time, whatever activities you need

20   to do. I left it all up to you.  Again, you're trained

21   professionals; you know better than I what your obligations

22   are to the instant client and other clients and on your

23   time. So that is the answer.

24         MR. ROSENBERG:  Understood, your Honor.

25         THE COURT:  So is it the case that the parties

```
 1                          PROCEEDINGS                    11

 2   want me to pick arbitrary dates for depositions for however

 3   many people you want to depose, or do you want to work

 4   collaboratively to find times that work best for you and

 5   your clients so that you complete your work in March?

 6              MR. DOWD:  Your Honor, this is Raymond Dowd for

 7   two of the defendants. I would suggest that counsel be

 8   given an additional opportunity to work together; and if we

 9   can't find agreement along the lines that your Honor

10   suggested, that we apply to the Court for assistance.

11   Perhaps if we could have until close of business on Friday

12   to work things out, I think that might be in line with

13   everyone's best interests.

14              THE COURT:  This is Judge Fox. I have no

15   opposition to that. I believe you should work

16   collaboratively, not only on this issue but on all issues

17   that affect having the case prepared so that you can

18   proceed to trial, if trial is needed. So I welcome your

19   suggestion that you and your colleagues confer and move

20   forward. Again, if you cannot, just send me the list of

21   names, and I will pick dates for depositions for you.

22              Is there anything else that hasn't been touched

23   upon that any party wants to raise with me this morning

24   before I release you?

25              UNIDENTIFIED:  Your Honor, there may be some
```

```
 1                        PROCEEDINGS                  12
 2  disputes over documents being produced, etc. I would
 3  imagine any such disputes we raise in compliance with your
 4  Honor's individual rules?
 5              THE COURT:  That's correct.  And there again, I
 6  urge you, before resorting to writing to me with disputes,
 7  to try to resolve them through civil conversation
 8  independent of me.  But, of course, if that fails and you
 9  must write to me, I will receive your writing and address
10  it as quickly as possible.  But I again believe that the
11  best course is for you to work collaboratively to resolve
12  things and keep moving forward, because March will be here
13  sooner than you know.
14              This is Judge Fox, anything else from any party
15  before I release you?
16              MR. ROSENBERG:  No, your Honor.
17              MR. DOWD:  No --
18              THE COURT:  Hearing nothing, I will conclude the
19  conference at this time. Thank you all very much. Good day.
20              (Whereupon, the matter is recessed.)
21
22
23
24
25
```

13

1

2

3                        C E R T I F I C A T E

4

5          I, Carole Ludwig, certify that the foregoing

6    transcript of proceedings in the case of Actava TV, Inc.,

7    et al v. Joint Stock Company "Channel One Russia

8    Worldwide," et al, Docket #18-cv-06626, was prepared using

9    digital transcription software and is a true and accurate

10   record of the proceedings.

11

12

13

14

15          Signature   *Carole Ludwig*

16                        Carole Ludwig

17

18

19          Date:    January 15, 2021

20

21

22

23

24

25