# DUNNINGTON
## BARTHOLOW & MILLER LLP

### ATTORNEYS AT LAW

230 Park Avenue | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | RDowd@dunnington.com

January 20, 2021

**VIA ECF**
The Honorable Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square,
New York, NY 10007

      Re:    *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* **(18-cv-06626)**

Dear Judge Fox:

      By this joint letter Defendant/Counterclaim-Plaintiff Broadcasters seek pursuant to Rules 26(a)(1)(A)(iii) and 26(b)(1) of the Federal Rules of Civil Procedure and Rule 2.A of Your Honor's Individual Rules to compel Plaintiff Actava to produce documents sought in Requests for Production Nos. 7-9 35-37, 39-40, 44, 47-50, 57, 60, 62, and 63 of Broadcasters' first RFPs and Request Nos. 35,56,59 of Broadcasters' second RFPs.

      Defendants' Position: Plaintiff Tsoutiev testified to the existence of unproduced documents relating to: (1) Names of Tsoutiev's "three" former Ukrainian partners involved in illegally streaming Broadcasters' content that form the basis of Defendants' counterclaims (Tsoutiev Tr. at 17-19); (2) documents showing the identity of one to three "aggregators" of Defendants' content unlawfully distributed by Actava and Tsoutiev under the name "RussianTelek" (Tsoutiev Tr. 18, 24-25, 35); (3) Actava's "five or six" licenses for IPTV Channels (Tsoutiev Tr. at 57); and (4) evidence of refunds to Actava customers from 2016 (the basis for Actava's damages claims). (Tsoutiev Tr. at 73-74). On January 6, 2021, Defendants renewed requests for 20 categories of documents that Plaintiffs' 30(b)(6) witnesses testified existed and were in the custody and control of Mr. Tsoutiev. These documents should be produced. *See Cosmopolitan Interior NY Corp. v Dist. Council 9 Intl. Union of Painters and Allied Trades*, 19CV2669VMKNF, 2020 WL 3050732, at *1 (S.D.N.Y. June 8, 2020).

      Rule 26 requires production because the existence of previously undisclosed Ukrainian "partners" and content "aggregators" breaches the Settlement Agreement (Counterclaim Count II). In the Settlement Agreement, Actava and Tsoutiev represented to have not "previously broadcast, copied, distributed, or otherwise used Broadcasters' content other than through Actava and the Website" and to "not own or have any interest in any other website, application or other property engaged in the business of providing [IPTV]." *See* Dkt. 150, ¶¶ 208-209. Broadcasters' counterclaims for breach of the Settlement Agreement are based on Actava and Tsoutiev's concealment of illegal streaming operations from 2012 under the name RussianTelek. Tsoutiev's

Hon. Kevin N. Fox.
January 20, 2021
Page 2



undisclosed streaming operations shows Actava's liability for additional statutory damages and attorneys' fees for violations of Section 605 of the Federal Communications Act.  This evidence also shows Actava's fraudulent concealment in inducing Broadcasters to enter into the Settlement Agreement.  Defendants learned during Mr. Tsoutiev's deposition that Actava had three sources of pirated programming, but breached the Settlement Agreement by disclosing only one.

The requested documents are relevant to Defendants' counterclaims and defenses.  Mr. Tsoutiev's deposition is scheduled for January 22, 2021: it is critical that Plaintiffs be compelled to produce these documents promptly.  To the extent that Plaintiffs' delayed production prevents Defendants from questioning Mr. Tsoutiev on these documents, additional time to depose Mr. Tsoutiev to that limited extent is requested.

Plaintiffs' Position:  As Defendants' motion to compel is "essentially the mirror image of [Plaintiffs'] motion for a protective order" with respect to the requested discovery, Plaintiffs respectfully refer the Court to Plaintiffs' Motion for Protective Order filed at ECF Nos. 245-248.  *See Imperial Chemicals Indus., PLC v. Barr Labs., Inc.*, 126 F.R.D. 467, 472 (S.D.N.Y. 1989).

Defendants' request (1) completely mischaracterizes the testimony of Mr. Tsoutiev.  A plain reading of the relevant portion of the transcript reveals that the three partners Mr. Tsoutiev mentioned were his partners in the *telephone* company Master Call during 1990s. See ECF No. 246-3 (Tsoutiev Tr. at 17-19).  This pre-dates the incorporation of Actava by over a decade and has no relevance to streaming or to this Action.  As to Defendants' request (2), Plaintiffs produced documents relating to the aggregator back in 2019 in response to Defendants' first set of document requests.  Nonetheless, as a courtesy, Plaintiffs once again identified the relevant Bates ranges to Defendants on January 15, 2021 via e-mail.  As to Defendants' request (3), Plaintiffs produced and identified the relevant agreements to Defendants on January 15, 2021 via e-mail.  As to Defendants' point (4), Plaintiffs will identify the relevant bates ranges or, if not previously produced, produce these documents by January 21, 2021.

Plaintiffs' prior productions were made in good faith, subject to and without waiving their objections.  Notwithstanding documents that have been produced, Defendants should be forbidden from continuing to inquire into the identified matters for reasons further explained in Plaintiffs' Motion.

Respectfully submitted,

s/ Raymond J. Dowd

cc: Counsel of Record (via ECF)