# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | rdowd@dunnington.com

January 21, 2021

**VIA ECF**
Hon. Kevin N. Fox
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: *Actava TV, Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide et al.* **(18-cv-06626) (ALC) (KNF)**

Dear Judge Fox:

Defendant Broadcasters write pursuant to Rule 1.A of Your Honor's Individual Rules and Local Rule 37.2 in response to Plaintiffs' motion for a protective order filed on January 19, 2021 (ECF 245) (the "Motion"). This Court should deny the Motion because Plaintiffs failed to comply with the rules of this Court and there is no basis for the relief Plaintiffs seek. Substantively, a protective order is also unwarranted because Actava failed to raise the affirmative defense of release in its Amended Answer to Defendants' Counterclaims. (Dkt 158).

This Court should deny Plaintiffs' Motion because Plaintiffs failed to comply with the Local Rules and with Your Honor's Individual Rules. The Motion seeks a protective order pursuant to Rule 26(c). Despite the fact that the Motion is a discovery motion, Plaintiffs filed the Motion without having or even requesting a pre-motion conference as is required by Local Rule 37.2 and Your Honor's Individual Practice Rule 2.A.[1] The Motion should be denied on this basis alone.[2]

Even if the Court allowed Plaintiffs' Motion to stand it should nevertheless deny the application for a protective order because Plaintiffs have failed to establish that any such protection is warranted. The documents sought by Defendants relate directly to Actava's misrepresentations in the parties' April 2016 Settlement Agreement ("Agreement"), which form the bases for Defendants' counterclaims in this action. (Dkt. 150). In that Agreement, Actava represented that

---

[1] Local Civil Rule 37.2 states: "No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." Further, Rule 2.A of Your Honor's Individual Rules states: "For discovery motions, follow Local Civil Rule 37.2." While Plaintiffs held a perfunctory ten-minute conversation with Defendants before a scheduled deposition on January 19, 2021, which conversation raised for the first time Plaintiffs' claim for a sweeping protective order, no meaningful meet and confer occurred.

[2] Indeed, this is not the first time Plaintiffs have flouted Your Honors rules. (Dkt 239).

Hon. Kevin N. Fox
January 21, 2021
Page 2



it only offered illegal streams of Broadcasters' content through www.actava.com. As a result, Defendants did not release claims relating to distribution of IPTV through any website other than www.actava.com. Therefore, Plaintiffs' contention that Defendants somehow released claims that were hidden from them and never contemplated by the agreement is meritless. The discovery sought by Defendants is directly related at least to Paragraphs 171 – 185 of their counterclaims and support their counterclaim damages.

Further, Plaintiffs cannot unilaterally cut off discovery for the time period before the settlement agreement because they claim to have a defense to Defendants' counterclaim based on a mutual general release. Motion at 8. Indeed, the merits of that defenses are dependent on certain factual issues requiring discovery i.e. whether or not RussianTelek was involved in distributing IPTV 2012-2016 is a disputed issue of fact. Mr. Tsoutiev's testimony suggests that Russian Telek was engaged in these activities directly prior to him purchasing its assets.

Because Actava's motion for a protective order is procedurally improper and substantively meritless, Broadcasters respectfully request that the Court strike Plaintiffs' Motion.

<u>Attorneys' Fees</u>

Pursuant to Fed. R. Civ. P. 37, the court must award attorneys' fees to Defendants. Under Rule 37(a)(5)(B), "If the motion is denied, *the court . . . must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." In connection with a prior motion to compel Your Honor specifically explained to Plaintiffs that they must comply with Section 2A of the Court's Individual Rules of Practice. In filing the instant motion, Plaintiffs have again ignored Your Honor's Individual Rules. For that reason alone their motion was clearly not "substantially justified," nor would an award be "unjust." *Id.*

Respectfully submitted,

/s/ Raymond J. Dowd

Attorneys for Defendants Channel One Russia Worldwide, Comedy TV

/s/ Andrew D. Bochner
Bochner IP
Attorneys for Defendants Kartina Digital GmbH, Rain TV-Channel, CTC Network, New Channel, TV DARIAL