# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue, 21st Floor | New York, NY 10169 | Telephone: 212.682.8811 | www.dunnington.com | rdowd@dunnington.com

January 29, 2021

**VIA ECF**
Hon. Kevin N. Fox
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Actava TV, Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide et al.* (18-cv-06626) (ALC) (KNF)

Dear Judge Fox:

      Defendants write jointly[1] pursuant to Your Honor's Individual Rules (including Rule 1.E) to request a one month extension of the discovery deadline from March 5, 2021 to April 5, 2021. The extension is necessary to allow Defendants' expert to review the significant financial documents and materials relied upon by Plaintiffs' experts that Plaintiffs have not yet produced in response to Court Orders, discovery requests and subpoenas. The documents at issue are necessary to prepare both the expert report in support of Defendants' counterclaim and Defendants' rebuttal to the expert report in support of Plaintiffs' claims which was served on Defendants earlier this week. Plaintiffs have not consented to the extension nor have they agreed to produce the documents at issue.

      *First*, as detailed in the parties' January 20, 2021 joint letter (ECF 249) Plaintiffs have not produced responsive documents in their possession or control relating to the number of customers utilizing Plaintiffs' undisclosed IPTV service, Russian Telekom, or the revenue Plaintiffs or others received therefrom. On January 19, minutes before the deposition of Ms. Pliss, Actava's accountant, Plaintiffs filed a motion for a protective order seeking to block Defendants' access to this information. (ECF 245). As noted by Defendants in their prior letter, these documents are critical to establishing their counterclaims and, pursuant to the Court's recent order, Defendants are preparing a motion to compel production of these documents that will be filed early next week (ECF 251). Only after the Court rules on the motion to compel and protective order and Plaintiffs produce the required documents will Defendants' expert be in a position to prepare his report in support of the counterclaim.

      *Second*, the January 26 expert report submitted by Plaintiffs in support of their claims references approximately 70 categories of documents reviewed or relied upon by Plaintiffs' experts in preparing their report that have not been produced to Defendants. (Annex C to the

---

[1] Bochner IP, counsel for Defendants Comedy TV, CTC Network, New Channel, Rain TV, TV Darial, and Kartina Digital, has authorized the undersigned to state that those Defendants join in this application.

Hon. Kevin N. Fox
January 29, 2021
Page 2



Expert Report of BRG).[2]  These documents should have already been produced to Defendants and many should have been produced months ago.  For example, Plaintiffs have to date refused to produce all of the underlying documents concerning their business relationship with Matvil as required by the Court's September 21, 2020 order, such as documents reflecting payments between Matvil and Actava.  (ECF 196) ("Matvil Order")[3].  Further, Mr. Tsoutiev testified on January 22 that Matvil paid Plaintiffs via wire transfer, though no records of such transfers have been produced.  However, despite that failure, Plaintiffs' experts appear to have reviewed and utilized documents not provided to Defendants.  Annex C lists the following, among other, documents reviewed by Plaintiffs' experts that should have been produced in response to the Matvil Order: Second Addendum to the Referral Agreement dated September 30, 2016, Actava Sales and Expenses Summary 2010-March 2020, 2011-17 Matvil Income Statements, and Actava 2020 balance sheet.  These documents bear directly on Plaintiffs' claimed damages and Defendants' counterclaims and damages.

Moreover, in discovery, Defendants specifically requested documents considered by Plaintiffs' experts, and Plaintiffs stated that they would produce responsive documents.[4]  In addition, the July 23, 2020 subpoena to Ms. Pliss required her to produce "backup" for the summary Actava financial statement document she created and produced at ACT002475.  Ms. Pliss produced none of the requested documents prior to her deposition.  Annex C itemizes approximately 115 documents considered by their experts the majority of which have never been produced to Defendants and are not publicly available.  Indeed, many of the listed documents are documents created by Actava or Matvil, including invoices, Matvil financial statements, Actava financial statements, Matvil reports and schedules.  Defendants require a discovery extension so their experts can obtain, review, and process these documents.

This is Defendants' second request for a discovery extension.  The Court has granted eight prior requests for extensions of discovery sought by Plaintiffs to which Defendants consented.  Plaintiffs have not responded to our request for an extension made on January 27, 2021.  For the reasons set forth above, Defendants respectfully request a one month extension of discovery.[5]

---

[2] Defendants will provide a copy to the Court upon request.

[3] Paragraph 2 of the Matvil Order ordered Plaintiffs to "produce documents concerning the joint bank account, joint merchant account, weekly invoices, and records of their business relationship with Matvil[ ]" and Paragraph 3 ordered Plaintiffs to "provide information in response to interrogatories not answered because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA[.]"

[4] Request No. 61 of Defendants' Second Set of Document Requests requested "All Documents used in preparation of any expert report."  Plaintiffs responded: "Plaintiff objects to this Request as premature. Subject to, and without waiving, the foregoing and the Preliminary Statement, Plaintiffs will produce responsive, non-privileged documents following a reasonable and diligent search, if any."

[5] Under FRCP 37(c)(1), "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). A showing of bad faith is not required.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

Hon. Kevin N. Fox
January 29, 2021
Page 3



                              Respectfully submitted,

                              /s/ Raymond J. Dowd

cc:  All counsel via ECF