# BOCHNER**IP**

**Andrew D. Bochner, Esq.**

295 Madison Avenue, 12th Floor                                       Andrew@BochnerIP.com

New York, New York 10017                                              Tel: 646.971.0685


**Via ECF**                                                                                                January 31, 2021

Hon. Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007


      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)


Dear Judge Carter:

     We are counsel for Defendants Limited Liability Company "Rain TV-Channel" ("Rain"), Kartina Digital GmbH ("Kartina"), Joint Stock Company "CTC Network" ("CTC Network"), Joint Stock Company "New Channel" ("New Channel"), Closed Joint Stock Company "TV DARIAL" ("TV DARIAL"), and Limited Liability Company "Comedy TV" ("Comedy TV," and collectively, "Defendants") in the above-referenced matter. We write pursuant to Rule 2.A of Your Honor's Individual Rules to respectfully request a pre-motion conference regarding Defendants' anticipated motion for judgment on the pleadings on Plaintiffs' claim for malicious prosecution in its Second Amended Complaint ("SAC"), Dkt. 147, under Rule 12(c). Defendants note that the argument below—that the motion filed by Defendants in the prior action is not itself an "action"—was not presented in the earlier motion to dismiss the first amended complaint.[1] *See generally* Dkt. 73 at 18; Dkt. 80 at 14-15; Dkt. 84 at 4-5. Accordingly, the Court did not address this issue in its ruling. Dkt. 121 at 17-18.

     The first element of malicious prosecution requires "the initiation of an action by the defendant against the plaintiff." Dkt. 121 at 17 (quoting *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 327 (S.D.N.Y. 2008)). And it is clear that an "action" refers to the

---

[1] Bochner IP was substituted for prior counsel, Dunnington, Bartholow & Miller LLP ("Dunnington"), on December 23, 2020 with respect to defendants Rain and Kartina, and on December 28, 2020 with respect to CTC Network, New Channel, and TV DARIAL. Dkt. Nos. 226 and 237. Bochner IP recently entered an appearance for Comedy TV, Dkt. 252, and Dunnington is expected to file its withdrawal for Comedy TV. Dunnington continues to represent defendant Joint Stock Company "Channel One Russia Worldwide."

# BOCHNER IP

initiation of an independent lawsuit, not merely the filing of a motion *in an existing lawsuit*, as alleged in the SAC. Dkt. 147 ¶ 91.

Indeed, no New York court has ever held that a *motion* in an action somehow itself constitutes an action for purposes of malicious prosecution. If Plaintiffs were correct, courts would be inundated with malicious prosecution claims based on discovery motions, motions to dismiss, motions to amend pleadings, and the like. Every time a party prevails on a motion, it could file a new malicious prosecution litigation. Courts around the country roundly reject this argument and hold that motions and other actions taken by parties in existing actions are not themselves actions. *See, e.g.*, *Liberi v. Taitz*, 647 F. App'x 794, 797 (9th Cir. 2016) ("The tort of malicious prosecution requires the initiation of a full-blown action.") (cleaned up) (citing *Adams v. Superior Court*, 2 Cal. App. 4th 521, 528, 3 Cal. Rptr. 2d 49, 51 (1992));[2] *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-CV-00422-PMP, 2010 WL 4339368, at *5 (D. Nev. Oct. 15, 2010) (same); *Corrigan v. Pflanz*, No. CV-08-0333-EFS, 2009 WL 10670879, at *2 (E.D. Wash. Apr. 9, 2009) ("Rule 11 motion . . . does not give rise to an independent cause of action for either malicious prosecution or abuse of process"); *Merlet v. Rizzo*, 64 Cal. App. 4th 53, 63 (Ct. App. 1998) ("[A] motion is not independent of the original lawsuit, it cannot be the basis for a malicious prosecution claim"); *Lossing v. Superior Court*, 207 Cal. App. 3d 635, 639 (Ct. App. 1989) ("[C]ontempt proceedings to sanction discovery abuse are ancillary proceedings without sufficient independence to support a cause of action for malicious prosecution."); *Twyford v. Twyford*, 63 Cal. App. 3d 916, 922, 134 Cal. Rptr. 145, 148 (Ct. App. 1976) ("[A] request for admissions is not a separate proceeding and has no independent existence."). In sum, Defendants' filing of a motion is not an initiation of an "action" and this Court should dismiss the malicious prosecution claim in Plaintiffs' SAC.

We thank the Court for its time and attention to this request.

Respectfully submitted,
/Andrew D. Bochner /
Andrew D. Bochner

---

[2] "The reason the courts have held that a malicious prosecution action can not be grounded upon actions taken within pending litigation is that permitting such a cause of action would disrupt the ongoing lawsuit by injecting tort claims against the parties' lawyers and because the appropriate remedy for actions taken within a lawsuit lies in the invocation of the court's broad powers to control judicial proceedings." *Adams*, 2 Cal. App. 4th at 528. Thus, to the extent Plaintiffs believed the contempt motion was somehow improper—and it was not—its sole remedy was a motion for appropriate relief in the prior litigation.