

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
E-Mail: tbutterfield@mosessinger.com

February 3, 2021

**VIA ECF**
Hon. Andrew L. Carter Jr.
United States District Court Judge,
S.D.N.Y.
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Carter:

      We represent Plaintiffs in the above captioned action. We write in response to Defendants' January 31, 2021 pre-motion letter to the Court (ECF No. 254) regarding their proposed Rule 12(c) motion for judgment on the pleadings on Plaintiffs' malicious prosecution claim.

      Defendants' proposed motion is yet another example of their campaign to harass plaintiffs by repeatedly advancing baseless legal arguments. In this instance, they propose a second motion to dismiss in the guise of a motion for judgment on the pleadings, ten months after the Defendants answered the Second Amended Complaint (ECF No. 150), and two years after having already made their prior unsuccessful motion to dismiss (ECF No. 68) which Your Honor denied in its entirely (ECF No. 121).  There is no reason Defendants could not have included in that prior motion the shaky legal arguments they propose to make now via their belated proposed motion.  They did not make such legal arguments then, and should not be permitted to risk delay to the trial herein by advancing them now in the final weeks of discovery.

      FRCP Rule 12(c) provides that "a party may move for judgment on the pleadings" anytime "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ.P. 12(c). "In deciding a Rule 12(c) motion, [the Court] appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party."  *D'Alessio v. N.Y. Stock Exch.,* 258 F.3d 93, 99 (2d Cir. 2001).  The claims in the Second Amended Complaint concern Defendants' failed initiation of a civil contempt proceeding against Plaintiffs, following their complete settlement and dismissal of the prior litigation they had previously brought against the exact same parties.  Initiation of that contempt proceeding, which Magistrate Judge Moses summarily denied, meets the standard textbook definition of malicious prosecution.



Hon. Andrew Carter
United States District Judge
February 3, 2021
Page 2

A malicious prosecution action brought in New York requires: (1) a prior proceeding; (2) termination of that proceeding in favor of the malicious prosecution plaintiff; (3) a lack of probable cause; (4) initiation of the action out of malice; and (5) a showing of special damages.  See *Borison v. Cornacchia,* No. 96-CIV-4783, 1997 WL 232294 (S.D.N.Y. 1997).  New York follows the Restatement (Second) of Torts in connection with malicious prosecution claims.  *See, e.g., Spearman v. Dutchess County Dawn Johnson*, 1:05-CV-148 (FJS/RFT), at *8 (N.D.N.Y. July 25, 2008) (citing *People v. Smith,* 62 N.Y.2d 306, 309); *Chmielewski v. Smith*, 73 A.D.2d 1053 (N.Y. App. Div. 1980).

"The gravamen of a civil malicious prosecution cause of action is the wrongful **initiation, procurement, or continuation of a legal proceeding.**"  *Campion Funeral Home v. State*, 166 A.D.2d 32, 36 (N.Y. App. Div. 1991) (citing Restatement (Second) of Torts § 674) (emphasis added).  The Restatement defines "initiation of civil proceedings" as setting "the machinery of the law in motion, whether he acts in his own name or that of a third person, or whether the proceedings are brought to enforce a claim of his own or that of a third person." Rest. (Second) of Torts § 674, cmt. a.  One who "procures the initiation of civil proceedings is liable under the same conditions as the one who initiates them."  *Id.*, cmt. b.  Finally, "one who continues a civil proceeding that has properly been begun for an improper person after he has learned that there is no probable cause for the proceeding becomes liable as if he had then initiated the proceeding." *Id.,* cmt. c.

Here, on June 6, 2016 the parties reached a settlement in the underlying proceedings and stipulated, *inter alia*, that "the Clerk of this Court shall enter Judgment terminating this Action as to Defendants Actava TV, Inc., Master Call, Inc., Master Call Corporation and Rouslan Tsoutiev."  *See* 16-cv-01318-GBD-BCM, ECF No. 70 at ¶ 7.  The Clerk entered that judgment the same day. *Id.,* ECF No. 72. Six months later, on December 13, 2016, Defendants initiated contempt proceedings against the Actava Parties. *Id.*, ECF No. 149.  These proceedings were "brought to enforce a [new] claim of [Defendants'] own," based on a new set of facts post-dating the settlement agreement.[1]

Courts around the country have interpreted and applied the Second Restatement to permit malicious prosecution claims with respect to proceedings distinct from, or subordinate to, the underlying proceedings.  *See, e.g., Benjamin C. Gecy, River City Developers, LLC v. Somerset Point At Lady's Island Homeowners Ass'n, Inc.*, App. No. 2016-001113, 426 S.C. 540, at *6 n.3 (S.C. Ct. App. Jan. 30, 2019) (citing Restatement (Second) of Torts) ("Even though the principal proceedings are properly brought, the ancillary proceedings may be wrongfully initiated.  In this case the wrongful procurement and execution of the ancillary process subjects the person procuring it to liability."); *Minasian v. Sapse*, 145 Cal. Rptr. 829, 831 (Ct. App. 1978) ("The cause of action lies for

---

[1] Alternatively, the contempt motion was a wrongful re-opening or "continuation" of the underlying proceeding.

4605033 018529.0101



Hon. Andrew Carter
United States District Judge
February 3, 2021
Page 3

the prosecution of ancillary proceedings, including counterclaims and cross-complaints as well as for prosecution of the main proceeding"); *Bentley v. Northshore Dev., Inc.*, 935 F. Supp. 500, 504 (D. Vt. 1996) (analyzing the "initiation, procurement, or continuation" prongs of Restatement to apply to parties who, like Kartina here, directed litigation from behind the scenes).

Defendants' absurd and exceedingly restrictive view of the malicious prosecution cause of action would mean that parties could reach settlements and enter stipulations, terminating the case as to certain parties, only to re-open the case with malicious and false accusations against those same parties – all with impunity. The cause of action is intended precisely to protect against this scenario. Accordingly, because Defendants have "initiated, procured, or continued" a legal proceeding – here, via the contempt proceedings – Plaintiffs' malicious prosecution action is proper and should be sustained.

Discovery has revealed many additional facts which corroborate Plaintiffs' allegations of Defendants' bad faith in commencing the failed contempt proceeding against Plaintiffs. Defendants have the right to seek to move for summary judgment following the end of discovery in just a few weeks. Such a motion would search the record, rather than attack pleadings Plaintiffs drafted prior to the last two years of discovery without the benefit of such revelations. Just one of the damaging facts revealed in discovery was the Defendant Channels' failed attempt to conceal that the true source of the funding and impetus for their multiple lawsuits against Plaintiffs was none other than Defendant Kartina Digital GmbH, which had the obvious and unlawful motive to eliminate its competitor Actava TV from the marketplace. Neither the Court nor Plaintiffs should have to brief and address a belated second motion attacking pleadings that omit all the revelations of discovery. Plaintiffs are confident that the evidence actually adduced strongly supports their claims. They object to this obvious attempt to use another baseless motion to delay the Court from advancing this case past summary judgment motions to trial.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

*/Toby Butterfield/*

Toby Butterfield