

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800     Fax: 212.554.7700
www.mosessinger.com

February 4, 2021

**VIA ECF**

Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

                Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

      Pursuant to Rule 2.A of Your Honor's Individual Practices and Local Rule 37.2, Plaintiffs submit this joint letter requesting a pre-motion conference on a motion to quash and/or for a protective order with respect to two third-party subpoenas served by Defendants on PayPal and Bank of America on January 21, 2021.[1]

      **Plaintiffs' Position:**  Rule 45 permits the Court to quash or modify a subpoena that requires disclosure of privileged or other protected matter or that subjects a person to undue burden. Fed. R. Civ. P. (c)(3)(A)(iv). Moreover, Rule 26(c) authorizes courts to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order that discovery not be had. Fed. R. Civ. P. 26(c).  "Subpoenas issued under Rule 45 are subject to the relevance requirements of Rule 26." *Corbett v. eHome Credit Corp.*, No. 10-CV-26(JG)(RLM), 2010 WL 3023870, at *2 (E.D.N.Y. Aug. 2, 2010) (quotation omitted).  A party has standing to object to a third-party subpoena where it has a "personal right or privilege in the information sought." *Allison v. Closette Too, LLC*, No. 14-cv-1618, 2015 WL 136102, at *7 (S.D.N.Y. Jan. 9, 2015). "In [the Second] Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV-126383, 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017) (collecting cases).

      Defendants' subpoenas to PayPal and Bank of America seek all documents and communications, from January 1, 2014 to present, concerning *inter alia* "any money transfers involving Actava," Actava's account statements and activity, and payments to Actava.  However, Defendants define "Actava" broadly include "Plaintiffs Rouslan Tsoutiev, Master Call Communications, Inc., Master Call Corporation, Master Call Connections, LLC, Gardenia HB, and Allvoi Communications, including their principals, agents, parents, affiliates, agents and assigns." This action seeks to recover the lost profits inflicted on **Actava TV, Inc**. due to Defendants' malicious prosecution and tortious interference.  Plaintiffs' expert damages report similarly concerns the lost profits of Actava TV, Inc.  Mr. Tsoutiev and the Master Call Entities are named Plaintiffs because Defendants wrongfully brought contempt proceedings against them – but they do not claim economic damages.  Further, Allvoi Communications, Inc., is not a party to this action

---

[1] Upon receipt of Defendants' Position, Plaintiffs attempted in good faith to confer with Defendants concerning the subject matter of this proposed motion, but Defendants asserted they were unavailable until the next day, when this Motion would no longer be timely.



Hon. Kevin N. Fox
February 4, 2021

as it was founded after this action was instituted. As such, Allvoi's bank statements have no relevance to the facts underlying this case.

Mr. Tsoutiev owns and runs multiple businesses, including the Master Call Entities, which are wholly separate from Actava. When Actava was an operational business, it had its own bank accounts, employees, payroll, and expenditures that were separate from those of the Master Call Entities. Defendants' requests for the records of Mr. Tsoutiev and entities other than Actava are intrusive and unnecessary. Defendants fail to meet their burden that the information sought is both relevant and proportional to the needs of the case. *See Sky Med. Supply Inc.*, 2017 WL 1133349 at *20; Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiffs' motion should be granted.

**Defendants' Position:** In addition to failing to meet and confer, Plaintiffs have also failed to bear the burden of demonstrating that "despite the broad and liberal construction afforded the federal discovery rules," the requests are irrelevant, or are overly broad, burdensome, or oppressive. *Royal Park Investments*, 2016 WL 4613390 at *6-7 (S.D.N.Y. 2016). Plaintiffs (and affiliates subject to subpoena) are jointly owned and controlled by Rouslan Tsoutiev and maintain a joint database of Russian and Polish emigrés to which they sell telecommunications and IPTV services. Actava has produced no documents showing how credit cards were processed during the period it seeks damages and has produced no documents showing payments to or from Matvil, its purported licensor. Plaintiffs' $9.26 million damages claims are supported only with self-created Excel documents without backup. Defendants seek these "backup" financial documents from PayPal, Plaintiffs' last known payment processor and Plaintiffs' bank, Bank of America. Mr. Tsoutiev testified to conversations with Matvil showing that Actava processed credit card payments from September 2016- September 2018 in breach of the Settlement Agreement. However, Actava now argues that Matvil, not Actava, processed the credit card payments. Plaintiffs have refused to turn over the relevant documents, necessitating these third-party subpoenas.

The information sought is also relevant to Defendants' Counterclaims related to the piracy activities of Actava in breach of the Settlement Agreement. Radio stations invoiced Gardenia HB, Inc., for Actava TV advertisements (ACT2026). Master Call Communications, Inc. paid for bandwidth to transmit Actava's pirated programming. (ACT2376). A Mastercorp employee demanded purportedly unpaid fees from Matvil owed to Actava (ACT1049). Allvoi employees collected payments for Actava subscribers (ACT1224). Plaintiffs' experts rely on customer surveys from Allvoi (ACT3564, ACT4050). Master Call Connections, LLC employees demanded payments from Matvil on behalf of Actava (ACT001053) and drafted advertising copy for Actava (ACT1074-75). All subpoenaed parties are located in the same office, have overlapping employees, and the employees use email domains [name] @allvoi. Actava's testimony shows the subpoenaed parties are interrelated  Actava's engineer, testified that Allvoi is another name for Mastercall. (Makhotin Tr. at 100:6-7). Actava's accountant was paid by Allvoi, Mastercall Connections, LLC, and Master Corp. (Pliss Tr. 49:24-50:13). Master Call's accountant testified she worked for Actava as a volunteer. (*Id.* at 12:2-5). Actava's customer service representative testified she was paid by Actava, Mastercorp, and Allvoi (Zhevnerova Tr. at 110:4-111:5).

Plaintiffs have failed to meet their burden of showing that the requests are irrelevant, overly broad, burdensome or oppressive.



Hon. Kevin N. Fox
February 4, 2021

                                                Respectfully submitted,

                                                */Toby Butterfield/*

                                                Toby Butterfield