EXHIBIT 2

# EXHIBIT A

CHANNELONEACTAVA005669

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made as of April __, 2016, between Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Limited Liability Company "Veriselintel," Open Joint Company "ACCEPT," and Limited Liability Company "Comedy TV" (each a "Plaintiff" and collectively "Plaintiffs") and Actava TV, Inc., a Delaware Corporation with its headquarters in New York, New York ("Actava"), Master Call Communications, Inc., a New Jersey Corporation with its headquarters in New York, New York ("Master Call Inc."), Master Call Corporation, a Delaware Corporation with its headquarters in New York, New York ("Master Call Corp.") and Rouslan Tsoutiev, an individual with an address at 39 Broadway, Suite 1850, New York, New York 10006 ("Tsoutiev"). Actava, Master Call Inc., Master Call Corp. and Tsoutiev are collectively "Defendants."  Each of Plaintiffs and Defendants are a "Party" and they are collectively the "Parties."

## RECITALS

**WHEREAS,** on November 4, 2015 an action captioned as <u>Closed Joint Stock Company "CTC Network" et. al.</u>, (S.D.N.Y. 15-CV-8681) (the "First Action") was commenced in which, among other things, Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel" complain that Actava has infringed upon their intellectual property; and

**WHEREAS,** on February 19, 2016 an action captioned as <u>Joint Stock Company "Channel One Russia Worldwide" et. al. v. Infomir LLC, et al.</u>, (S.D.N.Y. 16-CV-01318) (the "Second Action") was commenced in which, among other things, Plaintiffs complain that Defendants have infringed upon their intellectual property; and

**WHEREAS,** on January 12, 2016 the United States District Court for the Southern District of New York (Daniels, J.) entered a default judgment, which included a permanent injunction ("Injunction") against Actava (including, among others, its officers, agents and assigns) and referred certain issues, including an inquest as to damages and settlement, to Magistrate Judge Barbara Moses (First Action ECF Doc. 20-21); and

**WHEREAS,** the Parties wish to fully and finally resolve the claims between them in the First Action and the claims between them in the Second Action and all other claims between them relating to subscriptions, services or hardware sold through the website www.actava.tv ("Website").

**NOW, THEREFORE,** in consideration of the Parties' respective promises set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound by this Agreement, it is hereby agreed by the Parties as follows:

CHANNELONEACTAVA005670



**5.**   <u>**Stipulation And Final Order:**</u>   The Parties acknowledge and represent that entry into a stipulation and final order in both the First Action and Second Action (collectively the "Orders") substantially in the forms annexed hereto as <u>Exhibit B</u> and <u>Exhibit C</u> is a

CHANNELONEACTAVA005671

condition precedent to the effectiveness of this Agreement and that the entry into and subsequent Court approval of the Orders is a material part of this Agreement. The Orders shall be submitted to the Court within three (3) days of payment of the Settlement Amount. Upon the entry of the Orders in both the First Action and Second Action, Dunnington Bartholow & Miller LLP is fully authorized to release the Settlement Amount from escrow.

6. **Representations and Warranties:**

████████████████████████████████████

    c.    Tsoutiev represents that he is authorized to enter into this Agreement on behalf of Actava, Master Call Inc. and Master Call Corp.

    d.    Defendants represent and warrant collectively and individually that:

        i.    Other than as identified in the Plaintiffs' pleadings in the First Action and Second Action, Defendants have not previously broadcast, copied, distributed or otherwise used the Broadcasts other than through Actava and the Website;

        ii.    Defendants have not and do not own or have any interest in any other website, application or other property engaged in the business of providing internet protocol television ("IPTV");

        iii.    Defendants maintain no ownership or management interest in any other IPTV service;

        iv.    Defendants are not presently and will not in the future broadcast, copy, distribute or otherwise use the Broadcasts in any manner, including on the Website, without the express written consent of the relevant Plaintiffs or an authorized representative thereof, as set forth in subparagraph (e) below;

    e.    The parties jointly agree and represent that Tsoutiev may seek to enter into a license agreement with a Plaintiff or Plaintiffs following the Effective Date without breaching this Agreement. ██████████████████████████ ███████████████████ For the avoidance of doubt, there is no agreement or requirement that any license agreement be entered into by any Party.

