UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev<br><br>    Plaintiffs,<br><br>  v.<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT," and Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br>    Defendants. | Case No.  18-cv-06626 |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL

Raymond J. Dowd
Hardin P. Rowley
Dunnington, Bartholow & Miller, LLP
230 Park Avenue, 21st Floor
New York, NY 10018
(212) 682-8811
rdowd@dunnington.com
hrowley@dunnington.com

*Attorneys for Defendant Joint Stock Company "Channel One Russia Worldwide"*

Andrew David Bochner
Michael G. Gabriel
Serge Krimnus
Bochner IP
295 Madison Avenue, 12th Floor
New York, NY 10018
(646) 971-0685
Andrew@bochnerip.com
Michael@bochnerip.com
Serge@bochnerip.com

*Attorneys for Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV Darial," and Limited Liability Company "Comedy TV."*

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. The Settlement Agreement in the Prior Litigations ................................................................2

    B. Actava's Claims Arising Out of the Settlement Agreement ..................................................3

    C. Defendant Broadcasters' Counterclaims Arising out of the Settlement Agreement ...........4

    D. Actava's Motion for a Protective Order and Broadcasters' Motion to Compel ..................5

III. ARGUMENT..........................................................................................................................5

    A. This Court Should Compel Actava to Produce Documents Relevant to Broadcasters' Counterclaims. .....................................................................................................................5

    B. Actava Cannot Refuse to Produce Documents Based on Its Unpled Release Defense .......7

    C. This Court Should Sanction Actava for Failing to Produce Documents as Ordered by this Court................................................................................................................................9

IV. CONCLUSION....................................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bath and Body Works Brand Mgmt., Inc., v. Summit Entertainment, LLC*,
   2012 WL 5278528 (S.D.N.Y. Oct. 23, 2012) ............................................................................11

*Closed Joint Stock Company "CTC Network" et al. v. Actava TV, Inc.*,
   15-CV-8681 (GBD)(BCM)(S.D.N.Y.) ........................................................................................2

*Closed Joint Stock Company "CTC Network" et al, v. Actava TV, Inc.*,
   15-CV-8681 (GBD)(BCM)(S.D.N.Y.) ........................................................................................2

*Gilmore v City of New York*,
   19CV6091GBDBCM, 2020 WL 7480620 (SDNY Dec. 18, 2020) .........................................11

*Joint Stock Company "Channel One Russia Worldwide," et al. v. Infomir et al*.
   16-CV-01318 (GBD)(BCM)(S.D.N.Y.) ......................................................................................2

*Joint Stock Company "Channel One" Russia Worldwide, et al v. Infomir LLC, et al*,
   16-CV-01318 (GBD)(BCM)(S.D.N.Y.) ......................................................................................2

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ..............................................................................................11

**Other Authorities**

Fed R. Civ. P. 26 .......................................................................................................................1, 10

Fed. R. Civ. P. 30(b)(6) ..............................................................................................................4, 5

Fed. R. Civ. P. 37(a)(1) ...................................................................................................................1

Fed. R. Civ. P. 37(b)(2)(A) .....................................................................................................10, 11

Local Rule 37.2 ................................................................................................................................5

Pursuant to the Court's January 22, 2021 Order (ECF 251) and Federal Rules of Civil Procedure 26 and 37, Defendants/Counterclaim-Plaintiffs (hereinafter "Broadcasters")[1] respectfully submit this Memorandum in Support of their Motion to Compel Plaintiffs/Counterclaim Defendants Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively "Actava") to produce documents.[2]

## I.  INTRODUCTION

Broadcasters seek an order compelling the production of documents relating to Actava's business, business associates, revenue, and profits that it concealed from the Broadcasters at the time it induced them to enter into a settlement agreement in prior litigations, which documents are relevant to Broadcasters' counterclaims in this action.[3] Actava has refused to provide these documents based on a supposed affirmative defense of release to the Broadcasters' counterclaims. But that purported affirmative defense of release has not even been pled, much less established, in the case. Specifically, Actava claims it is not required to produce documents relating to the Broadcasters' claim that Actava concealed certain of its pirating activities and affiliations when settling claims in prior litigations. Remarkably, Actava claims that the release in the Settlement Agreement (defined below), which Broadcasters allege was induced by Actava's

---

[1] Defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV Darial," and Limited Liability Company "Comedy TV."

