UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Open Joint Stock Company "ACCEPT", Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | Index No.: 1:18-cv-06626 (ALC)(KNF) <br><br> **ADDENDUM TO PROTECTIVE ORDER** |

In light of the COVID-19 pandemic, the parties agree to the following additional terms to the Protective Order (see ECF No. 104) governing virtual inspection of Highly Confidential Source Code.

1.  "Highly Confidential Source Code" information is defined as information comprising sensitive computer code, scripts, source code, object code, microcode, software application code, programming code or other machine language instructions, and associated comments and revision histories, formulas, engineering specifications, or schematics that disclose such computer code, scripts, source code, object code, microcode, software application code, programming code, scripts, source code, object code, microcode, software application code, programming code, or other machine language instructions, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2. Highly Confidential Source Code Information requested in discovery shall be made available for inspection in the format in which it is kept in the ordinary course of business, and in native and/or executable format.

3. The following Highly Confidential Source Code, developed and/or employed by Plaintiffs in connection with their relationship with Matvil Corporation, shall be made available: (i) Plaintiffs' application code and/or API; (ii) the "Authorization Module" written by Andrey Makhotin and/or "double authorization system"; (iii) the "Middleware" source code; and (iv) the code identified in ACT002599–ACT002700.

4. Such inspection shall occur via TeamViewer at mutually agreeable dates and times over the course of eight (8) hours as required by Plaintiffs.

5. In the event the TeamViewer session is disrupted due to a technical malfunction, Plaintiffs will restart the session immediately and notify the parties that the TeamViewer session has resumed. The length of the technical malfunction will not count towards the eight (8) hours of Defendants' TeamViewer time.

6. The Highly Confidential Source Code shall be loaded to a computer maintained by Plaintiffs (the "Source Code Host Machine").

7. Defendants have identified, and shall disclose to Plaintiffs, experts who will operate a computer (the "Remote Review Computer") to gain remote access to the Source Code Host Machine via TeamViewer and to view and/or interact with the Source Code.

8. Plaintiffs shall provide Defendants with any required credentials to connect to the Source Code Host Machine via TeamViewer at least twelve (12) hours before the TeamViewer Session.

9. Only one TeamViewer session will be allowed at a time. Only one Remote Review Computer shall be connected to the Source Code Host Machine at a time.

10. The Remote Review Computer will either have no peripheral device connectors or such connectors will be disabled. The use or possession of any electronic input/output device (*e.g.*, USB memory stick, mobile phone, tablet, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing Source Code via the Remote Review Computer.

11. Plaintiffs may take appropriate measures to prevent the use of such electronic input/output devices in conjunction with the Remote Review Computers and to prevent copying, duplicating, pasting, printing or any other duplication of the Source Code.

12. Plaintiffs may log all connections to the Source Code Host Machine.

13. Plaintiffs may also terminate the secure connection to the Source Code Host Machine after 30 minutes of inactivity on the Remote Review Computer connected to the Source Code Host Machine.

14. Plaintiffs' representative and the Parties' counsel shall be entitled to observe each TeamViewer session.

15. Defendants' identified experts shall be the only individuals to access Source Code via the Remote Review Computer.

16. Defendants' experts shall be allowed to take notes and screenshots of particular sections of code during the TeamViewer Sessions.

17. Plaintiffs shall install and provide tools and/or manuals on each Remote Review Computer and/or Source Code Host Computer that are sufficient for viewing and searching Source Code produced, if such tools and/or manuals exist.

18. Plaintiffs shall not install any other software into the TeamViewer that records the inspection of Defendants' experts.

JOINTLY SUBMITTED BY:

| MOSES & SINGER LLP | DUNNINGTON BARTHOLOW & MILLER LLP |
|---|---|
| /s/ Toby Butterfield<br>Toby Butterfield<br>Valeria Castanaro<br>Michael Rosenberg<br>405 Lexington Avenue<br>New York, NY 10174<br>Telephone: (212) 554-7800<br>Facsimile: (212) 554-7700 | By: /s/ Raymond J. Dowd<br>Raymond J. Dowd<br>Hardin P. Rowley<br>230 Park Avenue, 21st Floor<br>New York, NY 10169<br>Tel: (212) 682-8811 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Joint Stock Company "Channel One Russia Worldwide"* |

It is SO ORDERED this 15 day of April, 2021:

_____
Kevin Nathaniel Fox, U.S.M.J.