

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700

April 15, 2021

**VIA ECF**

MEMORANDUM ENDORSEMENT

Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

Pursuant to Rule 2.A of Your Honor's Individual Rules, Plaintiffs submit this jointly authored pre-motion letter concerning Plaintiffs' motion to compel the production of Olga Panfilova for deposition testimony.

**Plaintiffs' Position:** On April 1, 2021, Plaintiffs noticed the FRCP 30(b)(1) deposition of Ms. Panfilova, the Chief Legal Officer of Defendant Kartina, for April 16 (before the close of discovery on April 19). Under FRCP 30(b)(1), any person can be deposed, including "any persons associated with [a] corporation and acquainted with the facts." 8A Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d § 2103 (1994 & West Supp. 2008). A subpoena need not be issued if the deponent is a party, officer, director, or managing agent. *Id.*, § 2107.

Ms. Panfilova is both an officer and a managing agent of Kartina, and she is a critical witness in this case. Defendants identified her as a witness with relevant knowledge in their Rule 26 disclosures. Defendants originally represented they would designate Ms. Panfilova as Kartina's 30(b)(6) witness and produce her in that capacity. After Kartina substituted counsel in December, however, its new counsel reversed course. They claimed Ms. Panfilova had an undisclosed illness and designated Kartina's CEO, Andreas Reich, as their 30(b)(6) witness. Last week on April 8, they refused to produce Ms. Panfilova as a 30(b)(1) witness on the basis of "certain medical conditions". They proposed instead that Plaintiffs take her written deposition under Rule 31. Simultaneously, Defendants maintain the right to call Ms. Panfilova as a trial witness. They cannot have it both ways.

Evidence adduced in discovery has made clear that Ms. Panfilova has not only relevant knowledge, but the **most** knowledge of any Defense witness pertaining to Plaintiffs' claims. Mr. Reich admitted that Ms. Panfilova, as head of the legal department, "was in charge of communications between … Dunnington and CTC, Channel One, and Rain Channel." Tr. at 78:11-14. Those communications, and the resulting decision to launch a baseless legal attack on Plaintiffs, go to the heart of this case. Plaintiffs are entitled to take Ms. Panfilova's live testimony about them and any other relevant matters within her personal knowledge. Plaintiffs are also entitled to a live deposition to gauge her credibility and reactions to potential lines of questioning at trial. A Rule 31 deposition, with no live witness and no opportunities for follow-up questioning, is plainly insufficient if Ms. Panfilova is to be a trial witness.

In a meet-and-confer on April 13, Defense counsel stated that Ms. Panfilova had "a serious condition," which they again refused to disclose, and that her doctor "was not recommending the stress of a live deposition." Plaintiffs' counsel offered to accommodate Ms. Panfilova by conducting shorter deposition sessions, instead of a single 7-hour session, to be scheduled at her preferred times. Plaintiffs' counsel also offered to postpone taking her deposition until she recovers from her illness, even if discovery will have otherwise closed by then. Defense counsel rejected these reasonable proposed accommodations.[1] Plaintiffs therefore move to compel Ms. Panfilova's deposition "out of time," after the close of discovery. We suggest that Defendants update the Court and Plaintiffs about Ms. Panfilova's medical progress on a biweekly or monthly basis so that her deposition may proceed upon her recovery. Plaintiffs object to any *ex parte* communications between Defendants and the

---

[1] It is unclear to Plaintiffs how Ms. Panfilova might suddenly become available for trial after being unable to endure the stress of a deposition. Nonetheless, Defendants are expressly leaving that door open. The very possibility of Ms. Panfilova's availability at trial heightens Plaintiffs' need to take meaningful, live testimony from her as soon as possible.



Hon. Kevin N. Fox
April 15, 2021

Court about her condition.  In the alternative, if the Court does not compel Ms. Panfilova's deposition, then the Court should preclude Defendants from calling her to testify at trial.

**Defendants' Position:** Plaintiffs seek a protective order quashing Actava's requested deposition of Ms. Panfilova.

Kartina originally designated Ms. Panfilova as its 30(b)(6) witness in early December 2020. Plaintiffs rejected Kartina's offer to depose Ms. Panfilova at that time, and moved to compel the deposition of Kartina's CEO, Mr. Reich on the basis that Mr. Reich had personal knowledge of the relevant events, Dkt. 229. Your Honor denied Plaintiffs' motion, Dkt. 239.

