

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700

April 22, 2021

**VIA ECF**

Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

Pursuant to Rule 2.A of Your Honor's Individual Rules, Plaintiffs submit this jointly authored pre-motion letter concerning Plaintiffs' motion to preclude Defendants' newly-submitted expert reports.

**Plaintiffs' Position:** Plaintiffs object to Defendant Channel One's untimely disclosure of its intent to rely on testimony and expert reports from expert witnesses Lidia Vitkova and Andrey Chechulin (the "Late Disclosed Experts"). Channel One first disclosed Ms. Vitkova and Mr. Chechulin on April 16, 2021, the Friday before the Monday deadline for completion of all discovery, asserting that they "will be providing an expert witness report and expert witness testimony concerning Plaintiffs' IPTV platform during their partnership with Matvil" and to "rebut the March 18, 2021 testimony and January 13, 2017 expert report of Brad Gilmer." Channel One then served 77- and 28-page expert declarations from Ms. Vitkova and Mr. Chechulin at 6:21 p.m. on April 19, 2021, the final date for all discovery activity.

Under FRCP 37(a)(1), if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." *See Fordec Realty Corp. v. Travelers Excess and Surplus Lines Co.*, No. 18-cv-00085 (KNF/ALC), 2020 WL 1445711, at **2, 8 (S.D.N.Y. Mar. 25, 2020). Rule 26(a)(2)(D) requires Defendants to make its disclosures "at the times and in the sequence that the court orders." Defendants' late disclosures violate the Court's orders, which required the parties to complete all expert discovery tasks, including expert depositions, by the close of discovery. *See, e.g.*, ECF. Nos. 85, 107, 120, 125, 212. For example, on December 29, 2020, the Court ordered that "**[a]ll discovery, of whatever nature**, **shall be initiated so as to be completed on or before March 5, 2021**." ECF No. 236 (emphasis added); ECF No. 240 at 9:8-21 (January 13, 2021 court conference in which the Court responded to Plaintiffs' counsel's concern that "Defendants have offered their [expert] witnesses at such a late time" by stating that "[t]he Order is clear and unambiguous" that the overall discovery deadline included all expert discovery). Thus, the Court plainly expected that the parties would have completed all discovery, including expert discovery, by the final deadline of April 19. By sandbagging Plaintiffs with last minute supplemental expert disclosures and expert reports, Channel One has prejudiced Plaintiffs by unfairly preventing them from arranging for their own expert to rebut the Late Disclosed Experts' reports and take their depositions within the discovery period.

Further, Rule 26(e)(1)(A) requires parties to supplement disclosures "in a timely manner" upon learning that their prior disclosures are incomplete. Channel One's purported justification for offering testimony from Late Disclosed Experts is to rebut the expert report of Brad Gilmer dated January 13, **2017**, more than four years ago. Defendants subpoenaed Mr. Gilmer on February 24, 2021 and took his deposition on March 18, 2021. On April 2, Channel One issued supplemental disclosures with no indication of potential new experts apart from Brad Gilmer. At no time until Friday, April 16 did Channel One even suggest a rebuttal to Gilmer was required. Separately, on February 10, 2021, Plaintiffs offered virtual inspection of Plaintiffs' source code and asked Defendants to "[p]lease let us know what days are best for the remote inspection starting next week." Defendants did not respond to that offer for nearly two months, and waited until April 8, 2021 to schedule the inspection that forms the basis of the Late Disclosed Experts' report. Therefore, if the timing of the inspection had any role in Channel One's delay, then Channel One has only itself to blame. Discovery has been ongoing for more than two years, and the deadline has been extended ten times, yet Channel One waited until the eleventh hour to address issues which it has known about *for years*. It did so on the final day of discovery, disclosing new, lengthy and detailed technical expert reports. Channel One's gamesmanship flies in the face of the Court's clear orders.



Hon. Kevin N. Fox
April 22, 2021

The only remedy to prevent unfair prejudice to Plaintiffs is to preclude Channel One's untimely supplemental disclosure of the Late Disclosed Experts, their declarations and testimony on summary judgment and at trial.

