

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Toby Butterfield
Direct Dial: 212.554.7860
E-Mail: tbutterfield@mosessinger.com

April 25, 2021

**VIA ECF**
Hon. Andrew L. Carter Jr.
United States District Court Judge, S.D.N.Y.
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Carter:

      We are counsel to Plaintiffs in this action.  We write in response to the April 23, 2021 letter from Defendant Channel One Russia seeking consolidation of this case with a newly filed case, which Channel One Russia mischaracterizes as "related."  Channel One Russia's letter makes clear that, beyond consolidation, Channel One Russia seeks dismissal of this action **and** the separate breach of contract action newly filed by Actava TV, Inc. ("Actava"), a plaintiff in this case, against non-party Matvil Corporation, a case assigned to Judge Schofield, who was not copied.  The Court should deny Channel One Russia's request to dismiss, or consolidate, these separate cases and should decline Channel One Russia's request for a pre-motion conference.

      Dismissal is completely unwarranted because, as explained below, Actava is not engaged in "claim-splitting" as Channel One contends.  There also is no reason to consolidate the cases.  Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Here, the two actions do not concern commons questions of law or fact; and consolidating them at this late stage in this action would create cost and delay, not avoid them.  Further, Actava was correct not to designate its new action against Matvil as a "related case."

      First, the doctrine of "claim-splitting" does not apply here. Channel One Russia invokes it in a desperate attempt to avoid or delay the trial of Plaintiffs' claims herein and summary judgment dismissing Defendants' counterclaims, now that the discovery period ended on April 19.  Under the doctrine of claim-splitting, a duplicative action may be dismissed because plaintiffs have "no right to maintain two actions on the same subject in the same court against the same defendant at the same time."  *See Kanciper v. Suffolk County Soc. for the Prevention of Cruelty to Animals, Inc.,* 722 F.3d 88, 93 (2d Cir. 2013); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (same).  Here, the parties are different, and the legal claims are different, as Channel One Russia's letter makes plain.  This action is for malicious prosecution, abuse of process, tortious interference and unfair competition against several Russian television channels and Actava's competitor Kartina Digital GmbH ("Kartina").  In contrast, Actava's newly-filed action is solely against Matvil Corporation, a non-party to this action, and involves claims for breach of contract and unjust enrichment.  The "claim splitting" doctrine simply does not apply because Actava is pursuing different claims against different parties.  *Coleman v. B.G. Sulzle, Inc.,* 402 F. Supp. 2d 403, 421 (N.D.N.Y. 2005) ("("[I]f claim splitting is involved, simple dismissal is … appropriate because …plaintiffs have no right to maintain two actions on the same subject in the same court,



Hon. Andrew L. Carter
United States District Judge
April 25, 2021
Page 2

**against the same defendant at the same time**." (Emphasis added, internal quotation marks and brackets omitted.)

Next, Channel One Russia suggests that the damages sought by Actava in the new action are the same as those Plaintiffs seek herein. Nothing could be further from the truth: in this action, Plaintiffs seek to recover the damage to Actava's business from Defendants' interference with its previously profitable relationship with Matvil. As Actava's expert witness recently testified at deposition, Actava's damages stem directly from Defendants' misguided and failed attempt to accuse Actava of violating injunctions entered in settlement of a prior action. Defendants' bad faith contempt proceeding crippled Actava's business and led to Matvil terminating its contract with Actava, destroying Actava and eliminating it as a competitor to defendant Kartina. Collaterally, because Matvil terminated its contract with Actava, Matvil must pay Actava a contractual "Break Up Fee" covering the agreed value of the customers Matvil kept after it terminated its contract with Actava. Critically, Actava does not seek to recover that break-up fee from the Defendants in the instant case. Instead, Actava has been attempting to get Matvil to pay that fee, but Matvil has not done so. Actava has now had to sue Matvil for breach of contract to recover that fee, so there is no potential double recovery.

If Actava did not sue for what it is owed under its contract, Defendants herein would doubtless have claimed that Actava was failing to mitigate its damages by not suing Matvil to recover that breakup fee. *See* Defs.' Answer and Counterclaims, ECF No. 150 at 13, ¶ 114. In its new lawsuit, Actava might recover the relatively small "Break-Up Fee" from Matvil. In this action, however, Actava seeks the much greater lost profits that it suffered before Matvil's termination, and the lost profits Actava would have continued to earn for many years had Defendants not interfered with its contractual relationship.

The serious allegations against Defendants herein are completely different from Actava's claims against Matvil in the newly filed action. There is no overlap of damages, but even if there were, Actava is entitled to seek to hold different parties liable under different legal theories. There is no reason for dismissal of either action.

Channel One Russia also fails to offer any reason why these two cases should be consolidated. Channel One Russia simply seeks to prolong and complicate this litigation after discovery has ended by consolidating it with a brand new case concerning different facts and different claims against a different party. This Court and the parties have seen enough delay already by reason of Defendants' tactics, which started with an ill-founded motion to dismiss, continued with discovery abuses that resulted in a monetary sanctions award (ECF No. 128) and most recently featured various last minute maneuvers[1] to attempt to avoid the end of discovery, which ended on April 19, 2021 after two years, three months and no less than 10 extensions of

---

[1] For example, months after the Court's deadline for disclosing expert witnesses, and one business day before discovery ended, Defendant Channel One Russia disclosed two brand new expert witnesses, and at 6:21 pm on the last day of discovery, Channel One Russia served voluminous expert reports raising brand new issues. When Plaintiffs objected, Channel One Russia argued discovery should simply continue while Plaintiffs hire additional experts, prepare rebuttal reports, and the parties take more expert depositions. Plaintiffs reject such last minute stalling tactics. ECF 306.



Hon. Andrew L. Carter
United States District Judge
April 25, 2021
Page 3

the discovery period. By seeking to consolidate this action with Actava's separate breach of contract action against Matvil, which was only filed days ago and has not even had its initial conference, Defendants are attempting to turn this case's discovery clock back all the way to the beginning.  It would be wasteful and absurd to restart discovery in this case, or to add new claims against a new party, after this case has been pending nearly 3 years and already completed discovery.  Far from avoiding "unnecessary cost or delay" as Rule 42 contemplates, consolidating these would only create unnecessary cost and delay.  The Court should reject Channel One's delay tactics and allow this case to proceed expeditiously to summary judgment.

Moreover, contrary to Channel One Russia's insinuation that Actava was trying to hoodwink the Court, Actava correctly refrained from designating its new action against Matvil as related to the current case.  Channel One Russia points out that Actava had designated the current case as related to the *Infomir* case, but fails to disclose that the *Infomir* court disagreed with that designation, declined the current case on July 30, 2018, and returned it to the wheel for assignment, whereby it was eventually assigned to Your Honor.  Plaintiffs learned from that experience.  Indeed, under this Court's Local Rule 13 for the Division of Business Among District Judges, Actava's new case against Matvil is not related to its current case against Channel One Russia, the other channels and Kartina because, among other reasons, the cases involve different parties and different legal issues, and because a determination of relatedness at this juncture would *cause* rather than *prevent* "substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses."

We are happy to attend a conference if Your Honor wishes to address these issues further.  But we see neither a legal issue to be considered, nor a court administrative issue of judicial assignments that is worthy of the Court's time conducting a conference.

Respectfully submitted,

*/Toby Butterfield/*

Toby Butterfield

cc:   Hon. Kevin N. Fox, United States Magistrate Judge
      All Counsel (via ECF)