UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACTAVA TV, INC., MASTER CALL
COMMUNICATIONS, INC., MASTER CALL
CORPORATION, and ROUSLAN TSOUTIEV,

        Plaintiffs,

  -against-

JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE," CLOSED JOINT STOCK
COMPANY "CTC NETWORK," CLOSED JOINT
STOCK COMPANY "NEW CHANNEL," LIMITED
LIABILITY COMPANY "RAIN TV-CHANNEL,"
OPEN JOINT STOCK COMPANY "ACCEPT,"
LIMITED LIABILITY COMPANY "COMEDY
TV," and KARTINA DIGITAL GMBH,

        Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-6626 (ALC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On April 15, 2021, the parties submitted a joint writing to the Court regarding the deposition of Olga Panfilova ("Panfilova"). See Docket Entry No. 298. The plaintiffs sought to depose Panfilova, while the defendants sought a protective order against Panfilova's deposition on the ground that she has a medical condition that prevents her from being deposed orally. On April 30, 2021, after conducting an in camera review of the affidavits provided by defendant Kartina Digital GMBH ("Kartina") regarding Panfilova's medical condition, the Court found that the affidavits did not establish that Panfilova's current medical condition prevented her from being deposed; consequently, the Court ordered that Panfilova's deposition be scheduled expeditiously. See Docket Entry No. 318. Counsel to the plaintiffs advised the Court that

1

Panfilova's deposition is to be conducted on May 11, 2021, continuing, if needed, on May 13, 2021.  See Docket Entry No. 320.

Before the Court is Kartina's letter appearing at Docket Entry No. 321, appended to which is an affidavit from Panfilova's treating physician, dated May 4, 2021, "providing a diagnosis, and explaining with particularity why her condition currently prevents her from being deposed orally."  Kartina explains that Panfilova promptly contacted her physicians following the Court's order that she provide an affidavit from her medical provider, Docket Entry No. 299, but she did not receive the attached affidavit until May 4, 2021.  According to Kartina, the affidavits from Panfilova's medical providers which appear at Docket Entry No. 314 and are dated July 2020 were provided to the Court because the Court had ordered that the affidavits be provided "expeditiously" and they were "the only affidavits available at the time."

> Unless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Civil Rule 6.3.

Although not specifically identified as such, Kartina's letter at Docket Entry No. 321 is an application for reconsideration or reargument under Local Civil Rule 6.3 of this court, since the Court already resolved the plaintiffs' request to depose Panfilova.  The application is improper because: 1) it presents new information that was not before the Court on the original motion; and 2) Kartina neither requested an opportunity to submit additional information to the Court at the time it submitted the affidavits at Docket Entry No. 314 nor advised the Court in the

letter at Docket Entry No. 314 that any additional information had to be submitted to the Court, that was not yet available, for the Court to render a determination on whether Panfilova's deposition should be compelled, as requested by the plaintiffs. Instead, Kartina elected to present, and rely solely upon, stale affidavits in urging the Court to deny the plaintiffs' request that Panfilova be deposed. Local Rule 6.3 "is not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003).

For the foregoing reasons, Kartina's application for reconsideration of the Court's order that Panfilova be deposed, Docket Entry No. 321, is denied.

Dated: New York, New York  
      May 5, 2021

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE