# BOCHNERIP

295 Madison Avenue, 12th Floor                                                                                      Erik@BochnerIP.com

New York, New York 10017                                                                                             Tel: 646-971-0685

**Via ECF**                                                                                                                              7 May 2021

Hon. Kevin N. Fox, U.S.M.J.
Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007

      Re:     Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Fox:

      Pursuant to Rule 2.A of Your Honor's Individual Rules, and Local Rule 37.2, Defendant Kartina Digital GmbH respectfully requests a pre-motion conference in advance of filing motions for (1) a stay of Discovery involving Ms. Olga Panfilova until Defendant's applications and appeals may be resolved, and (2) a Protective Order pursuant to Fed. R. Civ. P. 26(c)(1), to prevent medical harm that may be inflicted by Plaintiff's intended oral deposition.

**Kartina's Position**: "Manifestly, if an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order." *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988). "A letter submitted by a psychiatrist ... was sufficient to sustain the party's initial burden for a brief stay of the deposition..." *Id.* "This court is not prepared to assume the responsibility of subjecting [the witness] to a life-threatening deposition..." *Id.* "In the event that [the witness] suffers a heart attack or other life-threatening seizure as a result of oral deposition, no amount of subsequent apologies or statements of sorrow will compensate for the known risk, especially since the only medical testimony in this case reflects the fact that [the witness'] life will be placed in jeopardy..." *Id.*

      As shown by the letters from Ms. Panfilova's physicians (Dkt. 321-1 (Ex Parte), Dkt. 314-1 (Ex Parte)). Ms. Panfilova has a serious medical condition. Her physician states: "Ms. Olga Panfilova is a known patient of mine with [redacted] dating back to 2015 and with [redacted] since 7/2020 associated with [redacted description of medical harm]" Dkt. 321-1. "She is currently receiving [redacted] therapy." *Id.* As indicated by Ms. Panfilova's physician, "Stressful situations can elicit [redacted description of medical harm] and a live deposition, regardless being video-conferenced, may potentially cause her to be in that situation." *Id.* Ms. Panfilova's physician suggests that "[i]f possible, she can be accommodated by providing written statements and answers rather than a live deposition." *Id.* Thus, because the stress of being deposed orally may cause Ms. Panfilova medical harm, good cause exists to stay Plaintiff's proposed deposition of Ms. Panfilova to allow time for Kartina to file a fully briefed *Motion for a Protective Order* and to appeal any adverse determinations.

      Subsequent to Kartina's submission of the May 4 physician's letter (Dkt. 321-1), the Court characterized that submission as an application for reconsideration, and then denied it as improper because it presented new information. (Dkt. 324) Kartina apologizes to the Parties and the Court for any confusion or procedural irregularities in attempting to simultaneously seek relief from Plaintiff's potentially harmful deposition of Ms. Panfilova, and comply with the Court's order to "expeditiously" submit documentation of the diagnosis. Whatever missteps Kartina may have made in bringing this issue before the Court, Kartina respectfully submits that mandating a deposition of Ms. Panfilova under these circumstances would elevate form over substance, potentially cause medical harm to a mere employee witness in a civil matter, and visit unnecessary cruelty upon a woman with a serious, documented medical condition.

      Thus, because the Court did not consider the May 4 physician's letter in connection with Kartina's April 15 request for a protective order (Dkt. 298), Kartina seeks leave to submit a new motion for a protective order based on the May 4 physician's letter, and to submit additional documentation regarding Ms. Panfilova's condition.

**Actava's Position**:

The Court has granted Plaintiffs' Motion to Compel the deposition of Olga Panfilova, Kartina's Chief Legal Officer, ordering Defendants to "expeditiously" set forth in a sworn physician's affidavit the diagnosis and "explain[] with particularity why … Ms. Panfilova['s] … condition prevents her from being deposed orally" (ECF 299); denied Kartina's motion for a protective order (ECF 318); and denied Kartina's motion for reconsideration (ECF 324), ordering Kartina to produce Ms. Panfilova for deposition as scheduled on May 11, 2021, continuing if necessary on May 13, 2021. Kartina now seeks a stay of discovery and leave to file another protective order motion to prevent the deposition that the Court just ordered. Kartina is moving for reconsideration of the Court's denial of its motion for reconsideration, even accusing the Court of "cruelty." Kartina is out of line. The Court has decided this matter in three separate Orders, and Kartina must respect the results.  Kartina failed to meet its burden to show that a protective order or stay are warranted, and its latest requests should be similarly denied.

