**Seth R. Goldman**
212 692 6845
srgoldman@mintz.com

Chrysler Center
666 Third Avenue
New York, NY  10017
212 935 3000
mintz.com



MINTZ

May 10, 2021

**VIA FACSIMILE**
The Honorable Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Fax: (212) 805-6712

Re:   *Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al.* **(18-cv-06626)(ALC)(KNF)**

Dear Judge Fox:

We represent non-party Matvil Corporation ("Matvil"), and write in response to Actava TV, Inc.'s ("Actava") April 30, 2021 letter (Dkt. No. 319).  More specifically, we write to provide additional context for the Court and to address several misrepresentations contained therein.

Matvil appeared at the April 27, 2021 deposition pursuant to an agreement between Matvil's Canadian counsel and Actava's Canadian counsel following an initial Canadian trial court decision.  This agreement included a limitation on the topics and scope of questioning to which Matvil would be subject.  Then, unbeknownst to Matvil, Actava filed suit against Matvil on April 8, 2021.  Despite this development, Matvil agreed to attend the deposition based on the parties' previous agreement limiting the subject of questioning.  Almost immediately, however, Actava began asking questions well beyond the scope of the parties' agreement, which prompted Matvil's objections during the deposition.  The out-of-scope questions posed by Actava during the deposition were in no way calculated to further its case against Defendants in the above-captioned action, and were instead a transparent attempt by Actava to pre-emptively obtain information from Matvil for its benefit in the newly filed litigation.

Additionally, Actava made several misleading assertions in its letter:

BOSTON    LONDON    LOS ANGELES    NEW YORK    SAN DIEGO    SAN FRANCISCO    WASHINGTON
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

111183483v.2

**MINTZ**

May 10, 2021
Page 2



*First*, Matvil's objections during the April 27 deposition were not based on "relevance," as Actava suggests, but rather were based on the questions posed at the deposition, which were outside the scope of what had been agreed upon between counsel:[1]

> Mr. McWilliams: And will Matvil agree to appear at a deposition to answer questions by an attorney for the Actava parties **about the communications between Matvil and the channels?**
>
> Mr. Zavaglia: Yes.

*See* Cross-Examination of Mykola Skrynnyk 26:6-10 (relevant excerpt attached as <u>Exhibit A</u>, emphasis added).

Actava's questions were also outside the scope of its requested Letters Rogatory (Dkt. No. 119), even before two of the four topics therein were struck down by the Canadian appellate court. *See* <u>Exhibit B</u> (striking down the two requests for post-termination financial information). Indeed, the only two topics from the Letters Rogatory that were not struck down by the Canadian appellate court were:

> 1. All Documents, including Communications, between any Defendant Channel and Matvil concerning either Actava TV, Inc. ("Actava") or Rouslan Tsoutiev, between June 1, 2016 and December 31, 2018.
>
> 2. All Documents, including Communications, concerning Matvil's termination or prospective termination of the Referral Agreement, excluding correspondence between Matvil, on the one hand, and either Actava or Rouslan Tsoutiev on the other.

*Id*.; Dkt. No. 119.

Actava's questions at the April 27 deposition were well outside the scope of these two topics. For example, Actava sought to obtain testimony concerning:

- A 2017 affidavit of a previous Matvil CEO filed in a previous lawsuit between Defendant channels and Actava that did not concern communications between Matvil and Defendant channels *or* the Referral Agreement; and

---

[1] Notably, although Actava purports to cite the deposition transcript of Matvil's witness from last Tuesday, it has failed to annex the transcript (or relevant pages thereof) to its April 30 letter.

**MINTZ**

May 10, 2021
Page 3



- The Defendant channels' February 12, 2016 Complaint against Actava for allegedly violating the terms of a previous settlement agreement between those entities.

Matvil's objections were necessary based on Actava's attempt to completely disregard the parties' agreement *and* the representations Actava had previously made to this Court and the Canadian courts concerning the testimony it sought to obtain from Matvil.

*Second*, Actava previously attempted to expand the scope of deposition topics on March 31, 2021, weeks prior to the deposition, by emailing Matvil a revised subpoena with additional and expanded deposition topics. *See* Exhibit C (March 31, 2021 Subpoena). **Matvil expressly rejected that attempt** on April 7, 2021 advising Actava that, *inter alia*, that it would object to the topics set forth therein should Actava attempt proper service of the subpoena **"as it is beyond the scope of testimony Actava has requested – or received permission to obtain – from Matvil in the Canadian court proceedings."** *See* Exhibit D (Matvil's rejection of additional and expanded topics). **Actava never responded to that letter.**

*Third*, Actava is required to get authorization from a Canadian court if it wishes to obtain information from Matvil on any topic not expressly set forth in the Letters Rogatory. Actava has not done so. The Canadian Appellate Court decision was clear that Ontario courts *must* consider the substance of the request made and apply principles of comity, sovereignty and public policy. *See* Exhibit B. That analysis cannot take place unless it has something specific to consider. A blanket request for any information that the New York parties or court deem relevant is not sufficient for the Ontario courts to carry out their duties. *Id*.

*Fourth*, Matvil did not "unilaterally adjourn[] the scheduled deposition twice." To the contrary, on April 13, 2021, Matvil agreed to schedule the deposition on the condition that Matvil receive the $115,000 the Canadian court had ordered Actava to pay Matvil in conjunction with the Letters Rogatory, which at that point was twenty-three days delinquent. Actava failed to meet that deadline, causing the deposition to be adjourned.[2] Then, on the eve of the rescheduled deposition, Matvil learned that Actava had sued Matvil in a new action *and* sought leave to appeal the Canadian Appellate Court ruling striking down two categories of information requested by Actava in its Letters Rogatory. These additional developments, which Actava could have brought to Matvil's attention previously but elected not to, necessitated an adjournment. Actava's own failings and lack of transparency caused the scheduling delays, not the unilateral actions of Matvil as Actava suggests.

---

[2] Matvil required that the wired funds be received by a date and time certain, to avoid a repeat scenario where Actava recalls or rescinds funds already sent via wire.

111183483v.2

**MINTZ** 

May 10, 2021
Page 4

*Fifth*, Matvil has produced all responsive, non-privileged documents to the first two requests of the Letters Rogatory in its possession.[3]  Actava's representations to the contrary – including the assertion that Matvil admitted on April 27 that additional such documents existed – are belied by that deposition transcript.

Sincerely,

Seth R. Goldman

cc:   All Counsel of Record (via ECF)

---

[3] Due to inadvertence by Matvil's Canadian counsel, one email that was provided to counsel was not produced to Actava's Canadian counsel. That error was remedied on Monday, May 3, 2021.

111183483v.2