

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

May 24, 2021

**VIA ECF**

Hon. Andrew L. Carter Jr.
United States District Court Judge, S.D.N.Y.
40 Foley Square
New York, NY 10007

      Re:    Actava TV, Inc., et al. v. Joint Stock Company "Channel One Russia Worldwide" et al. (18-cv-06626)

Dear Judge Carter:

Pursuant to Rule 2A of Your Honor's Individual Practices, Plaintiffs hereby oppose Defendants' requests to file anticipated Motions for Summary Judgment. *See* ECF Nos. 344, 347.[1] There are genuine issues of material fact, including conflicting witness testimony raising significant issues of credibility, precluding summary judgment dismissing Plaintiffs' claims. Plaintiffs' claims require a trial, but the Counterclaims that Defendants concocted in a tit-for-tat attempt to manufacture leverage do not. The Court should deny Defendants' requests for leave to move for summary judgment, and grant such leave to Plaintiffs.

## There is A Genuine Dispute of Material Fact as to Count I

There are genuine issues of material fact as to whether Defendants acted with malice, or through "dishonest, unfair, or improper means," when they intentionally interfered with Actava's business relationship. There are also genuine issues of material fact as to causation. Plaintiffs allege that Defendants committed tortious interference by (i) filing their baseless contempt motion; and (ii) wrongfully inducing Matvil, Actava's business partner, to terminate its Referral Agreement with Actava.

*The Contempt Motion:* The summary judgment record will include testimony that Kartina's CEO, Andreas Reich, misrepresented to Actava's CEO, Rouslan Tsoutiev, that Kartina was secretly bankrolling and directing the Channels' original litigation against Actava. Kartina was later forced to admit its role in the original litigation, *see* No. 18-cv-01318, ECF No. 629-2, and Kartina's Chief Content and Legal Officer, Olga Panfilova, declared that Kartina "worked very closely with [Channels' counsel] Dunnington" and "coordinate[d] a joint legal strategy to be pursued on behalf of the [Channels]." Mr. Tsoutiev will testify that Mr. Reich concealed from him that Kartina had any involvement in the original litigation and deceptively encouraged Actava to settle the original litigation by paying the Channels handsomely. Discovery revealed that Kartina (Actava's competitor), not the Channels, received most of that settlement payment, as Kartina and Defendant CTC Media's representative all admitted at deposition. Kartina thus dishonestly orchestrated the Channels' litigation against Actava for its own anti-competitive purpose.

Emails produced in discovery show that it was Kartina who first notified the Channels – falsely – that Actava had "resumed" its service and advised Defendants Channel One and CTC Media to sue

---

[1] There is considerable overlap between Defendants' two letters, and Plaintiffs address both letters with this single consolidated response. If Defendants are allowed to submit their motions, they should file a single, joint motion between them rather than separate, largely duplicative motions. Channel One previously sought permission to file their intended *Daubert* motions, and the Court has denied that request. ECF No. 338.

MOSES & SINGER LLP

Hon. Andrew L. Carter
May 24, 2021

Actava. Based on Kartina's false representation, and without further investigation or verification, Channel One's CEO, Alexander Shprekher, instructed that litigation against Actava should commence "immediately." Defendant Kartina then conducted a "post-hoc" investigation, which, as documents show, confirmed that Actava did **not** stream any of the Channels' content. Matvil also e-mailed Channel One pleading with Defendants not to litigate because Actava was Matvil's authorized dealer, but Defendants filed for contempt anyway.[2] E-mails between Defendants confirm that Kartina actively orchestrated litigation by the Channels to eliminate its competitor Actava from the marketplace. This documentary evidence reveals that Kartina viewed Actava's and Matvil's legitimate business arrangement as a threat to Kartina's strategy, which was to "clear the market" for 5-8 firms, excluding Actava, via litigation. Defendants' litigation against Actava and others was the opposite of legitimate economic competition – it was use of baseless litigation as a weapon. Extensive documentary evidence and court orders in another case confirm that Defendants repeatedly attempted to eradicate its legal competitors by misleading Judge Moses in bad faith. *See* No. 16-cv-01318, ECF No. 822.

*Termination of the Referral Agreement*: A genuine fact dispute exists as to whether the Channels improperly pressured Matvil to end its relationship with Actava. Actava obtained recordings of phone calls in which Matvil explicitly told Actava in Summer and Fall 2018 that Matvil would not have terminated its Referral Agreement with Actava but for pressure from the Channels, which multiple Matvil representatives told Actava was "constant." Incredibly, Matvil claimed at deposition that its statements in these recordings, whose authenticity Matvil admitted, were lies Matvil told Actava in 2018 as part of some unexplained "business tactic." The jury must decide whether Matvil was lying when it admitted to Actava that the Channels pressured it to terminate its contract; or if Matvil was lying at deposition when it said the opposite. Further, Kartina's citation to *Discover Grp., Inc. v. Lexmark Int'l Inc.* is inapposite because Plaintiffs allege tortious interference with prospective economic advantage, not with contract, which does not require an actual breach. *See* ECF No. 347 at 2 (citing 555 F. Supp. 2d 78, 83-84 (E.D.N.Y. 2004)). Therefore, Count I should proceed to trial.

