UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br>　　　　Plaintiffs,<br>　　v.<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL, Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br>　　　　Defendants. | Civ. No.: 1:18-cv-06626-ALC-KNF<br><br>**DECLARATION OF REPRESENTATIVE OF CLOSED JOINT STOCK COMPANY "CTC NETWORK", CLOSED JOINT STOCK COMPANY "NEW CHANNEL", AND CLOSED JOINT STOCK COMPANY "TV DARIAL" IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Alexander Koshkin, being of lawful age, declare as follows under penalty of perjury:

1. I am Deputy Director for Legal Support of News Broadcasting and Judicial Practice of the company Media Business Solutions LLC ("MBS"), an affiliate of Defendants Closed Joint Stock Company "CTC Network" ("CTC"), Closed Joint Stock Company "New Channel" ("New Channel"), and Closed Joint Stock Company "TV DARIAL" ("Darial") (collectively, the "CTC Broadcasters"). The business address of Media Business Solutions LLC is room 116, build. 2, 15, Pravda street, Moscow 125040, Russian Federation. MBS provides legal services for CTC, New Channel, and Darial.

2. I submit this declaration in support of Defendants'[1] motion for summary judgment.

---

[1] "Defendants" refers to Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Limited Liability Company "Comedy TV," and Kartina Digital GmbH ("Kartina"). "Broadcasters" refers to Defendants other than Kartina.

3.      On February 3, 2021, I was deposed in the instant litigation.

4.      I am fluent in Russian. I am not fluent in English and this declaration has been translated into Russian for me.

5.      CTC Broadcasters own and operate the TV channels and have entered into licensing agreements with third parties to distribute their programming via Internet Protocol Television ("IPTV") in the United States and around the world. CTC Broadcasters obtain substantial revenues from such licensing agreements.

6.      Prior to February 19, 2016, CTC Broadcasters had significant problems with piracy of their content. With respect to the United States, there were multiple entities illegally distributing CTC Broadcasters' content including Matvil Corporation ("Matvil") and Actava TV, Inc. ("Actava").

7.      Stopping piracy is in CTC Broadcasters' economic self-interest. By stopping or limiting piracy, our licensees are able to obtain more users and, as a result, more revenue. In turn, the more revenues our licensees collect, the higher licensing fees CTC Broadcasters are able to charge our licensees.

8.      To address piracy of CTC Broadcasters' content by Matvil, Actava, and other pirates, on February 19, 2016, the Broadcasters filed a lawsuit captioned Joint Stock Company *Channel One Russia Worldwide v. Infomir LLC*, No. 1:16-cv-01318-GBD-BCM (S.D.N.Y. Feb. 19, 2016), for violations of the Broadcasters' intellectual property rights (the "Infomir Litigation"). The Infomir Litigation was filed against multiple defendants, including Matvil. The Infomir Litigation was also filed against Actava, its CEO Rouslan Tsoutiev, Master Call Communications, Inc., and Master Call Corporation (collectively, "Plaintiffs").

9. During the pendency of the Infomir Litigation, Kartina was never an exclusive licensee of CTC Broadcasters in the United States of America. Kartina has only been a non-exclusive licensee of CTC Broadcasters in the United States of America.

10. Prior to the Infomir Litigation, Matvil and Actava were distributing CTC Broadcasters' content to their users without a license from CTC Broadcasters. This distribution violated CTC Broadcasters' intellectual property rights, including their copyrights to their broadcasts, and their trademarks.

11. On or about March 15, 2016, Matvil entered into licensing agreements with CTC and New Channel to lawfully distribute CTC and New Channel's content, and on or about June 1, 2017, Matvil entered into a licensin agreements with Darial to lawfully distribute Darial's content (the "Licenses"). Matvil was dismissed from the Infomir Litigation.

12. Actava has never entered into a licensing agreement with CTC Broadcasters.

13. None of the Plaintiffs ever entered into a licensing agreement with CTC Broadcasters.

14. None of MHCOM GmbH, Russian Telekom, Inc., North Atlantic Broadcasting Corp. ever entered into a licensing agreement with CTC Broadcasters.

15. After CTC and New Channel entered into the Licenses, Matvil and Actava entered into a so-called referral agreement dated on or about September 8, 2016 (the "Referral Agreement"). Under the Referral Agreement, Actava was using CTC Broadcasters' trademarks to advertise CTC Broadcasters' content without CTC Broadcasters' permission.

16. Plaintiffs did not seek permission from CTC Broadcasters to enter into negotiations with Matvil. Matvil did not seek permission from the CTC Broadcasters to enter into the Referral Agreement.

17. The Broadcasters filed a contempt motion in the Infomir Litigation on December 13, 2016 against Plaintiffs for violating the injunction by engaging in the Referral Agreement, including using CTC Broadcasters' trademarks (the "Contempt Motion").

18. The purpose of filing of the Contempt Motion, like the purpose of the Infomir Litigation generally, was to stop the unauthorized use of CTC Broadcasters' intellectual property. Protecting CTC Broadcasters' intellectual property is important to preserving and increasing CTC Broadcasters' revenues and profits.

19. In September of 2017, the Contempt Motion was denied.

20. On July 23, 2018, Plaintiffs filed the instant lawsuit against Defendants.

21. On or about July 30, 2018, a representative of Matvil contacted CTC Broadcasters to tell us the instant lawsuit was filed.

22. CTC Broadcasters never applied any pressure on Matvil to terminate its relationship with Actava or terminate the Referral Agreement with Actava.

23. CTC Broadcasters never asked that Matvil terminate or cancel the Referral Agreement between Matvil and Actava.

**(SIGNATURE PAGE FOLLOWS)**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 03 August, 2021

Alexander Koshkin