**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev,<br>Plaintiffs,<br>v.<br><br>Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Open Joint Stock Company "ACCEPT", Limited Liability Company "Comedy TV," and Kartina Digital GmbH,<br>Defendants. | Civ. No.: 1:18-cv-06626-ALC-JW |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

# TABLE OF CONTENTS

**I. INTRODUCTION .................... 1**

**II. FACTUAL BACKGROUND .................... 1**

**III. PROCEDURAL HISTORY .................... 3**

**IV. STANDARD OF REVIEW .................... 3**

**V. SANCTIONS ARE WARRANTED HERE FOR TAKING UNSUPPORTED LEGAL POSITIONS .................... 4**

A. PLAINTIFFS' REQUEST FOR SANCTIONS IS FRIVOLOUS .................... 5
B. PLAINTIFFS' FAVORABLE TERMINATION ARGUMENT IS FRIVOLOUS .................... 7
C. PLAINTIFFS' COMMENCEMENT OF AN ACTION ARGUMENT IS FRIVOLOUS .................... 8
D. PLAINTIFFS' SPECIAL INJURY ARGUMENT IS FRIVOLOUS .................... 9

**VI. PLAINTIFFS' OPPOSITION MEMORANDUM WARRANTS MONETARY SANCTIONS .................... 10**

A. LEAVE TO SUBMIT CONTEMPORANEOUS BILLING RECORDS .................... 11

**VII. CONCLUSION .................... 11**

# TABLE OF AUTHORITIES

Page(s)

Cases

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
579 F.3d 143 (2d Cir. 2009) .......... 3

*Biocad JSC v. F. Hoffmann-La Roche Ltd.*,
2022 WL 268102 (S.D.N.Y. Jan. 28, 2022) .......... 5

*Bletas v. Deluca*,
2011 WL 13130879 (S.D.N.Y. Nov. 15, 2011) .......... 4

*Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*,
28 F.3d 259 (2d Cir. 1994) .......... 3

*Century Indem. Co. v. Equitas Ins. Ltd.*,
2011 WL 4526672 (S.D.N.Y. Sept. 27, 2011) .......... 6

*City of Almaty, Kazakhstan v. Ablyazov*,
2019 WL 1430155 (S.D.N.Y. Mar. 29, 2019) .......... 5

*Gotham Equip. Corp. v. Hill Refrigeration Corp.*,
1974 WL 952 (S.D.N.Y. Sept. 26, 1974) .......... 7

*Hoffmann v. Major Model Mgmt., Inc.*,
2022 WL 992795,n.6 (S.D.N.Y. Mar. 31, 2022) .......... 6

*Ilkowitz v. Durand*,
2018 WL 1595987 (S.D.N.Y. Mar. 27, 2018) .......... 4, 8, 9, 10

*Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*,
875 F.2d 388 (2d Cir. 1989) .......... 4

*Liberi v. Taitz*,
647 F. App'x 794 (9th Cir. 2016) .......... 8

*Lowth v. Town of Cheektowaga*,
82 F.3d 563 (2d Cir. 1996) .......... 9

*MacFawn v. Kresler*,
88 N.Y.2d 859 (1996) .......... 7

*Optimus Commc'ns v. MPG Assocs., Inc.*,
841 F. Supp. 2d 722 (E.D.N.Y. 2012) .......... 4, 8, 9, 10

*Phelan ex rel. Phelan v. Torres*,
2005 WL 4655382 (E.D.N.Y. Sept. 20, 2005) .......... 6

*Shawe v. Elting*,
161 A.D.3d 585 (1st Dept. 2018) .......... 8, 9

*Vail v. City of New York*,
68 F. Supp. 3d 412 (S.D.N.Y. 2014) .......... 5

*Weinraub v. Glen Rauch Sec., Inc.*,
419 F. Supp. 2d 507 (S.D.N.Y. 2005) .......... 11

Rules

Fed. R. Civ. P. 11 .......... *passim*

Fed. R. Civ. P. 12(c) .......... 5, 6

Other Authorities

American Law of Torts § 28:1 .......... 8

Restatement (Second) of Torts § 655 .......... 9

## I. Introduction

Defendants[1] bring this Motion under FED. R. CIV. P. 11 against Plaintiffs'[2] counsel Toby Butterfield and Valeria Castanaro of Moses & Singer LLP and Diana Tsutieva of Foley Hoag LLP (attorneys and their respective law firms, collectively, "Plaintiffs' Counsel"), for attorneys' fees resulting from their violation of FED. R. CIV. P. 11 in filing the Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, ECF 526 ("12(c) Opp'n" or "12(c) Opposition").

