UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ACTAVA TV, INC. ET AL,

                              Plaintiffs,

        -against-

JOINT STOCK COMPANY "CHANNEL ONE
RUSSIA WORLDWIDE" ET AL,

                              Defendants.
-----------------------------------------------------------------X

**ORDER**

**18-CV-6626 (ALC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On July 6, 2022, Defendants filed a motion for attorneys' fees under Federal Rule of Civil Procedure 11 (the "Motion"). Dkt. Nos. 529-30. Plaintiffs filed a letter the next day, arguing that the Motion should be denied for failure to comply with Judge Carter's Individual Practices, which require a pre-motion conference for all motions except those delineated in Rule 2(A). Dkt. No. 532. On July 8, 2022, Defendants filed a reply in support of their Motion, asserting, among other things, that the Motion is an application for fees, which is specifically listed as exempt from the pre-motion conference requirement. Dkt. No. 533. On July 11, 2022, Plaintiffs filed another letter reiterating their position that the Motion required a pre-motion conference before filing. Dkt. No. 534.

On July 20, 2022, Plaintiffs filed an opposition brief to the Motion. Dkt. No. 536. Defendants then filed a reply brief on July 27, 2022, arguing that Plaintiffs' counsel did not oppose the Motion because the opposition was filed by Plaintiffs, not their counsel. Dkt. No. 537. On September 23, 2022, Plaintiffs' counsel filed a letter clarifying that the opposition speaks for counsel and her firm. Dkt. No. 540. Defendants then filed a responsive letter, stating that Plaintiffs' counsel's letter was an impermissible, untimely sur-reply. Dkt. No. 543.

This case was referred to the undersigned for general pretrial on February 2, 2022. General pretrial includes scheduling, discovery, non-dispositive pretrial motions, and settlement. The Motion is a non-dispositive pretrial motion. Therefore, the undersigned's Individual Practices apply, which require a pre-motion conference for all motions except (i) motions for admission pro hac vice, (ii) motions by litigants in actions where a party is both pro se and incarcerated, (iii) motions for reconsideration or reargument, (iv) motions for a new trial, (v) motions in limine, (vii) motions listed in Fed. R. App. P. 4(a)(4)(A), (viii) motions for recusal, (ix) habeas corpus petitions, and (x) applications made by order to show cause. Individual Practice II(A). Accordingly, before filing the Motion, Defendants were required to submit a letter to the Court to arrange a pre-motion conference. Id.

Even if there was some confusion about whether the undersigned's or Judge Carter's Individual Practices applied, Judge Carter's Individual Practices require a pre-motion conference before filing a motion for sanctions under Federal Rule of Civil Procedure 11 as well. Judge Carter's Individual Practice 2(A). Despite Defendants' argument that their motion is an application for fees exempt from Judge Carter's pre-motion conference requirement, it is clear from the substance of the Motion that it is a Rule 11 motion for sanctions, which seeks relief in the form of attorneys' fees. If the Court granted the Motion, Defendants would then file an application for attorneys' fees, which would have been exempt from Judge Carter's pre-motion conference requirement. See Rossbach v. Montefiore Med. Ctr., No. 19-CV-5758 (DLC), 2021 WL 3421569 (S.D.N.Y. Aug. 5, 2021) (granting sanctions motion and ordering defendants to file an application for attorneys' fees); LBBW Luxemburg S.A. v. Wells Fargo Securities LLC, No. 12-CV-7311 (JPO) (KNF), 2016 WL 5812105, at *1 (S.D.N.Y. Sept. 22, 2016) (addressing an application for attorneys' fees incurred after granting a sanctions motion);

NY, Inc., Nos. 06-CV-14447 (LAK) (MHD), 07-CV-2084 (LAK) (MHD), 2009 WL 637111, at *1 (S.D.N.Y. Mar. 6, 2009) (same). Therefore, the Motion is not exempt from Judge Carter's pre-motion conference requirement either.

Given Defendants' failure to follow the undersigned's Individual Practices, the Court denies the Motion without prejudice. Defendants may refile their Motion so that it complies with this Court's Individual Practices. See LMREC III Note Holder, Inc. v. Hudson EFT LLC, No. 20-CV-5063 (KMK), 2022 WL 3997017, at *3 (S.D.N.Y. Sept. 1, 2022) (denying motion for failure to follow the court's individual rules of practice). The Motion is also denied without prejudice as premature given that the Court has not ruled yet on Defendants' motion for judgment on the pleadings. Dkt. No. 518.

**The Clerk of Court is respectfully directed to close docket numbers 529 and 531.**

SO ORDERED.

DATED:   New York, New York
         October 31, 2022

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge