USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/15/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **ACTAVA TV, INC., ET AL.,** |
| **Plaintiffs,** |
| **-against-** |
| **JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE," ET AL.,** |
| **Defendants.** |

**18-cv-06626 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court are four motions to file under seal documents filed by Defendants[1]

and Plaintiffs[2]. *See* ECF Nos. 497, 506, 511, 520. For the following reasons, the parties' motions to

seal are **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

On March 31, 2022, the Court granted the Defendants' request to file a *Daubert* motion and

denied the parties' pending motions for summary judgment with leave to renew upon the Court's

decision on the *Daubert* Motion. ECF No. 493. The parties finalized their briefing on Defendants'

*Daubert* motion on April 29, 2022. *See* ECF Nos. 496, 501, 507, 512.

With respect to the *Daubert* Motion, Defendants moved to file the Declaration of Erik

Dykema, several exhibits thereto, and their memorandum of law under seal. ECF No. 497.

Defendants explained they would file documents designated as "confidential" or Attorney's Eyes

---

[1]  Joint Stock Company "Channel One Russia Worldwide" ("Channel One") Closed Joint Stock
Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability
Company "Rain TV," Closed Joint Stock Company "TV DARIAL," Limited Liability Company
"Comedy TV" (collectively "Broadcasters") and with Kartina Digital GmbH ("Kartina")
"Defendants."
[2]  Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan
Tsoutiev.

Only ("AEO") under seal pursuant to paragraph 18 of the Protective Order at ECF No. 104. *Id*. Defendants also moved to file their reply memorandum under seal without much explanation but presumably because the brief cites materials designated as confidential or AEO by the parties. ECF No. 511.

Plaintiffs similarly moved to file their memorandum of law in opposition to the Defendants' *Daubert* motion and Exhibit 1 thereto under seal. ECF No. 506. Plaintiffs assert that these documents contain information that has been designated confidential by either Plaintiffs or Defendants pursuant to paragraph 2 of the Protective Order.[3] In their letter motion to seal, Plaintiffs also point the Court to their letter dated February 8, 2022, ECF 465, to explain the further basis and justification for sealing.[4] The Court notes that this letter was originally filed to explain the continued sealing of documents filed in connection with the parties' summary judgment motions and not in connection to the current iteration of sealed documents.

Finally, in support of Defendants' motion for judgment on the pleadings, ECF No. 518, Defendants moved to file the Declaration of Serge Krimnus and corresponding exhibits thereto

---

[3] Paragraph 2 of the Protective Order allows parties to designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of "confidential financial information," "confidential material relating to ownership or control of any non-public company," "confidential business information," "any information of a personal or intimate nature regarding any individual," and "any other category of information this Court subsequently affords confidential status." ECF No. 104. Paragraph 18 of the Protective Order provides that "to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or .other judicial filing, counsel shall make a motion to file that submission under se-al and that document shall be designated and treated as a 'Sealed Document.'" ECF No. 104.
[4] The Court also reviewed the Plaintiffs' letter dated November 9, 2021, ECF No. 450, which is cited to in ECF No. 465.

under seal. ECF No. 520. In addition to submitting their respective filings under seal, the parties have also filed public versions with redactions.

On February 24, 2023, the Court held a hearing to discuss the parties' motions to seal. On that same day, Defendants filed a supplementary letter regarding the letter motion to seal filed in connection with their motion for judgment on the pleadings. ECF No. 560. After careful consideration, the parties' motions are **GRANTED in part** and **DENIED in part.**

## LEGAL STANDARD

"There is a common-law and First Amendment right of public access to judicial documents." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)). "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Church Ins. Co. v. ACE Prop. & Casualty Ins. Co.*, No. 10 CV 698 (RJS), 2010 WL 3958791 (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 CV 10367 (PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009)).

First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document"—i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Lusgoch*, 435 F.3d at 119. Second, if the court determines that the item to be sealed is a "judicial document," the court must then determine the weight of the presumption of access. *Id*. "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)). "Generally, the information

3

will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id*. Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Id*. "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

Where the submissions "directly affect" the court's adjudication of the case, there is "a strong presumption of access." *See Mut. Marine Office*, 2009 WL 1025965, at \*5. In order to rebut such a presumption, the moving party "must offer specific facts 'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Lugosch*, 435 F.3d at 120). "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]." *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at \*3 (S.D.N.Y. Mar. 2, 2012). Importantly, "[t]he mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary." *Church Ins. Co.*, 2010 WL 3958791, at \*3; *see also De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at \*1 (S.D.N.Y. Dec. 9, 2022) ("The presumption of public access to judicial documents is not overcome simply because the documents are covered by a confidentiality agreement."). "The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Rogers v. Henry*, No. 16-cv-5271, 2017 WL 5495805, at \*5 (E.D.N.Y. Sept. 12, 2017) (collecting cases).

## DISCUSSION

As a preliminary matter, the Court finds that the documents at issue are all judicial documents because the Court is relying on them to adjudicate the pending *Daubert* motion and

motion for judgment on the pleadings. *See Winfield v. City of N.Y.*, No. 15-cv-5236, 2017 WL 2880556, at *3 (S.D.N.Y. July 5, 2017) ("Judicial documents consist of testimonials or documents that a court relies on to perform its Article III duties and substantively adjudicate a matter."); *Rogers v. Henry*, No. 16CV05271KAMVMS, 2017 WL 5495805, at *5 (E.D.N.Y. Sept. 12, 2017) ("Documents related to filed motions are also judicial documents.").

After careful review of the parties' submissions, the Court concludes that that the parties' motions to seal should be **GRANTED in part** and **DENIED in part**.

