**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/15/2023

**ACTAVA TV, INC., ET AL.,**

                    **Plaintiffs,**

          **-against-**

**JOINT STOCK COMPANY "CHANNEL
ONE RUSSIA WORLDWIDE," ET AL.,**

                    **Defendants.**

**18-cv-06626 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Defendants'[1] motion for judgment on the pleadings (the
"Motion") as to Plaintiffs' Second Amended Complaint ("SAC"). *See* ECF No. 518. Also pending
before the Court are Defendants' motions to take judicial notice filed in connection with their 12(c)
motion. ECF Nos. 523, 528. For the following reasons, Defendants' motions to take judicial notice
are **GRANTED**, and Defendants' motion for judgment on the pleadings is **DENIED**.

## BACKGROUND

### I.  Procedural Background

On January 31, 2021, Defendants requested to file a 12(c) motion as to Plaintiffs' claim of
malicious prosecution. ECF No. 254. Defendants explained that in their previously filed motion to
dismiss the Plaintiffs' First Amended Complaint, they had failed to present an argument as to one
of the elements of a malicious prosecution claim and that the Court did not address this issue in its
ruling denying the motion to dismiss.[2] *Id*. On February 11, 2021, the Court granted Defendants leave

---

[1] "Defendants" refers to Closed Joint Stock Company "CTC Network" ("CTC"), Closed Joint Stock
Company "New Channel" ("New Channel"), Limited Liability Company "Rain TV-Channel" ("Rain"),
Closed Joint Stock Company "TV DARIAL" ("Darial"), Limited Liability Company "Comedy TV"
("Comedy TV"), and Kartina Digital GmbH ("Kartina").
[2] *See Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide"*, 412 F. Supp. 3d 338 (S.D.N.Y.
2019), ECF No. 121.

to file their motion for judgment on the pleadings alongside their anticipated summary judgment motion. ECF No. 269. On August 3, 2021, Defendants filed a motion for judgment on the pleadings as to all four claims in the SAC. ECF 371. On March 31, 2022, the Court denied Defendants' 12(c) motion without prejudice. *See* ECF No. 493. The Court noted that in granting the Defendants' request to file this motion, "the Court directed Defendants to limit the scope of their motion given that their motion to dismiss had been denied and they intended to file a motion for summary judgment." *Id*. The Court explained that any future motion for judgment on the pleadings would be limited to only Plaintiffs' malicious prosecution claim. *Id*.

On May 15, 2022, the Defendants refiled the instant Motion along with a Declaration and Memorandum of Law. ECF Nos. 518, 519, 521. Plaintiffs filed their Opposition to Defendants' Motion ("Opp.") on May 27. 2022.[3] ECF No. 526. On June 3, 2022, Defendants filed their Reply Memorandum ("Reply"). ECF No. 527. Defendants also filed two motions to take judicial notice. ECF Nos. 523, 528. Defendants' Motion is deemed fully briefed. After careful consideration, Defendants' motion for judgment on the pleadings is **DENIED**.

## II. Factual Background

"On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal citations omitted). The Court will focus on the facts pertinent to the Defendants' Motion.

---

[3] In their opposition, Plaintiffs request that the Court impose sanctions on Defendants. Opp. at 17. Plaintiffs specifically assert that Defendants ignored this Court's Individual Practices by not filing a premotion conference letter before filing the instant Motion. The Court has already granted Defendants leave to file this Motion. *See* ECF Nos. 269, 493. Additionally, Plaintiffs have not filed a premotion conference letter requesting leave to file a motion for sanctions. Therefore, the Court will not entertain this request.

Defendants Joint Stock Company "Channel One Russia Worldwide," CTC, New Channel, Rain, Darial, and Comedy TV (collectively, "Channel Defendants") brought lawsuits in 2015 (the "*Actava* Action"),[4] and in 2016 (the "*Infomir* Action")[5] against Plaintiff Actava TV, Inc. ("Actava") and its CEO Plaintiff Rouslan Tsoutiev, for allegedly illegally distributing the Channel Defendants' copyrighted content. *See* SAC ¶¶ 28, 30; Answer to SAC and Counterclaims ("Answer"), ECF No. 150 ¶¶ 123, 127; Amended Answer to Defendants' Counterclaims ("Reply Answer"), ECF No. 158 ¶¶ 123, 127. The Channel Defendants and Plaintiffs entered into a settlement agreement,[6] and the Court entered stipulated injunctions—one signed on June 3, 2016 by Magistrate Judge Barbara Moses and one signed on June 6, 2016 by Judge George B. Daniels in the *Infomir* Action.[7] SAC ¶¶ 34-38; Answer ¶¶ 129, 133; Reply Answer ¶¶ 129, 133.

