**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/15/2023

**ACTAVA TV, INC., ET AL.,**

                                      **Plaintiffs,**

                    **-against-**

**JOINT STOCK COMPANY "CHANNEL**
**ONE RUSSIA WORLDWIDE," ET AL.,**

                                      **Defendants.**

**18-cv-06626 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court are the parties' motions for reconsideration. *See* ECF Nos. 494,

503. For the following reasons, Plaintiffs' motion for reconsideration is **DENIED**, and Defendants'

cross-motion for reconsideration is **DENIED**.

## BACKGROUND

The Court assumes the readers' familiarity with the facts that led to this action, as set forth

in its September 18, 2019 Opinion and Order denying Defendants' Motion to Dismiss. *See Actava*

*TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide"*, 412 F. Supp. 3d 338, 344 (S.D.N.Y.

2019), ECF No. 121.

On August 3, 2021, Plaintiffs[1] moved for summary judgment to dismiss Defendants'

Counterclaims. ECF Nos. 367, 368, 369. Defendants[2] also moved for summary judgment. ECF Nos.

379, 392, 393. The parties filed their opposition briefs on September 17, 2021, and their reply briefs

---

[1] Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan
Tsoutiev.

[2] Joint Stock Company "Channel One Russia Worldwide" ("Channel One") Closed Joint Stock
Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability
Company "Rain TV," Closed Joint Stock Company "TV DARIAL," Limited Liability Company
"Comedy TV" (collectively "Broadcasters") and with Kartina Digital GmbH ("Kartina")
"Defendants."

on October 5, 2021. In Plaintiffs' opposition to Defendants' motion for summary judgment, Plaintiffs cited to their damages expert, Dr. William O. Kerr, who prepared an expert report "demonstrating the Actava Parties' entitlement to $9.26 million in damages." ECF No. 408 at 16. On February 28, 2022, several months after summary judgment briefing had ended, Defendants sought leave from the Court to file their *Daubert* Motion to exclude Dr. Kerr's report and his proposed testimony. ECF Nos. 484, 486.

On March 31, 2022, the Court explained that "based on the parties' letters, the anticipated *Daubtert* motion implicates evidence submitted with the pending motions for summary judgment." *See* ECF No. 493. As such, the Court granted the Defendants' request to file a *Daubert* motion and denied the parties' motions for summary judgment with leave to renew upon the Court's decision on the *Daubert* Motion. *Id*. The parties finalized their briefing on Defendants' *Daubert* motion on April 29, 2022. *See* ECF Nos. 496, 507, 512.

On April 8, 2022, the Plaintiffs moved this Court to reconsider its March 31st Order. ECF No. 494. Specifically, the Plaintiffs asks the Court to grant the motion to reconsider insofar as the March 31st order denied without prejudice Plaintiffs' motion for summary judgment and to deem Plaintiffs' summary judgment motion as fully submitted before the Court. ECF No. 495. On April 14, 2022, Defendants filed an opposition to Plaintiffs' motion and a cross motion for reconsideration. ECF No. 503. Plaintiffs filed their opposition to Defendants' cross motion and reply memorandum on April 21, 2022. ECF No. 505. On April 28, 2022, Defendants filed their reply memorandum. ECF No. 510. The motions for reconsideration are deemed fully briefed. After careful consideration, the parties' motions are **DENIED**.

**LEGAL STANDARD**

I. **Motions to Reconsider**

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that this rule "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Word v. Croce*, No. 00 Civ. 6496(SAS), 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001) (internal quotation marks omitted). A court will grant such a motion only where the party seeking reconsideration identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

**DISCUSSION**

I. **The Parties' Motions for Reconsideration**

Plaintiffs' main contention is that the Court's March 31st Order fails to account for the fact that Plaintiffs' motion for summary judgment, and related motions to seal and strike, does not rely

3

on the evidence Defendants seek to challenge via their *Daubert* Motion. ECF No. 495 at 2. Defendants oppose this motion but also argue, in the alternative, that if the Court grants Plaintiffs' motion, then it should also grant Defendants' cross motion to reconsider and decide both summary judgment motions simultaneously. ECF No. 504.

Neither party has met the high bar of a motion to reconsider. Plaintiffs do not point to any change in controlling law, availability of new evidence, or the need to correct a clear error. As explained in the Court's March 31st Order, both parties will be free to renew their summary judgment motions upon the Court's decision on Defendants' *Daubert* motion. The Court "retains the discretion to dictate the timing of a motion." *Charter Nat. Life Ins. Co. v. FPL Grp. Cap., Inc.*, No. 95 CIV. 9067 (SAS), 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997). Therefore, Plaintiffs' motion is denied.

As to Defendants' cross motion, the Court notes that it was Defendants who asked this Court to first decide its *Daubert* motion before resolving the summary judgment motions. *See* ECF Nos. 484, 488. Thus, the Court will accordingly deny Defendants' motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration, ECF No. 494, is **DENIED**, and Defendants' cross motion for reconsideration, ECF No. 503 is **DENIED.** The Clerk of the Court is respectfully directed to terminate ECF Nos. 494 and 503. The parties are hereby **ORDERED** to file a proposed briefing schedule for their renewed summary judgment motions on or by **March 20, 2023**.

**SO ORDERED.**
**Dated:**    **March 15, 2023**
             **New York, New York**

_____
         **ANDREW L. CARTER, JR.**
         **United States District Judge**

4