**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br>        Plaintiffs, <br><br>    v. <br><br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Open Joint Stock Company "ACCEPT", Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br>        Defendants. |

Civ. No.: 1:18-cv-06626-ALC-JW

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## I.        GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1 – OPENING INSTRUCTIONS

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial, you will hear me a few terms that you may not have heard before. Please let me briefly explain some of the most common to you. The party who sues is called "plaintiff." In this action, the plaintiffs are Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev ("Plaintiffs"). The parties being sued are called the "defendants."

1

In this action, the defendants are Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Open Joint Stock Company "ACCEPT", Limited Liability Company "Comedy TV," and Kartina Digital GmbH (collectively, "Defendants").

You will sometimes hear me refer to "counsel." Counsel is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted. When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply through something called "jury charges" after the close of the evidence.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law. While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

2

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law. During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:01 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 2 – ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement. After the opening statements, Plaintiffs will present evidence in support of their claims and Defendants' lawyers may cross-examine the witnesses. At the conclusion of Plaintiffs' case, Defendants may introduce evidence and Plaintiffs' lawyer may cross-examine the witnesses.

If Defendants introduce evidence, Plaintiffs may then present rebuttal evidence. After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence. Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:02 (O'Malley, Grenig & Lee, 7th ed. 2025).

## INSTRUCTION NO. 3 – NOTE TAKING PERMITTED

During the trial, I will permit you to take notes. You are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror but should rely upon your own recollection of the evidence.

Because many courts do not permit note taking by jurors, a word of caution is in order. You must not allow your note taking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions of the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:15 (O'Malley, Grenig & Lee, 7th ed. 2025).

5

**INSTRUCTION NO. 4 – PROVINCE OF JUDGE & JURY**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:10 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 5 – JURY CONDUCT**

To ensure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes even members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, and do not listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

7

8

8. If you need to tell me something, simply give a signed note to the Marshall to give to me.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:11 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 6 – JUROR USE OF ELECTRONIC TECHNOLOGY**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**<u>Authority</u>**: 3 Fed. Jury Prac. & Instr. § 101:13 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 7 – EVIDENCE**

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence if the Court indicates so. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, but they may help you understand the evidence and apply the law. But you should disregard any comments of counsel that are not supported by the evidence.

As I have already said, statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

There have been certain findings of fact made by me earlier in this case. When I declare that the Court has already found certain facts to be true, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored. Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But, in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:40 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 8 – BURDEN OF PROOF**

This is a civil case. Plaintiffs are the parties that brought this lawsuit. Defendants are the parties against which the lawsuit was filed. Plaintiffs have the burden of proving its case by what is called the preponderance of the evidence. That means Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to Defendants on opposite sides of the scales, Plaintiffs would have to make the scales tip somewhat on their side. If Plaintiffs fail to meet this burden, the verdict must be for Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendants have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendants have succeeded in proving that the required facts are more likely so than not so.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:41 (O'Malley, Grenig & Lee, 7th ed. 2025).

12

**INSTRUCTION NO. 9 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his or her own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he or she saw it raining outside, and you believed the witness, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:42 (O'Malley, Grenig & Lee, 7th ed. 2025).

13

**INSTRUCTION NO. 10 – CREDIBILITY OF WITNESS**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. It is for you to decide whether the testimony of each witness is believable and what weight to give that testimony. In making these decisions, you have a right to use your common knowledge and experience. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1.  the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

2.  the quality of the witness's understanding and memory;

3.  the witness's manner while testifying;

4.  whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.  whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.  how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.  any other factors that bear on believability.

Certain testimony has been given in this case by experts. Experts are persons who, from experience, education or training have specialized knowledge on matters not common to people in general. The law permits experts to give their opinions about such matters. The testimony of experts is to be considered like any other testimony and is to be evaluated by the

15

same tests. You should consider it in connection with all the other facts and circumstances.

