**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civ. No.: 1:18-cv-06626-ALC-JW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Plaintiffs Actava TV, Inc. ("Actava"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively, "Plaintiffs") hereby submit their Proposed Jury Instructions, attached hereto as Appendix A.

Dated: October 7, 2025.

/s/ *Peter A. Sullivan*
Peter A. Sullivan
**FOLEY HOAG LLP**
1301 Avenue of the Americas
25th Floor
New York, NY 10019
212-812-0310
Email: psullivan@foleyhoag.com

Diana Tsutieva
**FOLEY HOAG LLP**
1717 K Street, NW
Washington, DC 20006-5350
202-261-7327
Email: dtsutieva@foleyhoag.com

Mark Finsterwald
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210
617-832-1000
Email: mfinsterwald@foleyhoag.com

*Attorneys for Plaintiffs.*

## APPENDIX A

**I.      INTRODUCTION**

   **a.  Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.[1]

---

[1] 4 Modern Federal Jury Instructions – Civil P. 71.02.

### b.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[2]

---

[2] 4 Modern Federal Jury Instructions – Civil P. 71.03.

### c.  Duty of Impartiality

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.[3]

---

[3] 4 Modern Federal Jury Instructions – Civil P. 71.04.

### d.  Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[4]

---

[4] 4 Modern Federal Jury Instructions – Civil P. 71.06.

## II.    INSTRUCTIONS AT THE BEGINNING OF TRIAL

### a.  Contact With Others

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Instagram, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as October 31st, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.[5]

---

[5] 4 Modern Federal Jury Instructions – Civil P. 71.15.

### a. Note-Taking by Jury

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.[6]

---

[6] 4 Modern Federal Jury Instructions – Civil P. 71.16.

## III.    EVIDENTIARY MATTERS

### a.  What Is or Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

An example of this is a lawyer's question of  who we will call Witness 1, a shopkeeper: "When did you stop stealing money from the register?" You would not be permitted to consider as true the assumed fact that he ever stole money from the register, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had stolen money from the register.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[7]

---

[7] *See* 4 Modern Federal Jury Instructions – Civil P. 74.01.

9

### b. Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (*e.g.*, a preponderance of) all the evidence presented.[8]

---

[8] 4 Modern Federal Jury Instructions – Civil P. 74.02.

10

### c.  Inferences

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.[9]

---

[9] 4 Modern Federal Jury Instructions – Civil P. 75.01.

### d. Witnesses

#### i. Witness Testimony

A question put to a witness is not evidence. Only a witness' answers are evidence. However, you may not consider any answer that I directed you to disregard or struck from the record, or to which I sustained an objection,

At times, a statement may have been incorporated into a question which assumed certain facts to be true, and a witness may have been asked if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the question posed to the witness.

Similarly, if a hypothetical question was asked, based upon certain assumed facts, it is for you to determine, based upon the evidence in the case, whether those assumed facts are true. You may not consider them to be true simply because they were in a question posed to a witness.[10]

---

[10] *Thomas v. Kelly*, No. 1:09-cv-03162-ALC-HBP (S.D.N.Y. March 18, 2015).

### ii. Witness Credibility

You had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.[11]

---

[11] 4 Modern Federal Jury Instructions – Civil P. 76.01.

### iii. Witness Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.[12]

---

[12] 4 Modern Federal Jury Instructions – Civil P. 76.02.

### iv.  Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.[13]

---

[13] 4 Modern Federal Jury Instructions – Civil P. 76.03.

### v.  Expert Witnesses

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.[14]

---

[14] 4 Modern Federal Jury Instructions – Civil P. 76.09.

16

### e.  Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[15]

---

[15] 4 Modern Federal Jury Instructions – Civil P. 76.04.

### f.  Prior Testimony

Prior testimony, like testimony given in court, is evidence in this case. Prior testimony consists of questioning a witness under oath before trial, and is entitled to equal consideration by you even though it was taken before the trial. When there is such an examination, a stenographer records the testimony and turns it into a transcript, and later, the testimony as recorded in the transcript may be read in court. Here, you have heard some prior testimony. The portion of the transcript that you have heard must be considered as if the testimony came from the witness while she was on the stand, and you should consider the prior testimony of a witness according to the same standards you use to evaluate witness testimony given at trial.[16]

---

[16] *Thomas v. Kelly*, No. 1:09-cv-03162-ALC-HBP (S.D.N.Y. March 18, 2015).

### g.  Burden of Proof

This is a civil case and as such Plaintiffs have the burden of proving the material allegations of his complaint (e.g., by a preponderance of the evidence).

