**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> -against- <br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel", Limited Liability Company "Rain TV-Channel," Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) Civ. No.: 1:18-cv-06626-ALC-JW ) ) ) ) ) ) ) ) ) |

## PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, Plaintiffs Actava TV, Inc. ("Actava"), Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev (collectively, "Plaintiffs") submit the following proposed questions for *voir dire*. In line with the objectives of panel *voir dire*, Plaintiffs propose these questions as indicative of the specific subjects that they intend to explore with the jury panel but anticipate asking reasonable follow-up questions seeking elaboration or explanation concerning juror responses. The parties have also agreed on a statement for the Court to use to provide the jury panel with a brief explanation of the case, as set forth below.

### I.    Joint Statement of the Case

This case is a business dispute between Actava TV, Inc. and several Russian television broadcasters and Kartina Digital GmbH (the defendants). The plaintiffs are Actava TV, Master

Call Inc., Master Call Corp., and the President of these three companies, Rouslan Tsoutiev. We will refer to these parties together as Actava.

Actava provided Russian-language television programming to viewers in the United States.

The defendants include companies that own and operate Russian-language TV channels. They include Channel One Russia Worldwide, Rain TV-Channel, CTC Network, Comedy TV, New Channel and TV Darial (the "Channel Defendants" or "Channels"). Another defendant is Kartina, which is a company that distributes this programming in the United States.

In 2016, the Channel Defendants filed a lawsuit against Actava alleging that Actava was illegally broadcasting the Channels' content in the United States without authorization. The parties settled that dispute, Actava made an $800,000 payment to the Channel Defendants as part of the settlement, and the court entered injunctions, which are court orders that prohibit Actava from broadcasting the channel defendants' TV channels without permission. The court orders were in effect throughout all the subsequent events relevant to this case.

This current dispute arises from events that occurred after Actava and the Channel Defendants resolved the earlier lawsuits. In 2016, Actava entered into an agreement with another distributor of the Channel Defendants' content, a company called Matvil. Matvil had a license to broadcast the Channels' content. Matvil contracted with Actava to obtain more customers in the United States for its broadcast service. The Channel Defendants accused Actava of violating the injunctions by entering into this agreement with Matvil.. The Channel Defendants filed a contempt motion, a request to find that Actava violated the injunction, in the earlier lawsuit against Actava. The Court denied the contempt motion.

Actava claims that the defendants brought the contempt motion with an improper purpose and interfered with Actava's business relationship with Matvil, causing Actava economic and reputational harm. Actava also asserts a claim under New York's consumer protection law against Kartina for unfair competition, alleging that Kartina orchestrated the Contempt Motion and pressured the Channel Defendants to bring the earlier action so that Kartina could gain a market advantage. Defendants deny these allegations and claim they were justified in filing the contempt motion. The jury will be asked to decide the facts, determine whether any defendant is liable on these claims, and, if so, what damages, if any, should be awarded.

## II.    Plaintiffs' Proposed Voir Dire Questions

1. I would like to know about your education. Please raise your hand if your highest level of education is the following:
   a. Some high school?
   b. Graduated high school?
   c. Some college?
   d. Graduated college?
   e. Advanced degree?
2. Does anyone own a business?
   a. Has anyone owned one in the past?
   b. Does anyone want to own a business?
3. Does anyone have a background in:
   a. Broadcasting/Streaming?
   b. Television?
      i. Specifically, foreign language television?
         1. Russian television specifically?
   c. Intellectual Property?
      i. Do you own intellectual property?

      ii.   What kind? Patent? Trademark? Copyright?

      iii.   Have you ever been involved in a dispute relating to intellectual property?

  d.  The law?

  e.  If you don't have a background in any of these fields, what do you do for a living?

4. Has any panelist worked in a technical field requiring specialized knowledge, such as information technology?

  a.  Are you familiar with how set-top boxes or Internet Protocol Television services work?

  b.  Specifically, are you aware of how set-top boxes receive and display content from different providers or services?

  c.  Have you ever used a set-top box to watch television or streaming content at home?

