**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev, <br><br> Plaintiffs, <br><br> v. <br><br><br> Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Open Joint Stock Company "ACCEPT", Limited Liability Company "Comedy TV," and Kartina Digital GmbH, <br><br> Defendants. | Civ. No.: 1:18-cv-06626-ALC-JW |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

1

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, and Rule 4(C)(i) of this Court's Individual Practices, Defendants Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Limited Liability Company "Comedy TV," and Kartina Digital GmbH ("Defendants"), through their counsel, respectfully submit the following objections to the jury instructions and verdict form submitted by Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev ("Plaintiffs"), ECF 795, 795-1.

For the reasons discussed herein, Plaintiffs' amended proposed jury instructions, ECF 795 (the "Jury Instructions"), and amended proposed verdict form, ECF 795-1 (the "Verdict Form"), are objectionable on various grounds. First, Plaintiffs' Jury Instructions and Verdict Form should be disregarded as untimely because they were filed three days after the Court's deadline. *See* 05/08/2025 Text Order ("proposed Jury Instructions due 10/7/2025"). Because their submissions are untimely under Fed. R. Civ. P. 51, and Plaintiffs neither sought nor obtained leave to file their amended jury instructions and verdict form on October 10, 2025, the Court should reject Plaintiffs' submissions. Notwithstanding the untimeliness, if the Court were to consider the Jury Instructions and the Verdict Form, the Court should still disregard them for the following reasons: Plaintiffs have filed omnibus jury instructions that improperly and unnecessarily weave in disputed elements of their case and narrative, and incorrectly suggest a verdict to the jury. The jury should be presented with objective and proper instructions and a verdict form so that it may appropriately decide and record its findings based on the full consideration of the evidence and presentations at trial. Indeed, Plaintiffs' jury instructions and jury verdict form attempt to misleadingly guide jurors to one outcome: windfall damages that are not permitted in this District. For reasons discussed

2

herein, portions of Plaintiffs' jury instructions and jury verdict form should be rejected as set forth below, and the Court should adopt Defendants' Proposed Jury Instructions, ECF 787 ("Defendants' Jury Instructions") and Defendant' Proposed Jury Verdict Form, ECF 788 ("Defendants' Verdict Form").

## I.    OBJECTIONS TO PLAINTIFFS' JURY INSTRUCTIONS

### a.    Plaintiffs' Proposed Malicious Prosecution Instruction Is Erroneous and Prejudicial

Plaintiffs propose an improper instruction on their claim for malicious prosecution against each Defendant that is likely to confuse the jury. *See* Jury Instructions at 22-23. Plaintiffs state that "the court denied the Defendants' motion for contempt in 2016, the court decided that the Injunctions were not clear and unambiguous." *Id*. However, Plaintiffs' proposed instruction unnecessarily provides the court's reasoning that there was "no clear and convincing evidence" of the violation. *Id*. This is prejudicial because the jury is likely to be confused by the meaning of the "clear and convincing" evidence standard.

Therefore, Plaintiffs' instruction on malicious prosecution should be rejected, and the Court should instead adopt Defendants' Jury Instructions. *See* Defendants' Jury Instructions at 24-26.

### b.    Plaintiffs' Proposed Tortious Interference with Prospective Economic Advantage Is Erroneous and Lacks Key Instructions Relevant to Defendants' Defenses

Defendants further object to Plaintiffs' proposed instruction on their claim for tortious interference with prospective economic advantage to the extent that it erroneously instructs the jury on the standard of "wrongful means" and "the sole purpose[.]" *See* Jury Instructions at 24-25. Specifically, for Plaintiffs to recover for the claim that each Defendant tortiously interfered with Actava's prospective economic advantage in its relationship with Matvil, Plaintiffs must prove by a preponderance of the evidence that (1) they had the opportunity to enter into a contract with

Matvil; (2) each Defendant knew about Plaintiffs' prospective business relationship with Matvil; (3) each Defendant intentionally interfered with those prospective business relationships; (4) had it not been for each Defendant's interference, Actava would have entered into contracts with Matvil; (5) each Defendant used *wrongful means* to interfere with Actava's prospective business relationship with Matvil; and (6) Actava sustained damages as a result of each Defendant's interference.[1]

Instead, in the Jury Instructions, Plaintiffs misleadingly instruct the jury that "wrongful means" equals "filing a contempt motion without a reasonable belief that there was clear and convincing evidence that Plaintiffs violated clear and unambiguous injunctions and/or by later urging [a third party] to terminate [the prospective business agreement] with Actava[.]" *Id*. Plaintiffs even equate "wrongful means" with merely having "intentionally interfered[.]" *See* Jury Instructions at 24. That is not the law. To constitute the kind of "wrongful means" that will support a claim for tortious interference with prospective economic advantage, Plaintiffs must show one of the following: (1) the conduct amounted to a crime or an independent tort; (2) Defendant acted with the sole purpose of inflicting harm; or (3) the conduct amounted to extreme and unfair economic pressure.[2] Put simply, mere persuasion or conduct undertaken from normal economic self-interest is insufficient. However, Plaintiffs' instruction on wrongful means does not define wrongful means in any way other than "filing a contempt motion without a reasonable belief." *Id*.

