**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ACTAVA TV INC., ET AL.,**

**Plaintiffs,**

**-against-**

**JOINT STOCK COMPANY "CHANNEL ONE RUSSIA WORLDWIDE", ET AL.,**

**Defendants.**

**18-cv-06626 (ALC)**

**<u>OPINION AND ORDER</u>**

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Defendant Channel One's combined Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure ("Rule") 59(a) and for a New Trial Pursuant to Rule 50(b) (the "Motion"). Dkt. No. 951. Also before the Court is Defendant Channel One and Kartina's Post-Trial Motions Regarding Affirmative Defenses. Dkt. Nos. 980, 971. For the reasons stated below, Channel One's motions and Kartina's motion are **DENIED**.

## BACKGROUND

The Court presumes the parties' familiarity with the background of this case.[1] Therefore, the Court includes, here, only the facts necessary for the resolution of the instant motions.

### I. Procedural Background

On July 23, 2018, Plaintiffs Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev ("Plaintiffs") brought this action against Defendants Joint Stock Company "Channel One Russia Worldwide," Closed Joint Stock Company "CTC Network," Closed Joint Stock Company "New Channel," Limited Liability Company "Rain TV-Channel," Closed Joint Stock Company "TV DARIAL," Open Joint Stock Company

[1] Additional factual background can be found in the Court' Opinion and Order dated March 18, 2024 (Dkt. No. 701), and the Amended Opinion and Order dated May 8, 2025 (Dkt. No. 755).

"ACCEPT," Limited Liability Company "Comedy TV," and Kartina Digital GmbH ("Channels" or "Defendants") for malicious prosecution, tortious interference, breach of contract, and unfair competition in violation of New York state law.

Following Defendants' unsuccessful motion for summary judgment, the case proceeded to trial. On January 16, 2026, following an eight-day jury trial, the jury returned a unanimous verdict in favor of Plaintiffs. Dkt. No. 920. Specifically, the jury returned a verdict in favor of Plaintiffs on their claim for malicious prosecution against Defendant Kartina Digital GmbH ("Kartina") and on their claim for tortious interference with prospective economic advantage against both Kartina and Defendant Joint Stock Company "Channel One Russia Worldwide" ("Channel One"). The jury awarded compensatory damages of $750,000 for malicious prosecution and punitive damages of $1,500,000 against Kartina; for tortious interference, the jury awarded $375,000 each in compensatory damages against Channel One and Kartina, and $750,000 each in punitive damages against Channel One and Kartina. *Id*.

## II. Factual Background

Plaintiffs sued Defendants, who are various Russian-language TV channels and distributor Kartina, regarding prior litigation. The Channels previously sued Actava for alleged unauthorized broadcasts. That case settled pursuant to a Settlement Agreement. The court ordered Actava not to broadcast the Channels' content or use their trademarks without a license (i.e., it issued an injunction). Actava later partnered with Matvil, a licensed broadcaster pursuant to a Referral Agreement. The Channels accused Actava of violating the court order and sought contempt. The court in that case denied contempt. In this case, Actava claims Defendants unlawfully pursued contempt against Actava and pressured Matvil to terminate its arrangement with Actava. Defendants denied liability.

## STANDARD OF REVIEW

### I. Standard for a Motion for Judgment as a Matter of Law Pursuant to Rule 50

Rule 50(b) provides that "[i]f the court does not grant a motion for judgment as a matter of law" after a party has been fully heard at trial, then that party "may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). It is appropriate for a Court to grant a motion for judgment as a matter of law under Rule 50(b) "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [the moving party].'" *Stratton v. Dep 't for the Aging for the City of NY.*, 132 F.3d 869, 878 (2d Cir.1997) (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412,429 (2d Cir. 1995)).

When deciding a Rule 50(b) motion, "a district court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence.'" *LeBlanc- Sternberg*, 67 F.3d at 429 (quoting *Smith v. Lightning Bolt Prods.*, Inc., 861 F.2d 363, 367 (2d Cir. 1988)). In general, a court should not grant a Rule 50(b) motion "unless the evidence, viewed in the light most favorable to the nonmoving party, is insufficient to permit a reasonable juror to find in his favor." *Arlia v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). "[T]he court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136

F.3d 276,289 (2d Cir. 1998).