7. **Mutual General Release:** As of the Effective Date, Plaintiffs release and discharge Defendants, and their parents, subsidiaries, divisions, affiliates, directors, officers, employees, licensees, successors, assigns, agents, representatives, insurers, and attorneys, from any and all claims that relate in any manner to the First Action and/or the Second Action and Defendants likewise release and discharge Plaintiffs and their parents, subsidiaries, divisions, affiliates, directors, officers, employees, licensees, successors,

CHANNELONEACTAVA005672

assigns, agents, representatives, insurers, and attorneys, from any and all claims that relate in any manner to the First Action and/or the Second Action.  For the avoidance of doubt, this mutual general release does not foreclose claims against any Party, collectively or individually, arising from a breach of Paragraph 6 of this Agreement entitled "Representations and Warranties."

8.    **Suspected Breach:** In the event that any Plaintiff suspects that any Defendant is in breach of this Agreement, such Plaintiff shall provide written notice of the suspected breach to the appropriate Defendant(s) as set forth in paragraph 17 of this Agreement. If any Defendant fails to remedy such suspected breach within ten (10) business days of receiving written notice, the Plaintiffs shall be entitled to seek all judicial relief against Defendants for such suspected breach.

9.    **Confidentiality:** The terms of this Agreement are to be maintained as confidential and the Parties agree that this confidential treatment is a material obligation for each Party. The Parties may disclose the contents of this Agreement to their respective attorneys and tax professionals provided they are similarly instructed to maintain the confidentiality of this Agreement.  In the event that a breach of this Confidentiality provision, the party alleging a breach may disclose the terms of this Settlement Agreement in as limited a manner as necessary to obtain relief.

10.   **Choice of Law and Forum:**   This Agreement shall be interpreted and enforced in accordance with the laws of the State of New York, without regard to its conflict-of-law principles.  The Parties agree that in the event a dispute, claim or controversy relating in any way to this Agreement arises, a Party may make an application to the United States District Court for the Southern District of New York to reopen the Action without prejudice or commence a plenary proceeding in that District as appropriate.

11.   **No Waiver:**  Unless otherwise noted, the failure of any of the Parties to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver of that term or deprive that Party of the right to insist upon strict adherence to every term of this Agreement.

12.   **Entire Agreement:**  This Agreement constitutes the complete understanding between the Parties and supersedes all prior agreements, promises or inducements concerning its subject matter.

13.   **Covered Parties:** This Agreement shall be binding upon and inure to the benefit of the Parties as well as their subsidiaries, related companies, successors, agents and assigns.

CHANNELONEACTAVA005673



**18.    Costs; Related Matters:**

Reasonable attorneys' fees shall be awarded in connection with any successful proceeding to enforce this Agreement.

CHANNELONEACTAVA005674



Plaintiffs

By: DUNNINGTON BARTHOLOW
    & MILLER LLP

By: Raymond J. Dowd

Sworn to before me this 24
day of April , 2016

Notary Public

EDWARD W. GREASON
Notary Public, State of New York
No. 02GR6243996
Qualified in New York County
Commission Expires June 27, 20 19

Master Call, Inc.,

By: Rouslan Tsoutiev

Sworn to before me this 26
day of April , 2016

Notary Public

MIKHAIL E. LEZHNEV
Notary Public, State of New York
No. 02LE6301549
Qualified in Kings County
Commission Expires 4/28/20 18

Actava TV, Inc.