[2] Counsel for Defendants have made repeated good-faith efforts to resolve the dispute prior to seeking a judicial resolution, but to no avail. *See* Fed. R. Civ. P. 37(a)(1) (requiring a party moving to compel discovery to have in "good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

[3] As detailed in Broadcasters' letter at ECF 249, Broadcasters seek documents responsive to Defendants' First Request for Production Nos. 7-9, 35-37, 39-40, 44, 47-50, 57, 60, 62, and 63 and Second Request for Production Nos. 35, 56, 59. The Defendants' First and Second Requests for Production are attached hereto as Ex. 1.

misrepresentations, bars claims for any such misrepresentations. This argument is particularly flawed given the fact that the release at issue specifically carves out claims related to breach of "representations and warranties" made in that agreement. In any event, Actava cannot simply declare its defense to counterclaims meritorious and unilaterally decree that it need not provide discovery on the counterclaims asserted against it.

## II. BACKGROUND[4]

### A. The Settlement Agreement in the Prior Litigations

The Broadcasters and Actava are parties to a settlement agreement that purported to resolve claims in two prior litigations[5] ("Settlement Agreement") (attached hereto as Ex. 2).[6] Pursuant to the terms of the Settlement Agreement, Actava agreed that it would not broadcast, copy, distribute, or otherwise use the Broadcasters' content without the Broadcasters' express consent. *Id.,* ¶ 6. Actava also expressly represented that: (1) it had "not previously broadcast, copied, distributed or otherwise used" the Broadcasters' content other than through Actava and Actava's website, www.actava.tv; (2) it did "not own or have an interest in any other website, application or other property engaged in the business of providing" IPTV; and (3) it would not broadcast, distribute or use the Broadcasters' content without express authorization. *Id.* ¶ 6; ECF 150 ¶¶ 208-09. The

---

[4] The following facts are derived from Actava's Second Amended Complaint (ECF 147) ("SAC"); Defendants' Answer and Counterclaims thereto (ECF 150) ("Answer"); documents filed in *Closed Joint Stock Company "CTC Network" et al. v. Actava TV, Inc.*, 15-CV-8681 (GBD)(BCM)(S.D.N.Y.) ("*CTC*") and *Joint Stock Company "Channel One Russia Worldwide," et al. v. Infomir et al.* 16-CV-01318 (GBD)(BCM)(S.D.N.Y.) ("*Infomir*"); Actava's initial disclosures, publicly available documents, and the ECF Docket in this action unless otherwise noted.

[5] *Closed Joint Stock Company "CTC Network" et al, v. Actava TV, Inc.,* 15-CV-8681 (GBD)(BCM)(S.D.N.Y.) and *Joint Stock Company "Channel One" Russia Worldwide, et al v. Infomir LLC, et al,* 16-CV-01318 (GBD)(BCM)(S.D.N.Y.).

[6] All references to "Ex. ___" are references to the exhibits to the Declaration of Raymond J. Dowd, Esq., dated February 5, 2021 filed contemporaneously herewith.

representations were material to the Broadcasters decision to settle the litigations. In connection with the settlements, the court entered stipulated injunctions (the "Injunctions") that enjoined Actava from "broadcasting, re-broadcasting or otherwise transmitting" or infringing in any way on the Broadcasters' content, infringing on the Broadcasters' trademarks, and publishing or distributing any promotional materials referring to content of the Broadcasters or the Broadcasters' marks without authorization. SAC ¶ 35.

      B.      **<u>Actava's Claims Arising Out of the Settlement Agreement.</u>**

At the time the Settlement Agreement was being negotiated and executed, Actava entered into negotiations with Matvil, a company with existing licenses to "transmit, broadcast, distribute, display, and otherwise make use of" the Broadcasters' programming. SAC ¶¶ 39-45. On September 8, 2016, Matvil and Actava entered into what they call a "Referral Agreement." *Id.* ¶ 49. The Broadcasters filed a motion for civil contempt and sanctions alleging Actava was in contempt of the Injunctions through, among other things, its conduct with respect to Matvil, including the Referral Agreement ("Contempt Motion"). *Id.* ¶¶ 70, 72. Though the Court denied the Contempt Motion on September 27, 2017, (*id.* ¶ 79), it made clear that the Broadcasters' arguments in favor of contempt against Actava had "some force." ECF 69-9 at 23. In addition, the Court specifically noted that it was not ruling on whether Actava's conduct violated the Settlement Agreement. *Id.* at 30 n.18. Subsequently, Actava brought this case claiming that the Contempt Motion had a "catastrophic" effect on Actava's business including by causing Matvil to end its relationship with Actava. SAC ¶¶ 76-78, 80, 81. The complaint alleged that "as a direct and proximate result of [Defendants'] misconduct, Actava has lost revenues totaling over $30 million,"

that it claims it would have attained over a ten-year period. *Id.* ¶ 82. Actava has subsequently served an expert report revising that damages computation to $9.26 million.[7]