However, Kartina notified Actava on January 25, 2021 that Ms. Panfilova is ill, could not be deposed, and offered Mr. Reich in her stead with the express condition that Actava "will accept Mr. Reich and will not seek to depose Ms. Panfilova considering her medical condition." Plaintiffs accepted Kartina's offer and proceeded to depose Mr. Reich. Actava should not now be heard to go back on its bargain and depose Ms. Panfilova.

In an effort to once again resolve this dispute cooperatively, due to Ms. Panfilova's illness, Kartina offered a deposition by written questions under Rule 31. Courts routinely protect infirm deponents from oral depositions, but some allow Rule 31 depositions by written questions with a limited number of questions. *See generally In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) ("if an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order.") (citing *Walsh v. Pullman Co.*, 10 F.R.D. 77 (S.D.N.Y.1948)); *Sperano v. Invacare Corp.*, No. 03-CV-6157T, 2006 WL 8456080, at *2 (W.D.N.Y. Apr. 13, 2006) (granting motion to quash oral deposition but "permit[ting] the parties to proceed by way of deposition upon written questions pursuant to Rule 31 . . . [limited to] ten written questions."). "Such a compromise . . . strikes the appropriate balance between the legitimate concerns for [the witness's] health and the parties' rights to depose a potentially relevant witness." *Id.*

Plaintiffs have identified a handful of questions that Mr. Reich, Kartina's 30(b)(6) designee, allegedly did not answer adequately during his deposition. Kartina has asked Plaintiffs to provide these questions and offered to continue Kartina's 30(b)(6) deposition either by Mr. Reich or other designated witnesses who are capable of answering these questions and not seriously ill. Plaintiffs inexplicably declined this opportunity to obtain the information they seek, making it clear that Plaintiffs seek nothing more than to harass an ill woman. To the extent the Court is inclined to order Ms. Panfilova to sit for any deposition, a Rule 31 deposition, limited to ten questions as in *Sperano*, is more than adequate to address any minor issues with Mr. Reich's testimony and would strike an appropriate balance in this case.

As for precluding Ms. Panfilova's testimony at trial, Kartina has offered Ms. Panfilova for deposition *twice in this matter* (once as Kartina's 30(b)(6) witness, and once as a Rule 31 witness), and Plaintiffs have refused. To the extent she may possibly be well enough to testify at trial (which is uncertain), there is no legal basis for excluding her testimony and Plaintiffs have cited no cases in support of their position.

Finally, Plaintiffs' objection to Kartina providing a letter from Ms. Panfilova's physician for Your Honor's *in camera* review is groundless. Courts regularly review such letters *in camera* and, indeed, Judge Moses has done so *with respect to Ms. Panfilova's illness* in a related matter in this District. *See Joint Stock Company "Channel One Russia Worldwide" v. Russian TV Company Inc.*, No. 1:18-cv-02318-LGS-BCM, Dkt. 232 (S.D.N.Y. Aug. 6, 2020) ("Ms. Panfilova's medical records (Dkt. No. 231-1) shall remain under seal (ex parte)."); *Id.* Dkt. 238 (S.D.N.Y. Aug. 6, 2020) ("In light of the current unavailability of Olga Panfilova for deposition, due to medical considerations . . ."). *See also Lupowitz v. Monetfiore Med. Ctr.*, No. 95 CIV. 10049 (SAS), 1997 WL 4577, at *2 (S.D.N.Y. Jan. 6, 1997) ("[M]indful of Mr. Lupowitz' interest in the privacy of his medical records, I believe that *in camera* review is necessary.").



Hon. Kevin N. Fox
April 15, 2021

                                        Respectfully submitted,

                                        /s/ Toby Butterfield

4/16/21
To assist the Court in resolving the instant controversy, the defendants shall submit to the Court expeditiously, for in camera review, an affidavit from Olga Panfilova's physician setting forth the physician's diagnosis and explaining with particularity why, in Ms. Panfilova's case, her condition prevents her from being deposed orally. The defendants shall file a redacted version of the affidavit with the Clerk of Court.
SO ORDERED:

*Kevin Nathaniel Fox*

Kevin Nathaniel Fox, U.S.M.J.

4607262 018529.0101