**Defendants' Position:** In weighing preclusion, a court considers: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Softel, Inc. v Dragon Med. and Sci. Communications, Inc.*, 118 F3d 955, 961 (2d Cir 1997). Preclusion should be denied because Channel One fully or substantially complied with the Court's discovery orders, Channel One has a compelling explanation for its conduct, preclusion of this important testimony would be highly prejudicial and a continuance is possible because discovery into Matvil is still taking place.

This Court's discovery order required Actava to produce relevant discovery one week prior to each deposition (ECF 220 ¶ 3.e). Gilmer was deposed on March 18-19, 2021. Actava produced the .PCAP files on March 18. Actava relies on Gilmer's testimony that his investigations of Actava 2018 IPTV traffic (reflected in .PCAP files) showed Actava didn't distribute Channel One's programming. Vitkova analyzed the Gilmer .PCAP files and concluded that the .PCAP files show that Actava and undisclosed Actava affiliate RussianTelek were distributing Channel One content. Such distribution violates Judge Daniels' injunction and breaches the settlement agreement.

On December 19, 2020, Makhotin testified to creating Actava's software that permitted Actava's customers to access Channel One content. Makhotin failed to bring the source code to the deposition. After refusing to produce native source code, Actava belatedly agreed to a arrange inspection of the source code. Chechulin's declaration related only to executable source code that Actava permitted eight hours of inspection on April 14-16, 2021. Additionally, Actava consented to Chechulin acting as Channel One's testifying expert by agreeing to Chechulin's inspection and drafted an addendum to the protective order that was "so ordered" by the court. (ECF 297) Thus Actava was not surprised or prejudiced. Chechulin determined that (contrary to Actava's representations), Actava's software functioned to obtain electronic programming guides from Channel One's servers and to create Actava access codes for Channel One content. Such use and distribution of Channel One's content violates the injunction and settlement agreement.

On April 16, Channel One identified Vitkova and Chechulin as rebuttal witnesses because each determined that the PCAP files and the source code contradicted Actava's testimony. Because Channel One did not know that the experts' analysis would contradict Actava's allegations, Channel One's timing was substantially justified and reasonable. The timing was in part caused by Actava's failure to produce evidence one week prior to the depositions of Makhotin and Gilmer. Channel One was prevented from effectively investigating and cross-examining Gilmer on the .PCAP files and Makhotin on the source code. Had Actava timely complied with its discovery efforts and had Channel One conducted vigorous cross-examination on the evidence, retaining Vitkova and Chechulin as testifying witnesses might not have been necessary. Channel One acted promptly to designate the experts upon learning of the contents of the .PCAP files and source code. Even if Channel One's disclosure could be considered technically late, any lateness was substantially justified by Actava's failure to timely provide evidence central to Gilmer's and Makhotin's testimony. Because Gilmer's and Makhotin's testimony is, in turn, central to Actava's claims and to Channel One's counterclaims, exclusion of the Vitkova and Chechulin testimony would be highly prejudicial to Channel One.

Actava could have previously asked for time to depose Chechulin and Channel One would have agreed and still does agree. Thus, any purported delay is harmless to Actava. Because Vitkova and Chechulin each address and explain highly technical evidence that Channel One had no fair opportunity to effectively challenge during depositions, exclusion would be unreasonable and extremely unfair to Channel One. Applying the *Softel* factors, this court should determine that Channel One substantially complied with the Court's discovery orders, that preclusion would be an extreme and unfair sanction. *See Sci. Components Corp. v. Sirenza Microdevices*, Inc., No. 03 CV 1851(NGG)(RML), 2008 WL 4911440, at *5 (E.D.N.Y. Nov. 13, 2008). An appropriate solution would be to grant Actava a continuance to depose Vitkova and Chechulin and submit rebuttal testimony.



Hon. Kevin N. Fox
April 22, 2021

                                                    Respectfully submitted,

                                                    /s/ Toby Butterfield

4607262 018529.0101