Ms. Panfilova is an officer and managing agent of Kartina who possesses critical knowledge concerning Plaintiffs' claims. Kartina disclosed her as a person with knowledge under Rule 26(a) and initially designated her as its sole Rule 30(b)(6) witness. After Plaintiffs duly noticed her deposition under Rule 30(b)(1), Kartina refused to produce her on the grounds of an undisclosed medical condition. Kartina also declined Plaintiffs' offer of reasonable accommodations, but claimed the right to call Ms. Panfilova to testify at trial. When Plaintiffs moved to compel, Kartina accused them of "harass[ing] an ill woman." The Court ordered Kartina to submit "expeditiously" a physician's affidavit for *in camera* review. Twelve days later, Kartina filed an affidavit dated July 24, 2020 from Ms. Panfilova's doctor in Germany, where she lives, stating that she was unable to travel and not expected to be fit for questioning before January 2021. Kartina did not inform the Court or Plaintiffs that it intended to file anything else or that Ms. Panfilova had another physician. The Court determined that "defendants have not presented any evidence establishing that Panfilova's present medical condition prevents her being examined orally" and directed the Parties to schedule the deposition. Plaintiffs promptly proposed deposition dates, but Kartina did not respond, forcing Plaintiffs to schedule the deposition unilaterally and notify the Court. On May 4, 2021, Kartina filed, *ex parte*, a letter with a supplemental, unsworn note from another physician, even though the Court ordered Kartina to submit an "affidavit." This physician, as Kartina's counsel has informed Plaintiffs, is located in the United States. The Court appropriately regarded Kartina's untimely submission as a motion for reconsideration that did not comply with Local Civil Rule 6.3, denied that motion on May 5, 2021, and enlarged the discovery period to May 13, 2021 to complete Ms. Panfilova's deposition.

Kartina has not met its burden to justify upending the Court's prior Orders. "A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 18-CV-1781, 2020 U.S. Dist. LEXIS 131372, at *9-10 (S.D.N.Y. July 17, 2020). In *Michelo*, the court denied a protective order because, although the deponent had been diagnosed with stress-induced epilepsy, he was cognitively unimpaired, and the contentions of his physician were "conclusory or speculative." *Id.* at *14. The court distinguished *In re McCorhill Pub., Inc.*, upon which Kartina relies, because the potential deponent there could not provide information due to dementia and risked death from a severe heart ailment. *Id.* at *13 n. 3. The *Michelo* court ordered the deposition to commence with accommodations, including that it occur remotely and in limited time. *Id.* at *14-15.

Here, like in *Michelo*, the redacted physician's note does not suggest that Ms. Panfilova is unable to process information or that testifying orally would imperil her life. Indeed, if testifying were life-threatening, Kartina would not cling to the option of calling her at trial. Also, the contentions in the note are "conclusory or speculative" because the physician is located in the United States, and Ms. Panfilova is in Germany. Counsel for Plaintiffs asked Kartina's counsel when the physician saw Ms. Panfilova, but Kartina's counsel did not know. If that visit was recent, then Ms. Panfilova is well enough to travel to the United States during a pandemic, and therefore able to testify orally. If the visit was not recent, then the new note is stale like the old affidavit.

A stay would prejudice Plaintiffs, who are preparing for the deposition. The Parties must complete discovery forthwith to comply with Judge Carter's order to submit pre-motion conference letters relating to anticipated summary judgment motions by May 19, 2021.

> Respectfully submitted,
> /Erik Dykema/
> Erik Dykema