**There is a Genuine Dispute of Material Fact as to Count II**

Defendants err in claiming that a failed contempt proceeding cannot form the basis of a malicious prosecution claim. "The gravamen of a civil malicious prosecution cause of action is the wrongful **initiation, procurement, or continuation** of a legal proceeding." *Campion Funeral Home v. State*, 166 A.D.2d 32, 36 (N.Y. App. Div. 1991) (citing Restatement (Second) of Torts § 674) (emphasis added); *see also* ECF No. 258 (collecting cases).

There is ample evidence that Defendants initiated the failed contempt proceeding out of malice, as described *supra,* and without probable cause. Defendants refused even to look at the Referral Agreement before filing the failed contempt proceeding. The Agreement established that Matvil was authorized by the Channels to partner with Actava. During the failed contempt proceeding, Defendants

[2] Defendant Channel One attempts to rehabilitate its tortious conduct by stating that Actava "may have" merely "disagreed with Channel One's allegations that it was in contempt of the injunction…." ECF No. 344, at 1. In fact, Judge Moses also disagreed with the allegations, concluded that Actava had not "distributed" (or "used") the Channels' content, and denied the motion.



Hon. Andrew L. Carter
May 24, 2021

also refused to provide the Court or Actava with the Channels' license agreements with Matvil, which similarly confirmed Matvil had the right to partner with Actava.  Other documentary evidence confirms Defendants pursued the failed contempt proceeding despite evidence that it was baseless and would fail.  Issues of credibility abound.  The jury can "draw a legitimate inference" that Defendants pursued Actava without probable cause.  *Kaytor*, 609 F.3d at 545.  Therefore, Count II should proceed to trial.

### There is A Genuine Dispute of Material Fact as to Count III

Defendant Channel One claims that the notice of breach "undisputedly" complied with the Settlement Agreement's notice provisions.  Channel One is wrong.  The Settlement Agreement's Notice and Cure provision requires "written notice of the suspected breach," and provides that the Channels were entitled to seek judicial relief only if Actava failed to remedy that breach within 10 days of receiving the notice.  In the contempt proceedings, Defendants specifically "assert[ed] that the radio ad violated Sections 2(c) and 2(d) of the Stipulated Injunction…."  *See* No. 16-cv-01318, ECF No. 359, p. 15 (9/27/17 J. Moses Order denying contempt motion).  Defendants' notice made no complaint about Actava's radio advertisements, instead focusing exclusively on the "relationship Actava has formed with Matvil."  Defendants' failure to follow the agreed notice procedure deprived Plaintiffs of any opportunity to cure before Defendants rushed to file their failed contempt proceeding.  Their failure to adhere to the Settlement Agreement is part and parcel of Defendants' malicious prosecution of Actava, and damages should be awarded accordingly.[3]   Therefore, Count III should proceed to trial.

### There is a Genuine Dispute of Material Fact as to Count IV

GBL Section 349 "governs consumer-oriented conduct and, on its face, applies to virtually all economic activity."  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 (1999).  There is ample evidence that Kartina intended to, and did, deceive consumers.  Recorded customer service calls confirm the anti-competitive effects of Kartina's duplicitous conduct on the public.  Kartina admitted that it "requested for commercial reasons that [it] not be named as a plaintiff" and that it "remain confidential in the proceedings."  Then, in the name of the Channels, it eliminated Actava from the market.  The evidence establishes that Kartina's malicious litigation strategy – intended, in part, to "clear the market" – is materially deceptive and misleading.  Kartina's conduct carried "significant ramifications for the public at large."  *Shred-It USA, Inc v. Mobile Data Shred, Inc.*, 228 F. Supp. 2d 455, 465 (S.D.N.Y. 2002).  Therefore, Count IV should proceed to trial.

### Conclusion

For the above reasons, Defendants' requests for leave to move for summary judgment on Plaintiffs' claims should be denied.

---

[3] As Judge Moses held, the Injunctions did not incorporate the Settlement Agreement, which was not before her.  However, under the Settlement Agreement, compliance with the notice-and-cure provisions was a prerequisite to obtaining ***any*** judicial relief, including contempt.



Hon. Andrew L. Carter
May 24, 2021

                                      Respectfully submitted,

                                      */Toby Butterfield/*

                                      Toby Butterfield

cc:    Hon. Kevin N. Fox, United States Magistrate Judge
        All Counsel (via ECF)