## II. Factual Background

Defendants Joint Stock Company "Channel One Russia Worldwide," CTC, New Channel, Rain, Darial, and Comedy TV (collectively, "Broadcasters") brought lawsuits in 2015 (the "*Actava* Action"), RJN Ex. A, and 2016 (the "*Infomir* Action"), RJN Ex. B, against Plaintiff Actava TV, Inc. ("Actava"), its CEO Plaintiff Rouslan Tsoutiev, and other pirates for illegally distributing the Broadcasters' copyrighted content. *See* Answer SAC & Countercls. [ECF 150] ("Answer") ¶¶ 123, 127; Reply Answer & Countercls. [ECF 158] ("Reply") ¶¶ 123, 127. Actava did not have licensing agreements with several Broadcasters but nevertheless was distributing their content without authorization. *See, e.g.*, Answer ¶¶ 122-124; Reply ¶¶ 122-124.

After Plaintiffs defaulted in both Actions, Second Amended Complaint ("SAC") ¶ 28; Answer ¶ 28, Broadcasters and Plaintiffs entered into a settlement agreement, SAC ¶¶ 34-38, and the Court entered stipulated injunctions. Answer ¶¶ 129, 133; Reply ¶¶ 129, 133; RJN Ex. C (the

---

[1] "Defendants" refers to Closed Joint Stock Company "CTC Network" ("CTC"), Closed Joint Stock Company "New Channel" ("New Channel"), Limited Liability Company "Rain TV-Channel" ("Rain"), Closed Joint Stock Company "TV DARIAL" ("Darial"), Limited Liability Company "Comedy TV" ("Comedy TV"), and Kartina Digital GmbH ("Kartina").

[2] "Plaintiffs" refers to Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev.

"Injunction").[3] In the *Infomir* Action Injunction, Plaintiffs were enjoined from, *inter alia*:

> a) Broadcasting, re-broadcasting or otherwise transmitting [Broadcasters'] Broadcasts . . . via any medium, including but not limited to internet protocol television ("IPTV") and social media, without authorization; b) directly or indirectly infringing or making any use, in any manner whatsoever, of [Broadcasters'] Broadcasts . . . without authorization; c) directly or indirectly infringing or making any use, in any manner whatsoever, of Plaintiffs' Marks . . . without authorization; [or] d) publishing or distributing any promotional materials referring to [Broadcasters'] Broadcasts or Marks; in any medium, including but not limited to the internet (including IPTV and social media), television, radio, newspapers, magazines, direct mail or oral communications without authorization.

SAC ¶ 35; Answer ¶ 35. Soon after the Injunction was entered, Actava began discussing a business relationship with Matvil Corporation ("Matvil"), its co-defendant in the *Infomir* Action. SAC ¶¶ 121, 137; Answer ¶¶ 121, 137. After Matvil signed licensing agreements with some Broadcasters, Actava and Matvil entered into a "Referral Agreement," under which Actava referred customers to Matvil. Answer ¶¶ 121, 149-150; Reply ¶¶ 121, 149-150.

In addition to referring customers to Matvil, Actava "operationalize[d] set-top box distribution and implementation for consumers for Matvil's IPTV service." Answer ¶ 150; Reply ¶ 150. Additionally, Actava "place[d] a radio advertisement to promote Matvil's service . . . [and] list[ed] the channels" of the Broadcasters in the advertisement. SAC ¶ 60.

Because the Injunction prohibited, *inter alia*, Actava from "directly or indirectly infringing or making any use, in any manner whatsoever, of [Broadcasters'] Marks," as well as "Broadcasting, re-broadcasting or otherwise transmitting," and "infringing or making any use, in any manner whatsoever" of the Broadcasters' content, on October 19, 2016, the Broadcasters sent

---

[3] RJN Ex. C is the injunction entered in the *Infomir* Action. The Court also entered a nearly identical injunction in the *Actava* Action, which is not at issue in this litigation. RJN Ex. D.

a Notice of Suspected Breach. SAC ¶ 63; Answer ¶ 63. After Plaintiffs refused to cure the breach, on December 13, 2016, Defendants filed a contempt motion in the *Infomir* Action. Answer ¶ 160; Reply ¶ 160; RJN Exs. E-G (the "Contempt Motion"). After the Contempt Motion was denied, RJN Ex. H, Plaintiffs filed the instant litigation against Defendants asserting that filing the Contempt Motion constituted malicious prosecution. SAC ¶¶ 90-94.