### I.  Plaintiffs' documents

Plaintiffs have requested that the Court continue to seal documents that fall into two categories—(1) sensitive agreements with business counterparties or information regarding negotiations with contract counterparties that, if made public, would commercially or competitively disadvantage the disclosing party or counterparty, or would harm the disclosing party's ability to enter into such negotiations or agreements with third parties in the future and (2) highly confidential non-public financial information and analysis that, if made public, would commercially or competitively disadvantage the disclosing party. ECF No. 465 at 2-3.

Pursuant to the parties' agreed upon Protective Order, Plaintiffs have requested that the Court continue to seal the following documents: (1) the Expert Report of William Kerr and Deepa Sundararaman, ECF No. 499-3; (2) the Reply Expert Report of William Kerr and Deepa Sundararaman, ECF No. 499-4; (3) the deposition transcript of William Kerr, ECF No. 499-5, (4) the retainer agreement between Berkeley Research Group and Plaintiffs' counsel. ECF No. 499-7; (5) an Excel document named "Actava TV Inc. Sales Report 2012-2018" utilized by Kerr and Sundararaman in their expert report, ECF No. 499-8; (6) the Actava TV Inc. Sales Report 2012-

2018, ECF No. 499-9; (7) iBandwidth LLC invoices to Mastercall Communications Inc., ECF No. 499-10; (8) the deposition transcript of Irina Pliss, ECF No. 507-1, (9) and the Referral Agreement between Plaintiffs and Matvil Corporation, ECF No. 521-2.

The Court **GRANTS** Plaintiffs' requests regarding documents that "fall[ ] into categories commonly sealed, [such as] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like". *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020). However, as to documents that do not fall into these categories or documents for which Plaintiffs have not offered any justification for sealing, the Court will **DENY** any request for sealing. Thus, the Court rules as follows:

(1) <u>ECF No. 499-5</u>, Deposition Transcript of William Kerr. Dr. Kerr is Plaintiffs' damages expert who prepared an expert report for Plaintiffs. Aside from Plaintiffs' designation as "confidential" pursuant to the Protective Order, Plaintiffs have provided no specific justification to the Court as to why the deposition transcript should remain under seal. Therefore, Plaintiffs' request is **DENIED**. *See Rogers*, WL 5495805, at *5 ("The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access.").

(2) <u>ECF No. 499-7</u>, the Retainer Agreement between Berkeley Research Group and Plaintiffs. Aside from Plaintiffs' designation as "confidential" pursuant to the Protective Order, the Plaintiffs have not pointed to any specific justification as to why this agreement should remain under seal. Therefore, Plaintiffs' request is **DENIED**. *See id*.

(3) <u>ECF No. 507-1</u>, Excerpt of Deposition Transcript of Irina Pliss. As to the excerpt of the deposition transcript of Ms. Pliss, Plaintiffs argue that this exhibit contains "pricing information for Plaintiffs and third parties that is proprietary and not publicly available." ECF No. 450 at 2. The Court has reviewed the excerpt. Ms. Pliss mentions specific dollar amounts on page 67 and 68 of the deposition. The Court will **GRANT** Plaintiffs' request to redact this "pricing information" at this stage in the litigation. Save for this pricing information, however, this deposition transcript excerpt does not warrant sealing and Plaintiffs' request is **DENIED**. Ms. Pliss' answers are predominantly focused on whether she had reviewed several financial documents in preparation for the deposition and how she assembled financial reports for Plaintiff Actava. Plaintiffs have not made a specific showing as to why the seemingly general content in the deposition transcript excerpt would cause harm to the Plaintiffs if made public. Therefore, Plaintiffs have not met their burden.

## II. Defendants' Documents

Defendants have filed the following documents that ostensibly belong to them under seal: (1) the rebuttal expert report of Mark S. Gottlieb, ECF No. 499-6; (2) the settlement agreement the Plaintiffs and Defendants entered into before this instant litigation, ECF No. 521-1, and (3) the Notice of Suspected Breach of Settlement Agreement and Release (the "Notice") that was sent by Defendants' counsel Raymond J. Dowd to Plaintiffs on October 19, 2016, ECF No. 521-3.

Defendants filed the entirety of the settlement agreement under seal. ECF No. 521-1. Following the February 24, 2023 hearing, Defendants submitted a letter whereby they only request that the settlement amount in the settlement agreement remain under seal. ECF No. 521-1 ¶ 3. The

Court **GRANTS** this more limited request at this stage of the litigation. The Defendants will refile the settlement agreement with only the settlement amount redacted.

Neither party has provided any justification for further sealing as to the Rebuttal Report filed as an exhibit in support of Defendants' *Daubert* motion, ECF No. 499-6, nor the Notice filed as an exhibit in support of Defendants' motion for judgment on the pleadings, ECF No.521-3. Therefore, the Defendants' request to file those documents under seal is **DENIED**. *See Rogers*, WL 5495805, at *5 ("The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access.").

As to the memoranda of law filed under seal, ECF Nos. 501, 507, 512,  the parties are directed to refile these briefs in accordance with the Court's determination in this Order.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to seal, ECF No. 497, 511, 520, and the Plaintiffs' motion to seal, ECF No. 506, are **GRANTED in part** and **DENIED in part**. The parties are hereby **ORDERED** to refile their memoranda of law and corresponding exhibits in compliance with the Court's determination as set out in this Order by **March 31, 2023.**

The Clerk of the Court is respectfully directed to terminate ECF Nos. 497, 506, 511, and 520.

**SO ORDERED.**
**Dated:    March 15, 2023**
            **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**