Matvil Corporation ("Matvil") is a leading global provider of television content to paying customers around the world—and one of Defendant Kartina's primary competitors. SAC ¶ 39. Although the Channel Defendants originally named Matvil as a defendant in one of their actions against third-party competitors, they dismissed all claims against it. *Id.* The Channel Defendants (other than Defendant Darial, whose content Matvil has never streamed) authorized Matvil to transmit, broadcast, distribute, display, and otherwise make use of those Channels' programs, content, and other materials—including the Channels' trademarks, logos, and names. *Id.* ¶ 40.

---

[4] *See* Compl., *Closed Joint Stock Company "CTC Network" v. Actava TV, Inc.*, No. 1:15-cv-08681-BCM (S.D.N.Y. Nov. 4, 2015), attached as Exhibit A to Defendants' Request for Judicial Notice in support of their Motion for Judgment on the Pleadings ("RJN"). ECF No. 523-1.
[5] *See* Compl., *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, No. 1:16-cv-01318-GBDBCM (S.D.N.Y. Feb. 19, 2016), attached as Exhibit B to Defendants' RJN. ECF No. 523-2.
[6] *See* Declaration of Serge Krimnus ("Krimnus Decl."), Ex. 1 (the "Settlement Agreement"), ECF No. 522-1.
[7] *See* RJN, Exhibit C (the "Injunction"), ECF No. 523-3.

In the summer of 2016, Actava began discussing a business relationship with Matvil. SAC ¶ 43; Answer ¶¶ 121, 137; Reply Answer ¶¶ 121, 137.  On September 8, 2016, Actava and Matvil entered into a "Referral Agreement,"[8] under which Actava referred customers to Matvil and became Matvil's exclusive dealer in New York, New Jersey, Connecticut, Pennsylvania, and Massachusetts. SAC ¶ 49; Answer ¶¶ 121, 149-150; Reply ¶¶ 121, 149-150. As Matvil's dealer, Actava was obligated to promote and support the sale of Matvil's streaming services in return for its share of the revenue from those customers. SAC ¶ 60. In addition to referring customers to Matvil, Actava "operationalize[d] set-top box distribution and implementation for consumers for Matvil's IPTV service." Answer ¶ 150; Reply Answer ¶ 150. Additionally, Actava "place[d] a radio advertisement to promote Matvil's service . . . [and] list[ed] the channels" of the Channel Defendants in the advertisement. SAC ¶ 60.

On October 19, 2016, the Defendants' counsel sent a letter[9] to Mr. Tsoutiev notifying him of a "suspected breach of the Settlement Agreement" by Actava. SAC ¶ 63; Answer ¶ 153; Reply Answer ¶ 153. The letter asserted that the Stipulated Injunction prohibited "Actava from using Matvil to distribute Broadcasters' channels," and that "Broadcasters will pursue all judicial relief if Actava does not terminate the distribution of Broadcasters' channels with service from Matvil within 10 days of receipt of this letter." SAC ¶ 63. Seven days after receiving the letter, Actava replied "to clarify the nature of Actava's relationship with Matvil, and to reassure [the Channels] that Actava's conduct is consistent with its obligations" under the Stipulated Injunction. SAC ¶ 66. In a response dated November 14, 2016, Defendants reiterated that Actava was "in breach of the settlement." SAC ¶ 67. The Defendants offered to "consider" the Referral Agreement if Actava provided them with a

---

[8] Krimnus Decl., Ex. 2 (the "Referral Agreement"), ECF No. 522-2.
[9] Krimnus Decl., Ex. 3 (the "Notice"), ECF No. 522-3.

copy, which Actava promptly agreed to do. SAC ¶¶ 67-68. However, Plaintiffs allege that Defendants refused to look at it. SAC ¶¶ 68-69.

On December 13, 2016, Defendants filed a motion for civil contempt and sanctions (the "Contempt Motion")[10] in the *Infomir* Action before Magistrate Judge Moses. SAC ¶ 70; Answer ¶ 160; Reply Answer ¶ 160. Among other things, the Contempt Motion referred to Actava's Russian-language radio advertisements as a basis for the relief sought. SAC ¶ 72. At no point prior to the filing of the Contempt Motion had the Channels provided notice to Actava that the radio broadcasts were in violation of the Settlement Agreement and Stipulated Injunctions. *Id.* The filing of the Contempt Motion caused Actava to voluntary cease performance under the Referral Agreement. SAC ¶ 73.