You should give it the weight and credit you determine are appropriate.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:43 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 11 – WHAT IS NOT EVIDENCE**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You must decide this case without favoritism for or prejudice against any party. Sympathy should not influence your decision.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:44 (O'Malley, Grenig & Lee, 7th ed. 2025).

16

**INSTRUCTION NO. 12 – RULING ON OBJECTIONS**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101:49 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 13 – MULTIPLE DEFENDANTS**

Although there are more than one Defendant in this action, it does not follow from that fact alone that if one Defendant is liable to Plaintiffs, all Defendants are liable. Each Defendant is entitled to a fair consideration of the evidence. None of the Defendants is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each Defendant.

**Authority**: 3 Fed. Jury Prac. & Instr. § 103:14 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 14 – VERDICT FORMS**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Authority**: 3 Fed. Jury Prac. & Instr. § 106:07 (O'Malley, Grenig & Lee, 7th ed. 2025).

**INSTRUCTION NO. 15 – CORPORATE PARTY INVOLVED**

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and in general, a corporation is responsible under the law for any of the facts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority**: 3 Fed. Jury Prac. & Instr. § 103:12 (O'Malley, Grenig & Lee, 7th ed. 2025).

## INSTRUCTION NO. 16 – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

Plaintiffs have asserted a claim of tortious interference with prospective with prospective business relations against each Defendant. Plaintiff Actava claims that each Defendant tortiously interfered with Actava's prospective economic advantage in its relationship with a third party, Matvil.

All Defendants deny this claim.

To recover on this claim, Plaintiffs must prove by a preponderance of the evidence that

1. They had the opportunity to enter into contract with Matvil;

2. Each Defendant knew about Plaintiffs' prospective business relationship with Matvil;

3. Each Defendant intentionally interfered with those prospective business relationships;

4. Had it not been for each Defendant's interference, Actava would have entered into contracts with Matvil;

5. Each Defendant used wrongful means to interfere with Actava's prospective business relationship with Matvil; and

6. Actava sustained damages as a result of each Defendant's interference.

In considering whether Plaintiffs have proven by a preponderance of the evidence that Actava had an opportunity to enter into contracts with Matvil, you must consider whether Actava has identified a particular prospective business relationship with Matvil.

In considering whether any Defendant knew about any opportunity for Actava to enter into contracts with Matvil, you will decide whether each Defendant was actually aware of such opportunities, although knowledge of the specific terms of the prospective contract or business relationship is not required. In considering whether any Defendant intentionally interfered with

21

any opportunity for Actava to enter into contracts with Matvil, you will decide whether each Defendant acted with the purpose of interfering with Actava's ability to obtain such contracts.

In considering whether any Defendant acted with wrongful means, you must determine whether each Defendant engaged in conduct that constitutes an independent legal claim that has been proven against each Defendant; and Plaintiffs must prove by a preponderance of the evidence all the elements of that claim against each Defendant.

In other words, to prove by a preponderance of the evidence that any Defendant used wrongful means to interfere with Actava's prospective business relationship with Matvil, you must find that Plaintiffs have proven that each Defendant's conduct went beyond ordinary economic pressure and included threats of serious financial and reputational losses as well as reprisals against Matvil. If you did not find in Plaintiffs' favor, then you cannot find for Plaintiffs on this claim for interference with prospective business relationships because conduct amounting to an independent claim is an essential element of this cause of action.

If you decide that Plaintiffs have proven that Matvil would not have entered into contracts with Actava, or that any Defendant did not know about Actava's opportunity to enter into contracts with Matvil, or that any Defendant did not intentionally interfere with Actava's opportunity to enter into contracts with Matvil, or that any Defendant did not use wrongful means to interfere, or that Matvil would not have entered into contracts with Actava even if a Defendant had not interfered, you will not find for Plaintiffs and proceed no further on this claim.