If after considering all of the testimony you are satisfied that the Plaintiffs have carried their burden on each essential point as to which he has the burden of proof, then you must find for the Plaintiffs on their claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then Plaintiffs have failed to sustain his burden and you must find for Defendants.[17]

---

[17] 4 Modern Federal Jury Instructions – Civil P. 73.01.

### h. Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[18]

---

[18] 4 Modern Federal Jury Instructions – Civil P. 73.02.

## IV.    SUBSTANTIVE LAW

### a.    Nature of the Case

This case is a business dispute between Actava TV, Inc. and several Russian television broadcasters and Kartina Digital GmbH (the defendants). The plaintiffs are Actava TV, Master Call Inc., Master Call Corp., and the President of these three companies, Rouslan Tsoutiev. We will refer to these parties together as Actava.

Actava provided Russian-language television programming to viewers in the United States.

The defendants include companies that own and operate Russian-language TV channels. They include Channel One Russia Worldwide, Rain TV-Channel, CTC Network, Comedy TV, New Channel and TV Darial (the "Channel Defendants" or "Channels"). Another defendant is Kartina, which is a company that distributes this programming in the United States.

In 2016, the Channel Defendants filed a lawsuit against Actava alleging that Actava was illegally broadcasting the Channels' content in the United States without authorization. The parties settled that dispute, Actava made an $800,000 payment to the Channel Defendants as part of the settlement, and the court entered injunctions, which are court orders that prohibit Actava from broadcasting the channel defendants' TV channels without permission (the "Injunctions"). The court orders were in effect throughout all the subsequent events relevant to this case.

This current dispute arises from events that occurred after Actava and the Channel Defendants resolved the earlier lawsuits. In 2016, Actava entered into an agreement with another distributor of the Channel Defendants' content, a company called Matvil. Matvil had a license to broadcast the Channels' content. Matvil contracted with Actava to obtain more customers in the United States for its broadcast service. The Channel Defendants accused Actava of violating the Injunctions by entering into this agreement with Matvil.. The Channel Defendants filed a contempt motion, a request to find that Actava violated the injunction, in the earlier lawsuit against Actava. The Court denied the contempt motion.

Actava claims that the defendants brought the contempt motion with an improper purpose and interfered with Actava's business relationship with Matvil, causing Actava economic and reputational harm. Actava also asserts a claim under New York's consumer protection law against Kartina for unfair competition, alleging that Kartina orchestrated the Contempt Motion and pressured the Channel Defendants to bring the earlier action so that Kartina could gain a market advantage. Defendants deny these allegations and claim they were justified in filing the contempt motion. The jury will be asked to decide the facts, determine whether any defendant is liable on these claims, and, if so, what damages, if any, should be awarded.

### b. Malicious Prosecution

As you have heard, in this action, Plaintiffs seek damages that they claim resulted from the Contempt Proceedings that Defendants brought and continued against Plaintiffs in 2016.

To establish malicious prosecution, Plaintiffs must show, among other elements, that when Defendants brought the 2016 Contempt Proceedings against Actava, Defendants did not have a reasonable belief that they could prove by clear and convincing evidence that Plaintiffs violated a clear and unambiguous court order.

A party may be held in civil contempt for failure to comply with a court order only if: (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted to comply with the order in a reasonable manner. Clear and convincing evidence is a higher standard than preponderance of evidence. It requires evidence that produces in your mind a firm belief or conviction that the fact is highly probable. It is more than a preponderance of the evidence but less than proof beyond a reasonable doubt.

You are not being asked if the Injunctions were clear or unambiguous. When the court denied the Defendants' motion for contempt in 2016, the court decided that the Injunctions were not clear and unambiguous. You are also not asked to decide whether the Defendants offered in their contempt motion clear and convincing evidence that Plaintiffs violated the Injunctions. When the court denied the motion for contempt in 2016, the court decided that there was no clear and convincing evidence that Plaintiffs violated the Injunctions.

Even though the court denied the contempt motion, Defendants claim that they brought the 2016 Contempt Proceedings with a reasonable belief that there was clear and convincing evidence that Plaintiffs had violated the Injunctions by distributing Defendants' broadcasts under the Referral Agreement with Matvil.

Whether Defendants reasonably believed that there was clear and convincing evidence that Plaintiffs had violated the Injunctions depends on whether a reasonable person would have had that belief on the basis of the facts known to Defendants or the facts as they reasonably appeared to Defendants at the time they brought and continued the 2016 Contempt Proceedings. The question on the issue of Defendants' reasonable belief is not whether Plaintiffs had, in fact, violated the injunctions, or whether Defendants were mistaken or correct in their belief, but rather, on the facts known to or as they reasonably appeared to Defendants, a reasonable person would have believed that there was clear and convincing evidence that Plaintiffs violated the Injunctions.