5. We also want to ask you about your television habits. By a show of hands, who watches television through:

  a.  Cable/satellite?

  b.  Streaming services?

  c.  YouTube/other platforms?

      i.   Which platforms?

6. Do any of you subscribe to any international or foreign-language television services?

  a.  Which?

  b.  How do you access that service? Please describe your typical television/streaming setup.

7. If you don't watch foreign-language television services, does anyone in your home?

8. Do you watch foreign-language television shows or films?

  a.  If yes, what languages or regions?

  b.  How do you access those shows or films?

9. Has any panelist been a party to a civil lawsuit before or had a close family member as a party? Either as a plaintiff or a defendant?

  a.  Can you briefly describe the nature of the case?

10. Has any panelist ever served as a witness in a civil or criminal case?

11. Does any panelist have specialized legal training, such as being a lawyer or paralegal?

12. Do you think that courts have a role in regulating how companies do business, or is that something for the free market to sort out?

    a. By a show of hands, who thinks courts have a role?

    b. And who thinks that the free market should prevail?

13. Do you have any personal causes that are important to you?

14. As a juror, do you think you will be able to follow the judge's instructions on the law, even if you personally disagree with them? Raise your hand if the answer is "yes."

15. Are you willing to set aside your personal beliefs and opinions to decide the case solely on the evidence presented? Please raise your hand if the answer is "no" or if you are unsure.

16. Has any panelist had a life experience that might make it difficult for you to be fair and impartial in a case involving business disputes or allegations of malicious prosecution?

17. Is there anything in your background or personal beliefs that you think the Court or the parties should know about that might affect your ability to be a fair juror in this case?

18. The parties in this care are Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, Channel One Russia Worldwide, CTC Network, New Channel, Rain TV-Channel, TV DARIAL, Comedy TV, and Kartina Digital GmbH.

    a. Are you employed by any of the parties in this case, or do you know or are related to anybody who is?

    b. Please raise your hand even if you are not certain of a relationship.

19. Do you know, are you related to, or are you employed by any of the following: the lawyers in this case, their teams, the judge, or any clerk or employee of the judge?

    a. Again, please answer even if you are not certain.

20. Have you ever had a personal or business relationship with any of the parties I just mentioned (the lawyers in this case, their teams, the judge, or any clerk or employee of the judge)?

21. The witnesses who are expected in this case are named Rouslan Tsoutiev, Irina Pliss, Tatyana Zhevnerova, Andrew Makhotin, Deepa Sundararaman, Jonathan Malki, Mark Gottlieb, Alexander Koshkin, Natalya Sindeeva, Andreas Reich, Andrey Chechulin, and Irina Kolgushkina.

    a. Does any panelist know, or is related to, or has been employed by any of these witnesses?

    b. Have you ever had a personal or business relationship with any of these witnesses?

22. Has anyone heard anything about this case before you came into the courtroom today?

23. Is anyone aware that they may have any financial or other interest in the outcome of this case?

24. Does any juror have any difficulty communicating in the English language?

25. Does any juror have any issues or concerns with witnesses testifying in foreign languages and having to use an interpreter?

26. Is any juror hard of hearing?

    a.  Any other health issues that may make sitting for this trial for approximately one week a challenge?

27. Putting aside your work obligations, does anyone have a very important personal appointment or obligation between now and the end of trial that cannot be changed?

Dated: October 7, 2025.

/s/ *Peter A. Sullivan*
Peter A. Sullivan
**FOLEY HOAG LLP**
1301 Avenue of the Americas
25th Floor
New York, NY 10019
212-812-0310
Email: psullivan@foleyhoag.com

Diana Tsutieva
**FOLEY HOAG LLP**
1717 K Street, NW
Washington, DC 20006-5350
202-261-7327
Email: dtsutieva@foleyhoag.com

Mark Finsterwald
**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, Massachusetts 02210
617-832-1000
Email: mfinsterwald@foleyhoag.com

*Attorneys for Plaintiffs.*