---

[1] *Catskill Dev., L.L.C. v. ParkPlace Ent. Corp.*, 547 F.3d 115, 132 (2d Cir. 2008).
[2] The "wrongful means" requirement makes alleging and proving a tortious interference claim with business relations 'more demanding' than proving a tortious interference with contract claim." *Catskill*, 547 F.3d at 132; *see also Friedman v. Coldwater Creek, Inc.*, 551 F. Supp. 2d 164, 170 (S.D.N.Y. 2008), *aff'd*, 321 F. App'x 58 (2d Cir. 2009) (holding that "to constitute the kind of 'wrongful means' that will support Plaintiff's claim for tortious interference, one of the following must be true: (1) that conduct must amount to an independent crime or tort; (2) that conduct must have been taken solely out of malice; or (3) that conduct must amount to 'extreme and unfair' economic pressure").

Importantly, the Jury Instructions omit the economic self-interest doctrine. Under the economic self-interest doctrine, if Defendants acted with their normal economic self-interest or other economic considerations, they cannot be found to have acted *solely* out of malice for the purpose of Plaintiffs' tortious interference claim.[3]

Therefore, Plaintiffs' instruction on tortious interference with prospective economic advantage should be rejected, and the Court should instead adopt Defendants' Jury Instructions. *See* Defendants' Jury Instructions at 21-23.

    c. <u>Plaintiffs' Proposed Unfair Competition Instruction Under New York General Business Law § 349 Is Improper</u>

Defendants object to Plaintiffs' Jury Instructions as untimely under Rule 51 and the Court's 05/08/2025 Text Order and ask the Court to consider solely the timely submissions, Plaintiffs' Proposed Jury Instructions filed October 7, 2025, ECF 792 (the "Timely Jury Instructions"), Defendants' Jury Instructions, and Defendants' Verdict Form. Specifically, in Plaintiffs' Timely Jury Instructions, Plaintiffs ask the jury to weigh market-restraint motive in accordance with New York Pattern Jury Instruction 3:58, which relates to New York General Business Law ("GBL") § 340. *Id.* at 26. But Plaintiffs have not brought any claim under GBL § 340, and, therefore, the Court should reject Plaintiffs' untimely and irrelevant antitrust instruction as a whole. *See* ECF 147 at ¶¶ 100-106.

However, if the Court were to consider the Timely Jury Instructions, Defendants object to the improper instruction on Plaintiffs' GBL § 349 claim because it directs the jury to decide "restraint on competition" by assessing whether Plaintiffs can prove by a preponderance of the

---

[3] *Anaen Goyburu Corp. v. Vill. of Port Chester*, No. 09-CV-3540 (CS), 2010 WL 11712794, at *8 n.11 (S.D.N.Y. Jun. 14, 2010) (holding that it is "well-settled that where a party acts, at least in part, in accordance with its normal economic self-interest, it cannot be found to have acted solely out of malice for the purpose of a tortious interference claim").

evidence that "Defendants entered an agreement among themselves" and the evidence "concerning the relevant product market . . . and the economic impact of the agreement on trade in the relevant market." *See* Timely Jury Instructions at 26. But under GBL § 349, the jury should be instructed that a plaintiff must satisfy three elements: "(1) acts or practices that are consumer-oriented; (2) that such acts or practices are deceptive or misleading in a material way; and (3) that plaintiff has been injured by reason of those acts."[4] The key is whether the act was consumer-oriented, such that the act was materially misleading to have injured Plaintiffs as a result.

Plaintiffs' instruction as drafted would invite the jury to find liability upon the evidence of an "arrangement or combination" of a contract or agreement, rather than the required consumer-oriented, materially deceptive act causing actual injury. *Id*. In fact, the instruction does not define what any of the elements under GBL § 349 mean. *Id*.

If the Court were to consider the untimely Jury Instructions, ECF 795, Plaintiffs' instruction misstates the law. Specifically, GBL § 349 requires a showing that a defendant engaged in consumer-oriented conduct that was materially misleading to a reasonable consumer and that a plaintiff suffered actual harm. The statute does not require findings about "anticompetitive business practices," "anticompetitive conduct," and "supracompetitive prices on the market." *Id*. Moreover, the "deception" element is not met just because the defendant acted "fraudulently or secretively[,]" contrary to the Plaintiffs' instruction. Put simply, Plaintiffs' instruction on their claim under GBL § 349 improperly imports antitrust and anticompetitive business concepts in order to displace the reasonable-consumer test and actual-injury requirement. *Id*.