In considering the motion, a court should defer to the jury's role as the trier of fact. *See Fabri v. United Technologies Int'l Inc.*, 387 F.3d 109, 119 (2d Cir. 2004) (holding that a court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury."); *Meloffv. New York Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). Thus, "judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Advance Pharm., Inc. v. United States*, 391 F.3d 377,390 (2d Cir. 2004) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276,289 (2d Cir. 1998)).

**II. Standard for a Motion for a New Trial Pursuant to Rule 59(a)**

Rule 59(a)(1) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—. . .after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes motions for new trial based on claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving. . . ." *Hicks v. Encarnacion,* No. 23-CV-1839 (CS), 2026 U.S. Dist. LEXIS 66736, at *2 (S.D.N.Y. Mar. 27, 2026) (citation omitted). "A decision is against the weight of the evidence if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Raedle v. Credit Agricole Indosuez,* 670 F.3d 411, 417-18 (2d Cir. 2012) (citations, alterations, and internal quotation marks omitted). "In deciding a motion for a new trial, the district court is free to examine the

evidence through its own eyes." *Meloff v. NY. Life Ins. Co.*,240 F.3d 138, 147 (2d Cir. 2001). However, "where the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (citations, alterations, and internal quotation marks omitted).

"On a new-trial motion under Rule 59(a), the burden of showing harmful error rests on the party seeking the new trial." *Penzo v. Consolidated Edison Company of New York, Inc*., 2026 WL 905051 (C.A.2 (N.Y.), 2026) (internal quotation marks and citation omitted). "Whether to grant a new trial pursuant to Rule 59 is in the district court's 'sound discretion.'" *Hicks v. Encarnacion*, No. 23-CV-1839 (CS), 2026 U.S. Dist. LEXIS 66736, at *2 (S.D.N.Y. Mar. 27, 2026). "But '[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.' In other words, '[a] court considering a Rule 59 motion for a new trial . . . should only grant such a motion when the jury's verdict is egregious.'" *Id*. (alterations original; citations omitted). "Moreover, '[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Id*. (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## DISCUSSION

**Channel One's Motion for Judgment as a Matter of Law and Motion for a New Trial, Dkt No. 951**

After careful consideration of Dkt. No. 951, it is clear that the Motion is little more than a thinly veiled attempt by Channel One to relitigate issues already decided in this matter; such

argument is improper under a Rule 50 and Rule 59(a) motion. Defendants contend that relief under Rule 50 is warranted because the evidence at trial demonstrated that Plaintiffs violated the settlement agreement and the injunction, so Channel One could not have tortiously interfered with Plaintiffs. Dkt. No. 952 at 5. Channel One further contends that a new trial is warranted under Rule 59(a) because the verdict is against the weight of the evidence and is a miscarriage of justice. *Id*. at 17. Finally, Channel One asks the Court to enter judgment in its favor because the evidence in the record establishes that it satisfies its burden on Affirmative Defense No. 9, that is, breach of the settlement agreement. *Id*. at 22. As discussed in greater detail below, each argument fails.

## I. The Evidence Does Not Conclusively Establish that Plaintiffs Violated the Settlement Agreement and the Injunction

Defendants make several arguments that boil down to two things: (1) Actava lacked authorization from Channel One for the broadcasts, and (2) no reasonable jury could have thought otherwise even when considering the Matvil Agreement. In support of this position, Defendant rehashes the arguments it made at trial; but what Defendants fail to do is demonstrate how the jury's findings to the contrary amount to "sheer surmise" or "conjecture." As outlined in Plaintiffs' Opposition brief (Dkt. No 856 at 6–11) the jury considered the evidence Defendants contend supports their position and reached the opposite conclusion. Because it is appropriate for a Court to grant a motion for judgment as a matter of law under Rule 50(b) "only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [the moving

party],” the Court concludes that entry of such judgement here would be inappropriate. Accordingly, this argument fails.

## II. The Verdict is not Against the Weight of the Evidence, nor Would Upholding the Verdict result in a Miscarriage of Justice

Defendant argues that weight of the evidence here, shows that Channel One did not act with malice, but rather acted to protect its intellectual property rights, which means it could not have tortiously interfered with Plaintiffs. Defendants further argue that a new trial is warranted because the jury did not consider that Actava violated the Settlement Agreement. The first argument is addressed below, and the second is addressed in the section that follows.