By: Rouslan Tsoutiev

Sworn to before me this 26
day of April , 2016

Notary Public

MIKHAIL E. LEZHNEV
Notary Public, State of New York
No. 02LE6301549
Qualified in Kings County
Commission Expires 4/28/20 18

Master Call Corporation

By: Rouslan Tsoutiev

Sworn to before me this 26
day of April , 2016

Notary Public

MIKHAIL E. LEZHNEV
Notary Public, State of New York
No. 02LE6301549
Qualified in Kings County
Commission Expires 4/28/20 18

6

CHANNELONEACTAVA005675

**ROUSLAN TSOUTIEV**
**In His Individual Capacity**

Rouslan Tsoutiev

Sworn to before me this 26
day of April , 2016

Notary Public

MIKHAIL E. LEZHNEV
Notary Public, State of New York
No. 02LE6301549
Qualified in Kings County
Commission Expires 4/29/20 18

7

CHANNELONEACTAVA005676

**EXHIBIT A**

(Non-Exhaustive List Of Broadcasts And Related Marks Owned By Plaintiffs)

- **Channel One**



- **Dom Kino**



- **Carousel International**



- **Muzika Pervogo**



- **Telekafe**



8

CHANNELONEACTAVA005677

- **Vremya:dalekoe i blizkoe**



- CTC



- Che TV



- Domashny



- REN TV



9

CHANNELONEACTAVA005678

- **TNT-Comedy**



- **Rain TV**



- **Nostalgia**



CHANNELONEACTAVA005679

**EXHIBIT B**

(Order in First Action)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Closed Joint Stock Company "CTC Network," Closed                Index No. 15-CV-8681
Joint Stock Company "TV DARIAL," and Closed Joint
Stock Company "New Channel"

                      Plaintiffs,

                - against -                                                    **STIPULATION & ORDER**


Actava TV, Inc. (http://www.actava.tv)

                    Defendant.
-------------------------------------------------------------------X

       **WHEREAS** Plaintiffs Closed Joint Stock Company "CTC Network," Closed Joint Stock

Company "TV DARIAL," and Closed Joint Stock Company "New Channel" ("Plaintiffs")

commenced this action on November 4, 2015; and

       **WHEREAS** Plaintiffs broadcast various channels (the "Channels") originating in the

Russian Federation; and

       **WHERAES** Defendant Actava TV, Inc. (www.actava.tv), defaulted and an inquest

remains pending; and

       **WHEREAS** the Parties are desirous of finally resolving this matter; and

       **IT IS HEREBY STIPULATED AND AGREED**, that

1.  The default judgment entered by the court on January 12, 2016 (Docket No. 20) is hereby

    vacated and replaced by this Stipulation and Order.

2.  Defendants, as well as their parents, subsidiaries, affiliates, predecessors, successors,

CHANNELONEACTAVA005680

divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns as well as any persons or entities in active concert or participation with Defendant are PERMANENTLY ENJOINED and RESTRAINED from:

    a.  broadcasting, re-broadcasting or otherwise transmitting Plaintiffs' Broadcasts as identified in Annex 1or any other channel that Plaintiffs may in the future broadcast via any medium, including but not limited to internet protocol television ("IPTV") and social media, without authorization;

    b.  directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Broadcasts including any associated programs without authorization;

    c.  directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Marks as identified in Annex 1 without authorization;

    d.  publishing or distributing any promotional materials referring to Plaintiffs' Broadcasts or Marks; in any medium, including, but not limited to the internet (including IPTV and social media), television, radio, newspapers, magazines, direct mail or oral communication without authorization;

2. Defendants shall not register, purchase, manage or have any ownership interest in any website or device engaged in the unauthorized copying, caching, retransmission or distribution of Plaintiffs' Broadcasts;

3. This Stipulation and Order shall apply to Defendants' parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns, if any;

4. Failure to comply with this Stipulation and Order shall be deemed contempt of Court;

CHANNELONEACTAVA005681

5. This Court shall retain jurisdiction for the limited purpose of enforcement of this Order, including determinations of damages and attorneys' fees which shall be recoverable in connection with any enforcement proceeding;