### C. Defendant Broadcasters' Counterclaims Arising Out of the Settlement Agreement.

The Broadcasters answered the SAC on April 6, 2020 and asserted counterclaims alleging, based on information and belief, that Actava had breached the Settlement Agreement by making incomplete, inaccurate, and misleading representations and warranties in the Settlement Agreement. *See* ECF 150, ¶¶ 121-85, 195-217. For example, Broadcasters allege that Actava concealed the fact that it owned the website RussianTelek, which distributed pirated programming of the Broadcasters both before and after the execution of the Settlement Agreement. *See id.*

During recent depositions of Actava witnesses, including its Rule 30(b)(6) witnesses, Rouslan Tsoutiev ("Tsoutiev") (Actava's CEO) and Andrew Makhotin ("Makhotin") (Actava's lead engineer and technician), and Irina Pliss, Actava's accounting manager ("Pliss") (collectively the "Actava Witnesses"), Broadcasters have learned Actava's misrepresentations and concealment were not limited to RussianTelek. As outlined below, these ███████████████████ ███████████████████████████████████████████████████████████ These relationships should have been disclosed in connection with the Settlement Agreement. Had ██ ███████████████████████████████████ been disclosed at the time of the settlement Broadcasters would have demanded significantly broader relief. *See* ECF 150, ¶¶ 171-85, 204-17.

---

[7] Separately from the instant Motion, Actava has not produced documents related to damages, including those relied upon by Actava's expert. *See* ECF 253. Broadcasters are currently working to resolve this dispute without court intervention. If such intervention becomes necessary, however, Broadcasters plan to move to compel in accordance with this Court's rules and individual practices.

4

### D. Actava's Motion for a Protective Order and Broadcasters' Motion to Compel

On January 19, 2021, minutes before the deposition of its accountant, Actava filed a motion for a protective order seeking to bar any discovery into any of the details of Actava's alleged misrepresentations made to Broadcasters in connection with the Settlement Agreement. ECF 247. More specifically, Actava sought to bar information relating to the undisclosed monetary benefits Actava had received or continued to receive related to its undisclosed activities and relationships. *Id*. It further claimed that Broadcasters' requests for such discovery were barred by a release in the Settlement Agreement. *Id.* Actava sought this protection despite the fact that it did not raise the affirmative defense of release in its Amended Answer to Defendants' Counterclaims and there has been no ruling by the Court on the merits of this issue. *See* ECF 158. On January 20, 2021, the Broadcasters filed a joint letter with the court seeking to compel production of documents including the documents related to Broadcasters' counterclaims and Actava's undisclosed activities and relationships that were being improperly withheld by Plaintiffs. ECF 249. On January 21, 2020, Broadcasters wrote to the Court opposing Actava's motion for a protective order and noting that the motion was filed without Actava having complied with Local Rule 37.2. ECF 250. On January 22, 2021, the Court held that Broadcasters should file this motion to compel to more fully address the issues raised in the January 20, 2021 letter. ECF 251. On February 1, 2021 the Court denied Actava's motion for a protective order because Actava failed to comply with Rule 37.2. ECF 255.

### III. ARGUMENT

#### A. This Court Should Compel Actava to Produce Documents Relevant to Broadcasters' Counterclaims.

Broadcasters have asserted counterclaims alleging that Actava made incomplete and misleading representations to induce the Broadcasters to enter into the Settlement Agreement. The

counterclaims seek damages related to such undisclosed conduct and related breaches of the Settlement Agreement. Broadcasters' document requests squarely address those issues. For example, First Request for Production Nos. 7-9 35-37, 39-40, 44, 47-50, 57[8], 60, 62, and 63 and Second Request for Production Nos. 35, 56, 59 collectively address the following factual allegations in Actava's counterclaims: (1) Actava's knowledge of the Broadcasters' license agreements with Matvil, its interference with those agreements, and its business relationships with Matvil (ECF 150, ¶¶ 187, 191); (2) Actava's distribution of the Broadcasters' content without authorization in violation of the Settlement Agreement and the Injunctions (*Id*. ¶ 200); and (3) Actava's signing of the Settlement Agreement which omitted the fact that Actava owned the website RussianTelek, and falsely represented that Actava had not and was not distributing the Broadcasters' content through channels other than actavatv.com. *See id*. ¶¶ 171-85, 205-17 and Ex. 2. Actava has produced virtually no documents responsive to those requests, apparently based on its unpled "release" affirmative defense.