## III. Procedural History

On August 3, 2021, Defendants filed a motion for judgment on the pleadings as to all four claims in the SAC. ECF 371. On March 31, 2022, the Court denied Defendants' motion without prejudice, noting that "Defendants previously stated to this Court that their motion for judgment on the pleadings will be limited to only one of Plaintiff's claim. However, Defendants' 12(c) motion requests that the Court rule on the motion as to all claims. If they choose to do so, Defendants may refile their 12(c) motion with a more limited scope." ECF 493. Consistent with the Court's Order, the Defendants' Motion for Judgment on the Pleadings, ECF 519 ("12(c) Mot." or "12(c) Motion"), was limited to the single claim previously referenced by Defendants: malicious prosecution. In opposition, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, ECF 526 ("12(c) Opp'n" or "12(c) Opposition").

## IV. Standard of Review

Rule 11 of the Federal Rules of Civil Procedure requires an attorney filing a pleading to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims "are warranted by **existing law or by a nonfrivolous argument** for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2) (emphasis added). Sanctions under Rule 11 "require[] only a showing of objective unreasonableness on the part of the attorney . . . ." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009); *see also Caisse Nationale de Credit Agricole-*

*CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear that there is no chance of success.") (internal quotation marks omitted).

Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 390 (2d Cir. 1989). Sanctions are appropriate where a party "fail[s] to undertake a reasonable inquiry into the law that governs and clearly precludes the claims . . . for which no cause of action exists." *Bletas v. Deluca*, No. 11 Civ. 1777 (NRB), 2011 WL 13130879, at *11 (S.D.N.Y. Nov. 15, 2011). Once a court finds that Rule 11 has been violated, it "may impose an appropriate sanction," including payment of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c). Courts are empowered "with discretion to award that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule," and the "scope of that discretion is broad." *Int'l Shipping Co.*, 875 F.2d at 392.

## V. Sanctions are Warranted Here for Taking Unsupported Legal Positions

Rule 11 imposes an affirmative "duty on every attorney . . . to certify that the legal arguments are supported by existing law." *Ilkowitz v. Durand*, No. 17 CIV. 773 (PGG), 2018 WL 1595987, at *18 (S.D.N.Y. Mar. 27, 2018). Federal Courts in New York have found that a party violates Rule 11(b) when it fails to cite authority demonstrating that its legal contentions are warranted. *See Optimus Commc'ns v. MPG Assocs., Inc.*, 841 F. Supp. 2d 722, 726 (E.D.N.Y. 2012) (finding a violation of Rule 11(b) where "Plaintiff does not cite a single case to demonstrate that its legal contentions are warranted by existing law."); *see also Ilkowitz,* 2018 WL 1595987, at *20 (finding that Rule 11(b)(2) is violated where a claim is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new

law[.]"). Further, "lawyers and litigants are not permitted to evade contrary arguments simply by ignoring them, ostrich-style, in their briefs." *Biocad JSC v. F. Hoffmann-La Roche Ltd.*, No. 16-CV-4226 (RJS), 2022 WL 268102, at *6 (S.D.N.Y. Jan. 28, 2022).

Plaintiffs' Counsel has violated Rule 11(b)(2) by asserting legal arguments in their 12(c) Opposition which, as discussed further below, were clearly not well grounded in law. Each argument discussed below and raised in Plaintiffs' 12(c) Opposition was made with no attempt to show either how Plaintiffs' position was warranted by existing law or why the existing law should be modified or extended.