On September 27, 2017, Judge Moses found that the Channels did not make out a prima facie case of contempt. SAC ¶ 79; Exhibit I to Defendants' Request for Judicial Notice ("Moses Op."), ECF No. 523-9. Judge Moses determined that the Channels claims were unsupported by evidence, and she denied their motion in full. *Id.* Despite a positive ruling on the Contempt Motion, Actava struggled to resume activity, as anticipated, following the contempt proceedings. *Id.* ¶ 80. After the Contempt Motion was denied, Plaintiffs filed the instant litigation against Defendants asserting, *inter alia*, that filing the Contempt Motion constituted malicious prosecution. SAC ¶¶ 90-94. On July 30, 2018, five days after the Complaint in this action was originally filed, Plaintiffs allege that the Defendants pressured and induced Matvil to end its relationship with Actava. *Id.* ¶ 81. Shortly thereafter, Matvil terminated the Referral Agreement. *Id.* In their complaint, Plaintiffs

---

[10] *See* RJN, Exhibits E, F, G (the "Contempt Motion"), ECF Nos. 523-5-7.

alleged $25 million in damages. *Id.* ¶ 94. Plaintiffs now allege it has sustained damages in the amount of $9.26 million. Opp. at 7.

## LEGAL STANDARD

### I.     Judicial Notice

Rule 201 of the Federal Rules of Evidence permits judicial notice of a fact that is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably . . .questioned." *United States v. Bryant*, 402 Fed. App'x 543, 545 (2d Cir. 2010) (quoting FRE 201). Court filings in other lawsuits are "quintessential materials of which the Court may taker judicial notice." *Yencho v. Chase Home Fin. LLC*, No. 14-CV-230 NSR, 2015 WL 127721, at *1 n.1 (S.D.N.Y. Jan. 8, 2015) (citing *Rothman v. Gregor,* 220 F.3d 81, 92 (2d Cir. 2000)). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011). However, when a court takes judicial notice of documents filed in other courts, it is "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id*. at 176-77 (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767,774; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A.,* 146 F.3d 66, 70 (2d Cir. 1998); *see also Schubert v. City of Rye*, 775 F. Supp.2d 689, 698 (S.D.N.Y. 2011).

### II.  Rule 12(c) Motion for Judgment on the Pleadings

"When deciding Rule 12(c) motions for judgment on the pleadings, a court employs the standard that applies to motions to dismiss a complaint under Rule 12(b)(6). Thus, a court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (citing *L-7 Designs,*

6

*Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). This tenet, however, is "'inapplicable to

legal conclusions.'" *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 F. App'x 32, 34 (2d Cir.

2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Simply put, to survive a Rule 12(c)

motion, "[t]he complaint must plead 'factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.'" *Id.* More specifically, a complaint

must contain "sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on

its face." *Urbina v. City of New York*, 672 F. App'x. 52, 54 (2d Cir. 2016) (quoting *Bank of New*

*York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010)) (emphasis added).

## DISCUSSION

### I. Judicial Notice

As an initial matter, Defendants requested that this Court take judicial notice of eleven

documents that Defendants rely on in their Motion.[11] ECF Nos. 523, 528. Defendants, in their

motion under 12(c), make several arguments that depend on the truth of the statements made in the

documents.  The Court grants the Defendants' motion insofar that the Court takes judicial notice for

the fact that these documents were filed in other proceedings and that the statements contained

therein were made, but not for the truth of the statements. The Court will not consider Plaintiffs'

---

[11] Those documents are: (1) the Complaint filed in *Closed Joint Stock Company "CTC Network" v. Actava TV, Inc.*, No. 1:15-cv-08681-BCM (S.D.N.Y. Nov. 4, 2015) (the "*Actava* Action"); (2) the Complaint filed in *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, No. 1:16-cv-01318-GBDBCM (S.D.N.Y. Feb. 19, 2016) (the "*Infomir* Action"); (3) the Stipulation, Order and Permanent Injunction entered in the *Infomir* Action; (4) the Stipulation, Order and Permanent Injunction entered in the *Actava* Action; (5) the Notice of Motion for the Contempt Motion filed in the *Infomir* Action; (6) the Declaration of Raymond J. Dowd in support of the Contempt Motion filed in the *Infomir* Action; (7) the Memorandum of Law in Support of Plaintiff's Motion for Civil Contempt and Sanctions filed in the *Infomir* Action; (8) the Docket Sheet for the *Infomir* Action as of May 15, 2022; (9) the Memorandum and Order regarding the Contempt Motion filed in the *Infomir* Action; (10) the Hearing Transcript on Defendants' Contempt Motion filed in the *Infomir* Action; and (11) the Amended Proposed Order filed in the *Infomir* Action.