On the other hand, if you decide that Matvil would have entered into contracts with Actava, that any Defendant knew about the opportunity for Actava to enter into contracts with Matvil and intentionally interfered with it, that any Defendant used wrongful means to interfere in that that Defendant engaged in conduct that went beyond ordinary economic pressure and included threats

22

of serious financial and reputational loses as well as reprisals against Matvil, that but for that Defendant's interference, Matvil would have entered into contracts with Actava and that Actava sustained damages as a result of that Defendant's interference, you will find for Plaintiffs as to that Defendant and go on to consider the amount of Plaintiffs' damages.

If you conclude that Plaintiffs failed to establish even a single element of the above conditions by a preponderance of the evidence, you must decide against Plaintiffs and return a verdict in favor of Defendants.

**Authority**: New York Pattern Jury Instructions, Civil PJI 3:57 (3d ed. 2019*); Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 406 N.E.2d 445 (1980); *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 818 N.E.2d 1100 (2004).

**INSTRUCTION NO. 17 – MALICIOUS PROSECUTION**

Plaintiffs' have also asserted a claim for malicious prosecution against each Defendant. Plaintiffs allege that Defendant Kartina and each other Defendants filed the Contempt Motion against Actava on December 13, 2016 without probable cause and with actual malice, causing Actava economic damage. All Defendants deny this claim.

To recover on this claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The initiation of an action by each Defendant against Plaintiffs;

2. Brought with malice;

3. Without probable cause; and

4. Terminates in favor Plaintiffs.

The first question for you to decide is whether Defendants' filing of the Contempt Motion against Actava in 2016 qualifies as the initiation of an action by each Defendant against Plaintiffs. It is undisputed that Defendants filed the Contempt Motion; however, Plaintiffs cannot prevail if the motions and other acts of parties in the Contempt proceedings are not actions or proceedings for the purpose of a malicious prosecution claim. In making that determination, you may consider that the tort of malicious prosecution requires the initiation of a full-blown action. A ruling on an interim or preliminary application such as a motion for TRO and preliminary injunction, being non-final, does not constitute a 'proceeding' for purposes of maintaining a malicious prosecution claim. A malicious prosecution action cannot be grounded upon actions taken within pending litigation. Accordingly, if you find that any Defendant is not responsible for filing the Contempt Motion for the purpose of a malicious prosecution claim, then you must reach a verdict for that Defendant on this claim. On the other hand, if you find that any Defendants filed the Motion for

24

the purpose of a malicious prosecution claim, you must consider the remaining elements of this claim with respect to that Defendant.

The second element is malice. The Contempt proceeding is initiated maliciously if Plaintiffs proved that any Defendant acted unlawfully with malice or patent lack of probable cause. If you find that the probable cause exists, then you must find that the want of probable cause is not patent. In other words, if you find that Defendants had legitimate business and legal interests in filing the Contempt Motion, you should find in favor of Defendants. If you find that Defendants did not act maliciously, then your verdict must be for Defendants on this claim, even if you find that any Defendant did not have probable cause to believe that Plaintiffs were guilty.

The third element is lack of probable cause. Whether probable cause existed depends on whether a reasonably prudent person would have believed that Plaintiffs were guilty of the claims against them on the basis of the facts known to or reasonably believed by Defendants at the time the proceeding was initiated. The fact that any Defendant personally believed that Plaintiffs were guilty is not enough if a reasonably prudent person would not have believed that to be so. The question on the issue of probable cause is not whether Plaintiffs were in fact guilty or innocent, or whether any Defendant was in fact mistaken or correct, but whether, on the facts known to or reasonably believed by each Defendant, a reasonably prudent person would have believed Plaintiffs were guilty. If you find that, based on the facts known to or reasonably believed by any Defendant, a reasonably prudent person would have believed Plaintiffs were guilty, then your verdict must be fore Defendants on this claim.

The fourth element that the Contempt proceeding terminated in Plaintiffs' favor is not in dispute.

25

If you conclude that Plaintiffs failed to establish even a single element of the above conditions by a preponderance of the evidence, you must decide against Plaintiffs and return a verdict in favor of Defendants.