Defendants claim that, at the time they brought the 2016 Contempt Proceedings, the facts as they appeared to them were that there was clear and convincing evidence that Plaintiffs had violated the Injunctions by distributing Defendants' broadcasts. If you find that Defendants actually believed that there was clear and convincing evidence that Plaintiffs had violated the Injunctions by transmitting/broadcasting Defendants' content, and that belief was reasonable, you will find for Defendants and proceed no further on this claim. On the other hand, if you find that

22

Defendants did not actually believe that there was clear and convincing evidence that Plaintiffs had violated the Injunctions by transmitting/broadcasting Defendants' content, or that Defendants' belief was not reasonable, you will then consider whether Defendants acted maliciously in bringing and continuing the 2016 Contempt Proceedings.

Plaintiffs claim that Defendants brought and continued the 2016 Contempt Proceedings in an attempt to eliminate Plaintiffs and broader competition from the market. Defendants claim they did not act maliciously and had cause to bring the 2016 Contempt Proceedings.

If you find that Defendants brought or continued the 2016 Contempt Proceedings only out of ill will or to harm Plaintiffs, you will decide that Defendants acted maliciously. Malice may otherwise be proven by showing that the defendant acted with reckless disregard for the other party's rights or interests.

If you decide that Defendants did not act maliciously in bringing and continuing the 2016 Contempt Proceedings against Plaintiffs, you will find for Defendants and proceed no further. On the other hand, if you decide that Defendants acted maliciously in bringing or continuing the 2016 Contempt Proceedings, you will go on to consider whether Plaintiffs suffered any special injury as a result of Defendants having brought and continued the proceedings.

Plaintiffs claim that they suffered special injury from the forced suspension and ultimate loss of their business relationship with Matvil and from their loss of other business opportunities, economic damages, and reputational harm. Defendants claim that the filing of the Contempt Motion did not interfere with existing or prospective customers or business opportunities.

If you find that Plaintiffs did not suffer economic or reputational injury, you will decide that Plaintiffs did not sustain a special injury and will proceed no further on this claim. On the other hand, if you find that Plaintiffs did suffer economic or reputational injury, you will decide that Defendants caused Plaintiffs to suffer special injury and will go on to consider Plaintiffs' damages.

On the question of damages, Plaintiffs are entitled to recover for all of the actual damages caused by Defendants' bringing and continuing the 2016 Contempt Proceedings against them. Those damages are not limited to the damages that resulted from Plaintiffs' special injury. You will award Plaintiffs such amount as, in the exercise of your good judgment and common sense, you find is fair and just compensation for the injury to Plaintiffs' business and reputation resulting from the lawsuit, as well as the inconvenience and other losses that Plaintiffs incurred, including attorney's fees, salary loss, and expenses of litigation.[19].

---

[19] *See* New York Pattern Jury Instruction 3:50A; *Joint Stock Company Channel One Russia Worldwide et al., v. Infomir LLC et al.*, No. 16-cv-1318 (GBD) (BCM), 2017 U.S. Dist. LEXIS 221970, at * 25 (S.D.N.Y.Sept. 27, 2017) ("The standards applicable to a motion for civil contempt are well-settled. A party may be held in civil contempt for failure to comply with a court order if: (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply with the order in a reasonable manner.") (collecting cases); *see also id*. at *26 ("In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a reasonable

### c.  Tortious Interference with Prospective Economic Advantage

As you have heard, Plaintiffs claim they had an opportunity to engage in a continuing successful business relationship with Matvil and that the Defendants knew about and intentionally interfered with that relationship and the Referral Agreement either [A] by using wrongful means, such as filing a contempt motion without a reasonable belief that there was clear and convincing evidence that Plaintiffs violated clear and unambiguous injunctions and/or by later urging Matvil to terminate the Referral Agreement with Actava, or [B] by acting for the sole purpose of harming the Plaintiffs. Plaintiffs further claim that, had it not been for Defendants' interference, Matvil would have continued its relationship with Plaintiffs under the Referral Agreement and that, as a result of the loss of the relationship, Plaintiffs sustained damages.