---

[4] *Lava Trading Inc., v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004).

Therefore, Plaintiffs' instruction on unfair competition under GBL § 349 should be flatly rejected, and the Court should instead adopt Defendants' Jury Instructions. *See* Defendants' Jury Instructions at 27-30.

> d. Plaintiffs' Jury Instructions Lack Key Instructions Relevant to Defendants' Affirmative Defense under the Noerr-Pennington Doctrine

The *Noerr-Pennington* doctrine applies to all of Plaintiffs' claims to the extent those claims are predicated on Defendants' filing and pursuit of the Contempt Motion and related court filings.[5] Under *Noerr-Pennington*, parties seeking redress through the courts are generally immunized from liability based on such petitioning unless Plaintiffs prove the sham litigation exception applies.[6] Plaintiffs' Jury Instructions fail to include that affirmative defense under the doctrine.

Considering that Plaintiffs' theories of recovery rest on the filing of the Contempt Motion and other related petitioning activities, the jury must be instructed on both the *Noerr-Pennington* doctrine and the *sham litigation* exception to the doctrine.[7] Specifically, Defendants contend the Contempt Motion does not fall within the *sham litigation* exception to *Noerr-Pennington* because there is no reasonable argument that Defendants lacked cause to bring the Contempt Motion.[8]

---

[5] *See E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *Mine Workers v. Pennington*, 381 U.S. 657 (1965).

[6] *See Prof'l Real Estate Investors, Inc. Columbia Pictures Indus.*, 508 U.S. 409, 56-59 (1993).

[7] *See, e.g., Bath Petroleum Storage, Inc. v. Market Hub Partners, L.P.*, 229 F.3d 1135 (2d Cir. 2000) (applying Noerr-Pennington to RICO, GBL § 349, and common law fraud claims); *Rutty v. Krimko*, No. 17-cv-6090 (BMC) (VMS), 2018 WL 1582290, at *2 (E.D.N.Y. Mar. 30, 2018) (applying Noerr-Pennington to copyright, trademark, tortious interference, and GBL § 349 claims); *Singh v. NYCTL 2009-A Trust*, No. 14 Civ. 2558, 2016 WL 3962009, at *5 (S.D.N.Y. Jul. 20, 2016) ("[a]lthough the doctrine arose in the antitrust context, the Second Circuit has extended Noerr-Pennington to encompass all petitioning activity") (citing *Primetime 24 Joint Venture v. Nat'l Broad., Co., Inc.*, 219 F.3d 92, 100 (2d Cir. 2000)); *DirecTV, Inc. v. Rowland*, No. 04 CV 2975, 2005 WL 189722, at *4 (W.D.N.Y. Jan. 22, 2005); *Castro-Jaques v. Lang-Nelson Assocs., Inc.*, Case No. 18-cv-3376 (PAM/LIB), 2020 WL 13609938, at *3 (D. Minn. Jan. 3, 2020) ("Defendants' breach of contract counterclaim is immune under the Noerr-Pennington doctrine."); *see also Prof'l Real Estate Investors*, 508 U.S. at 60-61 (finding that a case must be (1) "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits," and (2) filed with the ulterior motive "to interfere directly with the business relationship of a competitor" to qualify for the "sham litigation" exception).

[8] *Id*.

7

Therefore, it is critical that the Court adopts Defendants' proposed instruction on the *Noerr-Pennington* doctrine. *See* Defendants' Jury Instructions at 31-32.

    e.  <u>Plaintiffs' Jury Instructions Improperly Attempt to Substitute "Defendants" For "Each Defendant"</u>

Defendants object to Plaintiffs' Jury Instructions as a whole because Plaintiffs improperly instruct the jury to substitute "Defendants" for "each defendant," which obscures the individual liability determinations for each of the claims. *See generally* Jury Instructions. In fact, Plaintiffs' own damages instruction in the Jury Instructions recognizes that "[e]ach defendant is entitled to fair, separate and individual consideration of the case" when considering damages for multiple defendants. *Id*. at 28. The Instructions further explain that "[i]f [the jury] find[s] that *only one defendant* is responsible for a particular injury, then [the jury] must impose damages for that injury *only upon that defendant*." *Id*. (emphases added). As Plaintiffs explained, liability and elements for different claims are defendant-specific, and the jury must assess liability and damages for each defendant. Therefore, the Court should adopt Defendants' Jury Instructions. *See generally* Defendants' Jury Instructions.