Again, to prevail on its argument concerning malice, Channel One must demonstrate that the jury’s verdict was against the weight of the evidence, meaning that it was “(1) seriously erroneous or (2) a miscarriage of justice.” *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417-18 (2d Cir. 2012) (citations, alterations, and internal quotation marks omitted). Neither applies here. Defendants contend that their actions of issuing notices, warnings, and pursuing enforcement, were ordinary antipiracy measures to protect its IP rights, not malice. However, Defendants fail to explain how the subject of the trial—the contempt proceedings—is not malice. Further, the jury considered Defendant’s actions, received an instruction on what actual malice entailed (*see* Dkt. No. 919 at 13), and ultimately found that they demonstrated malice. The Court is not persuaded that the jury reached a clearly erroneous result with respect to its finding of actual malice; therefore, a new trial would be inappropriate.

Finally, this Court’s holding will not result in a miscarriage of justice. Misbehavior by one party cannot justify subsequent misbehavior by an opposing party. Defendants are not

free to use the legal system punish their enemies for prior wrongdoings.

**III. Channel One is Not Entitled to JMOL or a New Trial on Affirmative Defense No. 9.**

Channel One argues the Court should enter judgment based on its Affirmative Defense No. 9 (i.e., breach of the Settlement Agreement). Alternatively, Channel One asks the Court to, grant a new trial because the jury was not instructed on Affirmative Defense No. 9. Neither course of action is appropriate here.

As previously explained during the trial proceedings, inclusion of Channel One's Affirmative Defense No. 9 would have been inappropriate, because at issue during the trial was Defendants' initiation of the contempt proceedings, and the contempt proceedings were initiated for Plaintiffs' alleged violation of the other court's injunction, not the settlement agreement. *See* Jan. 15 Tr. 1011:19-1012:4. The trial was not about whether or not Plaintiffs breached the Settlement Agreement, at issue before this Court was whether they had violated the injunction. Affirmative Defense No. 9 does not mention anything about the Injunction; it was thus irrelevant to the proceedings before this Court and properly excluded. Channel One essentially asks the Court to reconsider that ruling, but Channel One has filed a Motion for Judgement as a matter of law and for a new trial, not reconsideration. Its arguments fail.

**Channel One and Kartina's Motions Regarding Affirmative Defenses, Dkt. Nos. 980, 971**

Defendants argue they are entitled to JMOL as to Actava's claims because the *Noerr-Pennington* doctrine shields them from liability for litigation filings. With regard to the malicious prosecution claim, Defendant Kartina has not cited to any case law to support that the *Noerr-Pennington* doctrine applies to this kind claim. Therefore, the Court chooses not to extend this affirmative defense to this context. However, even if it did, the Court finds that the exception to

*Noer-Pennington*, that the contempt motion was “sham” litigation, applies to both the malicious prosecution and tortious interference claims.

*Prof’l Real Estate Inv’rs, Inc. v. Columbia Pictures Indus*. lays out a two-part test for assessing whether the sham litigation exception applies, 508 U.S. 49 (1993). First, the Court must assess whether the litigation was “objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.” *Id.* at 60. Then, only if the Court finds that challenged litigation is objectively meritless it can examine the litigant's subjective motivation. “Under this second part… the court should focus on whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor, through the use of the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon.” *Id*. (internal citations omitted).

Under the objective prong, the jury found that no probable cause existed for the contempt motion, specifically examining “whether a reasonably prudent person would have believed that Plaintiffs were in contempt on the basis of the facts known to or reasonably believed by Defendants at the time the contempt motion was initiated.” ECF 919 § III.B.

For the subjective prong, on malicious prosecution, the jury found that Kartina acted with “actual malice” and rejected the justification argument that Defendants had “legitimate business and legal interests” in pursuing contempt. For tortious interference, the jury found that both Kartina and Channel One either “acted solely out of malice” or used “dishonest, unfair, wrongful, or improper means.” ECF 919 § III.C. The jury similarly rejected the justifications Defendants argued. Under Rule 50(b), the Court cannot substitute its judgment for that of the jury. The Court does not independently find that *Noerr-Pennington* is applicable to Actava’s claims because the sham-litigation test is satisfied.

## CONCLUSION

For the foregoing reasons, Defendants' motions are **DENIED**. The Clerk of Court is respectfully directed to terminate all pending motions.

**SO ORDERED.**

**Dated: July 8, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**