6. The Clerk of this Court shall enter Judgment terminating this action as to Defendants Actava TV, Inc.


DUNNINGTON BARTHOLOW
& MILLER LLP
*Attorneys for Plaintiffs*

GOTTLIEB RACKMAN AND REISMAN, P.C.
*Attorneys for Defendants*


By: _____

      Raymond J. Dowd
      Samuel A. Blaustein
      250 Park Avenue, Suite 1103
      New York, New York 10177
      (212) 682-8811
      rdowd@dunnington.com
      sblaustein@dunnington.com

By: _____

      Marc P. Misthal
      Jonathan A. Malki
      270 Madison Avenue
      New York, New York 10016
      (212) 684-3900
      mmisthal@grr.com
      jmalki@grr.com


SO ORDERED:


_____

**Hon. Barbara Moses, U.S.M.J.**

CHANNELONEACTAVA005682

ANNEX 1

(Broadcasts and Marks)

| PLAINTIFF | Closed Joint Stock Company "CTC Network" | Closed Joint Stock Company "TV DARIAL" | Closed Joint Stock Company "New Channel" |
|---|---|---|---|
| MARKS |  |   |   |
| CHANNEL | CTC Network | Peretz (renamed Che TV in November 2015) | Domashny |

14

CHANNELONEACTAVA005683

**EXHIBIT C**

(Order in Second Action)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Joint Stock Company "Channel One Russia Worldwide,"
Closed Joint Stock Company "CTC Network," Closed          Index Nos.      16-CV-01318
Joint Stock Company "TV DARIAL,"  Closed Joint
Stock Company "New Channel", Limited Liability
Company "Rain TV-Channel," Limited Liability
Company "Veriselintel," Open Joint Stock Company
"ACCEPT", and Limited Liability Company "Comedy TV."


                        Plaintiffs,                    **STIPULATION & ORDER**

        -against-

INFOMIR LLC ( www.infomirusa.com),
PANORAMA TV (www.mypanorama.tv),
GOODZONE TV  (www.gudzon.tv),
MATVIL CORPORATION d/b/a eTVnet (www.etvnet.com),
MIKHAIL GAYSTER
ACTAVA TV, INC. (www.actava.tv),
MASTER CALL COMMUNICATIONS, INC.,
MASTER CALL CORPORATION ,
ROUSLAN TSOUTIEV, and
John Does 1-50.
----------------------------------------------------------------------------X

        **WHEREAS** Plaintiffs Joint Stock Company "Channel One Russia Worldwide," Closed

Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed

Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Limited

Liability Company "Veriselintel," Open Joint Company "ACCEPT," and Limited Liability

Company "Comedy TV" ("Plaintiffs") commenced this action on February 19, 2016; and

        **WHEREAS** Plaintiffs broadcast various channels (the "Channels") originating in the

Russian Federation; and

15

CHANNELONEACTAVA005684

**WHERAES** Defendants Actava TV, Inc. ([www.actava.tv](www.actava.tv)), Master Call Communications, Inc., Master Call Corporation and Rouslan Tsoutiev (collectively "Defendants" and with Plaintiffs the "Parties") accepted service of the Complaint; and

**WHEREAS** the Parties are desirous of finally resolving this matter; and

**IT IS HEREBY STIPULATED AND AGREED**, that

1. Defendants, as well as their parents, subsidiaries, affiliates, predecessors, successors, divisions, operating units, principals, officers, directors, shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs, and future assigns as well as any persons or entities in active concert or participation with Defendant are PERMANENTLY ENJOINED and RESTRAINED from:

    a. broadcasting, re-broadcasting or otherwise transmitting Plaintiffs' Broadcasts as identified in Annex 1 or any other channel that Plaintiffs may in the future broadcast via any medium, including but not limited to internet protocol television ("IPTV") and social media without authorization;

    b. directly or indirectly infringing or making any use, in any manner whatsoever, in Plaintiffs' Broadcasts including any associated programs without authorization;

    c.  directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Marks as identified in Annex 1 without authorization;

    d. publishing or distributing any promotional materials referring to Plaintiffs' Broadcasts; in any medium, including, but not limited to the internet (including IPTV and social media), television, radio, newspapers, magazines, direct mail or oral communication without authorization;