Recent depositions of the Actava Witnesses have made clear that documents responsive to these requests exist but have not been produced. For example, Tsoutiev testified to: ███████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

---

[8] The inclusions of First Request for Production No. 57 was a typographical error. The correct request is No.58 ("All Documents and information evidencing or pertaining to revenues, payments and/or other compensation derived by [Actava] under the Referral Agreement or resulting from the Referral Agreement.")

6

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████.

Pliss similarly testified to ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Notably, Pliss testified that ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Makhotin testified to: ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

Actava has not produced documents relating to these issues testified to by Actava Witnesses or documents specifically referenced therein. Such documents fall directly within the scope of Broadcasters' requests for production. This Court should compel Actava to produce relevant documents.

    **B.**    **<u>Actava Cannot Refuse to Produce Documents Based on Its Unpled Release Defense.</u>**

Actava's position, as articulated in its motion for protective order (ECF 247), that it can withhold production of relevant documents because it asserts a defense to the Broadcasters' counterclaims based on a release in the Settlement Agreement is meritless. As a threshold matter, no such defense was even pled by Actava. Further, the mere pleading of a defense does not obviate the need for discovery relating to the counterclaim to which the defense was asserted. Actava

7

cannot simply presume the defense will carry the day and block discovery into the underlying counterclaim or refuse to produce documents simply because it does not agree that it should have to.

More significantly, Actava's release defense is substantively meritless under the terms of the very release it seeks to champion. Under the Settlement Agreement Actava represented and warranted that:

> i. Other than as identified in the [Broadcasters'] pleadings in the First Action and Second Action, [Actava has] not previously broadcast, copied, distributed or otherwise used the Broadcasts other than through Actava and the Website [Actava.tv];
>
> ii. [Actava has] not and do[es] not own or have any interest in any other website, application or other property engaged in the business of providing internet protocol television ("IPTV");
>
> iii. [Actava] maintain[s] no ownership or management interest in any other IPTV service;
>
> iv. [Actava is] not presently and will not in the future broadcast, copy, distribute or otherwise use the Broadcasts in any manner, including on the Website [Actava.tv], without the express written consent of the relevant [Broadcasters] or an authorized representative thereof, as set forth in subparagraph (e) below . . . .

Ex. 2, ¶ 6(d). These are the representations and warranties Broadcasters allege were false when made and were intended to induce the Broadcasters to enter into the Settlement Agreement. Notably, the release Actava relies on to withhold discovery on Broadcasters' counterclaims specifically states that: *For the avoidance of doubt, this mutual general release does not foreclose claims against any Party, collectively or individually arising from the breach of Paragraph 6 of this Agreement entitled "Representations and Warranties." Id.* ¶ 7 (emphasis added).

Discovery in the case to date has revealed evidence that Actava did in fact breach the Representations and Warranties by misrepresenting the extent of its misconduct at the time of the

8

settlement. As noted above, Actava's witnesses have testified that at the time of the settlement Actava had relationships with RussianTelek an undisclosed illegal streamer of Broadcasters' content and that it had business relationships with aggregators and other companies involved in pirating Broadcasters' content. In addition, Tsoutiev testified that he had Ukrainian partners who were also involved in Actava's pirating activities and that he invested significant sums of money into equipment placed in Ukraine for the purpose of the streaming. The Actava Witnesses' testimony reflects misrepresentations with respect to and breaches of the Settlement Agreement. *See, e.g., id.* ¶ 6(d)(i) ("[Actava has] not previously broadcast, copied, distributed or otherwise used the Broadcasts other than through Actava and the Website . . . ."); *id.* ¶ 6(d)(ii) ("[Actava has] not and do not own or have any interest in any other website, application or other property engaged in the business of providing internet protocol television ("IPTV")").

Actava has not produced any documents relating to the business activities and relationships it concealed from Broadcasters at the time of the settlement relating to the illegal streaming of Broadcasters' content through channels in addition to actava.tv. Given the Broadcasters' counterclaims concerning fraud in the inducement and breach of the Settlement Agreement, in addition to the newly discovered evidence unveiling the extent of Actava's fraudulent activities, Plaintiffs' refusal to produce the requested documents is patently improper.

**C.    This Court Should Sanction Actava for Failing to Produce Documents as Ordered by this Court**

This Court has already ordered that Actava produce documents that are the subject of this motion to compel, but Actava has continued to refuse to produce the documents. On September 1, 2020, this Court issued an order requiring Actava to produce documents it withheld pursuant to the confidentiality provisions of the "Referral Agreement" and Matvil non-disclosure agreement (ECF 196) ("Order"). Paragraphs 2 and 3 of the Order required Actava to "produce documents

9

concerning the joint bank account, joint merchant account, weekly invoices, and records of their business relationship with Matvil[]" and "other responsive documents and communications withheld because of the confidentiality and non-disclosure provisions of the Referral Agreement and Matvil NDA[.]" *Id*.