**A. Plaintiffs' Request for Sanctions is Frivolous**

Plaintiffs assert in their Opposition that Defendants should be sanctioned because Defendants' 12(c) Motion constitutes a "violation of Rule 12(c), and this Court's rules . . . ." 12(c) Opp'n at 2. Plaintiffs recognize that FED. R. CIV. P. 12(c) only requires that "a motion for judgment on the pleadings must be made 'early enough not to delay trial.'" 12(c) Opp'n at 1 (quoting FED. R. CIV. P. 12(c)). But "[w]hen, as here, the Rule 12(c) motion has no effect on the trial schedule, it need not be barred as untimely." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 1430155, at *3 (S.D.N.Y. Mar. 29, 2019) (citing *Vail v. City of New York*, 68 F. Supp. 3d 412, 421–22 (S.D.N.Y. 2014) (collecting cases)). Plaintiffs put forward no argument to support how Defendants' 12(c) Motion has impacted a trial date or even a trial schedule. Indeed, Plaintiffs are unable to support their argument **because no trial schedule has been set**, and therefore the 12(c) Motion cannot possibly have an effect on the trial schedule. After the Court decides Defendants' *Daubert* Motion, ECF 496, only then will the parties even *file* their motions for summary judgment. ECF 493. Thus, trial is undoubtedly years away. The alleged "procedural deficiencies" to which Plaintiffs refer are not grounded in law, and Plaintiffs cite **no authority** to suggest that sanctions are warranted in this case. Plaintiffs are presumably aware that no trial

schedule has been set by the Court. Thus, their contention that some hypothetical trial schedule is somehow affected by Defendants' 12(c) Motion in violation of Rule 12(c) is meritless and patently frivolous. Moreover, even if the 12(c) Motion were untimely—and it is not—Plaintiffs cite no authority for the proposition that an untimely 12(c) Motion is somehow sanctionable.

Furthermore, Plaintiffs **do not cite any authority** for the sanctions they are seeking. Plaintiffs were required to provide notice of the authority under which sanctions are being considered; a procedural safeguard implemented to protect against sanctions. *See Century Indem. Co. v. Equitas Ins. Ltd.,* No. 11 CIV. 1034 NRB, 2011 WL 4526672, at *3 (S.D.N.Y. Sept. 27, 2011) ("An attorney must be forewarned of the authority under which sanctions are being considered and given a chance to defend himself against specific charges.") (citation omitted); *see also Phelan ex rel. Phelan v. Torres*, No. 04 CV3538 ERK, 2005 WL 4655382, at *17 (E.D.N.Y. Sept. 20, 2005) ("'Specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed and an opportunity to be heard on that matter' must be provided to the party facing sanctions.") (citation omitted). Without citing any authority under which the sanctions are sought, there is no doubt Plaintiffs' request for sanctions is frivolous. *See Hoffmann v. Major Model Mgmt., Inc.*, No. 1:20-CV-6941-LTS-JLC, 2022 WL 992795, at *5 n.6 (S.D.N.Y. Mar. 31, 2022) (denying to impose sanctions because "Defendant identifies no legal authority for the sanctions it requests").

Last, Plaintiffs frivolously assert that "Defendants disregarded this Court's rules . . . prohibiting filing of motions without seeking and obtaining permission at a pre-motion conference," 12(c) Opp'n at 1. But Plaintiffs ignore the Court's March 31, 2022 Order explicitly granting Defendants permission to re-file their 12(c) Motion in accordance with the Court's instruction: "If they choose to do so, Defendants may refile their 12(c) motion with a more limited scope." ECF 493. Defendants did exactly that; they revised their 12(c) Motion to be limited only

to the malicious prosecution claim and re-filed it with the Court. ECF 518. Defendants therefore had the Court's express permission to file their 12(c) Motion, and Plaintiffs had knowledge of this permission when they alleged otherwise.[4] Again, Plaintiffs made no argument that their sanctions request was grounded in existing law, nor did they make any assertion that their request for sanctions was an extension of existing law.

Plaintiffs' request for sanctions against Defendants is therefore frivolous. Accordingly, sanctions against Plaintiffs' Counsel are appropriate.