citations to filings made in connection with their summary judgment motion, which this Court has already denied with leave to renew.[12]

## II. Malicious Prosecution

A plaintiff must allege facts sufficient to demonstrate four elements in order to adequately plead a claim of malicious prosecution: "(1) the initiation of an action by the defendant against the plaintiff; (2) begun with malice; (3) without probable cause to believe it can succeed; (4) that ends in failure or, in other words, terminates in favor of the plaintiff." *Sankin v. Abeshouse*, 545 F.Supp.2d 324, 327 (S.D.N.Y. 2008) (citing *O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996)); *see also Actava TV, Inc.*, 412 F. Supp. 3d 338, 351 (S.D.N.Y. 2019).  "Such a cause of action may be based upon a civil action instituted against plaintiff provided there is a showing of some interference with plaintiff's person or property . . . ." *O'Brien*, 101 F.3d at 1485. In the event that the action on which a malicious prosecution claim is based is a civil in nature, a plaintiff "must also show [that] special damages resulted from the action." *Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC*, 2013 WL 417406, at *14 (S.D.N.Y. Feb. 4, 2013) (citing *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 689 N.Y.S.2d 411, 711 N.E.2d 626 (N.Y. 1999)).

In their premotion conference letter requesting leave to file this Motion, Defendants solely discussed their argument that Plaintiffs have not sufficiently pleaded the first element of a malicious prosecution claim. *See* ECF No. 254 at 1-2. In the instant Motion, Defendants now argue that Plaintiffs fail to plead any of elements of a malicious prosecution claim.

---

[12] "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc.*, 647 F.3d at 422.

## A.  Initiation of an Action

Defendants' main contention is that the filing of their Contempt Motion did not constitute the "initiation of an action or proceeding by the defendant against the plaintiff" because it was filed in a "pending" action. Mot. at 4 (quoting *Sankin*, 545 F. Supp. 2d at 237). Defendants argue that the filing of a motion in an existing lawsuit cannot maintain a malicious prosecution claim because an "action" or "proceeding" refers to the initiation of an independent lawsuit. Mot. at 4.

Defendants cite to one New York case, *Shawe v. Elting*, 161 A.D.3d 585, 586 (1st Dept. 2018). In *Shawe*, the court held that "a ruling on an interim or preliminary application"—namely a preliminary injunction or temporary restraining order ("TRO")—"being non-final, does not constitute a "proceeding" for purposes of maintaining a malicious prosecution claim." *Shawe*, 161 A.D.3d at 586 (citing *Hudson Valley Marine, Inc. v. Town of Cortlandt*, 79 A.D.3d 700, 703 (2d Dept. 2010)). The *Hudson* court, which the *Shawe* court relies on, similarly held that the "denial of . . .  [a] motion for a preliminary injunction in [a] civil action does not demonstrate that the civil action was terminated in [defendant's] favor, since that denial was not an adjudication on the merits." *Hudson Valley Marine, Inc.*, 79 A.D.3d at 703.

The Defendants and Plaintiffs entered into a settlement agreement and the Court entered a stipulated injunction on June 6, 2016 in the *Infomir* Action. SAC ¶¶ 34-38; Answer ¶¶ 129, 133; Reply Answer ¶¶ 129, 133. The stipulated injunction dismissed the Channel Defendants' "claims for relief against [Actava and Mr. Tsoutiev]" with prejudice, with the exception of any claim arising from the enforcement of the terms of the stipulated injunction. *See* ECF No. 523-3. Therefore, the action had terminated as to the Plaintiffs.

Defendants filed their Contempt Motion *after* the stipulated injunction was entered in the *Infomir* Action and, therefore, *after* they had dismissed their claims against Plaintiffs in the *Infomir* Action. SAC ¶ 70. Additionally, the SAC alleges, and there is no dispute, that Judge Moses adjudicated the Contempt Motion on the merits. *See* SAC ¶ 79. Defendants' Contempt Motion was not an "an interim or preliminary application" as explained by the *Shawe* court. Therefore, the Plaintiffs satisfy the first element of a malicious prosecution claim at this stage.