**Authority**: *Shawe v. Elting*, 161 A.D.3d 585, 586 (1st Dept. 2018) ("[A] ruling on an interim or preliminary application [a motion for TRO and preliminary injunction], being non-final, does not constitute a 'proceeding' for purposes of maintaining a malicious prosecution claim."); *Hudson Val. Mar., Inc. v. Town of Cortlandt,* 79 A.D.3d 700, 703 (2d Dept. 2010); see also 8 STUART M. SPEISER, AMERICAN LAW OF TORTS § 28:1, General Principles Applicable to All Forms of Malicious Prosecution Actions ("[A] malicious prosecution action cannot be grounded upon actions taken within pending litigation."); *Liberi v. Taitz,* 647 F. App'x 794, 797 (9th Cir. 2016) ("The tort of malicious prosecution requires the initiation of a full-blown action.") (cleaned up) (emphasis added) (citing Adams v. Superior Court, 2 Cal. App. 4th 521, 528 (1992)); *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP, No. 3:09-CV-00422-PMP*, 2010 WL 4339368, at *5 (D. Nev. Oct. 15, 2010) (same); *Fink v Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 755 (3d Dept. 2005); *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18CV4921PGGKHP, 2021 WL 1930294, at *6 (S.D.N.Y. May 13, 2021) (cleaned up) (emphasis added); *Berry v. Marchinkowski,* 137 F. Supp. 3d 495, 524 (S.D.N.Y. 2015).

**INSTRUCTION NO. 18 – DECEPTIVE TRADE PRACTICES**

Plaintiffs allege that each Defendant violated § 349 of the New York General Business Law ("GBL"). New York has enacted laws to protect consumers from deceptive trade practices. Among these laws is GBL § 349, which makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce." A claim under § 349 does not need to rise to the level of fraud; § 349 is intended to provide the authority necessary to cope with the numerous, ever-changing types of false and deceptive business practices that affect consumers. Plaintiffs' claim against each Defendant for a violation of § 349 relates only to the allegation that Defendant Kartina directed the rest of the Defendants to pursue contempt proceedings against Actava to damage competition in the market.

To prevail on the claim under § 349, Plaintiffs must prove, by a preponderance of the evidence, three things:

1.  Each Defendant's acts or practices were consumer-oriented;

2.  Each Defendant's acts were deceptive or misleading in a material way; and

3.  Plaintiffs sustained injury as a result.

If you conclude that Plaintiffs failed to establish even a single element of the above conditions by a preponderance of the evidence, you must decide against Plaintiffs and return a verdict in favor of Defendants.

**Consumer Oriented**

Consumers are generally defined as those who purchase goods and services for personal, family, or household use. The alleged deceptive act or practice is "consumer-oriented" if it potentially affects similarly situated consumers. When deciding whether Plaintiffs proved that any Defendant's alleged deceptive conduct were consumer-oriented, you may consider that § 349 was

not intended to protect sophisticated parties. The act or practice also need not be repetitive or reoccurring to be consumer-oriented. If you find that Plaintiffs did not prove that any Defendant's alleged deceptive conduct was consumer-oriented, then you must find in favor of that Defendant on this claim and return a verdict in favor of that Defendant.

**Deceptive Act**

GBL requires that Plaintiffs prove that the act or practice of filing the contempt motion against Actava was a deceptive act or practice.

The question is whether each Defendant's allegedly deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances. That is, would a reasonable consumer acting reasonably under the circumstances be deceived by each Defendant's acts or practices. In other words, you are to use an objective definition of deceptive acts and practices, viewing the representations or omissions, as limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances.

If you find that Plaintiffs did not prove that any Defendant's alleged acts or practices were deceptive, or if you find that the act of filing the contempt motion against Actava was not to drive them from the marketplace and reduce competition in the Russian-speaking IPTV space, then you must find in favor of that Defendant on this claim.