Defendants deny that Plaintiffs had the opportunity to continue their relationship with Matvil, they intentionally interfered with Plaintiffs' opportunity under the Referral Agreement with Matvil, they caused Plaintiffs to lose the opportunity under the Referral Agreement with Matvil, they used wrongful means or that they had acted for the sole purpose of harming Plaintiffs.

For Plaintiffs to recover, Plaintiffs must prove that (1) a business relationship existed between Plaintiffs and Matvil; (2) the Defendant knew about the relationship between Actava and Matvil; (3) the Defendants' intentionally interfered with it; (4) the Defendants acted solely out of malice, or used dishonest, unfair, or improper means; and (5) the Defendants' interference caused Plaintiffs to sustain damages.

In considering whether Defendants knew about Plaintiffs' relationship with Matvil, you will decide whether Defendants were actually aware of the Referral Agreement, although knowledge of the specific terms of the agreement or business relationship is not required. In considering whether Defendants intentionally interfered with the relationship between Plaintiffs and Matvil, you will decide whether Defendants acted with the purpose of interfering with Plaintiffs' ability to continue its relationship with Matvil under the Referral Agreement.

If you decide that Plaintiffs and Matvil would not have continued their relationship under the Referral Agreement anyway, or that Defendants did not know about the Referral Agreement, or that Defendants did not intentionally interfere with the Referral Agreement, or that Defendants did not either [A] use wrongful means or [B] act for the sole purpose of harming the Plaintiffs, or that Plaintiffs did not sustain damages on account of Defendants' interference, you will find for Defendants and proceed no further on this claim.

---

certainty that a violation occurred.") (internal quotations omitted); *Sparrow Fund Mgmt., LP v. MiMedx Grp*., Inc., 2019 U.S. Dist. LEXIS 195042, at *23 (S.D.N.Y. Nov. 7, 2019) ("As explained above, malice is shown by demonstrating that the prior litigation was commenced for improper or wrongful motives, or in reckless disregard of the rights of the plaintiff.") (internal quotations omitted); *see also* Summary Judgment Opinion and Order, *Actava TV Inc. et al. v. Joint Stock Company "Channel One Russia Worldwide" et al*., No. 18-cv-06626 (ALC), ECF 701 (S.D.N.Y. March 18, 2024).

On the other hand, if you decide that Plaintiffs and Matvil would have continued their relationship under the Referral Agreement, that Defendants knew about the Referral Agreement and intentionally interfered with it, that Defendants either [A] used wrongful means, such as by filing the contempt motion without a reasonable belief that there was clear and convincing evidence that Plaintiffs violated clear and unambiguous injunctions and/or by urging Matvil to terminate the Referral Agreement or [B] acted for the sole purpose of harming the Plaintiffs, and that Plaintiffs sustained damages as a result of Defendants' interference, you will find for Plaintiffs and go on to consider the amount of Plaintiffs' damages.[20]

---

[20] *See* New York Pattern Jury Instruction 3:57; *IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 69 (2d Cir. 2019) ("Under New York law, a plaintiff claiming tortious interference with prospective business relations must 'show the defendant's interference with business relations existing between the plaintiff and a third party, either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair, or in any way improper.'") (quoting *PPX Enters., Inc. v. Audiofidelity Enters., Inc.*, 818 F.2d 266, 269 (2d Cir. 1987)); *Sinclar & Wilde, Ltd. v. Barer Holding Co.*, No. 24-cv-8488, 2025 U.S. Dist. LEXIS 185612, at *9 (S.D.N.Y. Sept. 22, 2025)); *Actava TV Inc. v. Joint Stock Co.* "Channel One Russia Worldwide", 412 F. Supp. 3d 338, 350-351 (S.D.N.Y. 2019). *See also ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*, No. 1:19- cv-7800-MKV, 2021 U.S. Dist. LEXIS 59666, at *52 (S.D.N.Y. Mar. 29, 2021) (citation omitted) (stating that the offending conduct must be directed "not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship").

### d.  Unfair Competition

New York General Business Law ("GBL") § 349 declares as unlawful deceptive acts and practices in the conduct of any business, trade, or in the furnishing of any service in the State of New York. Plaintiffs premise their § 349 claim on a theory of restraint on competition.

To restrain competition or the free exercise of any business activity means to interfere unreasonably with the ordinary, usual and freely competitive pricing or distribution system in such business activity.

Plaintiffs must show both that Defendants entered into an agreement among themselves that tended to restrain competition or the free exercise of business activity and that they acted to carry out that agreement. There need not have been a formal agreement, either written or oral. The law covers not only a contract or agreement but also an arrangement or combination as well. It, therefore, includes an understanding that is less formal than a contract and, if you find the evidence warrants, such an understanding may be inferred from the conduct of the defendants. There can be no arrangement without at least two participants.