## II.    OBJECTIONS TO PLAINTIFFS' VERDICT FORM

Defendants further object to Plaintiffs' proposed jury verdict form. *See generally* Verdict Form. Defendants reserve the right to make additional objections to any modified jury verdict form that is subsequently proposed by Plaintiffs or that is ultimately given to the jury after conference.

    a.  <u>General Objections to Plaintiffs' Verdict Form</u>

Defendants object to Plaintiffs' Verdict Form on the ground and to the extent that it tracks Plaintiffs' Jury Instructions. Because the Verdict Form tracks Plaintiffs' Jury Instructions, both submissions contain the same or similar deficiencies. Rather than repeat objections made by Defendants to Plaintiffs' Jury Instructions, Defendants incorporate them herein by reference to

8

their objections to Plaintiffs' Jury Instructions and submit that Defendants' proposed jury verdict form, which tracks Defendants' proposed jury instructions, should be adopted by the Court for the reasons set forth in Defendants' objections to the Jury Instructions as well as for the reasons set forth in the New York Pattern Jury Instructions and case authorities cited in Defendants' proposed jury instructions. Therefore, the Court should adopt Defendants' Verdict Form. *See generally* Defendants' Verdict Form.

    b.   General Objections to Plaintiffs' Verdict Form

The Verdict Form obscures the required element-by-element findings, collapses defendant-specific issues, and is inaccurate regarding joint and several liability. For instance, Plaintiffs conveniently substitute "Defendants" or "all Defendants" for "each defendant" in defendant-specific causes of action that require the finding of separate and individual consideration of the case. *Id*. at 1-2. In other words, the Verdict Form unnecessarily risks duplicative recovery by failing to confine damages to a single recovery measure per injury without per-defendant findings. Instead, the Form should require separate liability findings for each defendant and separate compensatory recovery only for those liable defendants. *Id*. Therefore, the Court should adopt Defendants' Verdict Form. *See generally* Defendants' Verdict Form.

    c.   Objections to Plaintiffs' Verdict Form Questions 1-2

The Verdict Form confuses the jury because it asks only whether each defendant is "liable for malicious prosecution." *Id*. Specifically, the Form purposely omits questions reflecting indispensable elements such as initiation of an action, malice, lack of probable cause, and favorable termination.[9] Such element-by-element findings will avoid post-verdict ambiguity and insure that

---

[9] *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 327 (S.D.N.Y. 2008); *O'Brien v. Alexander*, 101 F.3d 1479 (2d Cir. 1996).

the jury consider each element of malicious prosecution. Therefore, the Court should adopt Defendants' Verdict Form. *See* Defendants' Verdict Form at 12-16.

    d.   Objections to Plaintiffs' Verdict Form Question 6

Fourth, the Verdict Form erroneously solicits "a fair and reasonable dollar amount of any punitive damages" under GBL § 349 without citing to any authority. However, in *Hobish v. AXA Equitable Life Ins. Co.*, 43 N.Y.3d 442 (2025), the New York Court of Appeals held that punitive damages are capped at $1,000 under GBL § 349. Put simply, the punitive damages question under GBL § 349 would mislead the jury and risk an improper windfall recovery for Plaintiffs and, therefore, should be rejected. Therefore, the Court should adopt Defendants' Verdict Form at 2-7.

    e.   General Objections to Plaintiffs' Verdict Form

Fifth, the Verdict Form fails to present any threshold questions on defenses, including the *Noerr-Pennington* doctrine and the sham litigation exception, lack of probable cause and actual injury per defendant for malicious prosecution, and wrongful means or sole purpose and causation element per defendant for tortious interference. Because Plaintiffs' liability theories are predicated on Defendants' petitioning activity, such as the filing and pursuit of the Contempt Motion, the Verdict Form should include whether the Contempt Motion was "objectively baseless" before the jury may consider "subjective intent[.]"[10] Therefore, the Court should adopt Defendants' Verdict Form. *See* Defendants' Verdict Form at 16-18.

---

[10] *Prof'l Real Estate Investors*, 508 U.S. at 60-61.

Dated: October 17, 2025

Respectfully submitted,

/s/ *Serge Krimnus*
Serge Krimnus
Craig L. Uhrich
John Rossler (*pro hac vice* forthcoming)
**BOCHNER PLLC**
1040 Avenue of the Americas, 15th Floor
New York, NY 10018
(646) 971-0685
serge@bochner.law
craig@bochner.law
john@bochner.law

Erik Dykema
**TAYLOR DYKEMA PLLC**
914 E 25th Street
Houston, Texas 77009
(713) 299-6404
erik@taylordykema.com

*Attorneys for Defendants*

11