2. Defendants shall not register, purchase, manage or have any ownership interest in any

16

CHANNELONEACTAVA005685

website or device engaged in the unauthorized copying, caching, retransmission or

distribution of Plaintiffs' Broadcasts ;

3. This Stipulation and Order shall apply to  Defendants' parents, subsidiaries, affiliates,

predecessors, successors, divisions, operating units, principals, officers, directors,

shareholders, employees, attorneys, members, agents, heirs, representatives, spin-offs,

and future assigns, if any;

4. Failure to comply with this Stipulation and Order  shall be deemed contempt of Court;

5. This Court shall retain jurisdiction for the limited purpose of enforcement of this Order,

including determinations of damages and attorneys' fees which shall be recoverable in

connection with any enforcement proceeding;

6. The Clerk of this Court shall enter Judgment terminating this Action as to Defendants

Actava TV, Inc. Master Call, Inc., Master Call Corporation and Rouslan Tsoutiev.


DUNNINGTON BARTHOLOW
& MILLER LLP
*Attorneys for Plaintiffs*

GOTTLIEB RACKMAN AND REISMAN,
P.C.
*Attorneys for Defendants*

By: _____

    Raymond J. Dowd
    Samuel A. Blaustein
    250 Park Avenue, Suite 1103
    New York, New York 10177
    (212) 682-8811
    rdowd@dunnington.com
    sblaustein@dunnington.com

By: _____

    Marc P. Misthal
    Jonathan A. Malki
    270 Madison Avenue
    New York, New York 10016
    (212) 684-3900
    mmisthal@grr.com
    jmalki@grr.com


SO ORDERED:

_____
**Hon. Barbara Moses, U.S.M.J.**

CHANNELONEACTAVA005686

ANNEX 1

(Broadcasts and Marks)

- **Channel One**



- **Dom Kino**



- **Carousel International**



- **Muzika Pervogo**



- **Telekafe**



CHANNELONEACTAVA005687

- **Vremya:dalekoe i blizkoe**



- **CTC**



- **Che TV**



- **Domashny**



- **REN TV**



CHANNELONEACTAVA005688

- **TNT-Comedy**



- **Rain TV**



- **Nostalgia**



CHANNELONEACTAVA005689

**EXHIBIT D**
(Side Letter Agreement)

**DBM LETTERHEAD**

Mr. Rouslan Tsoutiev
39 Broadway, Suite 1850
New York, New York
10006

Dear Mr. Tsoutiev:

Reference is made to the settlement agreement and release made as of April __, 2016 ("Agreement").  This letter confirms that you are authorized to attempt to enter into negotiations for a license agreement with the following entities which are collectively referred to as "Plaintiffs":

> "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "TV DARIAL," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Limited Liability Company "Veriselintel," Open Joint Company "ACCEPT," and Limited Liability Company "Comedy TV"

Any attempt to negotiate a license with any of the aforementioned Plaintiffs shall not be a breach of the Agreement.  However, nothing contained herein shall be construed as a promise that any license agreement will be agreed to and Plaintiffs may reject any offer to enter into negotiations for any reason or no reason.

Any attempts to enter into a license agreement shall be made to each Plaintiff's appropriate sales and/or licensing division.  Should Plaintiffs, in whole or in part, request that you cease attempts to enter into negotiations, you shall abide by such a request.

Should you have any questions regarding the Agreement or this side letter agreement, they should be communicated to the undersigned in the first instance.  .

Sincerely,


Raymond J. Dowd

CHANNELONEACTAVA005690