As discussed above, First Request for Production Nos. 35, 37, 44, 47-50, 58, 60, 62, and 63 also call for production of documents concerning the same subject matter as the Order: the business relationship between Actava and Matvil. Actava's witnesses have testified to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[9] Despite the existence of those documents and the Order, Actava has not produced any of those documents. As such, Defendants have been forced to file this motion to compel.

Accordingly, if the Court orders Actava to produce documents responsive to these requests, it should exercise its discretion to direct Plaintiff to pay Defendants' reasonable expenses, including attorney's fees for the failure to obey the September 1 discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Because of the centrality of the Matvil documents to the entire case, the Court would be within its discretion to award reasonable expenses including attorney's fees and costs for

---

[9] Actava has also separately represented that responsive documents exist. *See* Ex. 6 (Actava Rule 26 Initial Disclosures dated February 22, 2019) at 5 (describing that the following categories of documents were in Actava's possession, custody, or control: (1) "Documents and/or communications relating to Actava's accounting records and financial statements . . . . "; (2) "Documents and/or communications relating to Actava's IPTV system and other technical data . . . . " and (3) "Correspondence, documents, and/or communications relating to Matvil's invalid termination of the Referral Agreement and its accompanying longstanding said business arrangement with Actava."). Actava has not produced responsive documents.

10

this application, prior depositions in which witnesses were deposed about Actava's relationship with Matvil, and the future depositions that are necessary to obtain witness testimony related to the withheld material. *See* Fed. R. Civ. P. 37(b)(2)(A); *Gilmore v City of New York*, 19CV6091GBDBCM, 2020 WL 7480620, at *1 , *5 (SDNY Dec. 18, 2020) (awarding reasonable expenses, including attorney's fees, incurred in seeking and obtaining the court orders that culminated in his late production of the 2016 logbook; (2) appearance (at defendant's option) for a further two hours of deposition testimony; and (3) payment of defendant's reasonable expenses, including attorney's fees, incurred in conducting the resumed deposition); *Bath and Body Works Brand Mgmt., Inc., v. Summit Entertainment, LLC*, 2012 WL 5278528, at *2 (S.D.N.Y. Oct. 23, 2012) (allowing movant to take an additional deposition, or re-depose a witness with knowledge of late-produced documents, at the withholding party's expense); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 222 (S.D.N.Y. 2003) (directing the party that committed discovery misconduct to pay the costs associated with re-deposing witnesses in order to question them about newly-discovered e-mails and inquire into issues raised by the destruction of evidence).

**IV.    CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court:

(a)    compel Actava to produce documents responsive to First Requests Nos. 7-9, 35-37, 39-40, 44, 47-50, 58-59, 60-63 and Second Requests Nos. 35, 56-55, 59, including those that relate to the testimony of the Actava Witnesses and payments to or from Matvil;

(b)    compel production of all responsive documents previously withheld based on arguments made in Actava's Motion for Protective Order.

(c)    compel Actava to produce such documents no later than March 12, 2021;

(d)    compel Plaintiffs to produce Matvil-related documents required by this Court's September 1, 2020 discovery order together with reasonable expenses including court reporter,

interpreter and videographer fees and attorney's fees for this application, for depositions of persons testifying about the Matvil/Actava relationship, and reasonable attorneys fees and expenses for the continued depositions of witnesses on the withheld documents;

      (e)    compel allow the further deposition of the Actava Witnesses once the documents have been produced;

      (f)    provide such further and additional relief this Court deems just and proper.

Dated: New York, New York
       February 5, 2021

> Respectfully submitted,
> DUNNINGTON BARTHOLOW & MILLER LLP
> *Attorneys for Defendant Joint Stock Company "Channel One Russia Worldwide"*
>
> By: /s Raymond J. Dowd
>     Raymond J. Dowd
>     Hardin P. Rowley
>     230 Park Avenue, 21st Floor
>     New York, NY 10169
>     Tel: (212) 682-8811
>     RDowd@dunnington.com
>     HRowley@dunnington.com
>
> BOCHNER IP
> *Attorneys for Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV Darial," and Limited Liability Company "Comedy TV."*
>
>     Andrew David Bochner
>     Michael G. Gabriel
>     Serge Krimnus
>     295 Madison Avenue, 12th Floor
>     New York, NY 10018
>     (646) 971-0685
>     Andrew@bochnerip.com
>     Michael@bochnerip.com
>     Serge@bochnerip.com