### B. Plaintiffs' Favorable Termination Argument is Frivolous

In their 12(c) Motion, Defendants cited multiple New York decisions standing for the proposition that a claim for malicious prosecution requires a final termination of the allegedly malicious *lawsuit* in favor of the plaintiff. 12(c) Mot. at 7. For example, Defendants cited *MacFawn v. Kresler*, 88 N.Y.2d 859, 860 (1996), which held that even a **dismissal** without prejudice was non-final and was thus not a favorable termination for purposes of a malicious prosecution claim. *See also* 12(c) Mot. at 7 ("Under New York law a cause of action for malicious prosecution does not lie unless and until the alleged malicious **suit** is terminated favorably to the claimant.") (quoting *Gotham Equip. Corp. v. Hill Refrigeration Corp.*, No. 73 CIV. 5528, 1974 WL 952, at *2 (S.D.N.Y. Sept. 26, 1974)).

Plaintiffs **do not cite any authority** in their 12(c) Opposition that calls into doubt the precedential cases cited by Defendants. 12(c) Opp'n at 12-13. Nor do Plaintiffs make any argument or cite any authority to support their novel theory that the denial of a mere interlocutory motion, such as Defendants' Motion for Civil Contempt, RJN Exs. E-G, is a termination of a proceeding in their favor. *Id.* Plaintiffs have therefore failed to demonstrate that their legal theories are

[4] Indeed, Plaintiffs filed a motion for reconsideration of the Court's March 31, 2022 Order. ECF 494.

warranted and have failed to make an argument for extending, modifying, or reversing existing law. Indeed, Plaintiffs make no mention of any law at all.

Accordingly, Plaintiffs' 12(c) Opposition violates Rule 11 and sanctions against Plaintiffs' Counsel are warranted. *Optimus Commc'ns*, 841 F. Supp. 2d at 726; *Ilkowitz*, 2018 WL 1595987, at *20.

**C. Plaintiffs' Commencement of an Action Argument is Frivolous**

In their Motion, Defendants cited the Appellate Division's decision in *Shawe v. Elting*, which held that an interlocutory motion, "being non-final, does not constitute a 'proceeding' for purposes of maintaining a malicious prosecution claim." 12(c) Mot. at 4 (citing *Shawe v. Elting*, 161 A.D.3d 585, 586 (1st Dept. 2018)). Defendants went on to cite a leading treatise, as well as decisions of various circuit and state courts that are all in accord with *Shawe*. 12(c) Mot. at 4-5. The authority cited by Defendants made clear that the law "contemplates 'a full-blown action' not merely a ruling on a 'non-final' motion." Mot. at 6 (citing *Liberi v. Taitz*, 647 F. App'x 794, 797 (9th Cir. 2016) ("The tort of malicious prosecution requires the initiation of a full-blown action."); *Shawe*, 161 A.D.3d at 586); *see also id.* at 4-5 ("[A] malicious prosecution action **cannot be grounded upon actions taken within pending litigation**.") (quoting 8 STUART M. SPEISER, AMERICAN LAW OF TORTS § 28:1).

Plaintiffs' arguments in their 12(c) Opposition on this element of malicious prosecution violate Rule 11 in the same way as their arguments regarding a favorable termination of an action, as discussed in Section V(B), *supra*. In their 12(c) Opposition, Plaintiffs do not cite a single case in which a court found that an **interlocutory motion** constitutes the commencement of an "action" for purposes of malicious prosecution. 12(c) Opp'n at 10-12. Nor do Plaintiffs cite any authority contrary to the holding in *Shawe.* Instead, Plaintiffs rely on the Restatement (Second) of Torts for the proposition that a motion is a "continuation," 12(c) Opp'n at 10-11. First, the Restatement does

not trump the Appellate Division's binding decision in *Shawe*. Second, under the Restatement, the Motion for Civil Contempt does not qualify as a "continuation" of an action because Plaintiffs do not allege that Defendants have, after initiating a *Infomir* Action with probable cause, "press[ed] the proceedings after [they have] discovered that there is no probable cause for them." RESTATEMENT (SECOND) OF TORTS § 655 (emphasis added); *see also Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (Under the continuation prong, "even when probable cause is present . . . evidence could later surface which would **eliminate that probable cause**.") (emphasis added). And "[i]n order for probable cause to dissipate, the groundless nature of the charges **must be made apparent by the discovery of some intervening fact**." *Id.*

Undoubtably, Plaintiffs understood the requirements to be considered a "continuation" under the Restatement. *See id.*; RESTATEMENT (SECOND) OF TORTS § 655. Yet, despite Plaintiffs' reliance on the Restatement, Plaintiffs never argued that Defendants discovered any facts eliminating the probable cause present at the commencement of the *Infomir* Action. Plaintiffs' failure to even argue that Defendants met the Restatement's (or New York Courts') definition of continuation renders their argument frivolous.