### B. Malice and Without Probable Cause

Defendants argue that Plaintiffs have failed to plead lack of probable cause and malice. This Court has already ruled that Plaintiffs' allegations of lack of probable cause and malice are sufficient. *See Actava,* 412 F. Supp. 3d at 352. The Court must construe Plaintiffs' allegations as true and draw all reasonable inference in favor of the Plaintiffs. The Court again finds that "in satisfaction of the second element, Plaintiffs allege that Defendants initiated these proceeding with malice and in bad faith," *see* SAC ¶¶71-77, and in satisfaction of the third element, "Plaintiffs allege that Defendants knew their Contempt Motion would not succeed, yet filed it anyways," *see* SAC ¶ 79. *Actava,* 412 F. Supp. 3d at 352. Additionally, Defendants deny these allegations in their Answer to the SAC, and therefore, the pleadings before the Court demonstrate there are factual disputes underlying Plaintiffs' allegations concerning lack of probable cause and malice. *See* Answer ¶¶71-77, 79. "[W]here a question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings." *Lively v. WAFRA Inv. Advisory Grp., Inc*., 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks and citations omitted). Therefore, the Court, at this juncture, "may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Id*. at 302.

10

**C.   Termination in Favor of the Plaintiff**

Defendants contend that Plaintiffs' malicious prosecution claim should be dismissed because the *Infomir* Action is still pending, and the Court has not issued a final judgment dismissing the entire *Infomir* Action. Mot. at 7. However, as this Court has already found, there is no dispute that Judge Moses ruled in favor of the Plaintiffs when resolving the Contempt Motion on the merits. SAC ¶ 79; Moses Op; *Actava,* 412 F. Supp. 3d at 352 ("it is undisputed that Judge Moses held that the Channels did not make out a prima facie case of contempt—a ruling that demonstrates termination in favor of Plaintiffs.") And, as explained above, the relevant proceedings at issue are the Contempt Motion proceedings that Defendants commenced after its claims against Plaintiffs had been originally dismissed in the *Infomir* Action. Thus, Plaintiffs have pleaded this element.

**D.   Special Injury**

A claim of malicious prosecution "may be based upon a civil action instituted against plaintiff provided there is a showing of some interference with plaintiff's person or property by the use of such provisional remedies as arrest, attachment, replevin or injunction, or other burden imposed on plaintiff beyond the ordinary burden of defending a law suit." *O'Brien v. Alexander*, 101 F.3d at 1484 (internal citations omitted). This is the "special injury" requirement. "Actual imposition of a provisional remedy need not occur, and a highly substantial and identifiable interference with person, property, or business will suffice." *Engel*, 93 N.Y.2d at 205; *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 293 (E.D.N.Y. 2014) ("Courts have recognized special injuries in the form of arrests, loss of business, suspension without pay, and provisional remedies such as an attachment of bank accounts or an injunction"). "[W]hat is 'special' about special injury is that the defendant must abide some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Engel*,

93 N.Y.2d at 205. For a claim of lost business to meet the special injury standard, it must be "specific and verifiable." *Liberty Synergistics, Inc.*, 50 F. Supp. 3d at 293 (citing *Engel v. CBS, Inc*., 182 F.3d 124, 132 (2d Cir. 1999)).

This Court has previously ruled that Plaintiffs sufficiently alleged special injury. *See Actava,* 412 F. Supp. 3d at 352 ("To round out their claim, Plaintiffs also thoroughly state the damages suffered as a result of the alleges malicious prosecution."); *see* SAC ¶ 94. Plaintiffs have alleged injury beyond the cost associated with defending a lawsuit. Plaintiffs allege that because Defendants' Contempt Motion "threatened day-to-day penalties," Actava "ceased advertising and signing up new customers to Matvil under the Referral Agreement altogether," SAC ¶ 73, and it was "forced . . . to renege on its obligation" under the Referral Agreement, SAC ¶ 74. Plaintiffs allege the effects of the contempt proceeding were "catastrophic on Actava's business," SAC ¶ 76, and that the business suffered a "toppling blow." *Id*. ¶ 77. Plaintiffs specifically point to its decrease in monthly and yearly referral sales since it no was longer abiding by the Referral Agreement and that it was "effectively forced to lay off personnel en masse." *Id*. Plaintiffs also allege that the Contempt Motion proceedings eroded their reputation. *Id*. ¶ 78. Defendants deny the allegations that the Contempt Motion "caused Actava's alleged woes." Answer ¶¶ 73, 74, 76-78, 80.

Plaintiffs' allegation about their reputational loss is insufficient to plead special injury as to a malicious prosecution claim. *Engel*, 182 F.3d at 132 ("vague allegations of reputational loss . . . are not sufficient"). However, because Plaintiffs allege what the lost business is, and that the lost business is as a result of the Contempt Motion, it satisfies the special injury standard under New York law. *See Liberty Synergistics, Inc.*, 50 F. Supp. 3d at 295.

Thus, the allegations in Plaintiffs' SAC are sufficient to sustain a claim for malicious prosecution and Defendants are not entitled to judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF Nos. 518, 523 and 528.


**SO ORDERED.**
**Dated:**    **March 15, 2023**
              **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

13