**Intent**

Plaintiff must prove by a preponderance of the evidence that each Defendant intended to deceive its consumers to the customers' detriment and was successful in doing so.

**Materiality – Misleading in a Material Way**

If you find that Plaintiffs proved any Defendant's alleged deceptive conduct was consumer-oriented, you must next decide whether Plaintiffs prove that that Defendant's alleged deceptive act or practice was misleading in a material way.

A deceptive act or practice is misleading in a material way if it would be likely to mislead a reasonable consumer acting reasonably under the circumstances. A deceptive act or practice is material if it is so substantial or important as to influence the party to whom it is made. A material claim is one that involves information that is important to consumers and, hence, likely to affect their choice of conduct regarding a product.

If you decide that Plaintiffs did not prove by a preponderance of the evidence that any Defendants' alleged deceptive conduct was misleading in a material way, then you must find in favor of that Defendant on this claim.

**Actual Injury**

If you find that Plaintiffs proved by a preponderance of the evidence that any Defendant's alleged deceptive conduct was misleading in a material way, you must next decide whether Plaintiffs proved that they suffered injury as the result of that Defendant's alleged deceptive act or practice. The claimed deception cannot itself be the only injury. If you find that Plaintiffs suffered injury as a result of any Defendants' acts or practices, this element is satisfied. If you find that any Defendant violated § 349, you must decide the damages to award Plaintiffs based on the actions of that Defendant.

**Authority**: N.Y. Pattern Jury Instruction – Civil 3:20 (2015); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26 (1995); *Elacqua v. Physicians' Reciprocal Insurers*, 52 A.D.3d 886, 860 N.Y.S.2d 229 (3d Dep't 2008); *Benetech, Inc. v. Omni Fin. Grp. Inc.*, 116 A.D.3d 1190, 984 N.Y.S.2d 186 (3d Dep't 2014) (consumer definition); *U.W.*

*Marx, Inc. v. Bonded Concrete, Inc.*, 7 A.D.3d 856, 858 (3d Dep't 2004); *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 608-09 (2d Dep't 2002); *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64-65 (2d Cir. 2010); *Wells Fargo Bank Northwest N.A. v. TACA Int'l Airlines, S.A.*, 247 F. Supp. 2d 352 (S.D.N.Y. 2002); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999); *Kforce, Inc. v. Alden Personnel, Inc.*, 288 F. Supp. 2d 513 (S.D.N.Y. 2003).; N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349; *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25–26 (1995); *St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l*, 264 A.D. 2d 652, 655 (1st Dep't 1999); *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344-46, 704 N.Y.S.2d 177 (1999) (deceptive act definition); *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282 (1999).

N.Y. Pattern Jury Instruction – Civil 3:20 (2015).

N.Y. Pattern Jury Instruction – Civil 3:20 (2015); *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) (materiality); *Phillips v. Am. Int'l Grp., Inc.*, 498 F. Supp. 2d 690, 699 (S.D.N.Y. 2007); *Oswego Laborers' Local 214 Pension Fund. v. MarineMidland Bank, N.A.,* 85 N.Y.2d 20, 25 (1995); *Andre Strishak & Assoc., P.C. v. Hewlett Packard Co.*, 300 A.D.2d 608, 608-09 (2d Dep't 2002); *Weiner v. Snapple Beverage Corp.,* 07 Civ. 8742 (DLC), 2010 WL 3119452, at *16-17 (S.D.N.Y. Aug. 3, 2010); *Rabin v. MONY Life Ins. Co.*, 387 F. App'x 36, 41-42 (2d Cir. 2010).

N.Y. Pattern Jury Instruction – Civil 3:20 (2015); New York Gen. Bus. Law § 349(a); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F.Supp.2d 434, 438 (S.D.N.Y. 2004); *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) (materiality, actual injury).

## INSTRUCTION NO. 19 – AFFIRMATIVE DEFENSE – NOERR-PENNINGTON DOCTRINE

You must determine whether the *Noerr-Pennington* doctrine immunizes Defendants from liability for filing the Contempt Motion.