In order to prove a violation of the law, it is not essential that the agreement be completely successful. If the Defendants entered into an agreement that had the tendency to restrain competition and Plaintiffs were damaged as a result, that would be sufficient to find a violation of the law.

You must decide whether Kartina's actions in encouraging, supporting, or suggesting that the Channel Defendants pursue the contempt motion resulted in an unreasonable restraint on trade. You must consider whether, under the circumstances, an unreasonable restraint of trade in the marketing, sale, and distribution of IPTV services resulted in the Russian-speaking entertainment consuming community in the United States. In determining whether the claimed restraint on trade was unreasonable, you will evaluate the evidence concerning the relevant product market, the nature and effects of the agreement, and the economic impact of the agreement on trade in the relevant market. If you find that the agreement resulted in an unreasonable restraint of trade, then you mut find that the effect of the agreement was to restrain the free exercise of Plaintiffs' business and you will proceed to consider whether Plaintiffs have sustained any damages. If the Plaintiffs sustained damages, you will award the Plaintiffs such an amount as you find will fairly compensate the Plaintiffs for the damages they sustained as a result of the violation of the law. If you find that the agreement did not result in an unreasonable restraint of trade, or even if it did, that Plaintiffs sustained no damages as a result, then you will find for the Defendants.[21]

---

[21] New York Pattern Jury Instruction 3:58.

## V.    DAMAGES

### a.  Generally

If Plaintiffs have proven by a preponderance of the credible evidence that Defendants are liable on Plaintiffs' claim, then you must determine the damages to which Plaintiffs are entitled. However, you should not infer that Plaintiffs are entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiffs are entitled to recovery.[22]

---

[22] 4 Modern Federal Jury Instructions – Civil P. 77.01.

27

### b. Damages for Multiple Defendants

I have two more cautionary instructions before I define the types of damages you may award, if you find that Plaintiffs have proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are several defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of deciding damages. If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.[23]

---

[23] 4 Modern Federal Jury Instructions – Civil P. 77.02.

### c. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from Defendants' violation of Plaintiffs' rights. If you find that the Defendants are liable on the claims, as I have explained them, then you must award Plaintiffs sufficient damages to compensate them for any injury proximately caused by the Defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.[24]

---

[24] 4 Modern Federal Jury Instructions – Civil P. 77.03.

## VI.    CONCLUDING INSTRUCTIONS

### a.  Rights to See Exhibits and Hear Testimony

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.[25]

---

[25] 4 Modern Federal Jury Instructions – Civil P. 78.01.

### b. Notes to the Court

Any notes that you send to me should: (1) be signed by your foreperson, indicating the date and time of the note; (2) sealed in an envelope; and (3) given to the marshal, who will be seated outside the jury room throughout your deliberations.

If you do send me any notes, please make sure you do not give any indication of your present state of thinking on any disputed issue; particularly, you must not inform me of your vote count on any issue.[26]

---

[26] *Thomas v. Kelly*, No. 1:09-cv-03162-ALC-HBP (S.D.N.Y. March 18, 2015).

31

### c.  Selection of a Foreperson

The juror who sits in the number one chair will be the foreperson of the jury unless, for any reason, that person prefers not to act in that capacity, in which event, your first order of business will be to send me a note, identifying the new foreperson.

The foreperson presides over the deliberations and speaks for the jury in open court. Moreover, the foreperson signs and send all notes to me and notifies the marshal when the jury has reached a verdict.

The foreperson has no greater voice or authority than any other juror.[27]

---

[27] *Thomas v. Kelly*, No. 1:09-cv-03162-ALC-HBP (S.D.N.Y. March 18, 2015).

32

### d.  Duty to Deliberate to Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiffs must sustain their burden of proof as I have explained to you with respect to each element of the complaint. If you find that Plaintiffs have succeeded, you should return a verdict in their favor on that claim. If you find that the Plaintiffs failed to sustain the burden on any element of the claim, you should return a verdict against them.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.[28]

---

[28] 4 Modern Federal Jury Instructions – Civil P. 78.03.

33

### e.  Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.[29]

---

[29] 4 Modern Federal Jury Instructions – Civil P. 78.06.

### i.   General Verdict Form

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of Plaintiffs' claims against Defendants. Remember, each verdict must be unanimous and must reflect the conscientious judgment of each juror. You should return a verdict on each claim.[30]

---

[30] 4 Modern Federal Jury Instructions – Civil P. 78.07.