Therefore, Plaintiffs' failure to demonstrate that their legal arguments are warranted either in existing law or by a change in existing law is a violation of Rule 11 and sanctions are warranted. *Optimus Commc'ns*, 841 F. Supp. 2d at 726; *Ilkowitz*, 2018 WL 1595987, at *20.

**D. Plaintiffs' Special Injury Argument is Frivolous**

Plaintiffs also allege that they suffered special injury because the Contempt Motion "interfered with Plaintiffs' ability to perform under the Referral Agreement, which caused substantial loss of projected revenue from the Referral Agreement between Matvil and Actava." 12(c) Opp'n at 15. But this argument is clearly contradicted by Plaintiffs Second Amended Complaint. There, Plaintiffs allege that, after Defendants' Contempt Motion was filed, "Actava

**voluntarily ceased** advertising and signing up new customers to Matvil under the Referral Agreement altogether." SAC ¶ 73 (emphasis added). By Plaintiffs' own admission, any damage Plaintiffs suffered as a result of their cessation of performance under the Referral Agreement occurred as a result of Plaintiffs **voluntary decision not to advertise or seek new customers**. Plaintiffs do not address this contradiction in their Opposition. Indeed, in a continuing pattern, Plaintiffs cite no authority to support their contention that damages resulting from a party's **own voluntary decision to cease operating its business** constitutes special injury under New York law. Plaintiffs' unsupported argument violates Rule 11. *Optimus Commc'ns*, 841 F. Supp. 2d at 726; *Ilkowitz*, 2018 WL 1595987, at *20. While Plaintiffs cite authority regarding damages actually caused by malicious prosecution, these authorities are irrelevant because, by Plaintiffs own admission, they voluntarily ceased doing business under the Referral Agreement. Plaintiffs have therefore not established that their legal argument is warranted by existing law, nor have they set forth a basis for extending or modifying existing law. Instead, Plaintiffs merely assert an argument which directly contradicts their SAC.

Accordingly, Plaintiffs arguments regarding the existence of special injury violate Rule 11 for the same reasons as the previous two elements. Sanctions against Plaintiffs' Counsel are therefore warranted.

## VI. Plaintiffs' Opposition Memorandum Warrants Monetary Sanctions

Rule 11(c)(4) sets forth the types and amounts of sanctions that the Court may impose: "A sanction imposed under this rule must be limited to what suffices to deter repetition of conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4); *see also*

*Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 519 (S.D.N.Y. 2005) (awarding full amount of attorneys' fees as a sanction for filing a complaint with multiple frivolous claims for relief). In addition, pursuant to Rule 11(c)(2), the Court may award "the reasonable expenses, including attorney's fees, incurred for [a] motion [filed pursuant to Rule 11(c)(2)]."

Plaintiffs' Counsel is responsible for burdening the Court and Defendants with frivolous arguments opposing Defendants' 12(c) Motion, and for requiring the expenditure of fees for replying to those arguments. Plaintiffs were given the opportunity to withdraw or correct their frivolous arguments pursuant to FED. R. CIV. P. 11(c)(2), but did not do so. To deter such frivolous arguments, Plaintiffs' Counsel should be sanctioned for the costs resulting from these groundless assertions, including attorneys' fees for replying to those assertions and bringing this Rule 11 Motion against them.

### A. Leave to Submit Contemporaneous Billing Records

Defendants respectfully request leave to submit evidence in support of their legal fees in the form of contemporaneous time and billing records.

## VII. Conclusion

For the foregoing reasons, Defendants' Motion for Attorneys' Fees under FED. R. CIV. P. 11 should be granted.

Date: July 6, 2022

Respectfully submitted,
/s/ Serge Krimnus
Serge Krimnus, Esq.
Andrew Bochner, Esq.
Erik Dykema, Esq.
Michael Gabriel, Esq.
**Bochner IP, PLLC**
295 Madison Avenue, 12th Floor
New York, New York 10017
*Attorneys for Defendants*
*CTC Network, New Channel, Rain,*
*TV Darial, Comedy TV, and Kartina*