*Noerr-Pennington* immunizes from liability for engaging in conduct (including litigation) aimed at influencing decision-making by the government. The doctrine is rooted in the First Amendment's right to petition.

One exception that removes *Noerr-Pennington* immunity is the sham exception.. Simply, under the sham exception, the immunity will not apply if a Defendant's government-facing activity is a mere sham to cover an attempt to interfere directly with the business relationships of a competitor. The sham exception does not apply if Defendants had probable cause to institute legal proceedings. The application of the "sham exception" involves a two-step test:

First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr-Pennington*, and the sham exception does not apply. Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under the second part of the definition of sham, you should consider whether the baseless lawsuit conceals an attempt to interfere *directly* with the business relationships of a competitor, through the use of the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon. Simply, if the Contempt Motion does not fall within the sham exception to *Noerr-Pennington*, you must find for Defendants.

Plaintiff Actava bears the burden of proving each Defendant lacked probable cause to file the Contempt Motion. Probable cause means that a reasonably prudent person in each Defendant's situation would believe the claims had a chance to succeed in the proceeding. In determining whether the probable cause existed, you must consider that probable cause is an assessment of probabilities and not an ascertainment of truths. If you objectively believe that the Contempt proceedings was a baseless attempt to interfere with the business relationships of Plaintiffs, you must find that the sham exception applies. If you find that Defendants had probable cause to file the Contempt Motion, the sham exception does not apply, and the *Noerr-Pennington* doctrine protects them. In short, if the Contempt Motion was not a sham and was filed with probable cause, you must find in favor of Defendants.

**Authority**:  *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556 (2014); *Prof'l Real Estate inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49 56 (1993); *I.G. Second Generation Partners, L.P. v. Duane Reade*, 17 A.D.3d 206, 208, 793 N.Y.S.2d 379 (1st Dep't 2005) (citations omitted); *Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P.,* 229 F.3d 1135 (2d Cir. 2000); *Prof'l Real Estate inv'rs, Inc.*, 508 U.S. at 60-62; *Octane Fitness, LLC*, 572 U.S. at 556.

**INSTRUCTION NO. 20 -- POSTTRIAL COMMUNICATION WITH JURORS**

Ladies and gentlemen, you have completed your duties as jurors in the case and are discharged with the thanks of the Court. It is my duty to instruct you that you have an absolute right to discuss or not discuss your deliberations or verdict in this case with anyone.

Immediately after I have discharged you here today, the parties or their lawyers or other representatives of the parties may discuss the case with you, but only if you consent. Whether you discuss the case with anyone is entirely your decision. If you choose to do so, you may share as much or as little as you like about your deliberations or the facts that influenced your decision.

If the parties or their lawyers or other representatives of the parties attempt to discuss this case with you at any later time, they must first inform you of the identity of the case, their role in the case, and the subject of their requested discussion. They also must inform you of your absolute right to discuss or not discuss the case with them. If any sort of declaration has been filed with the Court regarding the jury's deliberations or verdict, the person requesting the discussion with you must offer to provide you with a copy of the declaration for your review.

You must promptly report to this Court if the parties or the lawyers or other representatives of the parties make any unreasonable contact with you, or if they attempt to discuss the case with you, without your consent. Such contact or discussion may be a violation of this Court's order.

This rule does not prevent me as the judge from discussing with you the deliberations or verdict of the jury for any lawful purpose. This rule would also not prevent a law enforcement officer from discussing with you the deliberations or verdict of the jury if the officer is investigating an allegation of criminal conduct.

33

Dated: October 7, 2025      Respectfully Submitted,
  New York, New York

        By: <u>/s/ Serge Krimnus</u>
          Serge Krimnus, Esq.
          Andrew D. Bochner, Esq.
          **Bochner PLLC**
          1040 Avenue of the Americas
          15th Floor
          New York, NY 10018
          (646) 971-0685
          serge@bochner.law

          *Attorneys for Defendants*